Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
Edward Cho-O'Leary (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 (Subchapter V) |
| Kris Daniel Roglieri | Case No. 24-10157 (REL) |
| Debtor. | |

**DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 2015-2**

KRIS DANIEL ROGLIERI hereby declares (this "Declaration") as follows under penalty of perjury:

1. I am the debtor and debtor in possession herein. I am familiar with the facts and circumstances as recited herein. This affidavit is submitted pursuant to Rule 2015-2 of the Local Bankruptcy Rules for the Northern District of New York.

2. I reside at 40 North Road, Queensbury, New York, 12804, which is a single-family home which I own. I am a businessman and the sole owner of certain entities including: Prime Capital Ventures, LLC ("Prime Capital"); Prime Commercial Lending, LLC ("Prime Commercial"); Commercial Capital Training Group, LLC ("CCTG"); National Alliance of Commercial Loan Brokers LLC ("NACLB"), and FUPME, LLC ("FUPME," and together with Prime Commercial, Finance, CCTG, and NACLB, collectively the "Entities").

3. On February 15, 2024 (the "Petition Date"), I filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code")

with this Court and an Order for Relief was entered. I remain in possession of substantially all of my property and am continuing to manage my property and affairs as a debtor in possession. No trustee, custodian or receiver was appointed, and no committee of creditors were formed, prior to the Petition Date.

4. I have not filed a petition for relief under the Bankruptcy Code for any of the Entities.

5. On December 19, 2023, Compass-Charlotte 1031, LLC ("Compass"), 526 Murfreesboro, LLC ("Murfreesboro"), and Newlight Technologies, Inc. ("Newlight," and together with Murfreesboro and Compass, the "Petitioning Creditors") commenced an involuntary bankruptcy proceeding against Prime Capital under Chapter 7 of the Bankruptcy Code in this Court (the "Involuntary Bankruptcy").

6. On January 8, 2024, the Petitioning Creditors moved to dismiss the Involuntary Bankruptcy after Prime Capital filed a motion for a bond (in the amount of $37 million) and a motion for judgment on the pleadings. I believe this shows the Petitioning Creditors had commenced the Involuntary Bankruptcy wrongfully and with the malicious intent of harming Prime Capital's business.

7. On January 12, 2024, Compass filed a complaint against Prime Capital, among other defendants (the "Receivership Action"), despite the fact that an arbitration agreement in the Development Line of Credit Agreement between Prime Capital and Compass, dated April 24, 2023, covers the claims in the Receivership Action.

8. On January 24, 2024, Paul A. Levine was appointed as permanent receiver of Prime Capital (the "Receiver") in the Receivership Action.

9. On January 29, 2024, the Receiver filed a third-party complaint against me, the Entities, and other co-defendants seeking attachment and a temporary restraining order on my personal assets despite the complaint in the Receivership Action being against Prime Capital.

10. On February 2, 2024, based on allegations made in the Involuntary Bankruptcy, the FBI searched my residence and seized certain estate property. To date, no criminal charges have been brought against me (or any others) related to Prime Capital.

11. Despite numerous allegations of purported fraud lodged against Prime Capital and myself in the Involuntary Bankruptcy and the Receivership Action, among other actions, none of the Petitioning Creditors, the Receiver, or any other party have proven such allegations in a court of law or equity. I continue to dispute such harmful allegations against me and my companies, and stand ready to defeat such allegations when the time comes.

12. Based on the allegations made in the Involuntary Bankruptcy and the Receivership Action, among other actions, my businesses and personal affairs have suffered greatly. Accordingly, I filed for protection under the Bankruptcy Code so as to reorganize my financial affairs and to maximize value for the benefit of my estate and creditors. I believe that, given a respite from litigation and collection efforts being pressed against me, I can successfully and expeditiously exit chapter 11.

13. Pursuant to LBR 2015-2(b)(2), a summary of my assets and liabilities have not yet been filed but will be included in my schedules of assets and liabilities and statements of financial affairs ("Schedules and Statements").

14. My assets include my residence at 40 North Road, Queensbury, New York, 12804, my equity holdings in the Entities, a collection of cars, and other personal property. My liabilities

are primarily business debts, including being a guarantor of a COVID-19 Economic Injury Disaster Loan, legal fees, taxes and financing obligations.

15. Pursuant to LBR 2015-2(b)(3), attached as Exhibit A[1] hereto is a list of personal property in the possession or custody of the Receiver and the FBI. The Receiver is Paul A. Levine, Esq., Lemery Greisler LLC, 677 Broadway, 8th Floor Albany, NY 12207 (518-433-8800) and the court related to the Receivership Action is the United States District Court for the Northern District of New York. The FBI contact is Michael Barnett, Assistant U.S. Attorney, Public Information Officer, 445 Broadway, Room 218, Albany, NY 12207 (518-618-1629). My professionals and I are in discussions with both entities with the intent to return all property of the debtor and estate property.

16. Pursuant to LBR 2015-2(b)(4), the only real property owned, leased or held by me is my personal residence located at 40 North Road, Queensbury, New York, 12804.

17. Pursuant to LBR 2015-2(b)(5), all of my assets and books and records are located at my personal residence, 40 North Road, Queensbury, New York, 12804, and at 66 South Pearl St 10th Floor, Albany, NY 12207.

18. With respect to LBR 2015-2(c), this provision is inapplicable to my personal bankruptcy case as I do not personally fund any of the Entities' or Prime Capital's operations.

19. I believe that under the supervision of the Bankruptcy Code, I will be able to restructure my obligations and pay creditors substantially more than they would receive if I went through a forced liquidation.

---

[1] The Debtor reserves and preserves all of his rights with respect to the personal property listed on Exhibit A, including, without limitation, his right to amend such list if other items were inadvertantly omitted and whether such property is property of the estate or property of the debtor under the Bankruptcy Code.

20.     I hereby declare, pursuant to 28 U.S.C. § 1746 and under penalties of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Date: February 22, 2024                                       /s/    *Kris Roglieri*
                                                              Signature of Debtor