Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
Edward Cho-O'Leary (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 (Subchapter V) |
| Kris Daniel Roglieri | Case No. 24-10157 (REL) |
| Debtor. | |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER EXTENDING THE
TIME WITHIN WHICH DEBTOR MUST FILE ITS SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtor and debtor in possession (the "Debtor"), by and through its undersigned proposed counsel, hereby moves this Court (the "Motion") for entry of an order (the "Proposed Order"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rules 1007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the time within which the Debtor must file its schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements"). In support of this Motion, the Debtor, by and through its proposed counsel, respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statuary predicates for the relief requested herein are section 521 of the Bankruptcy Code and Bankruptcy Rules 1007 and 9006.

## BACKGROUND

4. On February 15, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code as a debtor defined in Bankruptcy Code section 1182(1) and the Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act (this "Chapter 11 Case").

5. Since the filing, the Debtor has continued in the management of his property as a debtor in possession.

6. The Debtor is an individual who is in the primary business of commercial financing and providing education and training on opportunities and processes to secure financing.

7. The Debtor's current financial predicament was caused primarily by alleged fraud claims commenced against Prime Capital Ventures, LLC ("Prime Capital"), an entity wholly owned by the Debtor, and other defendants in the United States District Court captioned *Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC et al* bearing index number 24-00055 (the "Receivership Action"). As noted in the *Declaration Pursuant to Local Bankruptcy Rule 2015-2* sworn to on the 22th day of February, 2024 [D.I. 27] (the "Roglieri Affidavit"),[1] an involuntary bankruptcy was filed, and subsequently dismissed, in this Court. *In re Prime Capital Ventures, LLC*, 23-11302 (Bankr. N.D.N.Y.) (the "Involuntary Proceeding").

8. As a result of the Receivership Action, a court-appointed receiver (the "Receiver") took possession of Prime Capital's property and certain of the Debtor's personal property.

---

[1] Additional detail regarding the Debtor, his businesses, the events leading to commencement of this case, and the facts and circumstances supporting the relief requested herein is set forth in the Roglieri Affidavit filed in this Chapter 11 Case and incorporated herein by reference.

2

Furthermore, based upon the allegations in the Receivership Action and the Involuntary Proceeding, prepetition on February 2, 2024, the FBI obtained a warrant and seized a substantial number of cars, watches, and other personal property belonging to the Debtor from the Debtor's personal residence (the "Debtor's Property").

9. The initial section 341 meeting of creditors is scheduled to take place on March 14, 2023, at 10:00 a.m. (ET).

10. The Debtor, who filed on an emergency basis, requests this extension due to the fact that he does not have all his financial information readily available, particularly with respect to the Debtor's Property that is presently with other entities.

11. Proposed counsel for the Debtor has begun to draft the Schedules and Statements but requires additional time to finalize same as the Debtor provides required information.

**RELIEF REQUESTED**

12. By this Motion, the Debtor seeks entry of the Proposed Order pursuant to Bankruptcy Rule 1007(c) extending the time within which he must file his Schedules and Statements until April 1, 2024 (an extension of 30 days plus a weekend for Bankruptcy Rule 9006 purposes, for a total of 46 days from the Petition Date), without prejudice to request further extension, on motion for cause shown.

**BASIS FOR RELIEF**

13. Bankruptcy Code section 521 and Bankruptcy Rule 1007(c) generally require a debtor under chapter 11 of the Bankruptcy Code to file, among other things, its schedules of assets and liabilities, schedules of current income and current expenditures, and a statement of financial affairs within fourteen (14) days of the petition date. Pursuant to Bankruptcy Rules 1007(a)(5) and (c), this Court is authorized to grant the Debtor additional time to file its Schedules and

Statements beyond the fourteen (14) day-period provided under Bankruptcy Rule 1007(c) for cause.

14. The Court has authority to grant the requested extension under Bankruptcy Rule 1007(c). Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any [official] committee. . . trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c).

15. The seizure of the Debtor's Property has significantly impacted the preparation of the Schedules and Statements, including, among other things, (i) disputes over the burden placed upon the Receiver and the FBI by the automatic stay under section 362, 542 and 543 of the Bankruptcy Code, (ii) an accounting of the Debtor's assets and liabilities due to the volume and complexities of the seizures by the Receiver and the FBI, and (iii) the question of fact and law over actual ownership of the Debtor's Property that is in the possession of the Receiver and the FBI.

16. It is, of course, important that the Schedules and Statements be complete and accurate, and that they fully evidence the financial condition of the Debtor as of the Petition Date. The Debtor's proposed counsel will endeavor to diligently prepare and complete the Schedules and Statements during the period allotted, and to either file the Schedules and Statements within the time authorized by the Court, or to account to the Court on its progress and demonstrate the need for further time.

17. At this juncture, the Debtor estimates that an extension until March 31, 2024 will provide sufficient time allow further communication and negotiation between the Debtor's proposed counsel, the FBI, and the Receiver, and to prepare and file the Schedules and Statements.

Accordingly, the Debtor requests such an extension without prejudice to his right to seek further extension(s) from the Court.

## NOTICE

18. Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Subchapter V Trustee; (iii) the Debtor's twenty (20) largest unsecured creditors; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## NO PRIOR REQUEST

19. The Debtor has not previously sought the relief requested herein from the Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter the Proposed Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested in this Motion and (b) granting such other and further relief as may be just and proper.

Dated: February 29, 2024
New York, New York

**PASHMAN STEIN WALDER HAYDEN, P.C.**

  /s/ Joseph C. Barsalona II
Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
Edward Cho-O'Leary (admitted *pro hac vice*)
233 Broadway, Suite 820
New York, New York 10279
Telephone: (646) 828-8081
Email: jbarsalona@pashmanstein.com
        aoden@pashmanstein.com
        echo-oleary@pashmanstein.com

*Proposed Counsel to the Debtor and Debtor in Possession*

5