Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
Edward A. Cho-O'Leary (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Kris Daniel Roglieri<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 24-10157 (REL)<br><br>**Obj. Deadline: March 20, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: March 27, 2024 at 10:30 a.m. (ET)** |

**DEBTOR'S APPLICATION FOR
ENTRY OF AN ORDER UNDER SECTIONS 327(a),
328(a), AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES
2014 AND 2016 AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING
RETENTION AND EMPLOYMENT OF PASHMAN STEIN WALDER HAYDEN,
P.C. AS COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtor and debtor in possession (the "Debtor"), by and through its undersigned proposed counsel, hereby moves this Court (the "Application") for entry of an order, substantially in form attached hereto as **Exhibit A**, pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"), authorizing the retention and employment of Pashman Stein Walder Hayden, P.C. ("Pashman") as bankruptcy counsel to the Debtor *nunc pro tunc* to the Petition Date (as defined below). In support of the Application, the Debtor relies upon and incorporates by reference: (i) the *Declaration Pursuant to Local Bankruptcy Rule 2015-2* (the

"First Day Declaration")[1]; and the (ii) the *Declaration of Joseph C. Barsalona II in Support of the Debtor's Application for Entry of an Order Under Sections 327(a), 328 (a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* (the "Barsalona Declaration"), attached hereto as **Exhibit B**. In further support of the Application, the Debtor respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

3. On February 15, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code as a debtor defined in Bankruptcy Code section 1182(1) and the Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act, as amended.

4. The Debtor has continued managing its property as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

5.  On February 16, 2024, the United States Trustee appointed Mark Schlant, of Zdarsky, Sawicki & Agostinelli LLP to serve as the Subchapter V trustee (the "Subchapter V Trustee") in this case pursuant to Bankruptcy Code section 1183(a).  No other trustee, examiner, or official committee has been appointed in this case.

6.  Additional detail regarding the Debtor, the events leading to commencement of this case, and the facts and circumstances supporting the relief requested herein is set forth in the First Day Declaration and is incorporated herein by reference.

## RELIEF REQUESTED

7.  The Debtor desires to retain and employ Pashman as its bankruptcy counsel. By this Application, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Debtor to retain and employ Pashman as its bankruptcy counsel *nunc pro tunc* to the Petition Date to represent the Debtor in all phases of this chapter 11 case.

## BASIS FOR RELIEF

8.  Under section 327(a) of the Bankruptcy Code, a debtor in possession may employ attorneys to represent it in carrying out its duties under the Bankruptcy Code, provided that such attorneys are disinterested persons and do not hold or represent an interest adverse to the estate.  Section 101(14) of the Bankruptcy Code defines "disinterested person" as one who

> is not a creditor, an equity security holder, or an insider; [or] is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the debtor; and . . . does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to,

3

> connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

9. Prior to the commencement of this chapter 11 case, the Debtor sought the services of Pashman with respect to, among other things, advice regarding, and the preparation for, the commencement and prosecution of its case under chapter 11 of the Bankruptcy Code. The Debtor has engaged Pashman as its bankruptcy counsel in connection with the filing and, subject to the entry of an order approving the retention of Pashman, the prosecution of this chapter 11 case.

10. The Debtor seeks to retain and employ Pashman because the firm's attorneys have extensive experience representing debtors in chapter 11 cases, specifically under subchapter V of chapter 11. Further, Pashman attorneys have become familiar with the Debtor and its financial affairs through assisting the Debtor with preparing this chapter 11 case for filing. For these reasons, Pashman is uniquely qualified to represent the Debtor as bankruptcy counsel.

11. The Debtor requests approval of the employment of Pashman *nunc pro tunc* to the Petition Date, which is warranted here.

## SERVICES TO BE PROVIDED BY PASHMAN

12. The Debtor believes that the services of Pashman are necessary to enable it to faithfully execute its duties as a debtor in possession. Subject to further order of this Court, Pashman will perform the following professional services for or on behalf of the Debtor in this chapter 11 case:

   a. perform all necessary services as the Debtor's bankruptcy counsel, including, without limitation, providing the Debtor with advice, representing the Debtor, and preparing necessary documents on behalf of the Debtor in the areas of restructuring and bankruptcy;

4

    b. take all necessary actions to protect and preserve the Debtor's estate during this chapter 11 case, including the prosecution of actions by the Debtor, the defense of any actions commenced against the Debtor, negotiations concerning litigation in which the Debtor is involved, and objecting to claims filed against the estate;

    c. prepare or coordinate preparation on behalf of the Debtor, as debtor in possession, any necessary motions, applications, answers, orders, reports, and papers in connection with the administration of this chapter 11 case;

    d. counsel the Debtor with regard to its rights and obligations as debtor in possession;

    e. coordinate with the Debtor's other professionals in representing the Debtor in connection with this case; and

    f. perform all other necessary or requested legal services.

13. Pashman will work with the Debtor's other professionals to avoid unnecessary duplication of efforts and to represent the Debtor in an efficient and cost-effective manner.

14. The Debtor believes that Pashman's employment is in the best interest of the Debtor, its estate and its creditors.

15. Subject to this Court's approval of the Application, Pashman is willing to serve as the Debtor's counsel and to perform the services described above.

