**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 (Subchapter V) |
| Kris Daniel Roglieri | Case No. 24-10157 (REL) |
| Debtor. | |

### ORDER UNDER SECTIONS 327(a), 328(a), AND 1107(b) OF THE BANKRUPTCY CODE, RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING RETENTION AND EMPLOYMENT OF PASHMAN STEIN WALDER HAYDEN, P.C. AS COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[1] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 authorizing the retention and employment of Pashman Stein Walder Hayden, P.C.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

("Pashman") as bankruptcy counsel to the Debtor *nunc pro tunc* to the Petition Date, and upon the First Day Declaration; and upon the Barsalona Declaration attached to the Application; and the Court being satisfied that Pashman represents no interest adverse to the Debtor's estate, that Pashman is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and that the retention and employment of Pashman is necessary and in the best interest of the Debtor and its estate; and the Court having jurisdiction to consider the matters raised in the Application pursuant to 28 U.S.C. § 157(b)(2)(A); and sufficient notice of the Application having been given; and this Court having determined that the relief requested in this Application is just and proper; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Application is granted.

2. The Debtor is authorized to retain and employ Pashman as its attorney in this chapter 11 case *nunc pro tunc* to the Petition Date.

3. The compensation to be paid to Pashman for professional services rendered and reimbursement for expenses incurred shall be determined by this Court upon proper application pursuant to sections 330 and 331 of the Bankruptcy Code.

4. Pashman is authorized to hold the Current Advance as security throughout the Debtor's bankruptcy case until Pashman's fees and expenses are awarded and payable to Pashman on a final basis.

5. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

###