**Exhibit B**

**Barsalona Declaration**

Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
Edward A. Cho-O'Leary (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 (Subchapter V) |
| Kris Daniel Roglieri | Case No. 24-10157 (REL) |
| Debtor. | |

**DECLARATION OF JOSEPH C. BARSALONA II IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER UNDER SECTIONS 327(a), 328(a), AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING RETENTION AND EMPLOYMENT OF PASHMAN STEIN WALDER HAYDEN, P.C. AS COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

I, JOSEPH C. BARSALONA II, hereby declare under penalty of perjury:

1. I am a partner at Pashman Stein Walder Hayden, P.C. ("Pashman"), which maintains an office for the practice of law at 233 Broadway, Suite 820, New York, New York 10279. I am an attorney at law, duly admitted and in good standing to practice in the state of New York, as well as in the United States District Court for the Northern District of New York.

2. I submit this declaration (the "Declaration") in connection with the *Debtor's Application for Entry of an Order Under Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as Counsel for the Debtor* Nunc Pro Tunc

*to the Petition Date* (the "Application")[1] and to provide certain disclosures under sections 327(a), 328(a), 329 and 1125 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules").

3. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently hereto.[2]

4. Pashman's attorneys have specialized knowledge and experience in bankruptcy, reorganization and restructuring, corporate litigation, corporate governance, and other areas that are or may be relevant to this chapter 11 case.

5. Insofar as I have been able to ascertain, Pashman and its partners, counsel, and associates do not have any material connection with the Debtor, its significant creditors, or any other parties in interest, or any of its respective attorneys or accountants, other than as described in this Declaration.

6. Due to the size and diversity of the firm's practice, Pashman may have represented or otherwise dealt with or may now be representing or otherwise dealing with certain entities or persons (and their attorneys or accountants or both) who are or may consider themselves to be creditors, equity security holders, or parties interested in this case. However, Pashman does not and will not represent any entity other than the Debtor in connection with this case.

---

[1] Capitalized terms not defined herein are defined in the Application. Pashman does not waive by the Application, this Declaration, and its contents, and hereby reserves and preserves, all privileges.

[2] Certain of the disclosures herein relate to matters within the knowledge of other attorneys as Pashman and are based on information provided by them.

2

7. Pashman has extensive experience in the field of debtors' and creditors' rights and business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, particularly with respect to Subchapter V of chapter 11, and expertise, experience, and knowledge practicing before other Courts. Specifically, Pashman has acted as debtor's counsel to the following subchapter V debtors: *In re Smallhold, Inc.*, Case No. 24-10267 (CTG) (Bankr. D. Del. Feb. 18, 2024); *In re Lunya Company*, Case No. 23-10783 (JTD) (Bankr. D. Del. June 16, 2023); *In re ATH Sports Nutrition LLC*, Case No. 23-00362 (RJF) (Bankr. Haw. May 15, 2023); *In re The Semrad Law Firm, LLC*, Case No. 23-10512 (JTD) (Bankr. D. Del. Apr.26, 2023); (*In re Blank Label Group, Inc.*, Case No. 23-10286 (JTD) (Bankr. D. Del. Mar.8, 2023); *In re Prehired, LLC*, Case No. 22-11007 (JTD) (Bankr. D. Del. Sept. 27, 2022); and *In re Gleamin Inc.*, Case No. 22-10768 (JTD) (Bankr. D. Del. Aug. 17, 2022).

8. In addition, Pashman is or has been engaged in a number of matters in which attorneys and other professionals representing various parties in interest in this case are or have also been involved; in a number of cases, Pashman and those professionals represent or have represented the same clients. Moreover, due to the nature and size of its practice, Pashman has or has had relationships as counsel, co-counsel, or referring counsel with many major law firms in most, if not all, major cities in the United States, which includes law firms representing creditors or other parties in interest in this case; all such relationships are on matters unrelated to this case. Furthermore, Pashman, as part of its practice, also has and continues to represent agents, trustees, and similar entities in bankruptcy cases in which participants in the related facilities may be or believe they are creditors or other parties in interest in the above-captioned bankruptcy case; Pashman does not represent these participants and they are not generally part of Pashman's conflict system.

9. Pashman has conducted, and continues to conduct, research into its relations with the Debtor, its substantial creditors and equity security holders, and other parties interested in this case. As part of this inquiry, Pashman obtained the names of individuals or entities that may be parties in interest in this chapter 11 case (the "Potential Parties in Interest") annexed hereto as **Schedule 1**. Pashman then entered the names of Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning the clients of Pashman. From the results of this inquiry, Pashman compiled a list ("Client Match List")[3] of Potential Parties in Interest that are current or former Pashman clients. The Client Match List is divided into two schedules of current and former clients, respectively.

10. With additional inquiry, Pashman has determined that its representations of the Client Match Entities concern matters unrelated to this chapter 11 case, except to the extent otherwise indicated herein. In particular, to the best of my knowledge, information, and belief: (i) Pashman currently serves as counsel to those entities, or affiliates of those entities, identified on the schedule annexed hereto as **Schedule 2** on matters unrelated to this case; and (ii) Pashman formerly represented those entities, or affiliates of those entities, identified on the schedule annexed hereto as **Schedule 3** on matters unrelated to this case since February 14, 2021. Pashman's computer database covers a period of time prior to February 14, 2021; however, Pashman has not listed on **Schedule 3** former clients for such prior period (consistent with the disinterested time frames of three years). Further, although Pashman values all of its clients, the entities listed on the Client Match List do not represent significant financial revenues for Pashman.

