Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
Edward A. Cho-O'Leary (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Kris Daniel Roglieri<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 24-10157 (REL)<br><br>**Obj. Deadline: March 20, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: March 27, 2024 at 10:30 a.m. (ET)** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

The above-captioned debtor and debtor in possession (the "Debtor"), by and through its undersigned proposed counsel, hereby moves this Court (the "Motion") for entry of an order pursuant to sections 105(a), 330(a), and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"), establishing an orderly, regular process for the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by professionals retained in this chapter 11 case. In support of this Motion, the Debtor incorporates by reference the *Declaration Pursuant to Local Bankruptcy Rule 2015-2* (the "First Day Declaration")[1] and respectfully represents as follows:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 330(a), and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

## BACKGROUND

3. On February 15, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code as a debtor defined in Bankruptcy Code section 1182(1) and the Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act, as amended.

4. The Debtor has continued in the management of its property as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

5. On February 16, 2024, the United States Trustee appointed Mark Schlant, of Zdarsky, Sawicki & Agostinelli LLP to serve as the Subchapter V trustee (the "Subchapter V Trustee") in this case pursuant to Bankruptcy Code section 1183(a). No other trustee, examiner, or official committee has been appointed in this case.

6. Additional detail regarding the Debtor, the events leading to commencement of this case, and the facts and circumstances supporting the relief requested herein is set forth in the First Day Declaration and is incorporated herein by reference.

## RELIEF REQUESTED

7. By this Motion, the Debtor seeks entry of an order (the "Proposed Order") establishing an orderly, regular process for the allowance and payment of compensation for

professional services rendered and reimbursement of expenses incurred by professionals retained in this chapter 11 case. Specifically, the Debtor proposes that the payment of fees and reimbursement of expenses of the professionals retained in this chapter 11 case be structured in accordance with the procedures annexed as **Exhibit 1** to the Proposed Order and incorporated herein by reference (the "Compensation Procedures").[2]

## RETENTION OF PROFESSIONALS

8. The Debtor has filed or intends to file applications to retain (a) Pashman Stein Walder Hayden, P.C., as counsel to the Debtor; (b) Dreyer Boyajian LLP, as special counsel to the Debtor; and may also retain other professionals in this case as the need arises (each a "Professional," and collectively, with any other subsequently retained professionals under section 327 and/or 1103 of the Bankruptcy Code, the "Professionals"). Moreover, the Subchapter V Trustee will seek payment from the estate, and could potentially seek the retention of other Professionals should the need arise.

## PROPOSED COMPENSATION PROCEDURES

9. As detailed in Exhibit 1 to **Exhibit A** attached hereto, and incorporated herein by reference, the Compensation Procedures will establish a streamlined process for payment of retained Professionals during this case and consistent with those approved in this Court. Pursuant to the Compensation Procedures, the Professionals will file and serve monthly applications (the "Monthly Fee Applications") with the Court for approval of 80% of their fees and 100% of expenses, upon notice to key parties, including the Debtor, counsel to the Debtor, the Subchapter V Trustee, and the U.S. Trustee (collectively, the "Notice Parties"). Every three

---

[2] Unless specifically set forth herein, and for the avoidance of doubt, the Debtor's proposed Compensation Procedures shall not override compensation procedures in any separate order of the Court approving the employment and retention of any Professional.

3

months, the Professionals will file and serve interim fee applications (the "Interim Fee Applications") with the Court for approval of the 20% holdback of their fees. At the conclusion of this chapter 11 case, the Professionals will file and serve final fee applications (the "Final Fee Applications," and collectively with the Monthly Fee Applications and Interim Fee Applications, the "Applications") for final approval of 100% of their fees and 100% of their expenses.

10. The Debtor believes that the proposed Compensation Procedures will enable the Debtor to (a) closely monitor the costs of administering this chapter 11 case, (b) maintain an appropriate level of liquidity so as to ensure the Debtor's continued ability to satisfy such costs, and (c) forecast level cash flows that account for the amount and timing of such costs. Moreover, the proposed Compensation Procedures will streamline the administration of this case and otherwise expedite the bankruptcy process for the Court, the U.S. Trustee and all parties in interest.

