**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Kris Daniel Roglieri<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 24-10157 (REL) |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") for entry of an order (this "<u>Order</u>"), pursuant to sections 105(a), 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1, establishing interim compensation and reimbursement procedures; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion, if necessary (the "Hearing"); and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Except as otherwise provided in this Court's orders, all Professionals and the Subchapter V Trustee may seek interim compensation and reimbursement in accordance with the procedures (the "Compensation Procedures") set out in **Exhibit 1** attached hereto.

3. The Subchapter V Trustee and all Professionals who have been or are hereafter retained under sections 327 or 1103 of the Bankruptcy Code, except those that the Debtor retained in the ordinary course of business, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with this Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Court's orders.

4. The Professionals and the Subchapter V Trustee shall be required to serve the Applications only on the Notice Parties. All other parties that have filed a notice of appearance shall be entitled to receive only Hearing Notices on the Applications.

5. The Debtor shall include in its monthly operating reports all payments to Professionals.

6. All time periods referenced in this Order and the Compensation Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

###

**<u>Exhibit 1</u>**

**Compensation Procedures**

Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
Edward A. Cho-O'Leary (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 (Subchapter V) |
| Kris Daniel Roglieri | Case No. 24-10157 (REL) |
| Debtor. | |

## COMPENSATION PROCEDURES

Pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (the "Order"),[1] the following compensation procedures (collectively, the "Compensation Procedures") shall apply with respect to the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by attorneys and other professionals who will be retained pursuant to sections 327 or 1103 of the Bankruptcy Code and are required to file applications pursuant to sections 330 and 331 of the Bankruptcy Code on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-1 (each a "Professional" and collectively, the "Professionals"). Specifically, the Compensation Procedures are as follows:

      a. Following the month or months for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application, which will include the relevant time entry and description and expense detail, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month or months (a "Monthly Fee Application").

---

[1] Capitalized terms not defined in the Compensation Procedures are defined in the Order.

b. Each Professional may submit its first Monthly Fee Application no earlier than the date of entry of this Order. This initial Monthly Fee Application will cover the period from the Petition Date through February 29, 2024. Thereafter, the Professionals may submit Monthly Fee Applications in the manner described above.

c. Each such Professional shall serve such Monthly Fee Application by first class mail on the following parties: (a) the Debtor, Kris Daniel Roglieri, 40 North Road, Queensbury, NY 12804, finance12207@yahoo.com; (b) proposed counsel for the Debtor, Pashman Stein Walder Hayden, P.C., 233 Broadway, Suite 820, New York, New York, 10279, Attn: Joseph C. Barsalona II (jbarsalona@pashmanstein.com), Amy M. Oden (aoden@pashmanstein.com), and Edward A. Cho-O'Leary (echo-oleary@pashmanstein.com); (c) the Subchapter V Trustee, Zdarsky, Sawicki & Agostinelli LLP, 1600 Main Place Tower, 350 Main Street Buffalo, NY, 14202, Attn: Mark Schlant, Esq, (mschlant@zsalawfirm.com); and (d) the U.S. Trustee, Leo W. O'Brien Federal Building, 11A Clinton Ave., Room 620, Albany, New York 12207, Attn: Lisa M. Penpraze (lisa.penpraze@usdoj.gov) (each a "Notice Party," and, collectively the "Notice Parties").

d. Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable non-bankruptcy law.

e. Parties in interest will have 14 days (or the next business day if such day is not a business day) after the service of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (f) below. After expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection ("CNO") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtor is authorized to pay the applicable Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (f) below.

f. If any party in interest wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (each, an "Objection") with the Court on or before the Objection Deadline and (ii) serve the Objection

        on the affected Professional and each of the other Notice Parties so that it is **actually received** by the other Notice Parties on or before the Objection Deadline. Any such Objection shall identify, with specificity, the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, the affected Professional may either: (i) file a request with the Court for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "<u>Incremental Amount</u>"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties. Payment of the Incremental Amount will be allowed upon the Court's disposal of the Objection.

g.    At approximately four-month intervals or such other intervals convenient to the Court (the "<u>Interim Fee Period</u>"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "<u>Interim Fee Application</u>") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Statements, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application include a brief description identifying:

    i.    the Monthly Fee Applications that are the subject of the request;

    ii.    the amount of fees and expenses requested;

    iii.    the amount of fees and expenses approved to date or subject to an Objection;

    iv.    any other information requested by the Court or required by the Bankruptcy Rules or Local Rules, including Bankruptcy Rule 2016(a) and Local Rule 2016-1.

Each Professional shall file its first Interim Fee Application on or before July 30, 2024, and the first Interim Fee Application shall cover the period from the Petition Date through June 30, 2024. Thereafter, each Professional must file its Interim Fee Application within 30 days (or the next business day if such day is not a business day) after the end of the applicable Interim Fee Period.

h.    The Debtor will request that the Court schedule a hearing on Interim Fee

3

        Applications at least once every three months or at such other intervals as the Court deems appropriate. Parties in interest will have 14 days (or the next business day if such day is not a business day) after the service of an Interim Fee Application to file an Objection. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor will be authorized to promptly pay such Professional all allowed fees (including the 20% holdback) and expenses not previously paid.

i.     The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures. Any Professional that fails to file an Interim Fee Application when permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as an Interim Fee Application is submitted by the Professional.

j.     Professionals will each file a final application for compensation and reimbursement (the "Final Fee Application") on or before the deadline set in a confirmed chapter 11 plan or an order of the Court. Each Final Fee Application must comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and this Court's orders.

k.     Neither (i) the payment of or the failure to pay, in whole or in part, monthly or interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.