Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
Edward Cho-O'Leary (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 (Subchapter V) |
| Kris Daniel Roglieri | Case No. 24-10157 (REL) |
| Debtor. | |

### MOTION OF DEBTOR FOR (I) ENTRY OF AN ORDER EXTENDING THE TIME TO FILE 2015.3 REPORTS AND (II) GRANTING RELATED RELIEF

The above-captioned debtor and debtor in possession (the "Debtor"), by and through his undersigned proposed counsel, hereby moves this Court (the "Motion") for entry of an order (the "Proposed Order"), (i) extending the deadline by which the Debtor must file 2015.3 Reports (defined below) and (ii) granting related relief. In support of this Motion, the Debtor relies upon and fully incorporates by reference the *Declaration Pursuant to Local Bankruptcy Rule 2015-2* sworn to on the 22th day of February, 2024 [ECF D.I. 27] (the "Roglieri Affidavit"),[1] and further respectfully state as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2.     Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

---

[1] Additional detail regarding the Debtor, his businesses, the events leading to commencement of this case, and the facts and circumstances supporting the relief requested herein is set forth in the Roglieri Affidavit filed in this Chapter 11 Case and incorporated herein by reference.

3.      The bases for the relief requested herein are rules 2015.3 and 9006(b)(1) of the
Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On February 15, 2024 (the "Petition Date"), the Debtor commenced a voluntary
case under chapter 11 of the Bankruptcy Code as a debtor defined in Bankruptcy Code section
1182(1) and the Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy
Code pursuant to the Small Business Debtor Reorganization Act (this "Chapter 11 Case").

5.      Since the filing, the Debtor has continued in the management of his property as a
debtor in possession.

6.      The Debtor is an individual who is in the primary business of commercial financing
and providing education and training on opportunities and processes to secure financing.

7.      The Debtor's current financial predicament was caused primarily by alleged fraud
claims commenced against Prime Capital Ventures, LLC ("Prime Capital"), an entity wholly
owned by the Debtor, and other defendants in the United States District Court captioned *Compass-
Charlotte 1031, LLC v. Prime Capital Ventures, LLC et al* bearing index number 24-00055 (the
"Receivership Action").  As noted in the Roglieri Affidavit, an involuntary bankruptcy against
Prime Capital was filed, and subsequently dismissed, in this Court.  *In re Prime Capital Ventures,
LLC*, 23-11302 (Bankr. N.D.N.Y.) (the "Involuntary Proceeding").

8.      As a result of the Receivership Action, a court-appointed receiver (the "Receiver")
took possession of Prime Capital's property and certain of the Debtor's personal property.

9.      On February 2, 2024, based upon the allegations in the Receivership Action and the
Involuntary Proceeding, the FBI obtained a warrant and seized a substantial number of cars,
watches, and other personal property belonging to the Debtor from the Debtor's personal residence

2

(the "First Seizure").  During the First Seizure, the FBI also seized the Debtor's laptop which included financial information on the Entities (defined below).

10.      On February 29, 2024, the Court entered the *Order Granting Motion to Extend Deadline to File Schedules or Provide Required Information* that extended the deadline for the Debtor to file his schedules of assets and liabilities and statements of financial affairs ("Schedules and Statements") to March 22, 2024 [ECF. No. 41].

11.      On March 5, 2024, the FBI obtained a second warrant and seized seven cars, certain of which are property of the Debtor's estate, that were on the Debtor's premises (the "Second Seizure" and together with the First Seizure, the "Seizures").

12.      On March 6, 2024, the initial debtor interview (the "IDI") was held.  At the IDI the Debtor was requested to provide the 2015.3 Reports (defined below) by March 13, 2024.

13.      The initial section 341 meeting of creditors is scheduled to take place on March 14, 2023, at 10:00 a.m. (ET).

## RELIEF REQUESTED

14.      By this Motion, the Debtor seeks entry of the Proposed Order, (i) extending the deadline by which the Debtor must file reports of financial information on entities in which the Debtor's estate holds a controlling or substantial interest (the "2015.3 Reports"), and (ii) granting related relief.

## BASIS FOR RELIEF

15.      Bankruptcy Rule 2015.3(a) requires a debtor to file 2015.3 reports with respect to "the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest." Fed. R. Bankr. P. 2015.3(a).  Additionally, 2015.3 reports must also "be based upon the most recent

3

information reasonably … available to the debtor in possession." *Id.* 2015.3 reports are to be filed

seven (7) days before the date first set for the meeting of creditors convened pursuant to section

341 of the Bankruptcy Code.  Fed R. Bankr. P. 2015.3(b).

16.     Good and sufficient cause exists for granting an extension of time to file the Rule

2015.3 Reports based on (i) the number of entities in which the Debtor holds full ownership, (ii)

the large amount of time and resources required for the Debtor and his advisors to compile the

necessary information, and (iii) the ongoing issues pertaining to the Seizures and the Receivership

Action.

17.     The Debtor wholly owns Commercial Capital Training Group, Digital Marketing

Training Group, Prime Commercial Lending, Prime Capital, National Lines of Commercial Loan

Brokers, FUPME, LLC, Shark Ventures, LLC (the "Entities").

18.     The Entities specialize in commercial financing and the education and training in

the area of financing and, historically, the Debtor has not kept the type of records requested in the

2015.3 Reports.  Moreover, the individual that was primarily responsible for assisting with such

information related to the entities, Kim Humphrey, is also subject to FBI investigation and has not

been in communication with the Debtor since early February.  While the Debtor has attempted to

retain an accountant to assist with preparing the necessary documentation, such efforts have not

been fruitful to date.

19.     Additionally, the Debtor is working diligently to prepare his Schedules and

Statements by the March 22 deadline, which is taking a substantial amount of time outside of his

normal work functions with the Entities.

20.     Furthermore, the Debtor is faced with the ongoing complication of the Receivership Action and the Seizures, which have significantly impacted his access to and preparation of documents required to complete the 2015.3 Reports.

21.     Accordingly, as opposed to seeking a waiver of the requirement to file a 2015.3 Reports at this point in time, the Debtor respectfully requests that this Court extend the deadline by which the Debtor must file his initial 2015.3 Reports by thirty (30) days, to April 12, 2024.  The Debtor submits that this request is reasonable under the circumstances and will provide sufficient time for the Debtor to adequately prepare the 2015.3 Reports with the most up-to-date information available.

## NOTICE

22.     Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Subchapter V Trustee; (iii) the Debtor's twenty (20) largest unsecured creditors; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## NO PRIOR REQUEST

23.     The Debtor has not previously sought the relief requested herein from the Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter the Proposed Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested in this Motion and (b) granting such other and further relief as may be just and proper.

Dated:   March 13, 2024  **PASHMAN STEIN WALDER**
      New York, New York  **HAYDEN, P.C.**

*/s/ Joseph C. Barsalona II*
Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
Edward Cho-O'Leary (admitted *pro hac vice*)
233 Broadway, Suite 820
New York, New York 10279
Telephone: (646) 828-8081
Email: jbarsalona@pashmanstein.com
       aoden@pashmanstein.com
       echo-oleary@pashmanstein.com

*Proposed Counsel to the Debtor and*
*Debtor in Possession*