**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 (Subchapter V) |
| Kris Daniel Roglieri | Case No. 24-10157 (REL) |
| Debtor. | **Re: D.I. __** |

### ORDER (I) AUTHORIZING ARRANGEMENT BETWEEN DEBTOR AND U.S. ATTORNEY REGARDING CERTAIN VEHICLES, (II) MODIFYING THE AUTOMATIC STAY, TO THE EXTENT NECESSARY TO IMPLEMENT SUCH ARRANGEMENT, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the above captioned debtor and debtor-in-possession (the "Debtor") for entry of an order (i) authorizing the Arrangement, (ii) modifying the automatic stay to the extent necessary to implement the Arrangement, and (iii) granting related relief; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtor's estate, the Debtor's creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and relief requested therein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.       The Motion is granted.

2.       Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Arrangement is approved as in the best interest of the Debtor and his estate.

3.       The Debtor[5] and the Government shall be authorized to enter into the Arrangement substantially on the terms set forth in the Motion.

4.       The automatic stay arising pursuant to section 362(a) of the Bankruptcy Code is vacated and modified to the extent necessary to implement the Arrangement, including, without limitation, to (a) effectuate seizure of the Vehicles in accordance with the terms of the Postpetition Warrants and (b) permit the Government to hold the Vehicles in its possession pending the entry of an Order of this Court approving procedures for the sale of the Vehicles (the "Procedures Order") and, promptly following the entry of the Procedures Order, the Government shall turn the Vehicles over to the Debtor, solely for the purpose of allowing the Debtor to market and sell such Vehicles.

5.       For the avoidance of doubt, this Order does not approve: (a) procedures regarding the auction or other sale of the Vehicles; (b) the sale of the Vehicles; or (c) allocation of any proceeds received from the sale of the Vehicles.  The Debtor will seek such relief pursuant to one or more separate motions.

6.       Unless otherwise agreed by the Government (or ordered by a court of competent jurisdiction), following this Court's approval of the sale of either or both the Vehicles, the first proceeds received of any sale of the 2020 Lamborghini up to $183,791.91, and the first proceeds of the sale of the 2014 Mercedes-Benz up to $65,251.69, shall be deposited into the registry of the District Court pursuant to Fed. R. Civ. P. 67 and Local Rule 67.1, pending a determination as to

---

[5] Any capitalized term not defined herein shall have the meaning ascribed to in in the Motion.

the respective rights of the Debtor (or its bankruptcy estate) and the Government to such sale proceeds.

7. This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, his estate, its creditors, parties-in-interest, any subsequently appointed trustee or estate representative, the Government, and all of their respective affiliates, successors, and assigns, and any affected third parties including, but not limited to, all persons asserting an interest in the Vehicles.

8. Nothing in the Motion or in this Order is intended as nor should it be construed as determining the nature or scope of any claim, lien or interest that the Debtor (or his bankruptcy estate) or the Government has asserted in any assets in which the Debtor claims an ownership interest, including the Prime Purchased Assets (including the Vehicles that are the subject of this Motion), or in any proceeds of such assets, including the Registry of Court Deposits.

9. The terms and provisions of this Order shall be immediately effective and enforceable upon its entry. The effectiveness of this Order shall not be stayed pursuant to Bankruptcy Rule 6004(h) or otherwise.

10. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

###