**<u>Exhibit C</u>**

**Letter**



**Joseph C. Barsalona II**
Direct:  302-592-6497
jbarsalona@pashmanstein.com

March 4, 2024

Michael Barnett, Esq., Asst. U.S. Attorney
Joshua Rosenthal, Esq., Asst. U.S. Attorney
Office of the United States Attorney for the
Northern District of New York
445 Broadway, Room 218
Albany, NY 12207

RE:   *In re Seizure of Property Described in Schedule A*, No. 1:24-MJ-22 (CFH) (N.D.N.Y.)
       *In re Kris Daniel Roglieri*, No. 24-10157 (REL) (Bankr. N.D.N.Y.)

Dear Messrs. Barnett and Rosenthal,

As you know, our firm is bankruptcy counsel to Kris D. Roglieri ("Mr. Roglieri" or the "Debtor"), who is the debtor in possession in the above-captioned chapter 11 case (the "Roglieri Bankruptcy"),[1] filed on February 15, 2024 (the "Petition Date").  Dreyer Boyajian is criminal counsel to Mr. Roglieri and represents him with respect to the various Government investigations and actions.  As laid out in Mr. Roglieri's First Day Declaration, he is the sole member and owner of several entities including Prime Capital Ventures, LLC ("Prime Capital").  This letter serves to memorialize our understanding of the telephonic discussion between the Debtor's counsel and the U.S. Attorney on February 29, 2024.

We understand that the FBI has opened an investigation into Mr. Roglieri following various allegations of fraud asserted against him in other civil and bankruptcy matters, which closely tracked to the inception of Prime Capital in late 2021 to early 2024 (the "Prime Capital Period").  We also understand the United States Attorney's Office's (the "U.S. Attorney" or "Government") position that any property purchased during the Prime Capital Period (the "Prime Purchased Assets") may have been bought with purported "fraud proceeds"[2] derived from Prime Capital ("Prime Capital Funds") and therefore the U.S. Attorney is seeking to seize all such property while it continues its investigation.

---

[1] Capitalized terms not defined herein have the same meaning as in the First Day Declaration of Kris Daniel Roglieri [D.I. 27] (the "First Day Declaration") filed in the Roglieri Bankruptcy.  All references to docket entries refer to the Roglieri Bankruptcy unless otherwise stated.

[2] For the avoidance of doubt, Mr. Roglieri disputes any alleged fraud purportedly committed by Prime Capital or by him.

Court Plaza South            Phone:  201.488.8200
21 Main Street, Suite 200    Fax:  201.488.5556
Hackensack, NJ 07601         www.pashmanstein.com

Office of the United States Attorney for the
Northern District of New York
March 4, 2024
Page 2



As noted on the call, we have jointly identified with the U.S. Attorney two vehicles (the "Vehicles")[3] listed among the warrants signed by Magistrate Judge Hummel in *In re Seizure of Property Described in Schedule A*, No. 1:24-MJ-22 (CFH) (N.D.N.Y.) (the "Seizure Warrants"), which were indisputably purchased prior to the Prime Capital Period and thus cannot be deemed Prime Purchased Assets. Nevertheless, the U.S. Attorney has alleged that certain improvements were made to each of the Vehicles with Prime Capital Funds during the Prime Capital Period, thus purportedly making the *entire* applicable Vehicle subject to seizure. Specifically, the Affidavits in Support of Seizure Warrants signed by Jonathon Vicks (the "Affidavits") identify the following amounts of Prime Capital Funds attached to the applicable Vehicles:

| Vehicles | Prime Capital Funds attached to the Vehicles (the "Improvements") |
|---|---|
| 2014 Mercedes Benz SLS | - $65,251.69 paid to Ai Design pertaining to "service, work, and improvements" |
| 2020 Lamborghini Aventador | - $142,185.63 paid to S2T LLC, d/b/a Lamborghini Paramus, for work performed;<br>- $41,606.28 paid to Ai Design "for repairs and improvements" |

While Mr. Roglieri continues to maintain his innocence and disputes the U.S. Attorney's position with respect to Prime Purchased Assets, during the call we proposed what we believe and understand would be a mutually agreeable arrangement that would satisfy the Government's stated concerns while continuing to meet Mr. Roglieri's fiduciary obligations to maximize the value of the Debtor's estate for the benefit of his creditors. Therefore, the Debtor proposes to have the Vehicles sold in the Roglieri Bankruptcy under section 363 of title 11 of the United States Code (the "Bankruptcy Code") in order to maximize the value of the proceeds for the estate, while depositing a reserve in the amount of the alleged Improvements to preserve the U.S. Attorney's rights to such sale proceeds.

Under this arrangement, the Debtor would not assert a violation of the stay if the Vehicles are being held in the Government's possession during the pendency of the sales process. With that

---

[3] The Vehicles are listed as follows:
- 2014 Mercedes SLS, VIN WDDRJ7HA7EA010865
- 2020 Lamborghini Aventador, VIN ZHWUM6ZD9LLA09436

Currently excluded from this list are a 2015 Ferrari 458, VIN #ZFF75VFA3F0209725, and a 2020 Mercedes Benz GT63C4S, VIN # WDD7X8KB3LA012445. We understand that the Government has since changed its position on identifying the Ferrari as having been purchased prior to the Prime Capital Period, and that the Government has taken the position that the Mercedes Benz GT63C4S was purchased using Prime Capital funds during the Prime Capital Period. In order to facilitate this negotiation, Mr. Roglieri is willing to concede these points with the understanding that such concession is without prejudice to his rights.

Office of the United States Attorney for the
Northern District of New York
March 4, 2024
Page 3



said, we continue to believe it is both important and advisable that we obtain an order from the bankruptcy court to enter into such an arrangement and we intend to seek such authority on an expedited basis. Having such an order will protect both the Government and the Debtor by ensuring that the Debtor has the requisite authority to enter into such an arrangement (chapter 11 debtors need court approval for "out of the ordinary course" transactions, which this arguably is). It will also prevent other creditors and parties-in-interest from questioning or collaterally attacking this very reasonable and measured approach preserving the rights and interests of all parties with respect to the Vehicles, which we strongly believe are likely to achieve a maximum sale price value through a "free and clear" bankruptcy sale process.

We are cognizant that the Government has obtained Seizure Warrants for these vehicles and we have attached hereto a Proposed Order to be submitted to Magistrate Judge Hummel seeking permission for the sale of these two Vehicles through the Bankruptcy Court and providing for the deposit of proceeds of any sale up to the amount alleged to be tainted by the Government in its Seizure Warrant Application into the registry of the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure. We would request that the U.S. Attorney's Office expeditiously review this Proposed Order and provide its consent thereto. This will enable us to proceed appropriately in the Bankruptcy Court so as to maximize the benefit to the Debtor's estate while preserving the Government's stated interests. If you would like to discuss this matter further, please do not hesitate to reach out.

    Very truly yours,

    PASHMAN STEIN WALDER HAYDEN, P.C.

    */s/Joseph C. Barsalona II*
    Joseph C. Barsalona II, Esq.

**CC:** William Dreyer, Esq.
    Aidan P. O'Connor, Esq.
    Henry J. Jaffe, Esq.
    William R. Firth, III, Esq.
    Lauren S. Owens, Esq.
    Amy M. Oden, Esq.
    Joshua P. Law, Esq.
    Edward Cho-O'Leary, Esq.

**Enc.**