Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
Edward A. Cho-O'Leary (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Kris Daniel Roglieri<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 24-10157 (REL) |

**SUPPLEMENTAL DECLARATION OF JOSEPH C. BARSALONA II IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER UNDER SECTIONS 327(a), 328(a), AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING RETENTION AND EMPLOYMENT OF PASHMAN STEIN WALDER HAYDEN, P.C. AS COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

I, JOSEPH C. BARSALONA II, hereby declare under penalty of perjury:

1. I am a partner at Pashman Stein Walder Hayden, P.C. ("Pashman"), which maintains an office for the practice of law at 233 Broadway, Suite 820, New York, New York 10279. I am an attorney at law, duly admitted and in good standing to practice in the state of New York, as well as in the United States District Court for the Northern District of New York.

2. I submit this declaration (the "Supplemental Declaration") in connection with the *Debtor's Application for Entry of an Order Under Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as Counsel for the*

*Debtor* Nunc Pro Tunc *to the Petition Date* (the "Application")[1] and to supplement my initial declaration submitted with the Application, attached as Exhibit B thereto (the "Original Declaration," and together with the Supplemental Declaration, together the "Declarations"), and to provide certain disclosures under sections 327(a), 328(a), 329 and 1125 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"). This Supplemental Declaration does not replace anything set forth in the Application or the Original Declaration, except as expressly set forth herein.

3. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently hereto.

## SUPPLEMENTAL DISCLOSURES

4. On March 11, 2024, Paul A. Levine, as receiver of Prime Capital Ventures, LLC (the "Receiver"), appointed by order in Case No. 1:24-cv-55 (MAD/DJS), pending in the United States District Court for the Northern District of New York (the "Receiver Action"), filed *Receiver's Limited Opposition to Debtor's Motion to Retain Counsel and Objection to Motion to Establish Compensation Procedures* [D.I. 57] (the "Receiver Objection").

5. The Receiver Objection raises certain questions with respect to the retainer Pashman received prepetition in connection with representing the Debtor in this chapter 11 case (the "Retainer"). *See* ¶7.

---

[1] Capitalized terms not defined herein are defined in the Application. Pashman does not waive by the Application, this Declaration, and its contents, and hereby reserves and preserves, all privileges.

6. In formulating the Debtor's reply to the Receiver Objection, Pashman came upon further facts in relation to the Application and Retainer and determined it was necessary to disclose the facts set forth herein pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

7. Specifically, on March 14, 2024, Pashman discovered that the Retainer was paid from an account in the name of non-debtor Prime Commercial Lending, LLC ("PCL"), ending in 4465 (the "PCL Account"). I understand from the Debtor that PCL is an entity wholly owned by the Debtor and that, historically, certain of the Debtor's expenses have been paid from the PCL Account. Pashman does not represent PCL in any capacity.

8. On March 15 and 16, 2024, Pashman reviewed, for the first time, certain pleadings in the Receiver Action and *In re Prime Capital Ventures, LLC*, Case No. 23-11302 (REL) (the "Involuntary Proceeding") that indicate a dispute regarding funds in the PCL Account. Those pleadings include those by counsel to 1800 Park Avenue LLC ("1800 Park") and Prime Capital Ventures, LLC ("Prime Capital"), and include the following (collectively, the "PCL Pleadings"):

   a. *Declaration of Jeffery Huston*, Receiver Action D.I. 23;

   b. *January 17, 2024 Letter to Judge D'Agostino regarding Declaration of Jeffery Huston*, Receiver Action D.I. 24 (the "January 17, 2024 D'Agostino Letter");

   c. *Emergency Motion for Clarification Regarding Court's Retention of Jurisdiction Over All Matters Pertaining to the $5,000,000 Deposit*, Involuntary Proceeding D.I. 123;

   d. *February 5, 2024 Letter to Judge Littlefield*, Involuntary Proceeding D.I. 131.

9. Upon reviewing the PCL Pleadings and now understanding that there is a material dispute relating to monies in the PCL Account (the "PCL Dispute"), Pashman felt compelled to

3

disclose the origination of the retainer from the PCL Account in this Supplemental Declaration. Contemporaneous with filing this Supplemental Declaration, Pashman will also file an amended Form B2030 noting the payment of the Retainer from PCL.

10. In addition, in the Receiver Objection, the Receiver sought to preserve his right to assert an alleged clawback of the Retainer, alleging that such payment might have been fraudulently conveyed (the "Receiver Ownership Dispute" and, together with the PCL Dispute, the "Disputes"). *See* Receiver Objection, at ¶¶ 6-7. Following the receipt of the Receiver Objection, Pashman investigated the alleged source of funds of its retainer payment, including receiving and reviewing the January 17, 2024 D'Agostino Letter. In the January 17, 2024 D'Agostino Letter, PCV's counsel alleged, in part, that on December 22, 2023, $5 million in funds that were supposed to be transferred from 1800 Park to an account in the name of PCV pursuant to a deposit agreement between PCL and 1800 Park were, instead, mistakenly transferred to an account held by PCV. PCV's counsel further alleged that, PCL immediately discovered this error and, the same day as receiving these funds, PCV transferred these funds to PCL (collectively, the "December 22, 2023 Transfers"). As a result of this allegedly mistaken transfer of funds to PCV, there appears to be an issue as to whether PCV ever acquired a legal or ownership interest in these monies (aside from mere possession). Pashman has no personal knowledge of the facts regarding the December 22, 2023 Transfers and takes no position with respect thereto.

11. Further, without taking any position with respect to the Disputes, Pashman will continue to hold and will not seek payment of any of Pashman's fees and expenses from the remaining Retainer of $65,821.00 in its NY IOLA account until the Disputes are resolved. As stated in the Application and my Original Declaration, Pashman was paid $34,179.00 (the "Prepetition Amount") from the Retainer for its actual services rendered and expenses incurred in

4

representing the Debtor and will await instruction from the Court with respect to the Prepetition Amount.

12. Notwithstanding the foregoing newly discovered facts, Pashman continues to believe that it does not hold or represent an interest adverse to the Debtor's estate, that it is a disinterested person under the Bankruptcy Code, and Pashman intends to take all reasonable steps necessary to ensure that it remains disinterested.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 18, 2024

                                          */s/ Joseph C. Barsalona II*
                                          Joseph C. Barsalona II
                                          **PASHMAN STEIN WALDER HAYDEN, P.C.**
                                          233 Broadway, Suite 820
                                          New York, New York 10279
                                          Telephone: (646) 828-8081
                                          Email: jbarsalona@pashmanstein.com

                                          *Proposed Counsel to the Debtor and*
                                          *Debtor in Possession*