Henry J. Jaffe (admitted *pro hac vice*)
Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Kris Daniel Roglieri<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 24-10157 (REL)<br><br>**Obj. Deadline: April 17, 2024 at 11:59 p.m. (ET)**<br>**Hearing Date: April 24, 2024 at 10:30 a.m. (ET)** |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER UNDER SECTIONS 327(e), 328(a), AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING RETENTION AND EMPLOYMENT OF DREYER BOYAJIAN LLP AS SPECIAL COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves this Court (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(e), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"), authorizing the retention and employment of Dreyer Boyajian LLP ("Dreyer") as special counsel to the Debtor *nunc pro tunc* to the Petition Date (as defined below). In support of the Application, the Debtor relies upon and incorporates by reference: (i) the *Declaration Pursuant to Local Bankruptcy Rule*

2015-2 (the "First Day Declaration")[1]; and the (ii) the *Declaration of William J. Dreyer 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Dreyer Boyajian LLP as Special Counsel for the Debtor Nunc Pro Tunc to the Petition Date* (the "Dreyer Declaration"), attached hereto as **Exhibit B**. In further support of the Application, the Debtor respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327(e), 328(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

3. On February 15, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code as a debtor defined in Bankruptcy Code section 1182(1) and the Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act, as amended.

4. The Debtor has continued managing his property as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

5. On February 16, 2024, the United States Trustee appointed Mark Schlant, of Zdarsky, Sawicki & Agostinelli LLP to serve as the Subchapter V trustee (the "Subchapter V

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

Trustee") in this case pursuant to Bankruptcy Code section 1183(a). No other trustee, examiner, or official committee has been appointed in this case.

6. Additional detail regarding the Debtor, the events leading to commencement of this case, and the facts and circumstances supporting the relief requested herein is set forth in the First Day Declaration and is incorporated herein by reference.

## RELIEF REQUESTED

7. The Debtor desires to retain and employ Dreyer as his special counsel. By this Application, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(e), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Debtor to retain and employ Dreyer as his special counsel *nunc pro tunc* to the Petition Date to represent the Debtor in all phases of this chapter 11 case.

## BASIS FOR RELIEF

8. Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

9. Bankruptcy Rule 2014 requires that applications for retention of professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of

3

> the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

10. In light of the complexity of the Chapter 11 Case, the Debtor respectfully submits that retaining and employing Dreyer pursuant to the terms of this Application and the Dreyer Declaration is necessary and in the best interests of the Debtor's estate and all parties in interest in this Chapter 11 Case. As set forth in the Dreyer Declaration, Dreyer has performed the following services in the abovementioned investigation in order to protect the Debtor: met with the client, gathered investigative materials related to the search and seizure warrants, reviewed pleadings and other documents in the related cases, and have exchanged numerous emails and telephone calls with the United States Attorney's Office, Northern District of New York in connection with the criminal investigation. As a result, Dreyer has extensive, in-depth knowledge of the Debtor and the various criminal law issues on which it represents him. The Dreyer Services (defined below) will not overlap, but rather will complement, the services to be provided by the Debtors' general bankruptcy counsel, Pashman Stein Walder Hayden, P.C. Dreyer has also represented to the Debtor that it neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter for which it will be employed.

## SERVICES TO BE PROVIDED BY DREYER

11. The Debtor believes that the services of Dreyer are necessary to enable him to faithfully execute his duties as a debtor in possession. Subject to further order of this Court, Dreyer will perform the following professional services for or on behalf of the Debtor in this chapter 11 case (the "Dreyer Services"):

    a.    Advise the Debtor in connection with a federal investigation in the Northern District of New York, and elsewhere, and in any ancillary matters which Dreyer believes fall within the purview of the federal investigation; and

    b.    Advise the Debtor in connection with the current criminal investigation pending in Warren County, and any other known or unknown investigations which may arise from the same facts and circumstances as the current case.

12. Dreyer will work with the Debtor's other professionals to avoid unnecessary duplication of efforts and to represent the Debtor in an efficient and cost-effective manner.

13. The Debtor believes that Dreyer's employment is in the best interest of the Debtor, his estate, and his creditors.

14. Subject to this Court's approval of the Application, Dreyer is willing to serve as the Debtor's special counsel and to perform the services described above.

## **DISINTERESTEDNESS OF DREYER**

15. To the best of the Debtor's knowledge, information, and belief, and except as otherwise set forth herein and in the Dreyer Declaration, no Dreyer partners, counsel, or associates hold or represent any interest adverse to the Debtor's estate or his creditors, and Dreyer is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code.

