**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Kris Daniel Roglieri<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 24-10157 (REL)<br><br>Re: D.I. No. __ |

ORDER UNDER SECTIONS 327(e), 328(a),
AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING
RETENTION AND EMPLOYMENT OF DREYER BOYAJIAN LLP AS SPECIAL
COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[1] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), pursuant to sections 327(e), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 authorizing the retention and employment of Dreyer Boyajian LLP ("Dreyer") as

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

special counsel to the Debtor *nunc pro tunc* to the Petition Date, and upon the First Day Declaration; and upon the Dreyer Declaration attached to the Application; and the Court being satisfied that Dreyer represents no interest adverse to the Debtor's estate, that Dreyer is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and that the retention and employment of Dreyer is necessary and in the best interest of the Debtor and his estate; and the Court having jurisdiction to consider the matters raised in the Application pursuant to 28 U.S.C. § 157(b)(2)(A); and sufficient notice of the Application having been given; and this Court having determined that the relief requested in this Application is just and proper; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Application is granted.

2. The Debtor is authorized to retain and employ Dreyer as special counsel in this chapter 11 case *nunc pro tunc* to the Petition Date.

3. The compensation to be paid to Dreyer for professional services rendered and reimbursement for expenses incurred shall be determined by this Court upon proper application pursuant to sections 330 and 331 of the Bankruptcy Code.

4. Dreyer is authorized to hold the Advance as security throughout the Debtor's bankruptcy case until Dreyer's fees and expenses are awarded and payable to Dreyer on a final basis.

5. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

###