**Exhibit B**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Kris Daniel Roglieri<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 24-10157 (REL) |

**DECLARATION OF WILLIAM J. DREYER, ESQ. IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER UNDER SECTIONS 327(e), 328(a), AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING RETENTION AND EMPLOYMENT OF DREYER BOYAJIAN LLP AS SPECIAL COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

I, **WILLIAM J. DREYER, ESQ**., pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney duly admitted and in good standing practice before all four United States District Courts in the State of New York.; District of Vermont, and District of Connecticut. I am a member of the firm of Dreyer Boyajian LLP ("Dreyer"). My firm maintains offices for the practice of law at 75 Columbia Street, Albany, New York 12210 and 18 Division Street, Suite 306, Saratoga Springs, New York 12866.

2. I submit this declaration (the "Declaration") in connection with the *Debtor's Application for Entry of an Order Under Sections 327(e), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Dreyer Boyajian LLP as Special Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* (the "Application")[1] and to provide certain disclosures under sections 327(e), 328(a), 329, and 1125 of title 11 of the United States Code (as amended, the "Bankruptcy

---

[1] Capitalized terms not defined herein are defined in the Application. Dreyer does not waive by the Application, this Declaration, and its contents, and hereby reserves and preserves, all privileges.

Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules").

3. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently hereto.[2]

4. Dreyer Boyajian LLP has been providing legal services in the areas of complex civil and criminal litigation in federal and state courts for over thirty-five years. Dreyer and its professionals are regarded as highly experienced in federal practice and trial procedure. Our firm resume is attached hereto as **Exhibit "1"**.

5. I am the attorney retained by the Debtor in connection with a federal criminal investigation (the "Investigation") and search warrant that was executed at Debtor's residence on or around February 2, 2024.

6. I am familiar with the facts and circumstances of the within matter, the source of my knowledge being the file maintained by my office and interviews with the Debtor herein.

7. Briefly, the FBI searched the Debtor's residence in Queensbury, New York on or around February 2, 2024. Upon information and belief, a criminal investigation was prompted in part by the First Report of Temporary Receiver, Paul A. Levine, Esq. January 19, 2024 (Doc. 37) in a pending civil matter, *Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, et al.*, Dkt. No. 1:24-cv-00055 (MAD/CFH),

8. Dreyer was retained by the Debtor on February 5, 2024, predating Debtor's February 15, 2024 Chapter 11, Subchapter V, Voluntary Bankruptcy Petition (Doc. 1).

---

[2] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Dreyer and are based on information provided by them.

9. There have been no formal federal criminal charges filed against Debtor and the FBI investigation and the investigation by the United States Attorney of the Northern District of New York (the "U.S. Attorney") remains pending. State charges were filed against Debtor on or around February 6, 2024.

10. Thus far, in summary fashion, I have performed the following services in the above-mentioned investigation in order to protect the Debtor: met with the client, gathered investigative materials related to the search and seizure warrants, reviewed pleadings and other documents in the related cases, and have exchanged numerous emails and telephone calls with the U.S. Attorney in connection with the criminal investigation. Additionally, we represent Debtor in connection with pending charges in Queensbury Town Court, Warren County, related to a firearm seized from the search of his residence on February 2, 2024 *(People of the State of New York v. Kris D. Roglieri*, Complaint No. 24-02032).

11. The attorneys at Dreyer are to receive the following hourly rates: William J. Dreyer ($600.00 per hour); Lauren S. Owens ($450.00 per hour); and Stacy M. Mix ($450.00 per hour). Additionally, paralegals will be billed at a rate of $200.00 per hour. The Debtor previously deposited a retainer with our office in the amount of $100,000.00 from his personal funds (the "Advance") on or around February 6, 2024. We understand that the fees will be subject to a proper application therefor to, and approval thereof by, the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Annexed hereto as **Exhibit "2"**, is a copy of our Retainer Agreement and Amendment.

