UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    Kris Daniel Roglieri                                        Chapter 11, Subchapter V
                                                                    Case No.: 24-10157

                                   Debtor.

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S APPLICATION FOR ORDER AUTHORIZING RETENTION OF DREYER BOYAJIAN LLP AS SPECIAL COUNSEL FOR THE DEBTOR**

TO:    THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
         UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, United States Trustee for Region 2, in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a), for his limited objection to Debtor's application to appoint Dreyer Boyajian LLP as special criminal counsel to the Debtor ("Application") filed on April 3, 2024 (ECF 98), does hereby state as follows:

Kris Daniel Roglieri ("Debtor") commenced this voluntary subchapter v case on February 15, 2024 when he filed a voluntary chapter 11 petition. (ECF 1). The United States Trustee appointed Mark Schlant, Esq. as subchapter v trustee. (ECF 11).

The United States Trustee does not, *per se*, object to the proposed appointment of Dreyer Boyajian. Rather, the United States Trustee's limited objection relates to the source of the $100,000 retainer. Application ¶ 21.

The United States Trustee raised the same issue with respect to the $100,000 retainer received by Debtor's bankruptcy counsel, Pashman Stein Walder Hayden, P.C. (ECF 73).[1] In his limited objection to the Pashman retention application, the United States Trustee argued that the funds used by the Debtor to pay Pashman's retainer were directly traceable to the $5 million

---

[1] The Pashman and Dreyer Boyajian payments were both made the same day, February 6, 2024.

ICA deposit of 1800 Park Avenue, LLC.

With respect to the retainer received by Dreyer Boyajian, the United States Trustee has similar concerns about the origins of the funds. The United States Trustee has requested Debtor's counsel provide documentation to support the assertion that the $100,000 paid to Dreyer Boyajian was "from (Kris Roglieri's) personal funds." Application ¶ 21. To date, no documentation has been provided.

For the convenience of the Court and the parties, the exhibits attached to this Limited Objection have been labelled, Bates stamped, and listed below:

1. Exhibit "A" – Kris Roglieri KeyBank account (-2848) statements for January 2024, February 2024, (UST Exh. Pgs. 1-10);

2. Exhibit "B" - Prime Capital Ventures, LLC KeyBank account (-2233) statement for December 2023, (UST Exh. Pgs. 11-16);

3. Exhibit "C" – Prime Commercial Lending, LLC KeyBank account (-4465) statements for December 2023, January 2024, February 2024, (UST Exh. Pgs. 17-22);

4. Exhibit "D" – Bankruptcy Court Order entered December 21, 2023, Prime Capital Ventures, LLC Case No. 23-11302, (UST Exh. Pgs. 23-24);

5. Exhibit "E" – Bankruptcy Court Order entered December 28, 2023, Prime Capital Ventures, LLC Case No. 23-11302, (UST Exh. Pgs. 25-26);

6. Exhibit "F" – District Court order of Hon. Mae A. D'Agostino entered January 12, 2024, (UST Exh. Pgs. 27-31);

7. Exhibit "G" - District Court order of Hon. Mae A. D'Agostino order entered January 30, 2024, (UST Exh. Pgs. 32-39).

**Kris Roglieri Personal KeyBank Account**

In his personal KeyBank account (-2848), Kris Roglieri had a mere $509.09 on deposit as of December 27, 2023. **UST Exh. Pg. 1**. In January 2024, Kris Roglieri made $1,708,138.78 in

deposits and $1,049,802.79 in withdrawals from his personal bank account. **UST Exh. Pgs. 2-3**. In February 2024, he made $0.00 in deposits. **UST Exh. Pg. 7**. The question, therefore, is what was the source of Kris Roglieri's $1.7 million he deposited in January 2024 (and thus the February 6, 2024 payment of $100,000 to Dreyer Boyajian)?

As shown in the excerpt below, Kris Roglieri made a total of 15 deposits in January 2024. **UST Exh. Pg. 3**. Ten deposits originated from Prime Commercial Lending, LLC KeyBank account (-4465) account.[2] Two deposits came from "CMD, LLC" on December 26, 2024, one deposit came from the National Alliance of Commercial Loan Brokers, LLC KeyBank account (-2134) and one deposit came from the Commercial Capital Training Group, LLC KeyBank account (-4541).

