Christian H. Dribusch (507021)  
187 Wolf Road, Suite 300  
Albany, New York 12205  
[T] 518.227.0026  

Date:  May 20, 2024  
Time:  1:30 p.m.  
Place:  James T. Foley Courthouse  
        445 Broadway, 3rd Floor  
        Albany, NY 12207; **OR**  
        Telephonic  

UNITED STATES BANKRUPTCY COURT  
NORTHERN DISTRICT OF NEW YORK  
----------------------------------------------------------------X  

In re:  

KRIS DANIEL ROGLIERI  

        *Debtor*  

----------------------------------------------------------------X  

Chapter 7  

Case No.  24-10157  

## TRUSTEE TURNOVER MOTION

TO:  THE HONORABLE ROBERT E. LITTLEFIELD, JR.

Christian H. Dribusch ("*Trustee*") in his capacity as chapter 7 trustee to the bankruptcy estate of Kris Daniel Roglieri ("*Debtor*") files this motion pursuant to §542 of title 11 of the United States Code ("*Bankruptcy Code*") and Rule 9014 of the Federal Rules of Bankruptcy Procedure ("*FRBP*") for an Order directing the Debtor to turnover property of the Debtor bankruptcy estate to the Trustee for case administration (the "*Motion*").

In support of the Motion, the Trustee respectfully alleges as follows:

JURISDICTIONAL STATEMENT

1.    The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Northern District of New York. See, ECF #1.

2.    The Debtor case has been converted to Chapter 7 and the Trustee has been appointed by the Office of the United States Trustee. See, ECF #159 and #160.

3. This Motion made pursuant to Bankruptcy Code §542 is a core proceeding under §157(b)(2)(A) of title 28 of the United States Code because it relates to matters concerning the administration of the bankruptcy estate.

4. This Court has jurisdiction over this proceeding pursuant to §157 and §1334 of title 28 of the United States Code.

5. Venue is proper by virtue of §1409(a) of title 28 of the United States Code as the proceeding arises and relates to a case under the Bankrutpcy Code pending before the Northern District of New York.

## FACTUAL BASIS FOR THE MOTION

6. The Debtor disclosed assets on Schedule A/B (ECF #80), including without limitation, those listed on Exhibit "A" annexed hereto ("*Estate Assets*"). The Debtor also listed a 100% ownership interest in the business entities listed on Exhibit "B" annexed hereto ("*Estate Companies*").

7. The Trustee requests a Bankruptcy Court Order directing the Debtor to turnover the Estate Assets and ownership interest in the Estate Companies to the Trustee for case administration. The Trustee also requests a Bankruptcy Court Order granting the Trustee access to the Debtor's residence at 40 North Road, Queensbury, NY 12804 (which is property of the bankruptcy estate), so that the Trustee and Trustee representatives may inventory and secure bankruptcy estate property.

## POINTS AND AUTHORITIES FOR TURNOVER

8. Bankruptcy Code §542(a) provides that:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this

title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

9. Under Bankruptcy Code §541, governing "Property of the estate," the act of filing a petition for bankruptcy creates an estate comprised of (as relevant here) "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." Bankruptcy Code §541(a)(1). Section 541 gathers into the estate all such interests in property, "wherever located and by whomever held." *Weber v. Sefcu (In re Weber)*, 719 F.3d 72 (2nd Cir. 2013). The definition of property of the estate is interpreted broadly, and "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of [Section] 541." *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008).

10. To assemble the bankruptcy estate, §542 of the Bankruptcy Code requires that, during bankruptcy proceedings, an entity "in possession, custody, or control" of certain property in the estate "shall deliver" that property to the trustee, "unless such property is of inconsequential value or benefit to the estate." Bankruptcy Code §542(a). The property subject to this delivery obligation is "property that the trustee may use, sell, or lease under section 363," which grants broad powers over the estate's property to the trustee. See, *Weber v. Sefcu (In re Weber)*, 719 F.3d 72 (2nd Cir. 2013).

