Henry J. Jaffe (admitted *pro hac vice*)
Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 7 |
| Kris Daniel Roglieri | Case No. 24-10157 (REL) |
| Debtor. | |

**MOTION OF PASHMAN STEIN WALDER HAYDEN, P.C.**
**TO WITHDRAW AS COUNSEL TO THE DEBTOR**

Pashman Stein Walder Hayden, P.C. ("Pashman") hereby moves (the "Motion") to withdraw as counsel to Kris Daniel Roglieri, the above-captioned debtor (the "Debtor"), under Rule 2091-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"). In support of this Motion, Pashman respectfully represents the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Local Rule 2091-1 of the Local Rules, and Rule 1.16 of the New York Rules of Professional Conduct.

**BACKGROUND**

4. On February 15, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code as a debtor defined in Bankruptcy Code section 1182(1) and the Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act (the "Chapter 11 Case").

5. On February 16, 2024, the United States Trustee appointed Mark Schlant, of Zdarsky, Sawicki & Agostinelli LLP to serve as the Subchapter V trustee (the "Subchapter V Trustee").

6. On March 6, 2024, the Debtor filed the *Debtor's Application for Entry of an Order Under Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* [D.I. 44] (the "Pashman Application").

7. On March 20, 2024, the Debtor filed the Notice of Filing of Engagement Letter Pursuant to the *Debtor's Application for Entry of an Order Under Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* [D.I. 77] (the "Pashman Engagement Letter").

8. On March 18, 2024, the Debtor filed the *Supplemental Declaration of Joseph C. Barsalona II in Support of Debtor's Application for Entry of an Order Under Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* [D.I. 69] (the "Supplemental Barsalona Declaration").

9. As stated in the Supplemental Barsalona Declaration, Pashman learned about the pending issues with the Retainer around the time parties filed objections to the Pashman Application. Pashman made the decision to disgorge the Retainer and waive its prepetition claim against the Debtor to remain disinterested. Nevertheless, the relationship between the Debtor and Pashman became strained around the time of the Retainer issue.

10. On April 2, 2024, the Court entered the *Order Under Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* [D.I. 94] (the "Pashman Retention Order").

11. On April 23, 2024, the Office of the United States Trustee (the "UST"), filed the Untied States Trustee's Motion to Convert or Dismiss [D.I. 119] (the "Conversion Motion").

12. The filing of the Conversion Motion only amplified the strained relationship between the Debtor and Pashman and, since its filing, there have been irreconcilable differences between Pashman and the Debtor and a breakdown of communication. In the "Termination of Representation" section of the engagement letter, the Parties and Pashman expressly agreed that "Subject to ethical obligations, [Pashman] reserves the right to withdraw from the engagement if our statements are not being paid in a timely manner or if for any other reason the lawyer-client relationship is not proceeding in a satisfactory manner."

**BASIS FOR RELIEF REQUESTED**

13. Local Rule 2091-1(3) provides as follows:

> (3) Without Consent. An attorney who has appeared in a case or adversary proceeding may withdraw only upon notice and motion and an order of the Court granting leave to withdraw. Notice shall be given to the client, the United States trustee, the trustee, any § 1104 trustee, any appointed committee, and any party having filed a notice of appearance. If the Court grants leave to withdraw,

-3-

       withdrawing counsel shall serve a copy of the order upon the affected party and file a certificate of service.

LBR 2091-1(3)

14. Sufficient cause exists for this Court to grant leave for Pashman to withdraw as counsel to the Debtor. Communications between the Debtor and Pashman have broken down due to, among other things, irreconcilable differences between the Debtor and Pashman, the Retainer issue, and for other reasons the lawyer-client relationship is not proceeding in a satisfactory manner.

15. Moreover, Pashman submits that there will be no harm to the Parties by its withdrawal, as Pashman understands the Debtor has been interviewing counsel in Albany to represent him in the chapter 7 case. Also, should the Debtor not obtain counsel, a chapter 7 debtor is permitted to appear pro se in this Court.

16. Finally, the engagement letter is clear that Pashman may withdraw for any reason, including the breakdown of attorney-client relationship. Such agreement is consistent with the New York Rules of Professional Conduct which allow counsel to withdraw due to a number of enumerated categories that exist here including, but not limited to, fundamental disagreement between the lawyer and client and failure of cooperation. *See generally* NYRPC 1.16(c). Disclosure of the specific nature of these disagreements and details regarding the breakdown in the attorney-client relationship might be prejudicial to the Debtor and, we respectfully submit, are not necessary to adjudicate this motion.

## **NOTICE**

17. Notice of this Motion will be provided to: (i) the Debtor, (ii) the Office of the United States Trustee for the Northern District of New York; (iii) the appointed Interim Trustee for the

-4-

Debtor; and (iv) any party in interest that has requested to receive notice in the chapter 11 case pursuant to Bankruptcy Rule 2002.

WHEREFORE, Pashman requests that the Court enter an order attached hereto as **<u>Exhibit A</u>** approving Pashman's withdrawal as counsel to the Debtor.

| | |
|---|---|
| Dated:  May 16, 2024<br>New York, New York | **PASHMAN STEIN WALDER HAYDEN, P.C.**<br><br> */s/ Joseph C. Barsalona II*<br>Henry J. Jaffe (admitted *pro hac vice*)<br>Joseph C. Barsalona II<br>Amy M. Oden (admitted *pro hac vice*)<br>233 Broadway, Suite 820<br>New York, New York 10279<br>Telephone: (646) 828-8081<br>Email: hjaffe@pashmanstein.com<br>          jbarsalona@pashmanstein.com<br>          aoden@pashmanstein.com<br><br>*Counsel to the Debtor* |