Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 (Subchapter V) |
| Kris Daniel Roglieri | Case No. 24-10157 (REL) |
| Debtor. | **Re: D.I.** ___ |

**MOTION FOR ENTRY OF AN ORDER SHORTENING THE
NOTICE PERIOD WITH RESPECT TO THE MOTION OF PASHMAN STEIN
WALDER HAYDEN, P.C. TO WITHDRAW AS COUNSEL TO THE DEBTOR**

Pashman Stein Walder Hayden, P.C. ("Pashman") hereby moves this Court (this "Motion") for entry of an order, in a form substantially similar to that attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-5 of the Local Rules of the Bankruptcy Court for the Northern District of New York (the "Local Rules"), shortening the time for notice of the hearing to consider the filed concurrently herewith and incorporated by reference. In further support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statuary predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Rule 9013-5.

**BACKGROUND**

4.  On February 15, 2024 (the "Petition Date"), the above-captioned debtor (the "Debtor") commenced a voluntary case under chapter 11 of the Bankruptcy Code as a debtor defined in Bankruptcy Code section 1182(1) and the Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act (this "Chapter 11 Case").

5.  Since the filing, the Debtor has continued in the management of its property as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

6.  On February 16, 2024, the Office of the United States Trustee for the Northern District of New York (the "U.S. Trustee") appointed Mark Schlant of Zdarsky, Sawicki & Agostinelli LLP to serve as the Subchapter V trustee (the "Subchapter V Trustee") in this case pursuant to Bankruptcy Code section 1183(a).

7.  On March 6, 2024, the Debtor filed the *Debtor's Application for Entry of an Order Under Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* [D.I. 44] (the "Pashman Application").

8.  On March 20, 2024, the Debtor filed the Notice of Filing of Engagement Letter Pursuant to the *Debtor's Application for Entry of an Order Under Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* [D.I. 77] (the "Pashman Engagement Letter").

9. On March 18, 2024, the Debtor filed the *Supplemental Declaration of Joseph C. Barsalona II in Support of Debtor's Application for Entry of an Order Under Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* [D.I. 69] (the "Supplemental Barsalona Declaration").

10. As stated in the Supplemental Barsalona Declaration, Pashman learned about the pending issues with the Retainer around the time parties filed objections to the Pashman Application. Pashman made the decision to disgorge the Retainer and waive its prepetition claim against the Debtor to remain disinterested. Nevertheless, the relationship between the Debtor and Pashman became strained around the time of the Retainer issue.

11. On April 2, 2024, the Court entered the *Order Under Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* [D.I. 94] (the "Pashman Retention Order").

12. On April 23, 2024, the Office of the United States Trustee (the "UST"), filed the United States Trustee's Motion to Convert or Dismiss [D.I. 119] (the "Conversion Motion").

13. On May 15, 2024, the Court entered an order converting the chapter 11 case to a case under chapter 7 [D.I. 159] and appointed Christian H. Dribusch as interim chapter 7 trustee [D.I. 160] (the "Chapter 7 Trustee").

**RELIEF REQUESTED**

14. By this Motion, Pashman seeks entry of the Proposed Order pursuant to Bankruptcy Rule 9006(c) (a) shortening the notice period for the *Motion of Pashman Stein Walder Hayden,*

*P.C. to Withdraw as Counsel to the Debtor* (the "Withdrawal Motion") so that it may be heard by the Court on May 29, 2024 at 9:15 a.m. and (b) requiring that objections to the Withdrawal Motion, if any, be filed and served so that they are received no later than May 22, 2024 (Prevailing Eastern Time).

## BASIS FOR RELIEF

15. Ample cause exists to shorten the time for notice of the Withdrawal Motion and to grant this Motion. Pashman is seeking to withdraw as counsel pursuant to the reasons set forth in the Withdrawal Motion. Pashman was prompted to file the Withdrawal Motion because the U.S. Trustee and Chapter 7 Trustee are seeking to compel Pashman continue to represent the Debtor notwithstanding the break-down of the attorney client relationship. Specifically, they are seeking Pashman to incur the costs of traveling to Albany in person and perform other duties for the Debtor in the near term. Thus, ample cause exists to shorten notice on the Withdrawal Motion.

## NO PRIOR REQUEST

16. The Debtor has not previously sought the relief requested herein from the Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Pashman respectfully requests that the Court (a) enter the Proposed Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested in this Motion and (b) granting such other and further relief as may be just and proper.

Dated: May 16, 2024  **PASHMAN STEIN WALDER**
       New York, New York  **HAYDEN, P.C.**

      */s/ Joseph C. Barsalona II*
Henry J. Jaffe (admitted *pro hac vice*)
Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
233 Broadway, Suite 820
New York, New York 10279
Telephone: (646) 828-8081
Email: hjaffe@pashmanstein.com
      jbarsalona@pashmanstein.com
      aoden@pashmanstein.com

*Counsel to the Debtor*