| | |
|---|---|
| Christian H. Dribusch (507021)<br>187 Wolf Road, Suite 300<br>Albany, New York 12205<br>[T] 518.227.0026 | Date: June 7, 2024<br>Time: 1:30 p.m..<br>Place: James T. Foley Courthouse<br>445 Broadway, 3rd Floor<br>Albany, NY 12207; **OR**<br>Telephonic 518-217-2288;<br>and Conference ID: 939500229# |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

KRIS DANIEL ROGLIERI

    *Debtor.*

-----------------------------------------------------------------X

Chapter 7

Case No.   24-10157

# TRUSTEE MOTION FOR SUPPLEMENTAL ORDER TO ENFORCE TURNOVER ORDER

TO:   THE HONORABLE ROBERT E. LITTLEFIELD, JR.

  Christian H. Dribusch ("*Trustee*") in his capacity as chapter 7 trustee to the bankruptcy estate of Kris Daniel Roglieri ("*Debtor*") files this motion pursuant to §542 of title 11 of the United States Code ("*Bankruptcy Code*") and Rule 9014 of the Federal Rules of Bankruptcy Procedure ("*FRBP*") for an Order supplementing the Bankruptcy Court's prior Order of Turnover directing the Debtor to turnover property of the Debtor bankruptcy estate to the Trustee for case administration (the "*Motion*").

  In support of the Motion, the Trustee respectfully alleges as follows:

## JURISDICTIONAL STATEMENT

  1.  The The Court's Turnover Order which authorized the Trustee to file such applications as may be needed to effectuate the Turnover Order on 3-day notice to the Debtor.

Page **1** of **8**

Based upon recent events described below, the Trustee files this Motion to futher effectuate the Turnover Orde issued by the Bankruptcy Court (ECF #188).

2. Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Northern District of New York. See, ECF #1.

3. The Debtor case has been converted to Chapter 7 and the Trustee has been appointed by the Office of the United States Trustee.See, ECF #159 and #160.

4. This Motion made pursuant to Bankruptcy Code §542 is a core proceeding under §157(b)(2)(A) of title 28 of the United States Code because it relates to matters concerning the administration of the bankruptcy estate.

5. This Court has jurisdiction over this proceeding pursuant to §157 and §1334 of title 28 of the United States Code.

6. Venue is proper by virtue of §1409(a) of title 28 of the United States Code as the proceeding arises and relates to a case under the Bankrutpcy Code pending before the Northern District of New York.

FACTUAL BASIS FOR THE MOTION

7. The Bankruptcy Court issued an Order for the Debtor's Turnover of Estate Assets to the Trustee. See ECF #188.

8. On May 24, 2024, the Trustee met with the Debtor and inventoried a number of items of artwork as well as reviewed the cars remaining in Debtor possession, custody, and control.

9. Between May 24, and May 31, 2024, among other things, the Trustee negotiated with an auction house on securing and selling the cars, artwork, and guns.

10. On Friday, May 31, 2024, the Trustee tried to coordinate with the Debtor access to secure the cars and artwork. On the dame day, the Debtor was detained by the Federal Government on a criminal allegation.

11. On Monday, June 3, 2024, the Debtor's detention was extended.

12. The Debtor no longer has access to 40 North Street, Queensbury or its contents and thus cannot comply with the Turnover Order to allow the Trustee to access and secure possession, custody, and control over the Estate Property.

13. The Trustee seeks a supplemental Order authorizing the Trustee to secure the Debtor Estate property at 40 North Street, Queensbury, New York for the purpose of removing Estate Property for case administration

14. The Debtor is also unable to comply with the turnover of possession, custody and control of Prime Capital Venture, LLC, Shark Ventures, LLC, FUPME, LLC, National Alliance of Commercial Loan Brokers, LLC, Commercial Capital Training Group, LLC, and Prime Commercial Lending LLC (collectively, the "Estate Companies").

15. The Trustee requests a supplemental Order authorizing the Trustee to exercise control of the Debtor bankruptcy estate's sole membership interest in the Estate Companies to the exclusion of the Debtor and any representative purportedly acting through the Debtor.

