Henry J. Jaffe (admitted *pro hac vice*)
Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 7 |
| Kris Daniel Roglieri | Case No. 24-10157 (REL) |
| Debtor. | |

**FIRST AND FINAL APPLICATION OF**
**PASHMAN STEIN WALDER HAYDEN, P.C.**
**AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION,**
**FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT**
**OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE**
**PERIOD FEBRUARY 15, 2024 THROUGH AND INCLUDING MAY 15, 2024**

| | |
|---|---|
| Name of Applicant: | PASHMAN STEIN WALDER HAYDEN, P.C. |
| Authorized to Provide Professional Services to: | Debtor |
| Date of Retention: | April 2, 2024 *nunc pro tunc* to February 15, 2024 |
| Period for which compensation and reimbursement is sought: | February 15, 2024 through November 21, 2023 |
| Amount of compensation sought as actual, reasonable and necessary: | $379,353.00[1] |
| Amount of reimbursement sought as actual, reasonable and necessary: | $4,934.84 |

This is a __ monthly _x_ final application

---

[1] This amount includes a voluntary reduction in fees in the amount of $25,680.00 to address the Court's concerns on the paralegal billing rate noted at the hearing on March 27, 2024.

The total time expended for the fee application preparation is approximately 0.00 hours and the corresponding compensation requested is approximately $0.00.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| No Previous Applications | | | |
| | | | |

### SUMMARY OF COMPENSATION BY PROFESSIONAL
February 15, 2024 through May 15, 2024

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John W. Weiss | Partner /Bankruptcy.  Joined the firm as a partner in 2022. Member of the NJ Bar since 2001.  Member of the NY Bar since 2004.  Member of the PA Bar since 2001.  Member of the DE Bar since 2001 | $925.00 | 3.80 | $3,515.00 |
| Henry J. Jaffe | Partner/Bankruptcy.  Joined the firm as a partner in 2023.  Member of the DE Bar since 1991.  Member of the PA bar since 1995. | $925.00 | 64.60 | $59,755.00 |
| | | $462.50 | 8.20 | $3,792.50 |
| Aidan P. O'Connor | Partner/Litigation/Criminal Law.  Joined the firm as a partner in 2010.  Member of the NJ Bar since 1991.  Member of the NY Bar since 1987. | $810.00 | 16.30 | $13,203.00 |
| Scott R. Lippert | Partner/Real Estate.  Joined the firm as a partner in 2003.  Member of the NJ Bar since 1980.  Member of the NY Bar since 1980. | $780.00 | 0.60 | $468.00 |
| William R. Firth | Partner/Litigation.  Joined the firm as a partner in 2023.  Member of the NJ Bar since 2002.  Member of the PA Bar since 2002.  Member of the DE Bar since 2003. | $730.00 | 21.10 | 15,403.00 |
| Brendan M. Walsh | Partner/Litigation.  Joined the firm as an associate in 2012.  Member of the NJ Bar since 2006.  Member of the NY Bar since 2007. | $730.00 | 0.60 | $438.00 |

