UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| KRIS DANIEL ROGLIERI, | Case No.: 24-10157 |
| Debtor. | |
| In re: | Chapter 11 |
| PRIME CAPITAL VENTURES, LLC, | Case No.: 24-10531 |
| Debtor. | |

**JOINT MOTION FOR ORDER PURSUANT TO § 105(a)
OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019 APPROVING STIPULATION AND GRANTING RELIEF**

Christian H. Dribusch, the Chapter 7 trustee (the "Trustee") of the estate of Kris Daniel Roglieri, and Paul A. Levine, Esq., the permanent receiver (the "Receiver") for Prime Capital Ventures, LLC ("Prime"), by and through their undersigned proposed counsel, respectfully submit this joint motion (this "Joint Motion") for an order, pursuant to 11 U.S.C. § 105(a) and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving a proposed stipulation and granting related relief.  In support of this Joint Motion, the Trustee and Prime respectfully represent as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

4. The statutory basis for the relief requested herein is 11 U.S.C. § 105(a), as complemented by Bankruptcy Rule 9019.

**PROCEDURAL BACKGROUND**

5. On January 24, 2024, the United States District Court for the Northern District of New York appointed Paul A. Levine to act as the Receiver with, among other things, exclusive dominion and control over all of the assets, books and records, operations, and business affairs of Prime. *See Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC et. al.*, Case no. 24-cv-00055 [Docket No. 56] (MAD/DJS) (N.D.N.Y 2024).

6. On February 15, 2024, Prime's former sole member, Kris Daniel Roglieri ("Roglieri") filed a Chapter 11 Subchapter V bankruptcy case, which was subsequently converted to a Chapter 7 case on May 15, 2024 [Case No. 24-10157, Bankr. N.D.N.Y.] (the "Roglieri Bankruptcy Case"). Christian H. Dribusch (the "Chapter 7 Trustee") is the chapter 7 trustee in the Roglieri Bankruptcy Case.

7. On April 22, 2024, the Receiver commenced an adversary proceeding against Roglieri in the Roglieri Bankruptcy Case objecting to, among other things, the dischargeability of certain of Roglieri's debts pursuant to section 727, as well as Roglieri's eligibility for a discharge under section 523.

8. On May 14, 2024 (the "Prime Petition Date"), the Receiver filed a voluntary petition on behalf of Prime for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York (this "Court"), commencing the Debtor's chapter 11 case (the "Prime Chapter 11 Case"). The Receiver continues to manage the Debtor's affairs. No request for a trustee or examiner has been made in the Prime Chapter 11 Case.

9. Significantly, the precipitating cause of the filing of the Prime Chapter 11 Case was the need to commence proceedings within the 90-day preference period under §547 of the

Bankruptcy Code in order to be able to avoid the judgment of B and R Acquisition Partners LLC and JHM Lending Ventures LLC against Prime for $4,300,000 which was domesticated as a lien against Prime's luxury real estate located in Virginia Beach, Virginia on February 28, 2024. The real estate, which is otherwise encumbered, was purchased by Prime, for cash, in January 2023 for $3,750,000. The real estate is a major asset of the estate which should be sold for the benefit of all of creditors, and not just two of its (judgment lien) creditors.

10. Further benefits of bankruptcy include the ability to treat all creditors fairly in accordance with the bankruptcy code, to reduce litigation expense by virtue of the automatic stay of various court actions to which Prime is a party, the use of Rule 2004 discovery tools and the ability to commence avoidance actions in one court with nationwide jurisdiction.

11. Prior to the Prime Petition Date, Prime was purportedly engaged in the business of commercial financing and lending, primarily with respect to, among other things, real estate projects, and had entered into several commitments to fund non-recourse, asset-backed lines of credit whereby the borrower would pay Prime an interest credit account payment (each, an "ICA").

12. Through the Trustee's and the Receiver's investigation, it has been discovered that a significant portion of the ICA payments were converted and used to purchase luxury vehicles, watches, jewelry, and antiques for Roglieri or other third-parties and to purchase private air travel.[*]

13. As explained in Prime's pending motion for Rule 2004 relief, vast sums remain unaccounted for at this time requiring extensive discovery.

---

[*] More detailed information regarding the Debtor's history, business operations, and the events leading up to the Prime Chapter 11 Case is set forth in the *Declaration of Paul A. Levine Regarding the Debtor's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings*, which was filed on the Prime Petition Date and is incorporated herein by reference [Prime Chapter 11 Case, Docket No. 5].

