| | |
|---|---|
| **Christian H. Dribusch (507021)**<br>Chapter 7 Trustee<br>187 Wolf Road<br>Albany, NY 12205<br>518.227.0026 | Hearing Date: September 11, 2024<br>Hearing Time: 9:15 a.m.<br>Hearing Location: Telephonic **or** in person at<br>James T. Foley Courthouse<br>445 Broadway<br>Albany, NY 12207 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

KRIS DANIEL ROGLIERI

Debtor.

Chapter 7
Case No.:   24-10157

## MOTION FOR TRUSTEE AUTHORITY TO SELL
## PROPERTY OF THE BANKRUPTCY ESTATE

*To:    Robert E. Littlefield Jr., United States Bankruptcy Court*

Christian H. Dribusch, the chapter 7 trustee for the bankruptcy estate ("Trustee") makes this motion for an Order authorizing the Trustee to sell bankruptcy estate property (the "Estate Property") and in furtherance of the motion respectfully represents as follows:

**Parties, Jurisdiction and Venue**

1.   The Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Northern District of New York (the "District").

2.   The Debtor case was converted to Chapter 7 and the Trustee was appointed the Chapter 7 trustee.

3.   This motion made pursuant to Bankruptcy Code §363(b) is a core proceeding under 28 U.S.C. §157(b)(2)(M).

4.   This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157 and

§1334.

5. Venue for this case is proper by virtue of 28 U.S.C. §1409(a).

6. The Trustee Notice of Motion is incorporated herein by reference.

## **Relief Requested**

7. The statutory authority for the Trustee request to sell is Bankruptcy Code §363(b) which provides that "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

8. One of the trustee duties under Bankruptcy Code §704 is to monetize property of the bankruptcy estate for the benefit of creditors.

9. The Trustee has retained an auctioneer to assist with the sale of Estate Property through both in-person and online sales over time.

10. Using the bidding process, the Trustee believes that the highest and best offer will be obtained for each item of Estate Property.

11. The Trustee believes that the sale of the Estate Property is in the best interest of the creditors because it will result in funds being made available for distribution to unsecured creditors.

12. To the extent that there may be a lien, interest, or encumbrance on Estate Property, the Trustee requests authority to pay the lien, interest, or encumbrance as part of the sale of the Estate Property.

13. The Trustee requests authority to negotiate carve-outs for the benefit of the Bankruptcy Estate where appropriate.

14. To the extent the Trustee incurs expenses in the ordinary course of sale of the Estate Property, the Trustee requests authority to timely pay the ordinary course expenses (excepting professional fees) as part of the sale of the Estate Property.

15. The Trustee requests authority to execute such documentation and perform such other actions as a seller would customarily perform as a seller of the type of Estate Property being sold.

16. The Trustee or Trustee professional will timely file reports of sale to keep the Court, the creditors, and the other parties in interest informed on the disposition of Estate Property.

WHEREFORE, the Trustee requests an order granting the motion and for such other and further relief as the Court deems just and proper.

Dated: August 12, 2024

>*/s/ Christian H. Dribusch*
>**Christian H. Dribusch**
>cdribusch@chd-law.com