UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

KRIS DANIEL ROGLIERI,

Debtor.

Chapter 7

Case No. 24-10157-1-rel

DENALI STATE BANK and
WOODSIDE CREDIT, LLC,

Plaintiffs,

-v-

KRIS DANIEL ROGLIERI,

Defendant.

A.P. _____

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiffs, Denali State Bank ("Denali") and Woodside Credit, LLC ("Woodside") (Denali and Woodside, collectively, "Plaintiffs") by and through their attorneys, Harris Beach, PLLC, as and for its Complaint against Kris Daniel Roglieri (hereinafter "Debtor" or "Defendant"), alleges as follows:

1. This is an adversary proceeding to determine the dischargeability of a debt pursuant to Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6) of title 11 of the United States Code (the "Bankruptcy Code").

## PARTIES

2. Denali is a state charted banking organization organized and existing under the laws of the State of Alaska with a principal place of business located in Fairbanks, Alaska.

3. Woodside is a limited liability company organized and existing under the laws of the State of California with a principal office in Newport Beach, California.

4. Defendant is the Debtor in the above-referenced case, having initially filed a voluntary Chapter 11 petition on February 15, 2024 that was subsequently converted to a Chapter 7 bankruptcy case on May 15, 2024.

5. Upon information and belief, Defendant resides at 40 North Road, Queensbury, New York 12804.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

7. This is a core proceeding pursuant to 28 U.S.C. § 157. The statutory basis for this adversary proceeding is 11 U.S.C. § 523 and Rules 407 and 7001(6) of the Federal Rules of Bankruptcy Procedure.

8. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL ALLEGATIONS

**A. Purchase of the 2020 Lamborghini Aventador**

9. On or about April 10, 2020, Debtor financed with Woodside the purchase of a 2020 Lamborghini Aventador with VIN ZHWUM6ZD9LLA09436 (the "Vehicle") from Lamborghini Paramus ("Seller") pursuant to a Promissory Note and Security Agreement (the "Contract"). A copy of the Contract is attached hereto as **Exhibit A**.

10. Pursuant to the Contract, the Debtor financed the sum of $473,363.76 of the purchase price of the Vehicle at an interest rate of 6.50%.

11. The Contract provides that the Debtor shall make one hundred and eighty (180) monthly payments in the amount of $4,134.52 beginning on May 25, 2020.

12. The Contract also provides that Debtor grants Woodside a security interest in the Vehicle. *See* Exh. A, "Security Interest." Furthermore, Debtor agreed to not permit the Vehicle to be seized in any legal proceeding. *See Id.*, "Use of Vehicle".

13. The Contract specifically gives Woodside the right to assign the Contract with such terms of the Contract to be binding on Debtor to the benefit of Woodside and any successors and assigns. *See Id.*, "Other Terms."

14. Pursuant to the Contract, Debtor is in default under the Contract by, *inter alia*, (a) failing to make timely payment, (b) failing to keep his promises or fulfill his obligations under the Agreement, (c) becoming insolvent or filing a petition in bankruptcy, or (d) using the Vehicle in a manner that is prohibited by the Agreement. *See Id.*, "Default."

15. Upon default, Woodside and/or its assigns, may (a) declare that all that is owed become immediately due and payable, (b) file suit for the unpaid sums owed under the Contract, (c) take immediate possession of the Vehicle, and (d) exercise any other legal or equitable remedy. *See Id.*, "Remedies."

16. On or about April 13, 2020, funds were wired directly from Woodside to Seller for the purchase of the Vehicle. A redacted copy of the wire transfer is attached hereto as **Exhibit B**.

17. On or before July 24, 2020, Woodside filed a validly perfected purchase money security interest in the Vehicle (the "Lien"). A copy of the Notice of Recorded Lien from the New York State Department of Motor Vehicles on the title of the Vehicle is attached hereto as **Exhibit C**.

B. **The Assignment of the Contact**

18.   On or about April 14, 2020, Woodside assigned its interest and obligations in the Contract and Lien to Denali (the "Assignment") pursuant to the terms and conditions of the Master Loan Purchase and Sale Agreement between Denali and Woodside (the "Master Loan Agreement"). A redacted copy of the Assignment is attached hereto as **Exhibit D**. A copy of the Master Loan Agreement, without exhibits, is attached hereto as **Exhibit E**.

