UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TIMOTHY W. WEISFLOG and LYNDA WEISFLOG,

                               24-CV-00129

         Plaintiffs,

     -against-                  **AMENDED
                                     COMPLAINT**


CP HS HOTEL, LLC; CCM ASSOCIATES OF     PLAINTIFFS DEMAND
CLIFTON PARK, LLC;   CP HOTEL, LLC;       TRIAL BY JURY
VEEDER HOSPITALITY MANAGEMENT, LLC;
VEEDER HOSPITALITY SERVICES, LLC,

               Defendants.
-------------------------------------------------------------------X

      Plaintiffs, complaining of the defendants by their attorneys, DE CARO &

KAPLEN, LLP., trial counsel to THE SMITH LAW CENTER allege upon information and

belief as follows:

<u>JURISDICTION AND VENUE</u>

1)     At all times hereinafter mentioned, plaintiffs, TIMOTHY W. WEISFLOG and

LYNDA WEISFLOG, were citizens and reside within the State of Virginia.

2)     At all times hereinafter mentioned, defendant CP HS HOTEL, LLC (hereinafter

"CPHS") was a limited liability corporation duly organized and existing under the laws of

New York and doing business within the State of New York.

3)     At all times hereinafter mentioned, defendant CCM ASSOCIATES OF CLIFTON

PARK, LLC (hereinafter "CCM") was a limited liability corporation duly organized and

existing under the laws of New York and doing business within the State of New York.

4)     At all times hereinafter mentioned, defendant CP HOTEL, LLC (hereinafter "CP")

was a limited liability corporation duly organized and existing under the laws of New

1

York and doing business within the State of New York.

5)      At all times hereinafter mentioned, defendant VEEDER HOSPITALITY
MANAGEMENT, LLC, (hereinafter "VEEDER MANAGEMENT") was a limited liability
corporation duly organized and existing under the laws of New York and doing business
within the State of New York.

6)      At all times hereinafter mentioned, defendant VEEDER HOSPITALITY
SERVICES, LLC, (hereinafter "VEEDER SERVICES") was a limited liability corporation
duly organized and existing under the laws of New York and doing business within the
State of New York.

7)      At all times hereinafter mentioned, DONALD GREENE, was the sole member of
defendants, CP HS HOTEL, LLC, CP HOTEL, LLC, and CCM ASSOCIATES OF
CLIFTON PARK, LLC

8)      At all times hereinafter mentioned, DONALD GREENE was and still is a citizen of
the State of New York.

9)      At all times hereinafter mentioned, AL STEVENSON was the sole member
VEEDER HOSPITALITY MANAGEMENT, LLC and VEEDER HOSPITALITY
SERVICES, LLC.

10)     At all times hereinafter mentioned, AL STEVENSON was and still is a citizen of
the State of New York.

11)     At all times hereinafter mentioned, defendant CPHS owned property and
premises and more specifically a hotel known as Homewood Suites by Hilton, including
an enclosed dumpster area, accessed by a swinging wooden gate at the exterior portion
of said premises located at 42 Clifton County Road, Clifton Park, Saratoga County, New

York.

12)    At all times hereinafter mentioned, defendant CCM owned property and premises and more specifically a hotel known as Homewood Suites by Hilton, including an enclosed dumpster area, accessed by a swinging wooden gate at the exterior portion of said premises located at 42  Clifton County Road, Clifton Park, Saratoga County, New York.

13)    At all times hereinafter mentioned, defendant CP owned property and premises and more specifically a hotel known as Homewood Suites by Hilton, including an enclosed dumpster area, accessed by a swinging wooden gate at the exterior portion of said premises located at 42 Clifton County Road, Clifton Park, Saratoga County, New York.

14)    At all times hereinafter mentioned, defendant VEEDER MANAGEMENT, owned property and premises and more specifically a hotel known as Homewood Suites by Hilton, including an enclosed dumpster area, accessed by a swinging wooden gate at the exterior portion of said premises        located at 42 Clifton County Road, Clifton Park, Saratoga County, New York.

