**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**: <br><br> **Kris Daniel Roglieri,** <br><br> **Debtor.** | **Chapter 7** <br><br> **Case No. 24-10157 (REL)** |

**SECOND MOTION TO EXTEND TIME TO OBJECT TO**
**DISCHARGE/DISCHARGEABILITY PURSUANT TO FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE 4004(b) AND 4007(c)**

Creditors and parties in interest B and R Acquisition Partners, LLC ("B&R"), and JHM Lending Ventures, LLC ("JHM" and together with B&R, the "B&R Parties"), by and through its undesigned counsel, hereby moves for an Order pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") 4004(b) and 4007(c) extending the time for the B&R Parties to file an objection to the discharge of the Debtor pursuant to 11 U.S.C. §727(c)(1) and/or the dischargeability of a debt pursuant to 11 U.S.C. §523(c) (the "Motion"). In support of the Motion, the B&R Parties respectfully submits as follows:

**JURISDICTION AND VENUE**

1.    The Debtor filed this voluntary Chapter 11, Sub V bankruptcy petition on February 15, 2024.

2.    The Court converted this case to a voluntary Chapter 7 on May 15, 2024.

3.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §1334. The within requested relief constitutes a core proceeding pursuant to 28 U.S.C. §157(b).

4.    Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

**FACTS**

5. The Debtor is the sole member of Prime Capital Ventures, LLC ("Prime"), among other entities.

6. In connection with a loan transaction to be extended to B&R by Prime, B&R and Prime entered into that certain Business Expansion Line of Credit Agreement dated November 14, 2022 (the "BELOC"), wherein Prime agreed to extend a line of credit to B&R in the maximum amount of $22,575,000.00 (the "Loan") within ninety (90) international banking business days from the date upon which the B&R Parties delivered the interest credit account deposit (the "ICA Deposit") in the amount of $4,300,000.00.

7. Based on the fraudulent inducement of Debtor and Prime, the B&R Parties delivered the ICA Deposit to Prime on November 31, 2022.

8. Prime defaulted on its obligations under the BELOC by failing to fund the Loan. As a result of such default and the fraudulent misrepresentations of Debtor, the B&R Parties incurred damages in the estimated amount of $1,500,000.00 in addition to the ICA Deposit.

9. The B&R Parties terminated the BELOC on June 16, 2024. Prime failed to return the ICA Deposit in accordance with the terms of BELOC, and in fact, such ICA Deposit has not been returned as of the date hereof. In its attempt to recover the ICA Deposit, Debtor, individually, and Prime made numerous false, misleading and fraudulent statements. Upon information and belief, Prime and Debtor have converted the ICA Deposit to each or both of their own benefit.

10. As required by the BELOC, the B&R Parties initiated an arbitration proceeding on August 21, 2023 with JAMS (the "Arbitration") against Debtor and Prime for the return of the ICA Deposit and the damages related to breach of contract, fraud and conversion.

11. On November 20, 2023, the B&R Parties filed a Motion for Summary Disposition in accordance with Rule 18 of JAMS Comprehensive Arbitration seeking an order and award based on the undisputed fact that Prime was required to return the $4,300,000.00 ICA Deposit to the B&R Parties and had previously admitted the same in its pleadings filed in the Arbitration.

12. On January 15, 2024, after briefing and an evidentiary hearing, the Arbitrator granted the B&R Parties' Motion for Summary Disposition and awarded the B&R Parties $4,300,000.00 in monetary damages (the "Award"). The additional claims for damages against Debtor and Prime remain pending in the Arbitration.

13. On January 18, 2024, the B&R Parties applied for an order pursuant to Article 75 of the Civil Practice Law and Rules to confirm the Award, filed as *In the Matter of the Application of B and R Acquisition Partners, LLC and JHM Lending Ventures, LLC v. Prime Capital Ventures, LLC*, Index No. 900844-24, Supreme Court, State of New York, Third Judicial District, Albany County (the "Confirmation Proceeding"), with said Award being confirmed, as evidenced by that certain Judgment dated February 8, 2024 in the Confirmation Proceeding (the "Judgment").

