So Ordered.

Signed this 24 day of October, 2024.



_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:

KRIS DANIEL ROGLIERI,

                *Debtor*.

Chapter 7

Case No.  24-10157

---------------------------------------------------------------X

## ORDER DENYING MOTION FOR ABANDONMENT/TURNOVER

    WHEREAS Kris Daniel Roglieri ("*Debtor*") filed a letter motion[1] which was made on shorten notice and returnable before the Bankruptcy Court on October 16, 2024 requesting that the Bankruptcy Court direct Christian H. Dribusch ("*Chapter 7 Trustee*") to turnover/abandon the bankruptcy estate's interest in certain proceeds from the Debtor's pre-petition sale of a vehicle which funds were subsequently deposited as a retainer for representation in the Debtor's criminal proceeding and which funds are now being held by the Chapter 7 Trustee together with the

---

[1] Due to the Debtor's incarcerated and *pro se* status, the Court determined that the letter should be treated as a motion. *See, e.g. United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020) (permitting a *pro se* litigant's letter to be construed as a motion); *see also In re Edwards*, 548 B.R. 407, 408 (Bankr. S.D.N.Y. 2016), *Reddy v. Melnik (In re Melnik)*, 592 B.R. 9, 20 (Bankr. N.D.N.Y. 2018).

turnover/abandonment of the Debtor's personal computer being held by the Chapter 7 Trustee (the "*Motion*"). (ECF No. 269).

WHEREAS the Chapter 7 Trustee, the Office of the United States Trustee, and the State of New York Attorney General's Office appeared and orally objected to the Motion. (ECF No. 276).

WHEREAS the Chapter 7 Trustee, the United States Trustee, and the Attorney General's Office for the State of New York argued that the proceeds and computer are property of the Debtor bankruptcy estate for which the Debtor has not articulated a basis to either claim an exemption or that such property is either burdensome to administer or of inconsequential value to the Debtor bankruptcy estate.

WHEREAS the Debtor argued that the proceeds were from the sale of a vehicle that were not tainted through the Debtor's Prime Capital Ventures, LLC enterprise proceeding, and that the computer may be necessary to the Debtor's defense.

WHEREAS the Debtor noted that he needed the documents and information on the personal computer "for evidence in [his] [criminal] case" and the Chapter 7 Trustee noted the personal computer may have information needed "to avoid certain actions and bring property back into the bankruptcy estate." (ECF No. 276).

WHEREAS the Court indicated "there is a creative solution . . . regarding the computer" and suggested the parties strive to reach an agreement. (ECF No. 276).

NOW, THEREFORE, upon consideration of the pleadings and argument, over the opposition of the Debtor, for the reasons set forth in the record, it is hereby

**ORDERED**, that the Motion is denied without prejudice.

# # #