Christian H. Dribusch                          Date:        November 27, 2024
The Dribusch Law Firm                          Time:        9:15 a.m.
187 Wolf Road
Albany, New York 12205


UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                         Chapter 7

KRIS DANIEL ROGLIERI                           Case No. 24-10157

                        *Debtor.*

-------------------------------------------------------------X

## MOTION PURSUANT TO BANKRUPTCY RULE 9019(a)
## FOR ORDER APPROVING SETTLEMENT AGREEMENT

      Christian H. Dribusch, as the chapter 7 trustee (the "*Trustee*") for the bankruptcy estate of

Kris Daniel Roglieri (the "*Debtor*"), moves this Court, pursuant to Rule 9019(a) of the Federal

Rules of Bankruptcy Procedure, for an order approving settlement between the Trustee and

Automotive Intellect Design, Inc. ("*AIDI*").

      In support of his motion to approve the settlement (the "*Motion*"), the Trustee respectfully

sets forth as follows:

### JURISDICTION

      1.     This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).  This

Court has jurisdiction over the parties and subject matter of this Motion pursuant to 28 U.S.C.

§ 157 and § 1334.

### BACKGROUND

      2.     On February 15, 2024 (the "*Petition Date*"), the Debtor filed a voluntary petition

for relief under chapter 11 of title 11 of the United States Code, §§ 101, *et seq.*, as amended (the

"Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of New York (the "*Bankruptcy Court*").   The case was converted to Chapter 7 on May 15, 2024, and the Trustee was appointed to the case.

3.     The Trustee requests AIDI turnover a 2018 Ferrari F488 GTB for case administration.  The parties have engaged in discussions on the turnover and the Trustee has entered a proposed settlement wherein AIDI turns over the Ferrari and the Trustee remits payment for storage and other costs.   Attached as <u>Exhibit A</u> is a copy of the proposed stipulation and agreed order allowing the administrative expense claim of AIDA and authorizing the Trustee to pay the administrative expense claim.

## DISCUSSION

4.     The Trustee submits that there are adequate and substantial reasons for the Court to approve the settlement.

5.     The Trustee's decision was based on several factors including the risks and rewards of litigation on turnover, the possibility of delay, increased costs and difficulty in collection even if the Trustee prevails, the interest of the creditors, the competency of counsel that support the settlement, and the extent to which the settlement reflects an arms-length bargain. *See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC),* 478 F.3d 452, 462 (2d Cir. 2007)

6.     The settlement was achieved through arm's-length. Each of the parties was represented by counsel throughout this process.

7.     In the instant case, the Trustee believes, based upon the totality of circumstances and considering the recovery and the expense involved if the Trustee were to continue with litigation, that the settlement is in the best interest of the estate and falls within the range of reasonableness and within the range of likely outcomes if litigation were pursued.

8.      Based upon the foregoing, the Trustee submits that the settlement is in the best interest of the Debtor's chapter 7 estate and recommends the settlement to the Court.

**WHEREFORE**, the Trustee submits that proposed stipulation and agreed order allowing the administrative expense claim of AIDA and authorizing the Trustee to pay the administrative expense claim meets the parameters for approval, and respectfully requests the Court issue an Order approving the proposed stipulation and agreed order allowing the administrative expense claim of AIDA and authorizing the Trustee to pay the administrative expense claim in its entirety, and granting such other and further relief as the Court deems just and proper.

Dated:  October 29, 2024
        Albany, New York                    Respectfully submitted,


                                            By: */s / Christian H. Dribusch*
                                            Christian H. Dribusch, Esq.
                                            cdribusch@chd-law.com

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

KRIS DANIEL ROGLIERI,                                   Chapter 7

                                                        Case No. 24-10157 (REL)

                              Debtor.

