| | |
|---|---|
| Christian H. Dribusch | Date: November 27, 2024 |
| THE DRIBUSCH LAW FIRM | Time: 9:15 a.m. |
| 187 Wolf Road | |
| Albany, New York 12061 | |
| (518) 227-0026 | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

KRIS DANIEL ROGLIERI

                    *Debtor*.

-------------------------------------------------------------X

Chapter 7

Case No. 24-10157

## MOTION PURSUANT TO BANKRUPTCY RULE 9019(a) FOR ORDER APPROVING SETTLEMENT AGREEMENT

Christian H. Dribusch, as the chapter 7 trustee (the "*Trustee*") for the bankruptcy estate of Kris Daniel Roglieri (the "*Debtor*"), moves this Court, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, for an order approving settlement between the Trustee and Cadillac Parts and Restoration ("*CPR*").

In support of his motion to approve the settlement (the "*Motion*"), the Trustee respectfully sets forth as follows:

### JURISDICTION

1.    This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Court has jurisdiction over the parties and subject matter of this Motion pursuant to 28 U.S.C. § 157 and § 1334.

### BACKGROUND

2.    On February 15, 2024 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, §§ 101, *et seq.*, as amended (the

"*Bankruptcy Code*") with the United States Bankruptcy Court for the Northern District of New York (the "*Bankruptcy Court*").  The case was converted to Chapter 7 on May 15, 2024, and the Trustee was appointed to the case.

3. The Trustee requests CPR turnover a 1959 Cadillac for case administration.  The parties have engaged in discussions on the turnover and the Trustee has entered into a proposed settlement wherein CPR turns over the Cadilac and the Trustee remits payment for storage and other costs.  Attached as <u>Exhibit A</u> is a copy of the proposed stipulation and agreed order allowing the administrative expense claim of CPR and authorizing the Trustee to pay the administrative expense claim.

**DISCUSSION**

4. The Trustee submits that there are adequate and substantial reasons for the Court to approve the settlement.

5. The Trustee's decision was based on several factors including the risks and rewards of litigation on turnover, the possibility of delay, increased costs and difficulty in collection even if the Trustee prevails, the interest of the creditors, the competency of counsel that support the settlement, and the extent to which the settlement reflects an arms-length bargain. *See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC),* 478 F.3d 452, 462 (2d Cir. 2007)

6. The settlement was achieved through arm's-length.

7. In the instant case, the Trustee believes, based upon the totality of circumstances and considering the recovery and the expense involved if the Trustee were to continue with litigation, that the settlement is in the best interest of the estate and falls within the range of reasonableness and within the range of likely outcomes if litigation were pursued.

8.  Based upon the foregoing, the Trustee submits that the settlement is in the best interest of the Debtor's chapter 7 estate and recommends the settlement to the Court.

**WHEREFORE**, the Trustee submits that proposed stipulation and agreed order allowing the administrative expense claim of CPR and authorizing the Trustee to pay the administrative expense claim meets the parameters for approval, and respectfully requests the Court issue an Order approving the proposed stipulation and agreed order allowing the administrative expense claim of CPR and authorizing the Trustee to pay the administrative expense claim in its entirety, and granting such other and further relief as the Court deems just and proper.

Dated:  November 13, 2024
        Albany, New York         Respectfully submitted,

By: _/s / Christian H. Dribusch_
Christian H. Dribusch, Esq.
cdribusch@chd-law.com

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

In re:

KRIS DANIEL ROGLIERI,             Chapter 7

           Case No. 24-10157 (REL)

           Debtor.

---

**STIPULATION AND AGREED ORDER ALLOWING THE
ADMINISTRATIVE EXPENSE CLAIM OF CADILLAC PARTS &
RESTORATION AND AUTHORIZING THE TRUSTEE TO PAY
THE CLAIM**

      **WHEREAS**, on February 15, 2024 (the "Petition Date"), Kris Daniel Roglieri, the above-captioned debtor (the "Debtor"), filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

      **WHEREAS**, on May 15, 2024, this Court entered an order converting the Debtor's case from chapter 11 to chapter 7 [Dkt. No. 159], and the United States Trustee appointed Christian H. Dribusch as interim chapter 7 trustee (the "Trustee"); and

**WHEREAS**, the Trustee has since qualified and is currently serving as permanent chapter 7 trustee by virtue of section 702(d) of the Bankruptcy Code; and

