# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

In re:

KRIS DANIEL ROGLIERI,            Case No. 24-10157-REL
                                                         Chapter 7

                                       Debtor.

---

In re:

PRIME CAPITAL VENTURES, LLC,        Case No. 24-11029-REL
                                                           Chapter 11

                                       Debtor.

---

**STIPULATION AND ORDER SETTLING AND RESOLVING CERTAIN CLAIMS BY AND BETWEEN: (I) CHRISTIAN H. DRIBUSCH, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF KRIS DANIEL ROGLIERI; (II) PRIME CAPITAL VENTURES, LLC; AND (III) THE UNITED STATES OF AMERICA**

**WHEREAS**, on February 15, 2024, Kris Daniel Roglieri, one of the above-captioned debtors ("Roglieri"), filed a voluntary petition for relief under subchapter V of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for

the Northern District of New York (the "Bankruptcy Court," or this "Court") [Docket No. 1 in Case No. 24-10157]; and

WHEREAS, on May 15, 2024, this Court entered an order converting Roglieri's case from chapter 11 to chapter 7, and the UST appointed Christian H. Dribusch as interim chapter 7 trustee (the "Roglieri Trustee") [Docket No. 159 in Case No. 24-10157]; and

WHEREAS, the Roglieri Trustee has since qualified and is currently serving as permanent chapter 7 trustee of Roglieri's bankruptcy estate by virtue of section 702(d) of the Bankruptcy Code; and

WHEREAS, on September 16, 2024, Prime Capital Ventures, LLC ("Prime"), under the custody and control of the Roglieri Trustee as owner and manager, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court [Docket No. 1 in Case No. 24-11029]; and

WHEREAS, the Roglieri Trustee is in possession and control of Roglieri's interests in all non-exempt property, including the membership interest in Prime, the other above-captioned debtor (Prime collectively with Roglieri, the "Debtors"), and the Roglieri Trustee has exercised such control to appoint himself as the manager of Prime; and

WHEREAS, on September 19, 2024, a criminal indictment was filed by the United States of America (the "Government"), by and through the United States Attorney's Office, Northern District of New York (the "US Attorney"), against Roglieri commencing Case No. 24-cr-00392 (MAD) (the "Criminal Case") in the United States District Court for the Northern District of New York (the "District Court"), wherein Roglieri is charged with five counts of wire fraud in violation of 18 U.S.C. § 1343, and the Government seeks a forfeiture of certain of Roglieri's assets pursuant

2

to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) [Docket Nos. 1 and 35 in Case No. 24-cr-00392]; and

**WHEREAS**, on November 5, 2024, the Government filed a Verified Complaint for Forfeiture *in Rem* in the District Court commencing Case No. 24-cv-134 (MAD/DJS) (the "Civil Forfeiture Case") wherein the Government has identified certain property (the "Forfeiture Property")[1] as subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), and 984(a)(1)(A), as the proceeds of offenses in violation of 18 U.S.C. §§ 1343 and 1349, and as property involved in offenses in violation of 18 U.S.C. §§ 1956 and 1957;

**WHEREAS**, in connection with the criminal investigation, the Government seized the following vehicles titled in Roglieri's name for the purpose of judicial forfeiture:

| Car No. | Year | Make | Model | VIN |
|---|---|---|---|---|
| Car 1 | 2020 | Lamborghini | Aventador | VIN #: ZHWUM6ZD9LLA09436 |
| Car 2 | 2009 | Mercedes Benz | SL65 | VIN #: WDBSK79F79F158279 |
| Car 3 | 2014 | Mercedes Benz | SLS | VIN #: WDDRJ7HA7EA010865 |
| Car 4 | 2015 | Ferrari | 458 | VIN #: ZFF75VFA3F0209725 |

(collectively, the "Subject Vehicles"); and

---

[1] The Forfeiture Property named in the Forfeiture Case includes: (i) one 2003 Ferrari Enzo AB Version E (VIN #ZFFCZ56B000132659); (ii) one 2014 Ferrari LaFerrari (VIN #ZFF76ZHB000203166); (iii) one 2022 Mercedes Benz (VIN #W1NYC8AJXNX445045; (iv) one 1982 Mercedes Benz 500SL (VIN #WDB10704612001675); (v) one 1989 Mercedez Benz 560 SEL (VIN #WDB1260391A497466; (vi) one 2007 Mercedes Benz SLR McLaren (VIN #WDDAJ76F27M001391); (vii) one 1987 Mercedes Benz 560 (VIN #WDB1260451A315331); (viii) one 2004 Porsche Carrera (VIN #WP0ZZZ98Z4L000069); (ix) one 2022 Ferrari 812 Competizione (VIN #ZFF03TLA5N0277054); (x) one 2020 Mercedes Benz GT63C4S (VIN #WDD7X8KB3LA012445); (xi) one 2006 Maserati MC 12 Corse (VIN #ZAMDF44B000029626); (xii) one 2023 Mercedes Benz (VIN #W1K6X7KB5PA204980); (xiii) one Ferrari Engine Table; (xiv) $223,365 seized from a Thread Bank account (**7554) held in the name of ABBJ, LLC; (xv) $467,810 seized from a Thread Bank account (**1832) held in the name of Capital Investments US, LLC; (xvi) refund in the amount of $72,825.83 seized from Ai Design; (xvii) one Richard Mille RM011 watch (#2722); (xvii) one Richard Mille RM 65-01 watch; (xviii) one Rolex watch (#Y74R6549); (xix) one Rolex watch (#7P65S042); (xx) one Rolex watch (#0WU66577); (xxi) one Rolex watch (#65R11547); and (xxii) one Rolex watch (#8S927086).