### **DISINTERESTEDNESS OF PASHMAN**

16. To the best of the Debtor's knowledge, information, and belief, and except as otherwise set forth herein and in the Barsalona Declaration, no Pashman partners, counsel, or associates hold or represent any interest adverse to the Debtor's estate or its creditors, and Pashman is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code.

5

17. Pashman does not, and has not, represented any entities, other than the Debtor, in matters related to this chapter 11 case, except to the extent otherwise indicated in the Barsalona Declaration. Pashman may represent, or may have represented in the past, certain parties with interests in the Debtor's case on matters unrelated to this chapter 11 case. As set forth in the Barsalona Declaration, Pashman has conducted, and continues to conduct, research into its relations with the Debtor, its substantial creditors and equity security holders, and other parties interested in this case. As part of this inquiry, Pashman obtained the names of individuals or entities that may be parties in interest in this chapter 11 case (the "Potential Parties in Interest," attached to the Barsalona Declaration as Schedule 1). Pashman then entered the names of Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning the clients of Pashman.

18. From the results of this inquiry, Pashman compiled a list (the "Client Match List") of Potential Parties in Interest that are current or former Pashman clients. The Client Match List is divided into two schedules of current and former clients, respectively. Current clients are listed on Schedule 2 attached to the Barsalona Declaration and former clients are listed on Schedule 3 attached to the Barsalona Declaration. Through additional inquiry, Pashman has determined its representations of clients on the Client Match List concern matters unrelated to the Debtor and this chapter 11 case, except to the extent otherwise indicated in the Barsalona Declaration. Further, although Pashman values all of its clients, the entities listed on the Client Match List do not represent significant financial revenues for Pashman.

19. Although Pashman has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties in interest, it is possible that connections with some parties in interest have not yet been identified. Should Pashman discover additional

connections of the nature described above, Pashman will promptly supplement the disclosures in the Barsalona Declaration.

## PROFESSIONAL COMPENSATION

20. As set forth in the Barsalona Declaration, the Debtor retained Pashman in connection with this chapter 11 case under an advance payment retainer pursuant to an engagement letter executed by the Debtor on February 6, 2024 (the "Engagement Agreement").

21. Except as set forth in the Barsalona Declaration, Pashman has not been paid any other compensation by the Debtor in connection with this chapter 11 case, and Pashman is not a creditor of the Debtor.

22. All fees and charges that accrued prior to the Petition Date have been finally posted (the "Final Billed Amount") and, accordingly, Pashman has issued a final billing statement (the "Final Billing Statement") for the actual fees, charges, and disbursements for the period prior to the Petition Date. The Final Billed Amount (net of payments received) was paid from the Current Advance (as defined in the Barsalona Declaration) and the balance will be held as a postpetition advance payment to be applied against any unpaid fees and expenses approved by the Court with respect to Pashman's final fee application in this case.

23. In this case, the Current Advance held by Pashman is appropriate. *See In re Frontier Commc'ns Corp.*, 623 B.R. 358, 363–64 (Bankr. S.D.N.Y. 2020) ("In evaluating whether the [parties] have carried their burden to show reasonableness under Section 328(a), one is guided by the following factors: Do the proposed terms reflect the marketplace for these types of services? Did the parties engage in arms-length negotiations to derive the terms? Is the retention as proposed in the best interests of the estate? Do creditors oppose the retention or the proposed fees? And, lastly, is the projected amount of fees reasonable given the size and circumstances of

the case?"). First, agreements regarding retainers are commonplace and "reflect normal business terms in the marketplace." *See See In re Insilco Techs., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) (stating that it is not disputed that "the taking of . . . retainers is a practice now common in the market place"). Second, the Debtor and Pashman are sophisticated entities that have negotiated the Current Advance at arm's-length. Third, the Current Advance is in the best interests of the Debtor and its estate because the Engagement Agreement and the Current Advance allow the Debtor and Pashman to maintain their prepetition relationship and assure continuity of legal advice and representation through the prosecution of this bankruptcy case. Thus, under the factors described by the *Frontier* court, the facts and circumstances of this case supports the Court's approval of the Current Advance.

24. In addition, compensation will be based upon the hours actually expended by each assigned professional at each professional's hourly billing rate, as detailed further in the Barsalona Declaration. Subject to Court approval in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and the orders of this Court, the Debtor proposes to compensate Pashman for professional services rendered at its normal and customary hourly rates in effect from time to time as set forth in the Barsalona Declaration.

25. Pashman will also seek reimbursement for reasonable and necessary expenses incurred, which shall include travel, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services, charged at cost.

26. Pashman intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## NOTICE

27. Notice of this will be provided to: (i) the Office of the United States Trustee; (ii) the Subchapter V Trustee; (iii) the Debtor's twenty (20) largest unsecured creditors; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## NO PRIOR REQUEST

28. The Debtor has not previously sought the relief requested herein from the Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter the Proposed Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested in this Application and (b) granting such other and further relief as may be just and proper.

Dated:   March 6, 2024

                                                    */s/ Kris Daniel Roglieri*
                                                    Kris Daniel Roglieri