---

[3] To the extent that a Client Match Entity disclosed in either **Schedule 2** or **Schedule 3** attached to this Declaration is not an "affiliate" (as such term is defined in section 101(2) of the Bankruptcy Code) of or is otherwise unrelated to a Potential Party in Interest, such Client Match Entity shall not be construed as an affiliate of or entity related to such Potential Party in Interest and Pashman reserves all rights with respect thereto.

4

11. Other than as set forth herein, Pashman is neither a creditor of the Debtor, an equity holder of the Debtor, nor an insider of the Debtor. For so long as it represents the Debtor, Pashman will not represent any entities other than the Debtor in connection with this case.

12. Neither I nor Pashman, including any partner, counsel, or associate thereof, represent any interest adverse to the Debtor or the Debtor's estate in the matters upon which Pashman is proposed to be engaged.

13. Pashman is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Pashman, its partners, counsel, and associates:

   a. Are not creditors (including by reason of unpaid fees and expenses for prepetition services), equity security holders or insiders of the Debtor;

   b. Are not and were not, within two (2) years before the date of the filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor; and

   c. Do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

14. In connection with this chapter 11 case, Pashman was retained by the Debtor under an advance payment retainer pursuant to an engagement letter executed by the Debtor on February 6, 2024. Pashman received a payment of $100,000.00 as an advance fee for services to be rendered and expenses to be incurred in connection with Pashman's representation of the Debtor (the "Advance").

15. Below is a chart summarizing amounts invoiced and received by Pashman in the ordinary course of business for professional fees and for the reimbursement of reasonable and necessary expenses during the 90-day period before the Petition Date with respect to all matters for which Pashman has represented the Debtor, including this chapter 11 case:

5

| Type of Transaction | Invoice Date | Billed Amount | Payment Date | Payment Amount | Advance Balance |
|---|---|---|---|---|---|
| Retainer Payment | | | 02/07/2024 | $100,000.00 | $100,000.00 |
| Drawdown on retainer for actual fees incurred related to filing | 02/16/2024 | $34,179.00 | 02/16/2024 | ($34,179.00) | $65,821.00 |

16. Accordingly, Pashman currently holds a balance of $65,821.00 as an advance payment for services to be rendered and expenses to be incurred in connection with its representation of the Debtor (the "Current Advance").

17. To the best of my knowledge, information, and belief, Pashman has not been paid any other compensation by the Debtor during the 90-day period prior to the Petition Date and Pashman will not be a prepetition creditor of the Debtor.

18. Subject to Court approval in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, and the applicable orders and Local Rules of this Court, the Debtor proposes to pay Pashman its customary hourly rates in effect from time to time as set forth herein, plus reimbursement of actual, necessary expenses incurred by Pashman on the Debtor's behalf. The following are Pashman's current hourly rates for work of this nature:

| | |
|---|---|
| Partners | $620.00 - $1,000 |
| Of Counsel | $580.00 - $890.00 |
| Counsel | $450.00 - $650.00 |
| Associates | $400.00 - $580.00 |
| Paraprofessionals | $375.00 - $400.00 |

19. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

20. To the best of Pashman's information and belief, other than as set forth herein, Pashman has not been paid any other compensation by the Debtor.

6

21. Pashman will comply with all the requirements of this Court, the Bankruptcy Code, and the Bankruptcy Rules with respect to fee and expense applications of professionals employed by bankruptcy estates.

22. Pashman will seek interim and final approval of payment of compensation and reimbursement of expenses in connection with this case pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the applicable orders and Local Rules of the Court.

23. All filing fees in this chapter 11 case has been paid.

24. Further, Pashman and its partners, counsel and associates have not received, agreed to, or been promised any compensation in connection with its representation of the Debtor in this case other than as set forth in the Application.

25. Pashman has neither shared nor agreed to share (i) any compensation it has received or may receive with another party or person, other than with the partners, counsel, and associates of Pashman, or (ii) any compensation another person or party has received or may receive.

26. The proposed employment of Pashman is not prohibited by or improper under Bankruptcy Rule 5002. Except as disclosed herein, I am not related, and to the best of my knowledge, information, and belief, no attorney at the Pashman is related, to any United States Bankruptcy Judge or District Court Judge for the Northern District of New York or to the United States Trustee for such district or any employee in the office thereof.

27. By reason of the foregoing, I believe that Pashman is eligible for retention and employment as counsel for the Debtor pursuant to sections 327(a), 328(a), 1107(b), and 1195 of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 6, 2024

                                                        */s/ Joseph C. Barsalona II*
                                                        Joseph C. Barsalona II
                                                        **PASHMAN STEIN WALDER HAYDEN, P.C.**
                                                        233 Broadway, Suite 820
                                                        New York, New York 10279
                                                        Telephone: (646) 828-8081
                                                        Email: jbarsalona@pashmanstein.com

                                                        *Proposed Counsel to the Debtor and*
                                                        *Debtor in Possession*

## Schedule 1

### Potential Parties In Interest

**Debtor**
Kris Daniel Roglieri

**Other Professionals**
Pashman Stein Walder Hayden, P.C.
Hogan Lovells LLP
Dreyer Boyajian LLP

**Subchapter V Trustee**
Zdarsky, Sawicki & Agostinelli LLP

**Secured Creditors**
Danali State Bank
First Federal
Key Bank

**Unsecured Creditors**
Barclay Damon
Caesars Entertainment
Chase Bank
Key Bank
NYS Dept. Taxation & Finance
Onward Holdings, LLC
SBA Department of the Treasury
Sheppard Mullin LLP

**Office of the Untied States Trustee**
Lisa M. Penpraze

## **Schedule 2**

      Pashman currently represents the Potential Parties in Interest and/or affiliates thereof identified below on matters unrelated to this case.

- None

## **Schedule 3**

Pashman formerly represented the Potential Parties in Interest and/or affiliates thereof identified below on matters unrelated to this case.

- Chase Bank