## BASIS FOR RELIEF

11. Section 330 of the Bankruptcy Code provides, in relevant part, that:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to . . . a professional person employed under section 327 or 1103 (A) reasonable compensation for actual, necessary services rendered . . . and (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

12. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> [A] debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days . . . or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

4

11 U.S.C. § 331.  Under section 331, professionals are limited to seeking payment of fees and expenses to no more than three times per year.  However, section 331 also expressly allows a court to permit the more frequent filing of such applications.  "Section 331 plainly allows the Court some flexibility in determining the frequency of compensation of certain professionals and others…" *In re Haven Eldercare, LLC*, 382 B.R. 180, 182 (Bankr. D. Conn. 2008).  In that vein, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently."  *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).

13. Further, section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.  11 U.S.C. § 105(a).

14. Interim compensation procedures are necessary to avoid having professionals fund the bankruptcy cases.  *See In re Burlington Tennis Assocs.*, 34 B.R. 839, 840–41 (Bankr. D. Vt. 1983) ("[B]ankruptcy attorneys may be forced to finance the administration of a case while attorneys in most non-bankruptcy areas of the law do not suffer an equivalent hardship."); *In re Mariner Post-Acute Network, Inc.*, 257 B.R. at 727–28 (approving entry of such an order and explaining that more frequent payment avoids imposing an "intolerable burden" and "a significant economic disadvantage" on the debtors' professionals, while also permitting debtors to "better manage their cash flow").  Factors to consider in deciding whether to establish interim compensation procedures include the size of the case, the complexity of the issues involved and the time required on the part of the attorneys for the debtor in providing services necessary to

5

achieve a successful reorganization.  *See In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

15. Moreover, courts in this district have routinely granted the same or substantially similar relief to that requested in this Motion.  *See, e.g., In re Herb Philipson's Army and Navy Stores Inc.*, Case No. 18-61376-6 (DD) (Bankr. N.D.N.Y. Nov. 20, 2018); *In Agway, Inc. and Feed Commodities International LLC*, Case No. 02-65872 (SDG) (Bankr. N.D.N.Y. Nov. 18, 2002); *In re Filmed Entertainment Inc.*, Case No. 15-12244 (SCC) (Bankr. S.D.N.Y. Sep. 25, 2015); *In re dELiA*s, Inc.*, Case No. 14-236787 (RDD) (Bankr. S.D.N.Y. Jan. 9, 2015); *In re NII Holdings, Inc.*, Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. July 14, 2014); *In re Dewey & LeBoeuf LLP*, Case No. 12-12321 (MG) (June 15, 2012); *In re General Maritime Corp.*, Case No. 11-15285 (MG) (Bankr. S.D.N.Y. Dec. 12, 2011).

16. Here, implementation of the proposed Compensation Procedures is justified and in the best interest of the Debtor's estate and its creditors.  The proposed Compensation Procedures will: (a) enable the Debtor and parties in interest to closely monitor costs of administration relating to this case; (b) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses; (c) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of Monthly Fee Applications; and (d) eliminate undue financial burdens on the Professionals.  Moreover, absent streamlined compensation procedures, the professional fee application and review process could create an exceptional burden to the Debtor, the Court, the Professionals, and other parties in interest.  The proposed Compensation Procedures will greatly simplify the process and preempt unnecessary Court involvement and expenditure of judicial

resources. Accordingly, the Debtor submits the relief requested herein is necessary, appropriate, and in the best interests of the Debtor, its estate and its creditors, and as such should be granted.

## NOTICE

17. Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Subchapter V Trustee; (iii) the Debtor's twenty (20) largest unsecured creditors; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter the Proposed Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested in this Motion and (b) granting such other and further relief as may be just and proper.

Dated: March 6, 2024
       New York, New York

**PASHMAN STEIN WALDER HAYDEN, P.C.**

 /s/ *Joseph C. Barsalona II*
Joseph C. Barsalona II (No. 6102)
Amy M. Oden (admitted *pro hac vice*)
Edward A. Cho-O'Leary (admitted *pro hac vice*)
233 Broadway, Suite 820
New York, New York 10279
Telephone: (646) 828-8081
Email: jbarsalona@pashmanstein.com
       aoden@pashmanstein.com
       echo-oleary@pashmanstein.com

*Proposed Counsel to the Debtor and Debtor in Possession*