16. Dreyer does not, and has not, represented any entities, other than the Debtor, in matters related to this chapter 11 case, except to the extent otherwise indicated in the Dreyer Declaration. Dreyer may represent, or may have represented in the past, certain parties with interests in the Debtor's case on matters unrelated to this chapter 11 case. As set forth in the Dreyer Declaration, Dreyer has conducted, and continues to conduct, research into its relations with the Debtor, its substantial creditors and equity security holders, and other parties interested in this case. As part of this inquiry, Dreyer obtained the names of individuals or entities that may be parties in interest in this chapter 11 case (the "Potential Parties in Interest," attached to the Dreyer Declaration as Schedule 1). Dreyer then entered the names of Potential Parties in Interest into a

computer database containing the names of all clients and conflict information concerning the clients of Dreyer.

17. From the results of this inquiry, Dreyer compiled a list (the "Client Match List") of Potential Parties in Interest that are current or former Dreyer clients. The Client Match List is divided into two schedules of current and former clients, respectively. Current clients are listed on Schedule 2 attached to the Dreyer Declaration and former clients are listed on Schedule 3 attached to the Dreyer Declaration. Through additional inquiry, Dreyer has determined its representations of clients on the Client Match List concern matters unrelated to the Debtor and this chapter 11 case, except to the extent otherwise indicated in the Dreyer Declaration. Further, although Dreyer values all of its clients, the entities listed on the Client Match List do not represent significant financial revenues for Dreyer.

18. Although Dreyer has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties in interest, it is possible that connections with some parties in interest have not yet been identified. Should Dreyer discover additional connections of the nature described above, Dreyer will promptly supplement the disclosures in the Dreyer Declaration.

## PROFESSIONAL COMPENSATION

19. As set forth in the Dreyer Declaration, the Debtor retained Dreyer in connection with this chapter 11 case under an advance payment retainer pursuant to an engagement letter executed by the Debtor on February 5, 2024 and amended on March 1, 2024 (together, the "Engagement Agreement").

20. Except as set forth in the Dreyer Declaration, Dreyer has not been paid any other compensation by the Debtor in connection with this chapter 11 case, and Dreyer is not a creditor of the Debtor.

21. The Debtor previously deposited a retainer with Dreyer in the amount of $100,000.00 from his personal funds (the "Advance") on or around February 6, 2024. Dreyer understand that the fees will be subject to a proper application therefor to, and approval thereof by, the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Dreyer has incurred a total of $7,270.00 in prepetition fees. Dreyer has not yet applied any amounts against the Advance, whether for prepetition or postpetition services. It is counsel's intention to include this amount in its applications for compensation to be submitted to the Court.

22. In this case, the Advance held by Dreyer is appropriate. *See In re Frontier Commc'ns Corp.*, 623 B.R. 358, 363–64 (Bankr. S.D.N.Y. 2020) ("In evaluating whether the [parties] have carried their burden to show reasonableness under Section 328(a), one is guided by the following factors: Do the proposed terms reflect the marketplace for these types of services? Did the parties engage in arms-length negotiations to derive the terms? Is the retention as proposed in the best interests of the estate? Do creditors oppose the retention or the proposed fees? And, lastly, is the projected amount of fees reasonable given the size and circumstances of the case?"). First, agreements regarding retainers are commonplace and "reflect normal business terms in the marketplace." *See In re Insilco Techs., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) (stating that it is not disputed that "the taking of . . . retainers is a practice now common in the market place"). Second, the Debtor and Dreyer are sophisticated entities that have negotiated the Advance at arm's-length. Third, the Advance is in the best interests of the Debtor and his estate because the

7

Engagement Agreement and the Advance allow the Debtor and Dreyer to maintain their prepetition relationship and assure continuity of legal advice and representation through the prosecution of this bankruptcy case. Thus, under the factors described by the *Frontier* court, the facts and circumstances of this case supports the Court's approval of the Advance.

23. In addition, compensation will be based upon the hours actually expended by each assigned professional at each professional's hourly billing rate, as detailed further in the Dreyer Declaration. Subject to Court approval in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and the orders of this Court, the Debtor proposes to compensate Dreyer for professional services rendered at its normal and customary hourly rates in effect from time to time as set forth in the Dreyer Declaration.

24. Dreyer will also seek reimbursement for reasonable and necessary expenses incurred, which shall include travel, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services, charged at cost.

25. Dreyer intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## **NOTICE**

26. Notice of this will be provided to: (i) the Office of the United States Trustee; (ii) the Subchapter V Trustee; (iii) the Debtor's twenty (20) largest unsecured creditors; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## NO PRIOR REQUEST

27. The Debtor has not previously sought the relief requested herein from the Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter the Proposed Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested in this Application and (b) granting such other and further relief as may be just and proper.

Dated:   April 3, 2024

*/s/ Kris Daniel Roglieri*
Kris Daniel Roglieri