12. No promises have been received by my firm, nor any member, attorney who is "of counsel" to the firm, or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. Neither my firm nor any

member of the firm, attorney who is "of counsel" to the firm, associate, nor I, has any agreement with any other entity to share with such entity any compensation received by my firm in connection with this case.

13. To the best of my knowledge, information, and belief, Dreyer has incurred $7,270.00 in fees related to representation of the Debtor during the 90-day period prior to the Petition. Dreyer has not yet applied any amounts against the Advance, whether for prepetition or postpetition services, and it is counsel's intention to include this amount in its applications for compensation to be submitted to the Court.

14. Further, Dreyer and its partners, counsel and associates have not received, agreed to, or been promised any compensation in connection with its representation of the Debtor in this case other than as set forth in the Application.

15. Dreyer has neither shared nor agreed to share (i) any compensation it has received or may receive with another party or person, other than with the partners, counsel, and associates of Dreyer, or (ii) any compensation another person or party has received or may receive.

16. As set forth more fully below, neither I, my law firm, any member of the firm, attorney who is "of counsel" to the firm, nor associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor's estate. The Parties in Interest List we have consulted is annexed hereto as **Exhibit "3"**. Dreyer does not currently represent, and has not formerly represented, any of the Potential Parties in Interest and/or affiliates thereof.

17. Additionally, neither I, my firm, any member of my firm, or any associate, thereof, insofar as I have been able to ascertain:

(a) is a creditor of the Debtor (including by reason of unpaid fees for services rendered prior to the date of this Affidavit)[3];

(b) is a direct or indirect equity security holder of the Debtor;

(c) is or has been an officer, director, or employee of the Debtor, or an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code;

(d) is or has been an investment banker for any security (outstanding or otherwise) of the Debtor, or any attorney for such an investment banker in connection with the offer, sale, or issuance of a security of a Debtor; or a director, officer, or employee of an investment banker for any security (outstanding or otherwise) of the Debtor;

(e) presently represents a creditor or security holder of the Debtor, or a personal otherwise adverse to the Debtor or the Debtor's estate, on any matter that is related to the Debtor or the Debtor's estate, or, except as described in Paragraph 18 below, on any matter that is unrelated to the Debtor or the Debtor's estate.

(f) previously represented a creditor or equity security holder of the Debtor, or a person who is otherwise adverse or potentially adverse to the Debtor or the Debtor's estate, on any matter substantially related to the Debtor's Chapter 11 case;

(g) except as described in Paragraph 18 below, has any connection to the Debtor, creditors, the Office of the United States Trustee or any employee of that office, or any other parties in interest; or

---

[3] Dreyer has incurred $7,270.00 in prepetition fees that have not been applied against the Advance. It is counsel's intention to include this amount in its applications for compensation to be submitted to the Court.

5

    (h)  has any other interest, direct or indirect, which may affect or be affected by the proposed representation.  Accordingly, to the best of my knowledge, my firm is a "disinterested person" as that term is defined in Section 101(14) and 327(e) of the Bankruptcy Code.

    18.  Disclosure with respect to whether or not my firm has or has had connections with the Subchapter V Trustee, the Debtor, the creditors, or other parties-in-interest, their respective attorneys and accountants, the United States Trustee, or any employee of that office, insofar as I have been able to ascertain, is set forth below.[4]

    My firm, its members, attorneys who are "of counsel" to my firm and associates of my firm:

    (i)  may have appeared in the past, and may appear in the future in other cases unrelated to this case where the Debtor, creditors, or other parties-in-interest may be involved;

    (ii)  may represent, and have represented certain of the Debtor's creditors in other matters unrelated to this case; and

    (iii)  may have had other dealings with creditors of the Debtor that are wholly unrelated to this case.

    19.  To the best of my knowledge, information and belief, there are no other instances wherein my firm has, has had, or might be deemed to have or have had, connections with the Debtor, creditors, or other parties-in-interest.