**Deposits**

| Date | Description | | Amount |
|---|---|---|---|
| 12/28 | INTERNET TRF FR DDA ENDING IN 4465 | 3290 | $3,000.00 |
| 12/28 | INTERNET TRF FR DDA ENDING IN 4465 | 3290 | $12,000.00 |
| 12/29 | INTERNET TRF FR DDA ENDING IN 4465 | 3290 | $8,000.00 |
| 01/03 | CREDIT ADJUSTMENT | | $14.00 |
| 01/03 | INTERNET TRF FR DDA ENDING IN 4465 | 3290 | $15,000.00 |
| 01/08 | INTERNET TRF FR DDA ENDING IN 4465 | 3290 | $6,000.00 |
| 01/08 | INTERNET TRF FR DDA ENDING IN 4465 | 3290 | $11,000.00 |
| 01/10 | INTERNET TRF FR DDA ENDING IN 4465 | 3290 | $18,000.00 |
| 01/16 | INTERNET TRF FR DDA ENDING IN 4465 | 3290 | $7,000.00 |
| 01/19 | INTERNET TRF FR DDA ENDING IN 4465 | 3290 | $2,000.00 |
| 01/19 | DEPOSIT   BRANCH 0423 NEW YORK | | $22,124.78 |
| 01/19 | INTERNET TRF FR DDA ENDING IN 4465 | 3290 | $29,000.00 |
| 01/24 | INTERNET TRF FR DDA ENDING IN 2134 | 3290 | $10,000.00 |
| 01/26 | WIRE DEPOSIT   CMD, LLC   0321 | | $215,000.00 |
| 01/26 | INTERNET TRF FR DDA ENDING IN 4541 | 3290 | $450,000.00 |
| 01/26 | WIRE DEPOSIT   CMD, LLC   0321 | | $900,000.00 |
| **Total Deposits** | | | **$1,708,138.78** |

On December 19, 2023, an involuntary proceeding against Prime Capital Ventures, LLC was commenced (Case No.: 23-11302). On December 21, 2023, this Court entered an order

---

[2] Mr. Roglieri testified at his 341 meeting on March 14, 2024 that he was the only signatory on the bank accounts of Prime Capital Ventures, LLC, Prime Commercial Lending, LLC, Capital Commercial Loan Broker Training, LLC, National Association of Loan Brokers, LLC, and his own personal bank account (-2848). He testified that no person other than himself had online access, check signing authority, wire transfer authority, or debit cards associated with these accounts. All transactions involving these bank accounts, therefore, are attributed to Mr. Roglieri.

directing the appointment of an Interim Trustee. **UST Exh. Pgs. 23-24**. The United States Trustee appointed Christian H. Dribusch, Esq. as Interim Trustee.

Pursuant to the December 21, 2023 Order, the Court vested the Interim Trustee with, "all the powers set forth in Bankruptcy Code sections 303 and 704." In addition, the December 21, 2023 Order stated:

> **ORDERED**, that the Interim Trustee shall have all the powers set forth in Bankruptcy Code sections 303 and 704; and it is further
>
> **ORDERED**, that the Interim Trustee is empowered to secure all of Prime Capital Ventures, LLC's assets and to take such acts as are necessary to collect and preserve those assets, *including demanding the turnover of all of Prime Capital Ventures, LLC's assets, including without limitation Prime Capital Ventures, LLC's bank accounts, books, and records (including all electronic records of Prime Capital Ventures, LLC)*. The turnover of assets shall specifically include computers, hard drives, servers, laptops, mobile devices, and all internal or external electronic communications sent on behalf of Prime Capital Ventures, LLC by its members, officers, directors, employees or agents, even if sent via a @primecommerciallending.com email address or otherwise;

**UST Exh. Pg. 24** (emphasis added).

On December 22, 2023, Prime Capital Ventures, LLC received a $5 million wire transfer from 1800 Park Avenue, LLC. **UST Exh. Pg. 11**. Upon information and belief, the Interim Trustee had not been provided access to the bank accounts of Prime Capital Ventures, LLC and was unaware of this large wire transfer deposit at the time it was made.[3] Upon information and belief, 1800 Park Avenue LLC was unaware of the pending involuntary bankruptcy proceeding at the time it made the $5 million transfer to Prime Capital Ventures, LLC.

---

[3] Upon information and belief, the Interim Trrustee was never provided access to the bank accounts of Prime Capital Ventures, LLC by attorneys for Prime Capital Ventures, LLC, Kris Roglieri, or anyone else.

Notwithstanding this Court's December 21, 2023 Order, Kris Roglieri immediately transferred the entire $5 million *out* of the Prime Capital Ventures, LLC account and *into* the account of Prime Commercial Lending, LLC. **UST Exh. Pgs. 12, 14**. The transfer of the $5 million by Kris Roglieri was done without notice on the docket in the involuntary bankruptcy, without an order of this Court, and upon information and belief, without the knowledge or consent of the Interim Trustee.

Kris Roglieri immediately began making transfers *out* of the Prime Commercial Lending, LLC account. **UST Exh. Pg. 15**.