11. To prevail on a claim under §542(a), a trustee must establish three elements: (1) the property is in the possession, custody, or control of another entity; (2) the property can be used in accordance with the provisions of Bankruptcy Code §363; and (3) the property adds more than inconsequential value to the debtor's estate. *Geltzer v. Brizinova (In re Brizinova)*, 554 B.R. 64

(Bankr. E.D.N.Y. 2016) quoting *Zazzali v. Minert (In re DBSI, Inc.)*, 468 B.R. 663, 669 (Bankr. D. Del. 2011).

12. The first element is established because at the time of the bankruptcy filing the Debtor had an interest in the Estate Assets which are property of the bankruptcy estate under Bankruptcy Code §541.

13. The second element is established when a trustee demonstrates that the turnover of property of the estate "can be put to use in connection with the administration of the estate, including paying the claims of creditors and the costs of administration of the estate." *Geltzer v. Brizinova*, 554 B.R. 64, 77 (Bankr. E.D.N.Y. 2016). The second element is established in this case because the Estate Assets and ownership interest in the Estate Companies can be liquidated in accordance with the provisions of Bankruptcy Code §363 thereby generating proceeds for the benefit of the Bankruptcy estate.

14. The third element is established when the trustee can show that "some method of sale holds a reasonable prospect of a meaningful recovery in excess of' the debtor's exemption in the asset." *In re Burgio*, 441 B.R. 218, 221 (Bankr. W.D.N.Y. 2010). In the present case, the Debtor Schedules A/B demonstrate that the Estate Assets and ownership interest in Estate Companies substantially exceed any applicable exemption amount such that the liquidation of the Estate Assets and Estate Companies will generate value to the Debtor bankruptcy estate. The Debtor interest is the amount of any applicable exemption and not the Estate Assets or Estate Companies. *See*, *Schwab v. Reilly*, 560 U.S. 770 (2010) ("property" as the debtor's "interest"—up to a specified dollar amount—in the assets described in the category, *not* as the assets themselves").

## RELIEF REQUESTED

15. The Trustee requests an Order from the Bankruptcy Court directing the Debtor to immediately turn over possession, custody, and control of the Estate Assets to the Trustee.

16. The Trustee also requests and Order from the Bankruptcy Court directing that if the Debtor is no longer in possession, custody, or control of an Estate Asset, the Debtor provide the Trustee with a detailed affidavit explaining why the Debtor is no longer in possession, custody, or control over the Estate Asset and providing details and contact information for whoever is in possession, custody, or control of the Estate Asset.

17. The Trustee further requests an Order from the Bankruptcy Court directing the Debtor to immediately turnover through an assignment of ownership interest or such other documentation as the Trustee may reasonably request the possession, custody, and control over the Debtor's ownership interest in the Estate Companies and to disclose the location of all books and records of the Estate Companies.

18. If the Trustee requires further Orders from the Bankruptcy Court to effectuate the terms of the Bankruptcy Court Turnover Order (e.g., assistance of the U.S. Marshall), the Trustee requests authority to file such an application on 3-day notice to the Debtor.

WHEREFORE, the Trustee seeks an Order for the relief requested in the Motion or such appropriate relief as the Court may deem just and proper.

*/s/ Christian H. Dribusch*
**Christian H. Dribusch**
cdribusch@chd-law.com

# EXHIBIT A

| Make | Model | Year | Petition Value |
|---|---|---|---|
| Cadillac | Eldorado Biarritz Convertible | 1959 | $300,000 |
| Mercedes | G63 | 2019 | $120,000 |
| Mercedes | GT | 2022 | $350,000 |