## POINTS AND AUTHORITIES FOR TURNOVER

16. Bankruptcy Code §542(a) provides that:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Page **3** of **8**

17. Under Bankruptcy Code §541, governing "Property of the estate," the act of filing a petition for bankruptcy creates an estate comprised of (as relevant here) "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." Bankruptcy Code §541(a)(1). Section 541 gathers into the estate all such interests in property, "wherever located and by whomever held." *Weber v. Sefcu (In re Weber)*, 719 F.3d 72 (2nd Cir. 2013). The definition of property of the estate is interpreted broadly, and "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of [Section] 541." *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008).

18. To assemble the bankruptcy estate, §542 of the Bankruptcy Code requires that, during bankruptcy proceedings, an entity "in possession, custody, or control" of certain property in the estate "shall deliver" that property to the trustee, "unless such property is of inconsequential value or benefit to the estate." Bankruptcy Code §542(a). The property subject to this delivery obligation is "property that the trustee may use, sell, or lease under section 363," which grants broad powers over the estate's property to the trustee. See, *Weber v. Sefcu (In re Weber)*, 719 F.3d 72 (2nd Cir. 2013).

19. To prevail on a claim under §542(a), a trustee must establish three elements: (1) the property is in the possession, custody, or control of another entity; (2) the property can be used in accordance with the provisions of Bankruptcy Code §363; and (3) the property adds more than inconsequential value to the debtor's estate. *Geltzer v. Brizinova (In re Brizinova)*, 554 B.R. 64 (Bankr. E.D.N.Y. 2016) quoting *Zazzali v. Minert (In re DBSI, Inc.)*, 468 B.R. 663, 669 (Bankr. D. Del. 2011).

20. The first element is established because at the time of the bankruptcy filing the Debtor had an interest in the Estate Assets including the membership interest in the Estate Companies which are property of the bankruptcy estate under Bankruptcy Code §541.

21. The second element is established when a trustee demonstrates that the turnover of property of the estate "can be put to use in connection with the administration of the estate, including paying the claims of creditors and the costs of administration of the estate." *Geltzer v. Brizinova*, 554 B.R. 64, 77 (Bankr. E.D.N.Y. 2016). The second element is established in this case because the Estate Assets and ownership interest in the Estate Companies can be liquidated in accordance with the provisions of Bankruptcy Code §363 thereby generating proceeds for the benefit of the Bankruptcy estate.

22. The third element is established when the trustee can show that "some method of sale holds a reasonable prospect of a meaningful recovery in excess of' the debtor's exemption in the asset." *In re Burgio*, 441 B.R. 218, 221 (Bankr. W.D.N.Y. 2010). In the present case, the Debtor Schedules A/B demonstrate that the Estate Assets and ownership interest in Estate Companies substantially exceed any applicable exemption amount such that the liquidation of the Estate Assets and Estate Companies will generate value to the Debtor bankruptcy estate. The Debtor interest is the amount of any applicable exemption and not the Estate Assets or Estate Companies. *See*, *Schwab v. Reilly*, 560 U.S. 770 (2010) ("property" as the debtor's "interest"—up to a specified dollar amount—in the assets described in the category, *not* as the assets themselves").

23. Bankruptcy courts have routinely held that where the sole member of a single-member limited liability company files a chapter 7 bankruptcy petition, the chapter 7 trustee acquires not only the debtor's economic interest in the limited liability company, but also the