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Joseph C. Barsalona II | Partner /Bankruptcy.  Joined the firm as a partner in 2022.  Member of the NJ Bar since 2012.  Member of the NY Bar since 2013.  Member of the DE Bar since 2015. | $630.00 | 135.70 | $85,491.00 |
| | | $315.00 | 16.00 | $5,040.00 |
| Amy M. Oden | Associate/Bankruptcy.  Joined the firm as an associate in 2024.  Member of the NY Bar since 2016. | $495.00 | 91.10 | $45,094.50 |
| Joshua P. Law | Associate/Litigation.  Joined the firm as an associate in 2021.  Member of the NJ Bar since 2019. | $430.00 | 173.60 | $74,648.00 |
| Edward Cho-O'Leary | Associate/Bankruptcy.  Joined the firm as an associate in 2023.  Member of the NY Bar since 2022. | $430.00 | 73.10 | $31,433.00 |
| Katherine Beilin | Associate/Bankruptcy.  Joined the firm as an associate in 2022.  Member of the NJ Bar since 2021. | $420.00 | 28.70 | $12,054.00 |
| Kevin R. Li | Associate/Real Estate.  Joined the firm as an associate in 2023.  Member of the NJ Bar since 2021. | $420.00 | 4.90 | $2,058.00 |
| Jalen D. Porter | Associate/Litigation/Criminal.  Joined the firm as an associate in 2023.  Member of the NJ Bar 2023 INSERT. | $400.00 | 3.20 | $1,280.00 |
| Leslie Salcedo | Paralegal | $400.00 | 128.40 | $25,680.00[2] |
| **Total** | | | **769.90** | **$379,353.00[3]** |
| **GRAND TOTAL: $379,353.00** | | | | |
| **BLENDED RATE: $492.73** | | | | |
| **ATTORNEY BLENDED RATE: $551.32** | | | | |

---

[2] Pashman is voluntary reducing the paralegals hourly to $200 per hour as the Court mentioned during the March 27, 2024 hearing.

[3] This amount includes a voluntary reduction in fees in the amount of $25,680.00.

**SUMMARY OF COMPENSATION BY PROJECT CATEGORY**
February 15, 2024 through May 15, 2024

| Category Description | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration | 76.80 | $35,322.50 |
| Asset Analysis and Recovery | 89.00 | $48,274.00 |
| Asset Disposition | 39.70 | $29,304.50 |
| Relief from Stay/Adequate Protection Proceedings | 23.20 | $12,994.50 |
| Meetings of and Communications with Creditors | 50.20 | $25,907.00 |
| Fee/Employment Applications | 56.80 | $33,375.00 |
| Fee/Employment Objections | 101.00 | $51,711.00 |
| Other Contested Matters (excluding assumption/rejection motions) | 165.40 | $95,868.00 |
| Non-Working Travel (billed at half rate) | 24.20 | $8,832.50 |
| Business Operations | 2.60 | $1,341.00 |
| Financing/Cash Collections | 2.20 | $1,386.00 |
| Tax Issues | 3.60 | $1,809.00 |
| Claims Administration and Objections | 132.40 | $57,487.50 |
| Plan and Disclosure Statement | 2.80 | $1,420.50 |
| **TOTAL** | **769.90** | **$379,353.00**[4] |

---

[4] This amount includes a voluntary reduction in fees in the amount of $25,680.00.

## SUMMARY OF EXPENSE SUMMARY
February 15, 2024 through May 15, 2024

| Expense Category | Total Expenses |
|---|---:|
| Filing Fee | $2,048.00 |
| UPS | $343.95 |
| Copy Service | $1,118.30 |
| Hotel | $647.52 |
| Mileage (771 miles @$0.67) | $516.57 |
| Tolls | $91.17 |
| Parking | $18.00 |
| Meals | $151.36 |
| **TOTAL** | **$4,934.87** |

Henry J. Jaffe (admitted *pro hac vice*)
Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
233 Broadway, Suite 820
New York, New York 10279
(646) 828-8081

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 7 |
| Kris Daniel Roglieri | Case No. 24-10157 (REL) |
| Debtor. | |

**FIRST AND FINAL APPLICATION OF**
**PASHMAN STEIN WALDER HAYDEN, P.C.**
**AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION,**
**FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT**
**OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE**
**PERIOD FEBRUARY 15, 2024 THROUGH AND INCLUDING MAY 15, 2024**

Pashman Stein Walder Hayden, P.C. ("Pashman"), bankruptcy counsel to the debtor and debtor in possession (the "Debtor"), submits its first and final fee application (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"), and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines"), for allowance of and payment of compensation in the amount of $379,353.00[1] for professional services rendered and reimbursement of expenses in the

---

[1] This amount includes a voluntary reduction in fees in the amount of $25,680.00 to address the Court's concerns on the paralegal billing rate.

amount of $4,934.87 for the period of February 15, 2024 through and including May 15, 2024 (the

"Application Period").  In support of this Application, Pashman represents as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).