## THE PROPOSED STIPULATION AND ORDER

14. The Trustee and the Receiver have a unity of interest in pursuing continuing their investigation of Prime, Roglieri, and any affiliates and related entities for the benefit of the estates' creditors. In the relatively short period of time since these fiduciaries have been in place, substantial progress has been made in identifying assets and developing preliminary plans for Bankruptcy Rule 2004 discovery and commencement of fraudulent conveyance actions, among other things. The Trustee and the Receiver have been sharing information and coordinating their efforts.

15. In furtherance of these efforts, and to expedite administration of both estates for the benefit of creditors and without unnecessary and wasteful controversy between the estates, the Trustee and the Receiver have crafted a proposed Stipulation and Order for which they jointly seek this Court's approval. A copy of the proposed Stipulation and Order is attached as Exhibit "A".

16. Essentially, the proposed Stipulation and Order does the following:

   a. Provides for the Trustee on behalf of Roglieri as the sole managing member of Prime, to formally ratify the Receiver's filing of Prime's Chapter 11 case;

   b. Converts the Prime Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code;

   c. Provides for the Trustee to also become the trustee of the Prime estate;

   d. Provides for the appointment of Receiver Paul A. Levine to become the responsible person of Prime and for his compensation;

   e. Provides for the procedural consolidation and joint administration of the Roglieri and Prime estates;

   f. Provides for the Trustee's application to retain professionals; and

   g. Authorizes Bond, Schoeneck & King, PLLC to submit fee applications in the Prime chapter 7 case for its services rendered to and expenses incurred on behalf of Prime during its chapter 11 case, and authorizes the Trustee to promptly pay all such allowed fees and expenses.

4

**RELIEF REQUESTED**

17. The Trustee and Prime respectfully request that the Court enter an order, pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 9019, approving the Proposed Stipulation and Order.

**BASIS FOR RELIEF REQUESTED**

**(i) The Court has Authority to Approve the Stipulation Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 105**

18. By this Motion, the Trustee and Prime seek entry of an order, pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 9019(a), approving the Proposed Stipulation and Order and authorizing them to take all actions necessary or appropriate to effectuate the Stipulation and Order.

19. Bankruptcy Rule 9019 provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Section 105(a) of the Bankruptcy Code further provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

20. Settlements and compromises are not only permitted in bankruptcy, they are also favored and encouraged because they minimize the costs of litigation and further the parties' interests in expediting administration of the bankruptcy estate. *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 455 (2d Cir. 2007) ("In Chapter 11 bankruptcies, settlements also help clear a path for the efficient administration of the bankrupt estate, including any eventual plan of reorganization.").

21. When deciding whether to approve a proposed settlement, a court must determine whether the proposal is "fair and equitable" and "in the best interests of the estate." *In re Drexel Burnham Lambert Group, Inc*. 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991); *In re Texaco*, 84 B.R.

5

893, 902 (Bankr. S.D.N.Y. 1988). Moreover, settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. *In re DiStefano, 654 B.R. 49* (Bankr. N.D. N.Y. 2023)

22. A Court need not conduct an independent investigation in formulating its opinion as to the reasonableness of a settlement. *In re McCoy*, 496 B.R. 678, 683 (Bankr. E.D.N.Y. 2011) (holding that a court need not rule on disputed issues of fact and law or "conduct a 'mini-trial' on the merits of the underlying litigation."). In fact, the court need only determine whether the settlement "fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co*., 699 F.2d 599, 613 (2d Cir. 1983) *quoting Newman v. Stein,* 464 F.2d 689, 693 (2d Cir.), *cert. denied sub. nom. Benson v. Newman*, 409 U.S. 1039 (1972) (proposed settlement approved where it could not be regarded as below the lowest point in the range of reasonableness); *In re Int'l Distr. Centers, Inc*. 103 B.R. 420, 422-23 (S.D.N.Y. 1989) (affirming bankruptcy court's approval of proposed settlement on ground that settlement met or exceeded lowest standard of reasonableness); *In re Best Products Co., Inc*., 168 B.R. 35, 50-51 (Bankr. S.D.N.Y. 1994), *appeal dismissed*, 177 B.R. 791 (S.D.N.Y. 1995) *aff'd*, 69 F.3d 26 (2d Cir. 1995).