19.   Additionally, on or about January 7, 2019, Woodside and Denali entered into a Master Power of Attorney whereby Denali is appointed the true and lawful attorney for Woodside with full power of substitution to: (a) execute in the name of Woodside any financing statements, insurance policies, assignments, instruments, documents, and statements that Woodside is obligated to give Denali under the Master Loan Agreement; and (b) to do such other further acts and deeds, in the name of Woodside that Denali may deem necessary or desirable to enforce any lien or perfect Denali's security interest or lien in any collateral purchased by Denali under the Master Loan Agreement. A copy of the Master Power of Attorney is attached hereto as **Exhibit F**.

20.   As of the Petition Date, the Debtor owed the Plaintiffs the sum of $397,445.59 under the Contract. A copy of the loan information payoff as of February 15, 2024 is attached hereto as **Exhibit G**.

21.   On or about April 4, 2024, Plaintiffs filed a proof of claim in the Debtors' bankruptcy case in the amount of $397,445.59 ("Plaintiffs' Claim") [Claim No. 7-1].

22.   Based on the Debtor's bankruptcy schedules, the value of the Vehicle is about $650.000. *See* Dkt. No. 80, page 31 of 47

23.   Accordingly, Plaintiffs' Claim is entirely secured.

### C. The Bankruptcy Case

24. On February 15, 2024, (the "Petition Date"), Debtor[1] commenced a voluntary bankruptcy case under chapter 11 of the Bankruptcy Code as a debtor defined in Bankruptcy Code section 1182(1), and the Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act.

25. On February 16, 2024, the United States Trustee appointed the Subchapter V Trustee. No other trustee, examiner, or official committee has been appointed in this Chapter 11 Case.

26. On May 15, 2024, this bankruptcy case was converted to a Chapter 7 and the Chapter 7 Trustee was appointed.

27. On or about March 22, 2024, the Debtor filed his bankruptcy schedules. In Schedule A/B, the Debtor listed the Vehicle as having a current value of $650,000. *See* Dkt. No. 80, page 31 of 47.

28. In Schedule D, the Debtor listed Denali as a secured creditor of the Vehicle in the amount of $450,000, with the Vehicle having a value of $650,000, and acknowledged the Lien based on the Contract.

29. The Debtor is an individual who is primarily in the business of commercial financing.

30. According to the Debtor, the Debtor's current financial predicament was caused primarily by alleged fraud claims commenced against Prime Capital Venture, LLC ("Prime Capital"), an entity wholly owned by the Debtor.

---

[1] Capitalized terms not defined herein are defined in the Motion.

31. The Debtor acknowledges that on or about February 2, 2024, the FBI obtained a warrant and seized a substantial number of cars, including the Vehicle, as well as other personal property of the Debtor from the Debtor's personal residence [Dkt. No. 65, page 3 of 13].

32. Plaintiffs have confirmed through discussions with the United States Government (the "Government") that the Government seized the Vehicle and currently has the Vehicle in its possession.

33. The FBI open an investigation into Debtor following various allegations of fraud asserted against him from late 2021 to early 2024 (the "Prime Capital Period") [id.].

34. The Government asserts that any property purchased during the Prime Capital Period may have been purchased with "fraud proceeds" derived from Prime Capital ("Prime Capital Funds") and is seizing all such property pending its investigation [*id.* at page 4 of 13].

35. Despite the fact that the Vehicle was purchased prior to the Prime Capital Period, the Government has alleged that certain "improvements" were made to the Vehicle with Prime Capital Funds during the Prime Capital Period, thus purportedly making the *entire* applicable Vehicle subject to seizure [*id.* at page 4 of 13].

36. Specifically, the Government alleges: (a) $142,185.63 was paid to S2T LLC d/b/a Lamborghini Paramus for work performed on the Vehicle, and (b) $41,606.28 was paid to Ai Design "for repairs and improvements" (collectively, the "Vehicle Improvements") [*id.* at page 5 of 13].

37. On or about March 13, 2024, Debtor filed a motion seeking approval from the Bankruptcy Court to enter into an alleged agreement with the Government concerning the Vehicle (as well as another vehicle) that would allow the Debtor to sell the Vehicle (the "Motion") [Dkt. No. 65].

38.     Plaintiffs objected to the Motion and the Motion was denied by the Court because the Government contended that it had no such agreement with the Debtor and, in fact, the Government asserted it would proceed with the Vehicle under the procedures and deadlines established by asset forfeiture law "which govern the seizures at issue here" [Dkt. No. 110].

39.     Accordingly, the Vehicle has been seized by the Government where it currently remains based on allegations of fraud against the Debtor.