15)    At all times hereinafter mentioned, defendant VEEDER SERVICES, owned property and premises and more specifically a hotel known as Homewood Suites by Hilton, including an enclosed dumpster area, accessed by a swinging wooden gate at the exterior portion of said premises located at 42 Clifton County Road, Clifton Park, Saratoga County, New York.

16)    At all times hereinafter mentioned, defendant CPHS operated, managed, maintained, and/or controlled premises and more specifically a hotel known as

3

Homewood Suites by Hilton, including an enclosed dumpster area, accessed by a swinging wooden gate at the exterior portion of said premises located at 42 Clifton County Road, Clifton Park, Saratoga County, New York.

17)   At all times hereinafter mentioned, defendant CCM operated, managed, maintained, and/or controlled premises and more specifically a hotel known as Homewood Suites by Hilton, including an enclosed dumpster area, accessed by a swinging wooden gate at the exterior portion of said premises located at 42 Clifton County Road, Clifton Park, Saratoga County, New York.

18)   At all times hereinafter mentioned, defendant CP operated, managed, maintained, and/or controlled premises and more specifically a hotel known as Homewood Suites by Hilton, including an enclosed dumpster area, accessed by a swinging wooden gate at the exterior portion of said premises located at 42 Clifton County Road, Clifton Park, Saratoga County, New York.

19)   At all times hereinafter mentioned, defendant VEEDER MANAGEMENT, operated, managed, maintained, and/or controlled premises and more specifically a hotel known as Homewood Suites by Hilton, including an enclosed dumpster area, accessed by a swinging wooden gate at the exterior portion of said premises located at 42 Clifton County Road, Clifton Park, Saratoga County, New York.

20)   At all times hereinafter mentioned, defendant VEEDER SERVICES, operated, managed, maintained, and/or controlled premises and more specifically a hotel known as Homewood Suites by Hilton, including an enclosed dumpster area, accessed by a swinging wooden gate at the exterior portion of said premises  located at 42 Clifton County Road, Clifton Park, Saratoga County, New York.

4

21)     The amount in controversy exceeds the sum of ONE HUNDRED THOUSAND ($100,000) Dollars, exclusive of interest and costs.

22)     This Court has jurisdiction over this matter, pursuant to 28 U.S.C. 1332, since the parties are citizens of diverse states, and the amount in controversy exceeds the sum of ONE HUNDRED THOUSAND ($100,000) DOLLARS.

23)     Venue is properly placed in the United States District Court for the Northern District of New York since the occurrence complained of took place in Saratoga County, State of New York within the Northern District of New York.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TIMOTHY W. WEISFLOG

24)     On or about June 17, 2022, and prior thereto, the wooden gate of said dumpster area contained a latch designed to hold and secure said gate in a closed position.

25)     On or about June 17, 2022, and prior thereto defendant CPHS was under a duty, responsibility, and obligation to maintain all interior and exterior areas of said premises, including all walkways, passageways and other areas including the enclosed dumpster area, accessed by a swinging wooden gate and the wooden gate's latch in a safe condition, free of hazards and defects.

26)     On or about June 17, 2022, and prior thereto defendant CMM was under a duty, responsibility, and obligation to maintain all interior and exterior areas of said premises, including all walkways, passageways and other areas including the enclosed dumpster area, accessed by a swinging wooden gate and the wooden gate's latch in a safe condition, free of hazards and defects.

27)     On or about June 17, 2022, and prior thereto defendant CP was under a duty, responsibility, and obligation to maintain all interior and exterior areas of said premises,

including all walkways, passageways and other areas including the enclosed dumpster area, accessed by a swinging wooden gate and the wooden gate's latch in a safe condition, free of hazards and defects.