14. As part of enforcing the Judgment, the B&R Parties, among other things, domesticated the Judgment in the Circuit Court of Virginia Beach, Virginia, pursuant to Virginia Code 8.01-465.3, against Prime, notice of which was filed of record in the City of Virginia Beach, Virginia Judgment Lien Docket as Instrument No. 202404002909 on February 28, 2024 (the "Judgment Lien").

15. On May 14, 2024, the permanent receiver over Prime (the "Receiver"), who was appointed by the U.S. District Court for the Northern District of New York in *Compass-Charlotte 1031, LLC v Prime Capital Ventures, LLC, et. al*, Case No. 24-00055 (MAD) (the "Receiver

3

Action"), filed a petition for Chapter 11 bankruptcy for Prime in this Court. *See*, *In re Prime Capital Ventures, LLC*, Case No. 24-10531 (REL) (the "First Voluntary Prime Bankruptcy").

16. On May 15, 2024, this case was converted from a Chapter 11, Subchapter V to a Chapter 7, and a Chapter 7 Trustee was appointed.

17. The First Voluntary Prime Bankruptcy was subsequently dismissed by the Memorandum Decision and Order of this Court (Prime Bankruptcy, Dkt. 85) on July 23, 2024. A stay pending appeal was denied *sua sponte* by this Court. An appeal was filed in the U.S. District Court in relation to this Court's Memorandum Decision and Order. *See Paul A. Levine, et. al v. B and R Acquisition Partners, LLC and JHM Lending Ventures, LLC*, Case No. 24-00939 (MAD) (the "Prime Appeal").

18. On August 14, 2024, each of the B&R Parties filed a proof of claim in this case.

*See* Claims Register, 26-1 and 27-1.

19. On August 15, 2024, the District Court in the Prime Appeal denied appellants' motion for stay pending appeal. *See* Prime Appeal, ECF # 21.

20. On August 19, 2024, the B&R Parties filed its Motion to Extend Time to Object Discharge/Dischargeability (Dkt. # 250) seeking extension of the deadline for the B&R Parties until October 18, 2024 (the "First Motion").

21. On September 16, 2024, Christian Dribusch, serving as Chapter 7 Trustee over the Estate of Kris Daniel Roglieri in this case, filed a petition for Chapter 11 Bankruptcy for Prime in this Court. *See*, *In re Prime Capital Ventures, LLC*, Case No. 24-11029 (REL) (the "Second Voluntary Prime Bankruptcy", and, together with the First Voluntary Prime Bankruptcy, the "Prime Bankruptcies").

4

22. On October 9, 2024, at the hearing on the First Motion, this Court granted the relief sought therein, extending the deadline for the B&R Parties to object to discharge/dischargeability until October 18, 2024 (Dkt. # 275).

**REQUESTED RELIEF**

1. The deadline for filing an objection to discharge/dischargeability is presently October 18, 2024. In this Motion, the B&R Parties seek an extension of the objection deadlines for an additional 60 days from the existing deadline until December 18, 2024.

2. FRBP 4004(b)(1) provides "[o]n a motion of any party in interest, after notice and a hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired."

3. FRBP 4007(c) provides that "[e]xcept as provided in subdivision (d) a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)...On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."

4. "Cause" for an extension is not defined in the Bankruptcy Code or FRBP. *In re Morris*, 2010 Bankr LEXIS 1875, at *5 (Bankr N.D.N.Y. 2010, No. 10-60113).

5. The B&R Parties seek the requested 60-day extension based upon the shortened period of time between the granting of the First Motion and the current deadline, in addition to the basis for the extension set forth in the First Motion which included the complexity of this case, the Prime Bankruptcies and the related matters, as well as the uncertainty surrounding the Prime Bankruptcies and the Prime Appeal. In light of the pending status of the Prime Appeal and the District Court's recent denial of the appellants' motion for stay pending

appeal, it is not clear if the Prime Appeal will move forward, or, if appellants therein will seek an appeal of the denial of the stay pending appeal.