### STIPULATION AND AGREED ORDER ALLOWING THE ADMINISTRATIVE EXPENSE CLAIM OF AUTOMOTIVE INTELLECT DESIGN INC., AND AUTHORIZING THE TRUSTEE TO PAY THE CLAIM

**WHEREAS**, on February 15, 2024 (the "Petition Date"), Kris Daniel Roglieri, the above-captioned debtor (the "Debtor"), filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, on May 15, 2024, this Court entered an order converting the Debtor's case from chapter 11 to chapter 7 [Dkt. No. 159], and the United States Trustee appointed Christian H. Dribusch as interim chapter 7 trustee (the "Trustee"); and

**WHEREAS**, the Trustee has since qualified and is currently serving as permanent chapter 7 trustee by virtue of section 702(d) of the Bankruptcy Code; and

**WHEREAS**, after the Petition Date, the Debtor brought his 2018 Ferrari F488 GTB "N-Largo" (Vehicle Identification Number ZFF79ALA4H0228191) pictured below to Automotive Intellect Design Inc. ("AI Design") for significant custom repairs and restoration:



(the "Ferrari"); and

**WHEREAS**, following his appointment, the Trustee has discussed with AI Design the prospects of it completing the repairs to the Ferrari and selling the Ferrari as the Trustee's agent; and

**WHEREAS**, AI Design has incurred actual costs and expenses in connection with its inspection, storage, insurance, maintenance, and repair (to permit proper transportation of the Ferrari) of the Ferrari in the amounts of $9,331.09 and $4,291.65 (together referred to as the "AI

Claim"). Copies of the supporting invoices are attached hereto. Storage charges are computed through October 24, 2024. There is a $35.00 per day storage fee which is subject to sales tax in the amount of $2.94 per day for a total per diem charge of $37.94. The per diem charge will continue until such time as the Ferrari is released from AI Design into the control of the Estate; and

**WHEREAS**, the Trustee determined that it was in the best interest of the estate to (i) allow and pay the AI Claim as an administrative claim, and (ii) sell the Ferrari through his agent, Saratoga Auto Museum (the "Broker"), retained by the Trustee pursuant to that certain order of this Court, dated August 7, 2024 [Dkt. No. 241], pursuant to the terms set forth below.

## STIPULATION

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Trustee and AI Design (collectively, the "Parties") hereby stipulate and agree as follows:

1. Incorporation of Recitals. The foregoing recitals are hereby incorporated herein by reference and are expressly acknowledged and agreed to by the Parties.

2. Bankruptcy Court Approval Required. This Stipulation is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of this Stipulation "So Ordered" by the Bankruptcy Court (an "Approval Order"). The Trustee will seek the entry of the Approval Order by filing a motion or by other appropriate means within three (3) business days of all Parties executing this Stipulation.

3. Allowance of Claim. The AI Claim is hereby allowed as a priority, administrative claim in the case pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code. The Trustee is authorized and directed to pay the AI Claim by check drawn on the

3

estate's bank account made payable to "Automotive Intellect Design Inc." and sent to AI Design's undersigned counsel within three (3) business days of entry of the Approval Order.

4.    <u>Release of Ferrari</u>.  Upon payment of the AI Claim or sooner if authorized by AI Design, the Trustee shall retrieve and remove the Ferrari from AI Design's premises exclusively at the expense of the estate.  The Parties shall work together cooperatively to accommodate and schedule such retrieval at a mutually convenient day and time within normal working hours but in no event later than ten (10) business days after the Trustee's payment of the AI Claim.

5.    <u>Extension of Time to Assert Liens</u>.  AI Design asserts that the AI Claim is secured against the Ferrari pursuant to New York Lien Law, New York Uniform Commercial Code, or other laws of the State of New York (a "<u>Lien</u>").  Trustee reserves the right to dispute AI Design's entitlement to a Lien.  Regardless, AI Design's time to take any action to file, preserve, or otherwise enforce its alleged Lien is extended to ten (10) business days following the entry of any order of the Court declining to enter an Approval Order.  This provision of the Stipulation shall be valid and enforceable regardless of whether an Approval Order is entered.  In the event that AI Design asserts a Lien, the Trustee reserves any and all right to object to the allowance of such Lien.

6.    <u>Execution of Documents</u>.  The Parties shall execute such documents as may be reasonably requested or necessary to effectuate the provisions of the Stipulation.

7.    <u>Release</u>.  Upon payment of the AI Claim, AI Design shall release the Trustee and Debtor's estate from any right, claim, or cause of action.

8.    <u>Execution in Counterparts</u>. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Any signature delivered by a Party via electronic transmission

4

shall be deemed an original signature hereto.

9. <u>Bankruptcy Court Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.

10. <u>No Waiver</u>. No failure or delay by any Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

11. <u>Costs</u>. Each Party to this Stipulation shall bear its own attorneys' fees and costs.