**WHEREAS**, the Debtor brought the 1959 Cadillac pictured below to Cadillac Parts & Restoration ("CPR") for significant custom repairs and restoration:



(the "Cadillac"); and

**WHEREAS**, following his appointment, the Trustee has discussed with CPR the prospects of it completing the repairs to the Cadillac; and

**WHEREAS**, CPR has incurred actual costs and expenses in connection with its inspection, storage, insurance, maintenance, and repair of the Cadillac in the amount of $65,580.01 (the "CPR Claim"); and

**WHEREAS**, the Trustee determined that it was in the best interest of the estate to (i) allow and pay the CPR Claim as an administrative claim, and (ii) sell the CPR through Trustee agent, Saratoga Auto Museum (the "Broker"), retained by the Trustee pursuant to that certain order of this Court, dated August 7, 2024 [Dkt. No. 241], pursuant to the terms set forth below.

2

**STIPULATION**

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Trustee and CPR (collectively, the "Parties") hereby stipulate and agree as follows:

1. Incorporation of Recitals. The foregoing recitals are hereby incorporated herein by reference and are expressly acknowledged and agreed to by the Parties.

2. Bankruptcy Court Approval Required. This Stipulation is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of this Stipulation "So Ordered" by the Bankruptcy Court (an "Approval Order").  The Trustee will seek the entry of the Approval Order by filing a motion or by other appropriate means within three (3) business days of all Parties executing this Stipulation.

3. Allowance of Claim.  The CPR Claim is hereby allowed as a priority, administrative claim in the case pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code.  The Trustee is authorized and directed to pay the CPR Claim by check drawn on the estate's bank account made payable to "Cadillac Parts & Restoration" and sent to CPR within three (3) business days of entry of the Approval Order.

4. Release of Cadilac.  Upon payment of the CPR Claim or sooner if authorized CPR, the Trustee shall retrieve and remove the Cadillac from CPR's premises exclusively at the expense of the estate.  The Parties shall work together cooperatively to accommodate and schedule such retrieval at a mutually convenient day and time within normal working hours but in no event later than ten (10) business days after the Trustee's payment of the CPR Claim.

5. Extension of Time to Assert Liens.  CPR asserts that the CPR Claim is secured against Cadillac pursuant to New York Lien Law, New York Uniform Commercial Code, or other

laws of the State of New York (a "Lien"). Trustee reserves the right to dispute CPR's entitlement to a Lien. Regardless, CPRs time to take any action to file, preserve, or otherwise enforce its alleged Lien is extended to ten (10) business days following the entry of any order of the Court declining to enter an Approval Order. This provision of the Stipulation shall be valid and enforceable regardless of whether an Approval Order is entered. If CPR asserts a Lien, the Trustee reserves all right to object to the allowance of such Lien.

6. Execution of Documents. The Parties shall execute such documents as may be reasonably requested or necessary to effectuate the provisions of the Stipulation.

7. Release. Upon payment of the CPR Claim, CPR Design shall release the Trustee and Debtor's estate from any right, claim, or cause of action.

8. Execution in Counterparts. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a Party via electronic transmission shall be deemed an original signature hereto.

9. Bankruptcy Court Jurisdiction. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.

10. No Waiver. No failure or delay by any Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

11. <u>Costs</u>. Each Party to this Stipulation shall bear its own attorneys' fees and costs.

| | | | |
|---|---|---|---|
| Dated: | Albany, New York<br>November 13, 2024 | Dated: | Dutchess, New York<br>November 12, 2024 |
| | **CHRISTIAN H. DRIBUSCH,<br>CHAPTER 7 TRUSTEE** | | **CADILLAC PARTS &<br>RESTORATION** |
| By: | */s/ Christian H. Dribusch*<br>Christian H. Dribusch, as Chapter 7 Trustee of the Estate of Kirs Daniel Roglieri<br>c/o The Dribusch Law Firm<br>187 Wolf Road, Suite 300-020<br>Albany, New York 12205<br>Tel: (518) 227-0026<br>Email: cdribusch@chd-law.com | By: | */s/ Frank Nicodemus*<br>Frank Nicodemus<br>150 Noxon Road, Suite 10<br>Poughkeepsie, New York 12603<br>Tel: (845) 462-5959<br>Email: caddy@cprforyourcar.com |