3

**WHEREAS**, subject to the terms of this Stipulation, the Government intends to release the Subject Vehicles into the control of the Roglieri Trustee as property to be included in Prime Venture Capital LLC's bankruptcy estate subject to the control of the Roglieri Trustee; and

**WHEREAS**, the United States Marshals Service (the "USMS") has incurred expenses and other charges in connection with seizing, storing, and maintaining the Subject Vehicles on behalf of the Government in an amount estimated to be approximately $15,000 at the time of entry into this Stipulation, which amount will increase up to the time when the USMS is no longer charged with the obligation of storing and maintaining the Subject Vehicles; and

**WHEREAS**, the Roglieri Trustee, Prime, and the US Attorney have had extensive discussions regarding, among other things, the Roglieri Trustee's and Prime's interest in obtaining the Subject Vehicles for administration by Prime's and/or Roglieri's bankruptcy estate and the US Attorney's concerns regarding the continued costs associated with the forfeiture of the Subject Vehicles, and the subject matter of the Forfeiture Case; and

**WHEREAS**, the Roglieri Trustee, Prime, and the Government, following good faith negotiations, are willing to resolve certain issues by and between them on the following terms.

**STIPULATION**

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Roglieri Trustee, Prime, and the Government (collectively, the "Parties," each a "Party") hereby stipulate and agree as follows:

1. Incorporation of Recitals. The foregoing recitals are hereby incorporated herein by reference and are expressly acknowledged and agreed to by the Parties.

2. Bankruptcy Court Approval Required. This Stipulation is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of this Stipulation "So Ordered" by

the Bankruptcy Court in each of Roglieri's and Prime's bankruptcy cases (an "Approval Order"). The Roglieri Trustee and Prime will seek the entry of the Approval Order in each of their respective cases by filing a joint motion in each case within ten (10) business days of all Parties executing this Stipulation.

3. <u>Turnover and Disposition of the Subject Vehicles</u>. Following entry of the Approval Order, the Government shall turn over the Subject Vehicles to Prime which shall be deemed property of Prime's bankruptcy estate, subject to the terms set forth below. Upon turnover of the Subject Vehicles to Prime, the Government shall be deemed to have waived, released, and forfeited any right or claim to the Subject Vehicles. The Government's turnover of the Subject Vehicles shall occur within sixty (60) days of entry of the Approval Order unless otherwise agreed to by Prime and the Roglieri Trustee, or as may be directed by the Bankruptcy Court. Upon entry of the Approval Order, Prime and the Roglieri Trustee agree to promptly coordinate with the USMS for the retrieval of the Subject Vehicles, and to assume any and all costs involved in the transfer of the Subject Vehicles to the bankruptcy estate.

4. <u>Payment to the USMS</u>. Prior to obtaining the Subject Vehicles, Prime shall pay the USMS as directed for all the actual expenses associated with obtaining, maintaining, and storing the Subject Vehicles in an amount not greater than $25,000.00, unless otherwise permitted by separate Order of this Court.

5. <u>Distribution of Proceeds of the Subject Vehicles</u>. From the net proceeds of the Subject Vehicles after payment of all sales agent commissions, reimbursement of all actual out of pocket expenses associated with Prime's obtaining, storing, and maintaining the Vehicles, and payment and satisfaction of any valid and lawful liens against the Subject Vehicles including mechanics' liens, Prime shall: (i) pay $25,000 to the Roglieri Trustee to be retained as property of

5

the Roglieri bankruptcy estate to be distributed to creditors in the order of priorities set forth in the Bankruptcy Code as authorized by the Bankruptcy Court; (ii) retain $25,000 to be property of Prime's bankruptcy estate to be distributed in the order of priorities set forth in the Bankruptcy Code in accordance with its contemplated Chapter 11 plan of liquidation (the "Plan"), or as otherwise authorized by the Bankruptcy Court; and (iii) deposit the remainder into a segregated account to be preserved for the benefit of victims of the Debtor's alleged fraud (the "Victim Fund").