    20.  Neither I, my law firm, any member, attorney who is "of counsel" to the firm, nor associate thereof, insofar as I have been able to ascertain, represents any interest adverse

---

[4] With respect to none of the connections described was my firm representing an interest adverse to the Debtor's estate.  Nor do any of the connections described affect my firm's disinterestedness.

to the Debtor's estate. Additionally, to the best of my knowledge, my firm is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

21.    I, and on behalf of my firm, agree that we shall apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of the Court, including but not limited to, provisions relating to the keeping of accurate time and disbursement records.

**WHEREFORE**, it is respectfully requested that I be retained as a retained professional, namely criminal defense counsel, to Debtor, Kris Daniel Roglieri, under the same terms as our previously retainer agreement with the Debtor, subject to proper application therefor to, and approval thereof by the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any Orders of this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 3, 2024

                                                                         /s/ William J. Dreyer
                                                                        **WILLIAM J. DREYER**

**Exhibit 1**



75 Columbia Street
Albany, New York 12210
T: (518) 463-7784
F: (518) 463-4039

General Civil and Criminal Litigation in all Federal and State Courts and Agencies; Negligence, Product Liability, Corporate, Commercial, Municipal, Construction, Real Estate, Environmental, Civil Rights, Class Action/Complex Litigation, Qui Tam/False Claims, White Collar Criminal Defense, Professional Liability

**MEMBERS OF FIRM**



**WILLIAM J. DREYER**, admitted to bar: 1969, New York; 1970; U.S. Supreme Court, 1994; U.S. Court of Appeals, Second Circuit, 1974; U.S. District Courts: Northern District of New York, 1974; Southern District of New York, 2005; Eastern District of New York; District of Vermont, 2015; District of Connecticut; U.S. Tax Court, 1984; U.S. Court of Appeals for the Armed Forces, 1970. Education: Bowdoin College (A.B., 1966); New York Law School (J.D., 1969). Capt., JAGC, U.S. Army, 1969-1973. Chief Assistant U.S. Attorney, Northern District of New York, 1974-1980. Member: CJA Committee; CJA Advisory Committee, U.S. Court of Appeals, Second Circuit; Northern District of New York Bankruptcy Judge Merit Selection Panel, 1985-1987, 1994-1995; Federal Public Defender's Association, Northern District of New York; Federal Court Bar Association, Northern District of New York (President & Trustee); Federal Bar Council; New York State Bar Association (Speaker: Federal and State Practice Seminars, 1985-1996; Executive Committee: Commercial and Federal Litigation Section); Albany County Bar Association; Albany Law School American Inns of Court, 1987-1991. Honors: The Best Lawyers in America, 1st ed. - present; Martindale-Hubbell: AV® Preeminent rating; Super Lawyers: Super Lawyers 2007-2023, Top 50 Upstate New York 2009, 2011-2018, 2020-21; Top 25 Hudson Valley 2007-2023; Judge Duane Award, Northern District of New York Federal Bar Association; Lifetime Advocate Award, New York State Trial Lawyers Association; New York State Bar Association Attorney Professionalism Award 2018.

CONCENTRATIONS: Federal Civil and Federal Criminal Practice.