- On December 22, 2023 alone, Kris Roglieri transferred $3,000,000 out of the Prime Commercial Lending, LLC account, including $2,000,000 to "CPH, LLC."[4]

- On December 26, 2023, Kris Roglieri transferred $101,000 to XO Global, $84,000 to Wrist Aficionado, and $50,000 to Cullen Dykman.[5]

- $4 million in withdrawals and other debits were made from the Prime Commercial Lending, LLC account in the nine-day period between December 22 and December 31, 2023.

**December 28, 2023 Bankruptcy Court Order**

Based on the concerns expressed by the Interim Trustee, the United States Trustee, counsel for Compass-Charlotte, LLC, and others, this Court entered an order on December 28, 2023 that stated among other things:

> ORDERED, that pursuant to Bankruptcy Rule 7065, *the Alleged Debtor and its principals, agents and subsidiaries are hereby restrained from transferring or in anyway dispensing funds from any accounts in the Alleged Debtor's possession to prevent the*

---

[4] When asked about the $2 million transfer to CPH, LLC at his 341 meeting on March 14, 2024, Mr. Roglieri could not identify "CPH, LLC" or describe the purpose of the transfer.

[5] Due to the origin of the funds, Cullen Dykman agreed to hold the $50,000 in trust pending further order of this Court.

5

> *further dissolution of the Alleged Debtor's purported estate.* This restriction shall remain in place until after the hearing to be held on January 2, 2024. Before such time, transfers or dispositions of funds may be permitted with the express authorization and consent of the Interim Trustee.

**UST Exh. Pg. 25**.

It is the position of the United States Trustee that the $5 million transfer out of Prime Capital Ventures, LLC's KeyBank account on December 22, 2023 and each subsequent transfers thereof were *ultra vires* and unauthorized by the Bankruptcy Court.

**District Court Action and Receivership**

On January 12, 2024, Compass-Charlotte 1031, LLC filed a verified complaint and emergency motion for the appointment of a receiver in U.S. District Court against Prime Capital Ventures, LLC (and the Berone entities). On the same day, Hon. Mae D'Agostino, U.S. District Court Judge, N.D.N.Y., entered an emergency order appointing Paul A. Levine, Esq. as temporary receiver of Prime Capital Ventures, LLC. **UST Exh. Pgs. 27-31**.

Judge D'Agostino's January 12, 2024 order included a directive that Mr. Roglieri, Prime Commercial Lending, LLC and others "immediately turn over Defendants' business and all assets to the Receiver." **UST Exh. Pg. 29**. Notwithstanding Judge D'Agostino's January 12, 2024 order, Mr. Roglieri continued to transfer funds *out* of the Prime Commercial Lending, LLC account. **UST Exh. Pg. 21**.

On January 30, 2024, Judge D'Agostino issued a temporary restraining order against Kris D. Roglieri; Tina M. Roglieri; Kimberly A. Humphrey a/k/a Kimmy Humphrey; Prime Commercial Lending, LLC; Commercial Capital Training Group, LLC; The Finance Marketing

6

Group; National Alliance of Commercial Loan Brokers; and FUPME, LLC. **UST Exh. Pgs. 32-39**.

Mr. Roglieri made numerous transfers *out* of the Prime Commercial Lending, LLC between January 31, 2024 and February 29, 2024. One such transfer was the $100,000 paid to Pashman. **UST Exh. Pg. 17**.

**No Proof that Retainer Came From Funds Unrelated to Prime Capital Ventures**

In light of the indisputable unauthorized transfer of the $5 million post-petition during the pendency of the Prime Capital Ventures, LLC involuntary proceeding and the subsequent transfers thereof and commingling of said funds among Prime Commercial Lending, LLC, National Association of Commercial Loan Brokers, LLC, Commercial Capital Training Group, LLC, and Kris Roglieri's personal KeyBank account, a genuine issue of material fact exists concerning the source of the $100,000 retainer payment made by the Debtor to Dreyer Boyajian on February 6, 2024.

In order to provide certainty and clarity to the situation, the United States Trustee requests the Court require the Debtor to supplement the retention application with affirmative proof that the funds paid to Dreyer Boyajian originated from sources outside of 1800 Park Avenue, LLC, Prime Capital Ventures, LLC, Prime Commercial Lending, LLC, National Association of Commercial Loan Brokers, LLC, and Commercial Capital Training Group, LLC.

Based on the above, therefore, the United States Trustee objections to the application to appoint Dreyer Boyajian solely with respect to the $100,000 retainer.

Dated: Albany, New York  
      April 16, 2024

Respectfully submitted,

WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE, REGION 2

By: */s/ Lisa M. Penpraze*  
Assistant United States Trustee  
Leo O'Brien Federal Building  
11A Clinton Ave, Room 620  
Albany, NY 12207  
Bar Roll No.: 105165  
lisa.penpraze@usdoj.gov  
Voice: (518) 434-4553  
Fax:    (518) 434-4459