| Description | Petition Value |
|---|---|
| Rape of pillage sculpture | $ 2,000.00 |
| Sculpture mancaveq | $ 5,000.00 |
| Piller mancave | $ 10,000.00 |
| David and Goliath art | $ 80,000.00 |
| Spanish painting | $ 30,000.00 |
| French console | $ 27,000.00 |
| Chendelier ormolu | $ 11,800.00 |
| Marble French pillars | $ 24,500.00 |
| French statue of pheasants | $ 12,800.00 |
| Bust of cleopatra | $ 24,500.00 |
| Bust of Napoleon | $ 19,800.00 |
| French pedestal column | $ 12,500.00 |
| Bronze Ormolu sculpture | $ 29,800.00 |
| Andy Warhol: screen print John gotti | $ 100,000.00 |
| Charles Antonine Coypel painting | $ 15,000.00 |
| Franz Carl Stauder painting | $ 10,000.00 |
| Bottega di bartolomero schedoni painting | $ 20,000.00 |
| Bronze sculpture of Pericles | $ 9,800.00 |
| Bronze statue of soldiers fighting | $ 16,800.00 |
| Matching pair of French Guildwood consoles: | $ 18,800.00 |
| Da guido Reni painting | $ 15,000.00 |
| Sarrifcio di Marco Curzio painting | $ 40,000.00 |
| Thomas Stothard: horrors of war painting | $ 40,000.00 |
| Lodewijk de Vader painting | $ 20,000.00 |
| Tobias and the angle painting | $ 12,000.00 |
| French Ebony pillars | $ 18,900.00 |
| Italian marble busts of Roman emperors | $ 64,500.00 |

| | |
|---|---|
| French oral onyx pedestals: | $ 39,500.00 |
| French Omalu Tazza | $ 16,900.00 |
| French Omalu cassettes | $ 13,900.00 |
| French Orlo painted bronze ewers | $ 23,500.00 |
| Nils Hans Christian painting | $ 20,000.00 |
| Alfred Bentley painting | $ 2,500.00 |
| **Total** | **$ 806,800.00** |

| Description | Petition Value |
|---|---|
| Taurus 357 revolver | $ 500.00 |
| Kel Tec 380 handgun | $ 800.00 |
| Smith and Wesson 44 mag revolver | $ 1,500.00 |
| Savage 22 long rifle | $ 800.00 |
| Henry 357 long gun | $ 1,000.00 |
| Remington super slug: 12 gauge | $ 1,000.00 |
| Mossberg 20 gauge | $ 900.00 |
| Remington 20 gauge | $ 2,000.00 |
| Browning A5 26 gauge | $ 2,000.00 |
| 1AB trap over under 12 gauge | $ 3,000.00 |
| Remington 700.375 HH | $ 1,300.00 |
| Mauser Kar 98 8mm | $ 900.00 |
| Purshbuchse over under 22 hornet | $ 1,000.00 |
| Browning magnum 22 gauge | $ 2,000.00 |
| Remington 742 3006 | $ 800.00 |
| Browning citovi over under 20 gauge | $ 3,000.00 |
| Mossberg 930 12 gauge | $ 500.00 |
| Bennelli unuci 12 gauge | $ 2,500.00 |
| Browning light twelve 12 gauge | $ 2,000.00 |
| Farm spa pump 12 gauge | $ 1,000.00 |
| **Total** | **$ 28,500.00** |

| Description | Petition Value |
|---|---|
| Rolex Day-Date 40 Platinum Day-Date 40mm Ice Blue Dial | $ 120,000.00 |
| Roman Numerals Rolex Day-Date 40 Platinum Baguette Dial Blue | $ 75,000.00 |
| Rolex Day-Date 40mm Platinum with Baguette Bezel Meteorite | $ 120,000.00 |
| Rolex Day-Date 41 Rose Gold Black Ruby Dial | $ 60,000.00 |
| Rolex, 36 mm Gold and Turquoise Baguette | $ 75,000.00 |

| | |
|---|---|
| Richard Mille RM 65-01 Automatic Chronograph Full Rose Gold | $ 450,000.00 |
| Richard Mille RM 011 Felipe Massa Boutique Exclusive DLC Titanium Rose Gold | $ 200,000.00 |
| **Total** | **$ 2,100,000.00** |