debtor's rights to control and manage the limited liability company. See, *Hagemeyer v. Peachy Adventures, LLC (In re Neal)*, 2013 WL 12108275, at *3 (Bankr. W.D. Tenn. Feb. 5, 2013) ("[T]he trustee in bankruptcy [or debtor in possession] is the only person who can assure that management rights are exercised for the benefit of the estate and its creditors."); *See also In re Modanlo*, 412 B.R. 715 (Bankr. D. Md. 2006), aff'd 266 Fed. Appx. 272 (4th Cir. 2008) (Under Delaware law, the Chapter 11 trustee possesses both the economic and governance rights to participate in the management of a limited liability company that debtor enjoyed prior to his bankruptcy filing); *In re First Protection, Inc.*, 440 B.R. at 830 (Debtors' contractual rights and interest in a limited liability company became property of their estate under § 541(a)(1) by operation of law when they filed their petition); *Fresno Rock Taco, LLC v. Nat'l Sur. Corp*, 2013 WL 5276132, at *18 (E.D. Cal. Sept 17, 2013) (Bankruptcy trustee was entitled to step into the shoes of the debtor and obtain 100 percent management control of the LLC through the filing of the sole member's chapter 7 bankruptcy petition); *In re B & M Land & Livestock, LLC*, 498 B.R. at 267 (Trustee for sole member obtains governance rights with respect to limited liability company upon filing of bankruptcy petition by member); *In re Neal*, 2013 WL 12108275, at *3 (Bankr. W.D. Tenn. Feb. 5, 2013); *In re Ellis*, 2011 WL 5147551, at *3 (Bankr. S.D. Ind. Oct. 27, 2011) (Debtor held all of his membership interests—both economic and noneconomic—when he filed his chapter 7 case and those interests became property of the estate); *Klingerman v. ExecuCorp, LLC (In re Klingerman)*, 388 B.R. 677, 679 (Bankr. E.D. N.C. 2008) ("Section 541(c) provides that all of the debtor's interest passes to the estate notwithstanding applicable nonbankruptcy law that effects a modification or termination of the debtor's interest upon the commencement of a bankruptcy case."); *In re Albright*, 291 B.R. at 540 (Sole member of limited liability company effectively assigned her entire membership interest in the LLC to Chapter 7 estate upon filing of bankruptcy

petition, and trustee obtained all of her rights, including right to control management of the LLC); *In re Thomas*, Case No. 16-27850-L (Bankr. W.D. Tenn. May 07, 2020) (As a result, the Trustee is well within his rights to ask the court to direct the Debtor (and all other persons) to cooperate with his administration of the Debtor's membership interest in TI Properties, LLC (and all other membership interests owned by the Debtor in single-member limited liability companies) and to enjoin the Debtor (and all other persons) from interfering in his exercise of his rights and responsibilities with respect to those membership interests.); *Schwartzer v. Cleveland (In re Cleveland)*, 519 B.R. 304 (D. Nev. 2014) ("Numerous bankruptcy courts have held, and the Court agrees, that where a debtor has a membership interest in a single-member LLC and files a petition for bankruptcy under Chapter 7, the Chapter 7 trustee succeeds to all of the debtor's rights, including the right to control that entity, and a trustee need not take any further action to comply with state law before exercising such control."); *Gencanna Acquisition Corp. v. 101 Enters. (In re Oggusa, Inc.)*, 20-50133, ADV. 23-5036 (Bankr. E.D. Ky. Aug 31, 2023) ("The Debtor's interest in the Company was property of the estate. 11 U.S.C. § 541(a) ('[A]ll legal and equitable interests' in prepetition property are assets of a debtor's estate.). This includes both the Debtor's governance rights and its economic right to profits as a Member of the Company.")

## RELIEF REQUESTED

24.     The Bankruptcy Court has previously determined that the Estate Assets and Estate Companies are property of the Debtor bankruptcy estate subject to turnover.

25.     The Debtor is unable to comply with the Bankruptcy Court Turnover Order.

26.     The Trustee requests an Order from the Bankruptcy Court authorizing the Trustee to access 40 North Street, Queenbury, New York to obtain possession, custody, and control of the Estate Assets, including cars and artwork.

27. The Trustee also requests an Order from the Bankruptcy Court authorizing the Trustee to exercise governance control over the Debtor bankruptcy estate's sole membership interest in the Estate Companies to the exclusion of the Debtor and any representative purportedly acting through the Debtor. The Debtor and such representatives should not interfere with the exercise of the Trustee rights and responsibilities with respect to the membership interests in the Estate Companies.

WHEREFORE, the Trustee seeks an Order for the relief requested in the Motion or such appropriate relief as the Court may deem just and proper.

*/s/ Christian H. Dribusch*
**Christian H. Dribusch**
cdribusch@chd-law.com

## CERTIFICATE OF SERVICE

I, Christian H. Dribusch, certify, as counsel to the Chapter 7 trustee that on the 4th day of June 2024, a true and correct copy of the trustee request for supplement aid to turnover Order and Order was served on the below in accordance with Bankruptcy Court Order and the Federal Rules of Bankruptcy Procedure.

Dated: June 3, 2024
Albany, New York

*/s/ Christian H. Dribusch*
Christian H. Dribusch

TO:   (2 copies and $15 to Rensselaer County Correction Facility)

Kris Roglieri
Rensselaer County Correctional Facility
Attn: Civil Process
4000 Main Street
Troy, NY 12180