2.    Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.    On February 15, 2024 (the "Petition Date"), the Debtor commenced a

voluntary case under chapter 11 of the Bankruptcy Code as a debtor defined in Bankruptcy Code

section 1182(1) and the Debtor elected to proceed under Subchapter V of chapter 11 of the

Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act (the "Chapter 11

Case").

4.    On February 16, 2024, the United States Trustee appointed Mark Schlant,

of Zdarsky, Sawicki & Agostinelli LLP to serve as the Subchapter V trustee (the "Subchapter V

Trustee").

5.    On March 6, 2024, the Debtor filed the *Debtor's Application for Entry of*

*an Order Under Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules*

*2014 and 2016 and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of*

*Pashman Stein Walder Hayden, P.C. as Counsel for the Debtor* Nunc Pro Tunc *to the Petition*

*Date* [D.I. 44].

6.    On March 20, 2024, the Debtor filed the *Notice of Filing of Engagement*

*Letter Pursuant to the Debtor's Application for Entry of an Order Under Sections 327(a), 328(a),*

*and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1*

*and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden, P.C. as*

2

*Counsel for the Debtor Nunc Pro Tunc to the Petition Date* [D.I. 77] (the "<u>Pashman Engagement
Letter</u>").

7.      On March 18, 2024, the Debtor filed the *Supplemental Declaration of
Joseph C. Barsalona II in Support of Debtor's Application for Entry of an Order Under Sections
327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local
Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder
Hayden, P.C. as Counsel for the Debtor Nunc Pro Tunc to the Petition Date* [D.I. 69] (the
"<u>Supplemental Barsalona Declaration</u>").

8.      On April 2, 2024, the Court entered the *Order Under Sections 327(a),
328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules
2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein Walder Hayden,
P.C. as Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* [D.I. 94] (the "<u>Pashman
Retention Order</u>").

9.      On April 23, 2024, the Office of the United States Trustee (the "<u>UST</u>"),
filed the Untied States Trustee's Motion to Convert or Dismiss [D.I. 119] (the "<u>Conversion
Motion</u>").

10.     On May 15, 2024, the Court entered the *Order Converting Case to Chapter
7* [D.I. 159] (the "<u>Conversation Order</u>").

11.     On May 15, 2024, Christian H. Dribusch (the "<u>Chapter 7 Trustee</u>") was
appointed as the Chapter 7 Trustee and continues to serve in that capacity.

## <u>RELIEF REQUESTED</u>

12.     Pashman submits this Application for final allowance of reasonable
compensation for the actual, reasonable, and necessary professional services that it has rendered
as bankruptcy counsel for the Debtor in this during the Application Period and final reimbursement

of actual, reasonable, and necessary expenses incurred in representing the Debtor during the Application Period.

13.     The documentation reflecting the services performed by Pashman, the time expended by each professional and the hourly rate for each professional during the Application and the documentation reflecting the actual and necessary costs and expenses during the Application Period is attached hereto as **Exhibit A**.

## SUMMARY OF SERVICES BY PROJECT

14.     Pashman has endeavored to represent the Debtor in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at Pashman so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Pashman has endeavored to coordinate with the other professionals involved in this case so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtor.  We believe we have been successful in this regard.

15.     Pashman does not charge for outgoing domestic facsimiles and does not charge for incoming facsimiles.

16.     Pashman has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

17.     The primary services rendered by Pashman during the Application Period can be grouped into the categories set forth below:

> **Case Administration (B110)**: (76.80 hours, $35,322.50).  This category includes many different tasks necessary to comply with the requirements of this Court, the Office of the United States Trustee, or the Bankruptcy Code, including without limitation, services in connection with the Debtor's petition, pro hac vice motions, Debtor declarations, reviewing of general case documents, reviewing and

maintaining dockets, monthly operating reports, and case calendars, scheduling of hearings with the court, preparation of affidavits of services, as well as other miscellaneous tasks not otherwise separately classifiable.