23. Although it is the movant's burden to establish that the proposed compromise is fair and equitable and in the best interests of the estate, that "*burden is not high.*" *In re Roqumore*, 393 B.R. 474, 480 (Bankr. S.D. Tex. 2008) (emphasis added). Additionally, for the Court to approve a settlement it need not determine whether the settlement proposed by the parties is the best possible, or fairest, or most appropriate resolution of the dispute. *In re DiStefano,* 654 B.R. 49, 54-55,

6

**(ii)   The Court Should Approve the Proposed Stipulation and Order**

24.   Second Circuit precedent suggests the Court should weigh the following factors in determining the reasonableness of a proposed settlement and whether a settlement agreement is fair and equitable:

i.   the balance between the possible litigation success and the settlement's future benefits;

ii.   the likelihood of complex and protracted litigation and the consequent inconvenience, expense, and delay;

iii.   the interests of creditors, including the relative benefits to each class of creditors and the degree to which they either do not object to or affirmatively support the proposed settlement;

iv.   whether other parties in interest support the settlement;

v.   the competency and experience of counsel supporting the settlement;

vi.   the experience and knowledge of the bankruptcy judge reviewing the settlement;

vii.   the nature and breadth of releases to be obtained by officers and directors; and

viii.   the extent to which the settlement is the product of arm's length bargaining.

*In re Iridium Operating LLC*, 478 F.3d at 465; *In re Daticon, Inc.,* 2006 Bankr. LEXIS 3704 (D. Conn. December 22, 2006) at *52, *citing In re Matco Electronics Group, Inc.*, 287 B.R. 68, 75 (Bankr. N.D.N.Y. 2002).

25.   Importantly, courts "can give more weight to one or more of the above-referenced factors than to the other factors." *In re DeRosa-Grund*, 567 B.R. 773, 785 (Bankr. S.D. Tex. 2017), *citing In re Bard*, 49 Fed. App'x 528, 532-33 (6th Cir. 2002). Moreover, these factors are not exclusive, a court examining the reasonableness of a compromise may consider "[a]ll other factors bearing on the wisdom of the compromise." *In re Shankman*, 2010 Bankr. LEXIS 619 at *7 (Bankr. S.D. Tex. March 2, 2010); *In re Roqumore*, 393 B.R. 474 at 479.

26. Evaluated against the relevant factors, the Trustee and Prime respectfully submit that the proposed Stipulation and Order should be approved.

27. The proposed Stipulation and Order will promote efficiency and effectiveness, and keep administrative costs at a reasonable level, while maximizing the potential recoveries for creditors. The ratification of Prime's Chapter 11 Case, while perhaps not necessary, will remove any doubt regarding the filing of the Prime Chapter 11 Case, and thus preserve the valuable preference cause of action that will enable the avoidance of a judgment lien recorded against Prime's Virginia Beach real property, which is otherwise unencumbered (as described in paragraph 9 above). The conversion of the Prime Chapter 11 Case to Chapter 7 will obviate the need for a plan and disclosure statement, and thus save the costs associated therewith. Having the Trustee, an experienced and reputable member of the trustee panel, as the single fiduciary at the helm of both estates will also promote efficiency and avoid duplication of efforts. Ensuring the continued involvement of Receiver Paul A. Levine will ensure that the estates retain the benefit of his substantial knowledge of Prime, Roglieri, the estate assets, the fraud, and the cases in general. Finally, procedural consolidation/joint administration makes eminent good sense in light of the substantial overlap of creditors, parties in interest, cand creditor claims in the two cases.

## NOTICE

28. Notice of this Motion will be given to: (i) all known creditors of the estates of Roglieri and/or Prime; (ii) the Office of the United States Trustee for the Northern District of New York; (iii) all required governmental agencies; and (iv) all parties filing Notices of Appearance and request for notice. In light of the nature of the relief requested herein, the Trustee and Prime submit that no further notice is required.

29. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee and Prime respectfully request that the Court, pursuant to 11 U.S.C. §105(a) and Bankruptcy Rule 9019, approve the Proposed Stipulation and Order, and (ii) grant the Trustee and Prime such other and further relief as the Court deems just and proper.

Dated: July 8, 2024
     Albany, New York

THE DRIBUSCH LAW FIRM

By: /s/ Christian H. Dribusch
    Christian H. Dribusch (Bar Roll 507021)
    187 Wolf Road
    Suite 300-020
    Albany, New York 12205
    Telephone No.: (518) 227-0026
    Email: cdribusch@chd-law.com

*Chapter 7 Trustee for*
*Kris Daniel Roglieri*

Dated: July 8, 2024
     Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By: /s/ Stephen A. Donato
    Stephen A. Donato (Bar Roll 101522)
    Justin S. Krell (Bar Roll 704364)
    Andrew S. Rivera (Bar Roll 700712)
    One Lincoln Center
    Syracuse, New York 13202
    Telephone No.: (315) 218-8000
    Facsimile: (315) 218-8100
    Emails:   sdonato@bsk.com
                jkrell@bskl.com
                arivera@bsk.com

*Proposed Counsel for*
*Prime Capital Ventures, LLC*