40.     Debtor was arrested on May 31, 2024, on one count of wire fraud.

## FIRST CAUSE OF ACTION
### Section 523(a)(2)(A)

41.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 40 above, with the same force and effect as if set forth in full herein.

42.     Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

(a) A discharge under sections 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(A) false pretenses, false representation or actual fraud…

43.     The Debtor's liability to the Plaintiffs, as described herein, is a debt for money or property through false pretenses, false representation or actual fraud, within the meaning of 11 U.S.C. § 523(a)(2)(A).

44.     By virtue of the Debtor's actions, Plaintiffs suffered damages in the amount of at least $397,445.59, plus interest and attorneys' fees.

45.     Accordingly, the debt of at least $397,445.59, plus interest and attorneys' fees, due and owing to Plaintiffs by the Debtor is non-dischargeable under. § 523(a)(2)(A) of the Bankruptcy Code.

## SECOND CAUSE OF ACTION
### Section 523(a)(2)(B)

46.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 45 above, with the same force and effect as if set forth in full herein.

47.     Bankruptcy Code § 523(a)(2)(B) provides, in relevant part, that:

(a) A discharge under sections 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(B) use of a statement in writing –

(i)   that is materially false;
(ii)  respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv)  that the debtor caused to be made or published with intent to deceive…

48.     The Debtor's liability to Plaintiffs, as described herein, is a debt for money or property obtained by the use of a statement in writing: (a) that is materially false; (b) respecting the debtor's financial condition; (c) on which Plaintiff reasonably relied; and (d) that the Debtor caused to be made or published with intent to deceive, within the meaning of § 523(a)(2)(B) of the Bankruptcy Code.

49.     By virtue of the Debtor's actions, Plaintiffs suffered damages in the amount of at least $397,445.59 plus interest and attorneys' fees.

50.     Accordingly, the debt of at least $397,445.59, plus interest and attorneys' fees, due and owing to Plaintiffs by the Debtor is non-dischargeable under. § 523(a)(2)(B) of the Bankruptcy Code.

## THIRD CAUSE OF ACTION
### Section 523(a)(4)

51. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 50 above, with the same force and effect as if set forth in full herein.

52. Bankruptcy Code § 523(a)(4) provides, in relevant part:

> (a) A discharge under sections 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny…

53. The Debtor's liability to Plaintiffs, as described herein, is a debt for money or property which was incurred through the fraud or defalcation of Debtor while acting in a fiduciary capacity, and/or through embezzlement or larceny, within the meaning of § 523(a)(4) of the Bankruptcy Code.

54. By virtue of the Debtor's actions, Plaintiffs suffered damages in the amount of at least $397,445.59, plus interest and attorneys' fees.

55. Accordingly, the debt of at least $397,445.59, plus interest and attorneys' fees, due and owing to Plaintiffs by the Debtor is non-dischargeable under. § 523(a)(4) of the Bankruptcy Code.

## FOURTH CAUSE OF ACTION
### Section 523(a)(6)

56. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 55 above, with the same force and effect as if set forth in full herein.

57. Bankruptcy Code § 523(a)(6) provides, in relevant part:

> (a) A discharge under sections 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> (6) for willful and malicious injury by the debtor to another entity

or to the property of another entity...

58. The Debtor's liability to Plaintiffs, as described herein, is a debt for money or property which arises as a result of the Debtor's willful and malicious conduct toward the Plaintiffs' assets, within the meaning of § 523(a)(6) of the Bankruptcy Code.

59. By virtue of the Debtor's actions, Plaintiff suffered damages in the amount of at least $397,445.59, plus interest and attorneys' fees.

60. Accordingly, the debt of at least $397,445.59, plus interest and attorneys' fees, due and owing to Plaintiffs by the Debtor is non-dischargeable under. § 523(a)(6) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order: (i) declaring that the debt of at least $397,445.59, plus interests and attorneys' fees, is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A); (ii) declaring that the debt of at least $397,445.59, plus interest and attorneys' fees, is excepted from discharge pursuant to 11 U.S.C. § 523(a)(4); (iii) declaring that the debt of at least $397,445.59, plus interest and attorneys' fees, is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6); and (iv) granting such other and further relief as the Court deems just and proper.

Dated: August 16, 2024

Respectfully submitted,

/s/ *Brian D. Roy*
Brian D. Roy, Esq.
HARRIS BEACH PLLC
333 W. Washington Street, Suite 200
Syracuse, New York 13202
Telephone: (315) 423-7100
Email: broy@harrisbeach.com