28)   On or about June 17, 2022, and prior thereto defendant VEEDER MANAGEMENT was under a duty, responsibility, and obligation to maintain all interior and exterior areas of said premises, including all walkways, passageways and other areas including the enclosed dumpster area, accessed by a swinging wooden gate and the wooden gate's latch in a safe condition, free of hazards and defects.

29)   On June 17, 2022, and prior thereto defendant VEEDER SERVICES was under a duty, responsibility, and obligation to maintain all interior and exterior areas of said premises, including all walkways, passageways and other areas including the enclosed dumpster area, accessed by a swinging wooden gate and the wooden gate's latch in a safe condition, free of hazards and defects.

30)   On or about June 17, 2022, plaintiff, TIMOTHY W. WEISFLOG was a guest at said hotel known as Homewood Suites by Hilton at the aforesaid location.

31)   On June 17, 2022, plaintiff TIMOTHY W. WEISFLOG was lawfully frequenting the exterior area of said premises and walking and/or ambulating adjacent to the enclosed dumpster area and its wooden gate.

32)   On June 17, 2022, and prior thereto, defendants, their agents, servants, and/or employees knew and/or should have known that hotel guests would walk and/or ambulate on the walkways, passageways and other areas including the enclosed dumpster area, accessed by a swinging wooden gate.

6

33)    At all times hereinafter mentioned, it was the duty of the defendants, their agents, servants and employees to keep said outside areas including all walkways, passageways and other areas including the enclosed dumpster area, wooden gate, and the gate latch of the wooden gate in a reasonably safe condition, in proper repair, free from defects, in a condition to be and remain secured when closed and in compliance with all codes, rules, regulations, statutes and/or ordinances.

34)    On or about June 17, 2022, and for a considerable period of time prior thereto, the exterior of said premises and more specifically the wooden gate and gate latch adjacent to the enclosed dumpster area were in a defective, hazardous, dangerous, unsafe condition and in a state of disrepair, thereby creating a menace, danger, hazard and nuisance to life and limb as well as a trap to hotel guests standing and/or walking adjacent to dumpster area and its wooden gate and more particularly the plaintiff, TIMOTHY W. WEISFLOG.

35)    On June 17, 2022, while plaintiff TIMOTHY W. WEISFLOG  was lawfully at the aforesaid premises standing and/or walking in the exterior of said premises and more specifically, in the area adjacent to the enclosed dumpster area and its wooden gate, due to the unsafe condition, and/or failure to operate, maintain, manage, control, and/or repair said wooden gate and its gate latch, said wooden gate violently and without warning suddenly swung open striking plaintiff and thereby causing him severe and permanent personal injuries.

36)    Defendants, their agents, servants, and/or employees knew and/or should have known that hotel guests would walk and or stand in the area where plaintiff was standing and or walking prior to said occurrence taking place.

7

37)     Defendants, their agents, servants, and/or employees knew and/or should have known of the dangerous, hazardous, and unsafe condition of the dumpster's wooden gate and gate latch. That these dangerous, hazardous, and unsafe conditions existed for a sufficient length of time to be discovered and/or remedied by these defendants, their agents, servants, and/or employees.

38)     The foregoing was caused without any fault or negligence on the part of the plaintiff contributing thereto.

39)     The negligence of the defendants, their servants, agents, employees, consisted of recklessly and carelessly owning and/or operating, and/or managing, and/or controlling and/or repairing said dumpster area and its wooden gate and/or door latch; in failing to provide a safe place for plaintiff to stand or walk; in allowing and permitting said wooden gate and/or gate latch to be in a state of disrepair; that said wooden gate lack sufficient equipment and/or controls; that the wooden gate and gate latch were improperly maintained; in failing to properly inspect the wooden gate and/or door latch and remedy its dangerous and unsafe condition;  in failing to have an adequate and proper wooden gate, gate latch and/or other device to allow said wooden gate to be closed securely and not swing open; in failing to properly secure said wooden gate and gate latch;  in failing to block access to this area to members of the public; in failing to place warning about the dangers posed by this dangerous condition; in failing to warn of the freely swinging gate at this location; in exposing plaintiff to unnecessary risks and/or peril; in allowing and permitting the aforesaid wooden gate and gate latch, walkways and passageways to be and become dangerous, defective, unsafe and in a state of disrepair thereby creating a trap, menace, hazard to life and limb and a nuisance, in