6. The B&R Parties' Arbitration against Debtor and Prime remains pending as to the damages related breach of contract, fraud and conversion. The B&R Parties' facts and claims underlying the Arbitration are identical to the facts and claims that would be included in any objection to discharge and/or dischargeability against Debtor. Courts have routinely granted extensions of time to file an objection to discharge and/or dischargeability when findings in ancillary matters could substantially reduce issues to be resolved by the bankruptcy court. *See*, *In re Weinstein*, 234 B.R. 862 (Bankr. E.D.N.Y. 1999); *see also*, *In re Knobel*, 54 B.R. 458 (Bankr. D. Colo. 1985).

7. Debtor is currently incarcerated and without counsel in this case, making discovery any further FRBP 2004 examination extremely difficult. Courts have held that the inability to conduct proper discovery prior to the running of a deadline to object to discharge and/or dischargeability routinely supports extensions of time to object thereto. *See*, *In re McCormack* 244 B.R. 203 (Bankr. D. Conn. 2000); *See also*, *In re Schultz*, 134 B.R. 604 (Bankr. E.D. Mich. 1991).

8. Neither Debtor, nor any other party in interest, would be prejudiced by the granting of the requested extension. Given the complexity of this case, the hearing and/or resolution of any objections to discharge and/or dischargeability is not imminent. Furthermore, give the connection of this case, the Prime Bankruptcies, the Prime Appeal, the Receiver Action and other related matters, Debtor, and any other party in interest, has had sufficient notice of the likelihood that B&R Parties will object to discharge and/or dischargeability and the timing of such objection will not create prejudice on its own.

9. As a result of the foregoing, there exist facts and circumstances underlying this case, the Prime Bankruptcies, the Prime Appeal and the criminal prosecution of Debtor that may alleviate the necessity, or at least the complexity, of any potential objection to discharge and/or dischargeability. The B&R Parties respectfully submit that there is cause for the requested extension of the objection deadlines in light of the complexity of the circumstances surrounding this case and the Prime Bankruptcies and the existing uncertainty as to the Prime Bankruptcies and the Prime Appeal.

**WHEREFORE,** the B&R Parties respectfully request that this Court enter an Order pursuant to FRBP 4004(b) and 4007(c) extending the time for the B&R Parties to file an objection to the Debtor's discharge pursuant to 11 U.S.C. §727(c)(1) and/or the dischargeability of a debt pursuant to 11 U.S.C. §523(c) for additional 60-day period, from the present deadline of October 18, 2024 to December 18, 2024, together with such other and further relief as to this Court may seem just and proper.

**Dated: October 18, 2024**  **BRADLEY ARANT BOULT CUMMINGS LLP**
**Jackson, Mississippi**

By: */s/ M. Patrick Everman*

M. Patrick Everman (MS Bar No. 104870)
Bradley Arant Boult Cummings LLP
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
Telephone: (601) 592-9948
peverman@bradley.com

*Attorney for Creditors B and R Acquisition Partners, LLC and JHM Lending Ventures, LLC*

7

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re***:*<br><br>**Kris Daniel Roglieri,**<br><br>　　　　　　　　　　**Debtor.** | **Chapter 7**<br><br>**Case No. 24-10157 (REL)** |

**ORDER GRANTING SECOND MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE/DISCHARGEABILITY PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 4004(b) AND 4007(c)**

Upon the Motion of B and R Acquisition Partners, LLC ("B&R") and JHM Lending Ventures, LLC ("JHM" and together with B&R, the "B&R Parties") for an Order pursuant to Federal Rules of Bankruptcy Procedure 4004(b) and 4007(c) extending the time for the B&R Parties to file an objection to the discharge of the Debtor pursuant to 11 U.S.C. §727(c)(1) and/or the dischargeability of a debt pursuant to 11 U.S.C. §523(c) (the "Motion"), and

**UPON** the Court's consideration of the papers submitted in support of the motion, and

**UPON** the hearing scheduled for November 13, 2024 and no opposition to the relief having been filed or any such opposition having been overruled, it is hereby

**ORDERED,** that the B&R Parties' Motion is GRANTED; and it is further

**ORDERED,** that the deadline for the B&R Parties to object to the Debtor's discharge or to the dischargeability of a particular debt is hereby extended to December 18, 2024.