Dated   Albany, New York
        October 29, 2024

**CHRISTIAN H. DRIBUSCH,
CHAPTER 7 TRUSTEE**

By: _____

Christian H. Dribusch, as Chapter 7
Trustee of the Estate of Kris Daniel
  Roglieri
c/o The Dribusch Law Firm
187 Wolf Road, Suite 300-020
Albany, New York 12205
Tel: (518) 227-0026
Email: cdribusch@chd-law.com

Dated:   White Plains, New York
         October 24, 2024

**AUERBACH LAW GROUP, P.C.**

By: _____

Lee David Auerbach
81 Main Street, Suite 307
White Plains, New York 10601
Tel: (914) 686-7171
Email: auerbach@auerbachlaw.com

5



**Ai Design, Inc**
64 Marbledale Road
Tuckahoe, NY  10707
914-779-9000
sales@aidesign.com
www.aidesign.com

**BILL TO**
Kris Roglieri
40 North Rd
Queensbury, NY  12804

## INVOICE 31236

DATE 10/15/2024

DUE DATE 11/01/2024

| VIN # | MILEAGE OUT | VEHICLE INFORMATION |
|---|---|---|
| ZFF79ALA4H0228191 | 14266 | Ferrari F488 N-Largo |

| QTY | PART # | RATE | AMOUNT |
|---|---|---|---|
| 246 | **STORAGE.3** | 35.00 | 8,610.00T |
|  | STORAGE: Per Day | | |
|  | - Vehicle storage, from February 21, 2024 to October 25, 2024 (Outdoors storage rate). | | |

Contact Ai Design, Inc to pay.
Storage will accrue at our standard Outdoor rate of $35 per day until the vehicle is removed from our control.

| | |
|---|---|
| SUBTOTAL | 8,610.00 |
| TAX | 721.09 |
| TOTAL | 9,331.09 |
| **TOTAL DUE** | **$9,331.09** |

**Ai Design, inc**
64 Marbledale Road
Tuckahoe, NY  10707
914-779-9000
sales@aidesign.com
www.aidesign.com



**BILL TO**
Kris Roglieri
40 North Rd
Queensbury, NY  12804

## INVOICE 31245

DATE 10/15/2024

DUE DATE 11/01/2024

**VIN #**
ZFF79ALA4H0228191

**VEHICLE INFORMATION**
2018 Ferrari F488 N-Largo

| QTY | PART # | RATE | AMOUNT |
|---|---|---|---|
| 8 | **LABOR-F** <br> Labor: Master-level fabrication, hand assembly, electronic tuning, sophisticated wood/plastic/composite & expert metal work, vehicle disassembly/re-assembly, 12 Volt Electrical Work, FOR: <br> - Uncork vehicle from Monthly storage in anticipation of Transport off-site. <br> - Remove battery tender. <br> - Reconnect battery and test. <br> - Check/top-off fluid levels. <br> - Check/clear DTC codes. <br> - Run vehicle. <br> - Re-check fluid levels. <br> - Check/adjust tire pressures. Short test-drive to re-establish TPMS connectivity. <br> - Remove "Team Loansharks" livery/stickers, etc. <br><br> - Notes: <br> - Novitec Rosso nose-lift system is currently not operating as-designed (raises, but does not stay in position). Recommend further diagnosis or replacement of Novitec module. <br> - Tires are likely flat-spotted from prolonged storage, despite careful care to rotate them in-place over time. May need replacement. If so, car will require road-force balancing. <br> - Windscreen is cracked: requires replacement. <br> - OEM Amplifier or Radio are inop (unclear which), audio system is non-functional. <br> - Due to extended storage: we recommend a brakefluid flush, re-bedding of brake pads, and an oil service, as minimum conditions prior to Sale. | 315.00 | 2,520.00T |
| 6 | **LABOR-A** <br> General Labor: Vehicle Disassembly/Re-Assembly, Mechanical Work, 12 Volt Electrical Work, General Installation Work, Testing, Diagnostics, Troubleshooting, Road Testing, Project Management, and Other FOR: <br> - Low-spec (basic only) cleaning of paintwork, carbon-fiber, wheels, tires, interior, and glass. | 240.00 | 1,440.00T |

Contact Ai Design, Inc to pay.
Thank you for your business!

| | |
|---|---|
| SUBTOTAL | 3,960.00 |
| TAX | 331.65 |
| TOTAL | 4,291.65 |

| TOTAL DUE | $4,291.65 |