6. **Distribution of the Victim Fund**. It is acknowledged that the Government's willingness to turnover the Subject Vehicles to Prime is conditioned upon reasonable assurances that the Victim Fund will only be distributed to those parties who the Government asserts are victims of the Debtors' alleged fraudulent conduct underlying the criminal and civil forfeiture proceedings. Without such assurance, the Government will retain the Subject Vehicles for civil or criminal forfeiture proceedings. Upon liquidation of all general, unsecured claims against Prime's bankruptcy estate, Prime's representative as may be designated by the Plan or otherwise appointed by the Court (the "Prime Administrator") shall submit the list of creditors and claim amounts to the US Attorney for review (each a "Prime GUC," collectively, the "Prime GUCs"). The US Attorney shall have thirty (30) days to review the list of Prime GUCs and to inform the Prime Administrator whether it has any objection to any Prime GUC receiving a *pro rata* share of the Victim Fund. If the US Attorney raises a timely objection to any Prime GUC participating in the Victim Fund, Prime's representative shall distribute the Victim Fund to those Prime GUCs that the US Attorney had no objection to. Prime shall incorporate the proposal of the establishment of the Victim Fund and this treatment into any Plan proposed.

7. <u>Waiver of Defenses in Forfeiture Case</u>.  The Roglieri Trustee on behalf of Roglieri's bankruptcy estate, and Prime on behalf of itself and its bankruptcy estate, hereby waive any right, title, or interest in or to the Forfeiture Property, and any right to file an answer or assert defenses to the Government's claims in the Forfeiture Case, except to the extent that the Government, either voluntarily or involuntarily, withdraws, is unsuccessful in prosecuting, or fails to obtain a judgment in its favor, with respect to any of the named Forfeiture Property rendering such property excluded from forfeiture ("<u>Excluded Forfeiture Property</u>"), in which case the Roglieri Trustee and Prime shall retain any and all rights with respect to such Excluded Forfeiture Property.

8. <u>Execution of Documents</u>.  The Parties shall execute such documents as may be reasonably requested or necessary to effectuate the provisions of this Stipulation.

9. <u>Execution in Counterparts</u>.  This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Any signature delivered by a Party via electronic transmission shall be deemed an original signature hereto.

10. <u>Bankruptcy Court Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.

11. <u>No Waiver</u>.  No failure or delay by any Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

12. <u>Representations of Authority.</u>  The persons signing below each represents and warrants that he or she has the authority to enter into this Stipulation on behalf of the Party on

whose behalf he or she so signs. The undersigned counsel each represent that they have the full power and authority necessary to bind their respective clients to the terms of this Stipulation, in the same manner as if the clients have duly executed the same.

13. <u>Costs</u>. Each Party to this Stipulation shall bear its own attorneys' fees and costs.

Dated: Albany, New York
December 20, 2024

**CHRISTIAN H. DRIBUSCH,
CHAPTER 7 TRUSTEE**

By: *Christian H. Dribusch*
Christian H. Dribusch, as Chapter Trustee of the Estate of Kris Daniel Roglieri
c/o The Dribusch Law Firm
187 Wolf Road, Suite 300-020
Albany, New York 12205
Tel: (518) 227-0026
Email: cdribusch@chd-law.com

Dated: New York, New York
December 20, 2024

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: *Fred Stevens*
Fred Stevens
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Email: fstevens@klestadt.com
      lkiss@klestadt.com

*Counsel to Prime Capital Ventures, LLC, Debtor and Debtor in possession*

Dated: Syracuse, New York
December 20, 2024

**CARLA B. FREEDMAN
UNITED STATES ATTORNEY**

By: _____
Elizabeth A. Conger
Assistant United States Attorney
Bar Roll No. 520872
100 South Clinton Street, Room 900
Syracuse, New York 13261
Tel: (315) 448-0650
Email: elizabeth.conger@usdoj.gov

8

whose behalf he or she so signs. The undersigned counsel each represent that they have the full power and authority necessary to bind their respective clients to the terms of this Stipulation, in the same manner as if the clients have duly executed the same.

13. Costs. Each Party to this Stipulation shall bear its own attorneys' fees and costs.

Dated: Albany, New York
December 20, 2024

**CHRISTIAN H. DRIBUSCH,
CHAPTER 7 TRUSTEE**

By: _____
Christian H. Dribusch, as Chapter
Trustee of the Estate of Kris Daniel
Roglieri
c/o The Dribusch Law Firm
187 Wolf Road, Suite 300-020
Albany, New York 12205
Tel: (518) 227-0026
Email: cdribusch@chd-law.com

Dated: New York, New York
December 20, 2024

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: *Fred Stevens*
Fred Stevens
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Email: fstevens@klestadt.com
         lkiss@klestadt.com

*Counsel to Prime Capital Ventures,
  LLC, Debtor and Debtor in possession*

Dated: Syracuse, New York
December 20, 2024

**CARLA B. FREEDMAN
UNITED STATES ATTORNEY**

By: *Elizabeth A. Conger*  Digitally signed by ELIZABETH CONGER
Date: 2024.12.20 12:37:46 -05'00'
Elizabeth A. Conger
Assistant United States Attorney
Bar Roll No. 520872
100 South Clinton Street, Room 900
Syracuse, New York 13261
Tel: (315) 448-0650
Email: elizabeth.conger@usdoj.gov

8