i



**DONALD W. BOYAJIAN**, admitted to bar: 1982, New York; U.S. Supreme Court; U.S. Court of Appeals, Second Circuit; U.S. District Courts: Northern District of New York; Western District of New York.  Education: Union College (B.A., 1978, cum laude); Franklin Pierce Law Center (J.D., 1981).  Assistant Editor, Annual Survey of New Hampshire Law Journal, 1981.  Confidential Law Assistant, New York State Supreme Court, Appellate Division, Third Department, 1981-1982.  Town Attorney, Town of Waterford, New York, 1985-present.  Assistant District Attorney, Saratoga County, 1987-1988.  Independent Counsel, New York State Senate Ethics Committee, 1986-1988.  Member: Federal Court Bar Association, Northern District of New York (Vice President & Trustee); American Bar Association; American Association for Justice; New York State Bar Association (Speaker:  Basic Civil Practice and Practical Skills Seminars 1992-1994; Guide for the Up-To-Date Litigator - Wrongful Death, 2001; Member: Municipal Law Section; Continuing Legal Education Committee); New York State Trial Lawyers Association (President: Capital Region Affiliate; Speaker: Continuing Legal Education, Decisions, Discovery, Ethics, Labor Law); New York State Academy of Trial Lawyers; Albany County Bar Association; Saratoga County Bar Association; Armenian Bar Association.  Pro Bono: Board to Fund Equal Justice, Legal Aid Society of Northeastern New York; Leukemia and Lymphoma Society Man/Woman of the Year Award Recipient 2010; Northeast Council on Occupational Safety and Health.  Honors: Martindale-Hubbell: AV® Preeminent rating; Super Lawyers: Super Lawyers 2007-2023, Top 50 Upstate New York 2007-2009, 2011-2015, 2018, Top 25 Hudson Valley 2007-2018, 2021-2023; National Trial Lawyers Top 100.

CONCENTRATIONS: Serious Personal Injury Litigation of Automobile Negligence, Medical Malpractice, Defective Products and Environmental/Toxic Torts; Mass Tort/Class Actions; Municipal Liability and Civil Rights; Commercial/Consumer Fraud; Whistleblower/False Claims.



**JAMES R. PELUSO**, admitted to bar: 2001, New York; Massachusetts, 2017; U.S. Supreme Court, 2008; U.S. Court of Appeals, Second Circuit, 2006; U.S. District Courts: Northern District of New York, 2001; Southern District of New York, 2005; District of Vermont, 2015.  Education: Siena College (B.B.A., 1997, magna cum laude); Albany Law School of Union University (J.D., 2000). Executive Editor for Symposia & Member, Albany Law Review, 1998-2000; Executive President, Student Bar Association, Albany Law School, 1999-2000. Member: Federal Bar Association, Northern District of New York; New York State Bar Association; New York State Trial Lawyers Association; New York State Academy of Trial Lawyers; Albany County Bar Association; Italian American Bar Association.  Honors: Martindale-Hubbell, AV® Preeminent rating; Super Lawyers: Super Lawyers 2019-2023, Super Lawyers Rising Stars 2013-2015; National Trial Lawyers Top 100.

CONCENTRATIONS: Complex Litigation; Class Actions; Mass Torts; Personal Injury; Defective Products; Consumer Fraud; Environmental Law; Business Counseling; Commercial Litigation; Insurance Coverage; Municipal Law.



**JOHN J. DOWD**, admitted to bar: 1998, New York; U.S. Districts Courts: Northern District of New York, 1998; Southern District of New York, 2002. Education: Boston College (B.A., 1994, cum laude); Albany Law School of Union University (J.D., 1997). Assistant Attorney General, New York State Attorney General's Office – Litigation Bureau, 1997-1998. Partner/Associate, Couch White LLP, 1999-2009. Member: Associated General Contractors of New York State, LLC; Eastern Contractors Association; Northeastern Subcontractors Association; Saratoga Builders Association, Inc.; New York State Bar Association; American Bar Association (Forum on Construction Industry, 2000-2009; Saratoga County Bar Association; Super Lawyers: Super Lawyers 2022-2023.

CONCENTRATIONS: Construction Law & Litigation; Commercial and General Litigation; Corporate Law; Property Law; Real Property Tax Litigation; Municipal Litigation; Zoning and Land Use; Real Estate.



**LAUREN SANG-HEE OWENS**: admitted to bar: 2012, New York; Massachusetts, 2011; U.S. Court of Appeals, Second Circuit, 2014; U.S. District Courts: Northern District of New York, 2012; Western District of New York, 2012; District of Massachusetts, 2012.  Education: State University of New York, University at Albany (B.A., 2007, summa cum laude); Albany Law School of Union University (J.D., 2011). Executive Director, Moot Court Board, Albany Law School.  National Order of Barristers, Albany Law School Chapter.  Member: Federal Bar Association, Northern District of New York; New York State Bar Association; New York State Trial Lawyers Association; New York State Academy of Trial Lawyers; Albany County Bar Association.  Pro Bono: Board of Advisors, YMCA Guilderland. Honors: Super Lawyers: Super Lawyers 2023, Super Lawyers Rising Stars 2016-2021.