| Description | Quantity | Petition Value |
|---|---|---|
| Leather Conference Chair Chrome | 14 | $ 12,000.00 |
| Conference Table Wood | 1 | $ 15,000.00 |
| Retractable Office Desk | 14 | $ 25,000.00 |
| Large Office Desk: 4 | 4 | $ 16,000.00 |
| Cherry Accent Chair: | 24 | $ 10,000.00 |
| Leather Conference Chair: | 28 | $ 14,000.00 |
| Marble Conference Table: | 1 | $ 25,000.00 |
| Basic Office Chair: | 22 | $ 7,000.00 |
| Brown Leather Couch: | 2 | $ 3,000.00 |
| Accent Chair Leather | 2 | $ 2,500.00 |
| Grey Leather Couch | 2 | $ 3,000.00 |
| Grey Leather Chair | 2 | $ 1,200.00 |
| Pool Table | 1 | $ 5,000.00 |
| Computers | 15 | $ 12,000.00 |
| **Total** | | **$ 150,700.00** |

## EXHIBIT "B"

| Name of Entity | % of Ownership | Petition Value |
|---|---|---|
| Commercial Capital training group | 100% | $ 500,000.00 |
| Digital marketing training group | 100% | $ 5,000.00 |
| Prime commercial lending | 100% | $ 200,000.00 |
| National lines of commercial loan, brokers | 100% | $ 1,000,000.00 |
| FUPME, LLC | 100% | $ 2,000,000.00 |
| Shark ventures LLC | 100% | $ - |
| **Total** | **$ 3,705,000.00** | |

# CERTIFICATE OF SERVICE

I, Christian H. Dribusch, certify, as counsel to the Chapter 7 trustee that on the 16th day of May 2024, a true and correct copy of the trustee turnover motion and notice of motion was served on the below in accordance with the Federal Rules of Bankruptcy Procedure.

Dated: May 16, 2024
          Albany, New York

*/s/ Christian H. Dribusch*
Christian H. Dribusch

TO:
Kris Roglieri
40 North Road
Queensbury, NY 12804
Via email at: kris@primecommerciallending.com

VIA ECF:

Joseph Charles Barsalona, II on behalf of Debtor Kris Daniel Roglieri
jbarsalona@pashmanstein.com, lsalcedo@pashmanstein.com

Edward A. Cho-O'Leary on behalf of Debtor Kris Daniel Roglieri
echo-oleary@pashmanstein.com

Peter M. Damin on behalf of Other Prof. Paul A Levine
pdamin@lemerygreisler.com, ikokoszko@lemerygreisler.com

Will Esser on behalf of Creditor Compass-Charlotte 1031, LLC
willesser@parkerpoe.com

Justin A. Heller on behalf of Creditor Compass-Charlotte 1031, LLC
jheller@nhkllp.com, pmunafo@nhkllp.com;bcarosi@nhkllp.com

Paul A. Levine on behalf of Other Prof. Paul A. Levine
plevine@lemerygreisler.com, phartl@lemerygreisler.com

Chad P. Miesen on behalf of Creditor 1800 Park Avenue LLC
chad@carpenterhazlewood.com

Amy Oden on behalf of Debtor Kris Daniel Roglieri
aoden@pashmanstein.com

Jon Travis Powers on behalf of Creditor Piper Capital Funding LLC

powerst@whiteandwilliams.com

Robert J. Rock on behalf of Creditor NYS Department of Taxation and Finance
robert.rock@ag.ny.gov

Mark J. Schlant-Trustee
mschlant@zsalawfirm.com

U.S. Trustee
USTPRegion02.AL.ECF@USDOJ.GOV

Matthew Michael Zapala on behalf of Creditor Compass-Charlotte 1031, LLC
mzapala@nhkllp.com, pmunafo@nhkllp.com