**Asset Analysis and Recover (B120):** (89.00 hours, $48,274.00).  This category includes time spent, but not limited to, (i) review of assets seized by the receiver; (ii) discussions with the receiver regarding the receiver action; (iii) discussions with the Debtor regarding the seized property; and (iv) analysis of potential assets recoverable by the estate including causes of action against third parties.

**Asset Disposition (B130):** (39.70 hours, $29,304.50).  This category includes time spent on, but not limited to, (i) research regarding sale of vehicles; (ii) communications with the Attorney General regarding turnover of the vehicles; (iii) discussions, preparation and filing of *Motion of Debtor for Entry of an Order (I) Authorizing Arrangement Between Debtor and U.S. Attorney Regarding Certain Vehicles, (II) Modifying the Automatic Stay, to the Extent Necessary to Implement Such Arrangement, and (III) Granting Related Relief* [D.I. 65] (the "Arrangement Motion"); and (iv) attending status conference regarding the Arrangement Motion.

**Relief from Stay/Adequate Protection Proceedings (B140):** (23.20 hours, $12,994.50).  During the Application Period, the Pashman responded to various creditors regarding stay violations.  Additionally, Pashman spent time researching stay violations in connection with property seized by the government officials.

**Meetings of and Communications with Creditors (B150):** (50.20 hours, $25,907.00).  As counsel to the Debtor, Pashman interacted regularly with various creditors and its counsel, including preparing for and attending the 341 meeting of creditors, preparing for attending the initial Debtor interview with the UST.

**Fee/Employment Applications (B160):** (56.80 hours, $33,375.00).  During the Application Period, Pashman spent time preparing and filing the following pleadings (i) the *Debtor's Application for Entry of an Order Under Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Pashman Stein, Walder Hayden, P.C. as Counsel for the Debtor* Nunc Pro Tunc *to the Petition Date* [D.I. 44] (the "Pashman Retention"); (ii) the *Debtor's Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 46] (the "Interim Compensation Motion"); and (iii) the Debtor's *Application for Entry of an Order Under Sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Dreyer Boyajian LLP as Special Counsel for the Debtor Nunc Pro Tunc to the Petition Date* [D.I. 98].  Pashman also prepared for and presented at contested hearings related to each of the foregoing.

**Fee/Employment Objections (B170):** (101.00 hours, $51,711.00).  During the Application Period, Pashman spent time responding to objections filed to the

Pashman Retention and the Interim Compensation Motion by various parties including the UST.  This category also included time preparing for and attending the hearing on the Pashman Retention and Interim Compensation Motion.

**Other Contested Matters (excluding assumption/rejection motions) (B190):** (165.40 hours, $95,868.00).  This category includes time spent, but not limited to, (i) discussions with Debtor regarding status the case; (ii) internal discussions regarding strategic litigation plan; (iii) review of objection to the Arrangement Motion; and (iv) attending the initial hearing and status conference on the Arrangement Motion.

**Non-Working Travel Time (B195):** (24.20 hours, $8,832.50).  This category includes non-working travel time spent traveling to Albany for the March 27, 2024 omnibus hearing and status conference, and the continued 341 meeting.  Non-working travel time is billed at half an attorney's normal billing rate and noted in the schedules.

**Business Operations (B210):** (2.60 hours, $1,341.00).  This category includes time spent, but not limited to; (i) discussions with Debtor regarding bank accounts; (ii) discussions with the Debtor regarding insurance policies; (iii) discussions with the appointed receiver regarding status of case; and (iv) issues related to the Debtor's wholly owned businesses, the equity of which is property of the estate.