8

allowing and permitting said wooden gate to be a hazard capable of striking and causing injury to any individual standing and/or walking in close proximity thereto; in failing to take steps to prevent the occurrence herein mentioned from happening; in failing to take steps to prevent the wooden gate from swinging open and not capable of being properly closed, locked, or secured; in failing to have proper and/or sufficient latches  and/or other safety devices at the aforesaid wooden gate to prevent it from swinging open and striking persons adjacent thereto; in failing to take those steps which were necessary and proper so as to keep the aforesaid area in a safe condition; in failing to post signs and/or warnings of said dangerous condition; in failing to inspect said area and remedy the condition thereat;  in failing to place guards about the defective area to prevent the public from walking and/or standing adjacent thereto; in failing to exercise due and reasonable care in and about the premises; in failing to have sufficient and efficient personnel; in failing to comply with the laws, rules, codes, statutes, ordinances and regulations in such cases made and provided; in failing to take steps to prevent the type of occurrence herein complained of defendant, its agents, servants, and/or employees were otherwise careless and negligent in and about the premises.

40)    By reason of the foregoing, plaintiff TIMOTHY W. WEISFLOG sustained severe and grievous permanent personal injuries; was rendered sick, sore, lame and disabled, sustained neurological injuries including, a subdural hematoma, concussion, brain damage and orthopedic injury to his leg, foot and neck, suffered and continues to suffer mental anguish, anxiety and depression; required surgery, and was confined to hospital, bed and home for a lengthy period of time and may, in the future be so confined; was

and still is and may in the future be incapacitated from attending to his usual duties and vocation, suffered and continues to suffer financial loss, has and may in the future be required to expend funds for his medical care, treatment, and rehabilitation, suffered and continues to suffer from loss of enjoyment to life and this plaintiff was otherwise damaged.

41)     By reason of the foregoing, plaintiff, TIMOTHY W. WEISFLOG is entitled to recover from the Defendants for all the damages which he has suffered and will continue to suffer.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF LYNDA WEISFLOG

42)     Plaintiff, LYNDA WEISFLOG repeats, realleges and reiterates each and every allegation contained in paragraphs numbered "1" through "41" inclusive, with the same force and effect if more fully and at length set forth below.

43)     That at all times heretofore mentioned, LYNDA WEISFLOG was and still is the lawful wife of plaintiff, TIMOTHY W. WEISFLOG.

44)     That as the lawful wife of plaintiff, TIMOTHY W. WEISFLOG, this plaintiff was and is entitled to the love, society, companionship, consortium, and support of her husband.

45)     That as a result of the aforesaid incident, this plaintiff has been deprived and will in the future be deprived of the love, society, companionship, consortium and support of her husband and this plaintiff was otherwise damaged.

46)     That by reason of the foregoing, plaintiff, LYNDA WEISFLOG is entitled to recover from the defendants for all of the damages which she has suffered and will continue to suffer.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally herein in an amount to be determined during the trial of this action, together with interest and the costs and disbursements.

Dated: May 23, 2024
      New York, New York                  Yours etc.,

                                         Michael V. Kaplen, Esq.
DE CARO & KAPLEN, LLP
228 East 45th Street, Suite 1100
New York, NY 10017
(212) 732 2262
michael@brainlaw.com

Local counsel to:
The Brain Injury Law Center
Stephen M. Smith, Esq.
The Brain Injury Law Center
27 West Queensway
Hampton, VA 23669
(757) 244 7000