CONCENTRATIONS: Civil Litigation and Appeals; Personal Injury; False Claims/Qui Tam/Whistleblower Litigation; Health Care Fraud; Criminal Defense; White Collar Defense; Professional Liability.



**STACY MIX**, admitted to bar: 2017, New York. District Court: Northern District of New York, 2021; Education: State University of New York, University at New Paltz (B.A., 2013, summa cum laude); Albany Law School of Union University (J.D., 2016, summa cum laude). Albany Law Review, Associate Editor. Assistant District Attorney, Nassau County District Attorney's Office (2016-2020). Member: New York State Bar Association, New York State Academy of Trial Lawyers. Super Lawyers: Super Lawyers Rising Stars 2023.

CONCENTRATIONS: Civil Litigation and Appeals; Personal Injury; Criminal Defense.

iii

**Exhibit 2**

**DREYER·BOYAJIAN**
ATTORNEYS AT LAW

February 5, 2024

**Confidential Attorney-Client**
**Privileged Communication**

Via Email: Finance12207@yahoo.com

Kris Roglieri

    Re:    LETTER OF ENGAGEMENT

Dear Kris:

This Letter of Engagement is furnished to you in accordance with Part 1215 of the Joint Rules of the Appellate Division. This letter, in addition to the attached Statement of Client's Rights and Statement of Client's Responsibilities, is meant to explain the nature and scope of this Law Firm's legal representation of you in the matter described below. We ask that you review this Letter of Engagement and if you accept its terms, to provide a signed copy to us with the required retainer funds. As this document is furnished in furtherance of potential legal representation for litigation, its contents are not to be disclosed absent prior written consent of the undersigned.

    **Scope of Representation:**

    1.    You ("Client") have retained Dreyer Boyajian LLP ("Law Firm") to represent you in a federal investigation in the Northern District of New York, and elsewhere, and in any ancillary matters which we believe fall within the purview of the federal investigation. The Law Firm is authorized to represent you in connection with all matters related to the foregoing

    2.    Not included within the scope of this agreement is any appeal brought by any party from a final judgment, which is subject to separate discussion and agreement between the Law Firm and Client. Also not included in the scope of this agreement are services that the Client may request of the Law Firm in connection with any other civil or criminal matters, investigations, actions, proceedings or appeals. Separate matters must be covered by a separate Letter of Engagement and retainer.

    **Fees, Expenses and Billing Practice:**

    3.    We intend to submit an invoice for services rendered to you on a monthly basis but no less than every sixty (60) days. Disbursements and expenses, which are the responsibility of the Client, will be separately stated on the bill and the Law Firm's legal fees will be charged on

Page 2 of 3
February 5, 2024

the basis of hours worked on the file. In your case, the Law Firm has agreed to a rate of $600.00 per hour for partners. $450.00 per hour for associates, paralegals and law clerks are billed at $200.00 per hour. These rates are subject to periodic review and adjustment by the Law Firm.

4. The legal fees incurred shall first be deducted from a retainer of $75,000.00, which the Client is required to deposit with the Law Firm before representation will commence. The retainer is designated primarily for legal fees, but the Law Firm will, at its discretion, also utilize the retainer for the payment of ongoing disbursements and expenses. If and when the initial retainer is exhausted, the Law Firm reserves the right to require that the Client deposit additional retainer funds in an amount deemed appropriate given the scope of the representation at such time. Any unused retainer funds remaining after the conclusion of the Law Firm's representation shall be refunded to the Client.

5. In the event investigators, experts, consultants or other services and related expenses and disbursements are required to assist in the representation, the Client shall be responsible for all costs related thereto, including the retention of experts, and must pay for such services or purposes in advance.