**Financing/Cash Collections (B230):** (2.20 hours, $1,386.00).  This category includes time spent, but not limited to, (i) discussions regarding use and cancellation of certain credit cards; (ii) discussions with potential DIP financing parties; and (iii) discussions with UST regarding banking issues.

**Tax Issues (B240):** (3.60 hours, $1,809.00).  This category includes time spent on discussions with the UST and the Debtor regarding the status of filing of tax returns.

**Claims Administration and Objections (B310):** (132.40 hours, $57,487.50).  This category includes time spent, but not limited to; (i) reviewing of potential claims against the Debtor; (ii) filing of the *Motion of Debtor for Entry of an Order Extending the Time Within which Debtor Must File its Schedules of Assets and Liabilities and Statements of Financial Affairs* [D.I. 39]; (iii) prepare for and filing of the Debtor's *Schedule of Assts and Liabilities* [D.I. 80] (the "Schedules"); and (iv) prepare for and file *Statement of Financial Affairs* [D.I. 81].

**Plan and Disclosure Statement (including Business Plan) (B320):** (2.80 hours, $1,420.50). This category includes time spent, but not limited to: (i) conversations with the Debtor regarding the plan; (ii) internal discussions regarding drafting the plan; (iii) drafting the initial proposed plan; and (iv) researching various plan issues.

18.     No agreement or understanding exists between Pashman and any other

person for the sharing of compensation received or to be received for services rendered in or in

connection with these cases.

19.    Pursuant to Local Rule 2016-1(b)(7), upon the information provided in the Schedules, the estate is solvent and has the ability to pay the fees and reimburse the expenses requested as a claim under section 726(a)(1) of the Bankruptcy Code.

## CERTIFICATION

20.    A Certification of Joseph C. Barsalona II, pursuant to section 504 of the Bankruptcy Code is attached hereto as **Exhibit B** and part of this Application.

21.    Pashman submits a statement in connection with Local Rule 2016-1(d) which is attached hereto as **Exhibit C**.

## COMPLIANCE WITH GUIDELINES

22.    Pashman submits this Application substantially complies with the Local Rules and the U.S. Trustee Guidelines.  To the extent there has not been material compliance with any particular rule or guideline, Pashman respectfully request a waiver or an opportunity to cure.

23.    This is Pashman's first and final fee application pursuant to sections 330 and 331 of the Bankruptcy Code for allowance of fees and reimbursement of expenses in this Chapter 11 Case.  Pashman has made no prior or other application to this or any other Court for the relief requested herein.

**WHEREFORE**, Pashman respectfully requests that this Court enter an Order, substantially in the form attached hereto as **Exhibit D**: (i) allow Pashman (a) compensation in the amount of $379,353.00[2] for actual, reasonable and necessary professional services rendered on behalf of the Debtor during the Application Period, and (b) reimbursement in the amount of $4,934.87 for actual, reasonable and necessary expenses incurred during the Application Period;

---

[2] This amount includes a voluntary reduction in fees in the amount of $25,680.00 to address the Court's concerns on the paralegal billing rate.

(ii) authorize and direct the Debtor to pay to Pashman an amount equal to the sum of such allowed

compensation and reimbursement less any amounts previously paid by the Debtors; and (iii) grant

such other and further relief as is just and proper.

| Dated: | June 10, 2024 | **PASHMAN STEIN WALDER** |
|        | New York, New York | **HAYDEN, P.C.** |

*/s/ Joseph C. Barsalona II*
Henry J. Jaffe (admitted *pro hac vice*)
Joseph C. Barsalona II
Amy M. Oden (admitted *pro hac vice*)
233 Broadway, Suite 820
New York, New York 10279
Telephone: (646) 828-8081
Email: hjaffe@pashmanstein.com
        jbarsalona@pashmanstein.com
        aoden@pashmanstein.com

*Counsel to the Debtor and Debtor in Possession in the
Chapter 11 Case*