6. Non-payment of legal fees, disbursements or expenses may result in the Law Firm requesting court permission, if required, to be relieved as your attorneys and to terminate the representation.

### Litigation Hold- Preservation of Documents and Electronically Stored Information

7. Your assistance and cooperation are required with respect to preserving information in this matter, including electronically stored information. Electronically stored information is an important and irreplaceable source of discovery and evidence. The law requires that all parties and their officers, members and employees preserve all documents and information in their possession, including information from computer systems, removable electronic media, and other locations relating to this matter. This includes, but is not limited to, e-mail and other electronic communication, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, and network access information. You must take every reasonable step to preserve this information until further notice from the Firm. Failure to do so could result in extreme penalties against you including dismissal of the case. If, at any time, you have any questions or need further information, please contact us.

To retain our law firm and signify your acceptance of the terms of this Letter of Engagement, please sign in the space below and return a copy of the letter to my attention with the required retainer funds. By signing this agreement, Client represents that he or she agrees to the terms and consents to enter into the agreement. Please return the original signed letter to our office and keep a duplicate copy for your records. A facsimile or electronic signature hereon by either party shall be effective for all purposes.

Page 3 of 3
February 5, 2024

      On behalf of the law firm of Dreyer Boyajian LLP, thank you for the opportunity to represent you in this important matter. If you have any questions concerning this Letter of Engagement or the proposed representation, please give me a call.

                Very truly yours,

                DREYER BOYAJIAN LLP

                By: *[signature]*

                William J. Dreyer
                wdreyer@dblawny.com

Enclosures.

Signed and Acknowledged by me
this ___ day of February, 2024.

_____
Kris Roglieri (Feb 5, 2024 15:41 EST)
KRIS ROGLIERI

WJD/jlf

| | |
|---|---|
| **From:** | William Dreyer |
| **To:** | john bush |
| **Cc:** | Jessica Fereday |
| **Subject:** | amendment to retainer agreement |
| **Date:** | Friday, March 1, 2024 12:32:43 PM |
| **Attachments:** | image001.png |

Mr. Roglieri. Let this e-mail serve as an amendment to the retainer agreement which you executed with this law firm. The retainer agreement called for an initial deposit into our retainer account of $75,000 and you decided based on the complexity of the case to make an additional deposit of $25,000 so that there is currently on deposit in our retainer account $100,000 against which no time has yet been billed as we have not yet submitted an application to the bankruptcy court for approval of our retention. In addition, the retainer agreement is amended further so that the scope of services to be provided shall include the current criminal investigation pending in Warren County, and any other known or unknown investigations which may arise from the same facts and circumstances which exist in our current case.

This amendment will be attached to the retainer agreement so that an application maybe may to the bankruptcy court to approve our retention. We believe that Mister Barcelona intends to make that application in due course.



**William J. Dreyer, Esq.**
75 Columbia Street
Albany, NY 12210
T. 518-463-7784
F. 518-463-4039
**Saratoga Office (no mail)**
18 Division Str., Suite 306
Saratoga Springs, NY 12866
wdreyer@dblawny.com
DreyerBoyajian.com

This email may contain confidential and privileged information.  If you are not the intended recipient, please notify the sender and immediately delete the message. Thank you.

## Exhibit 3

## Potential Parties In Interest

**Debtor**
Kris Daniel Roglieri

**Other Professionals**
Pashman Stein Walder Hayden, P.C.
Hogan Lovells LLP
Dreyer Boyajian LLP

**Subchapter V Trustee**
Zdarsky, Sawicki & Agostinelli LLP

**Secured Creditors**
Denali State Bank
First Federal
Key Bank

**Unsecured Creditors**
Barclay Damon
Caesars Entertainment
Chase Bank
Key Bank
NYS Dept. Taxation & Finance
Onward Holdings, LLC
SBA Department of the Treasury
Sheppard Mullin LLP

**Office of the United States Trustee**
Lisa M. Penpraze