R&F

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
Case No. 24-10157-REL
Chapter 7

2025 FEB -3 PM 1: 30

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

# MOTION TO REMOVE CHAPTER 7 TRUSTEE CHRISTIAN DRIBUSCH FOR MISCONDUCT, MISMANAGEMENT, AND VIOLATIONS OF FIDUCIARY DUTIES

**COMES NOW, Debtor, Kris Roglieri**, proceeding **pro se**, and respectfully requests this Honorable Court to **remove Chapter 7 Trustee Christian Dribusch** pursuant to **11 U.S.C. § 324(a)**, based on **gross mismanagement, failure to properly administer estate assets, violations of due process, and misconduct**, and states as follows:

## 1. Background

1. **Kris Roglieri** is the debtor in the bankruptcy case mentioned above.
2. **Mr. Christian Dribusch** was appointed as the **Chapter 7 trustee** to administer the estate.
3. Since his appointment, Trustee Dribusch has engaged in misconduct, asset mismanagement, and violations of federal bankruptcy law.

## 2. Trustee's Violations and Misconduct

### A. Failure to Properly List and Account for Assets

4. Trustee Dribusch **failed to list and properly account for certain estate assets**, including:
   o Clothing, shoes, sunglasses, and boxes of wine.
   o These items were present in my home **before and after the trustee took possession**, yet they were **not included in the bankruptcy inventory (Doc. 258)**.
4. **This omission raises concerns about mismanagement, asset concealment, and fraudulent accounting.**

### B. Improper Handling of Legal Mail

6. **Between June 9, 2024, and October 4, 2024, Mr. Dribusch improperly withheld and failed to forward my bankruptcy-related mail.**
7. **Two sworn affidavits confirm that he had possession of my mail.**
8. The trustee **never provided me with court notifications at Rensselaer County Jail**, obstructing my ability to participate in my case.

### C. Wrongful Eviction of a Legal Resident Without Court Approval

9. Trustee Dribusch **illegally evicted my Power of Attorney, Linda Oliver**, from my estate property at **40 North Road, Queensbury, NY**, by:
   - o **Changing the locks while she was at work.**
   - o **Claiming to have a court order, though no order exists in PACER or Housing Court records.**
9. **This violates New York Real Property Actions and Proceedings Law (RPAPL) § 853**, which prohibits unlawful evictions.

**D. Unauthorized Access to My Personal Computer**

11. Upon seizing my home, Trustee Dribusch **accessed my personal computer**, which was **not locked**.
12. **This is a violation of my privacy rights**, and forensic analysis may reveal **unauthorized access or tampering.**

**E. Failure to Maintain Estate Property and Pay Essential Utility Bills**

13. As trustee, **Mr. Dribusch was responsible for maintaining the estate property** but failed to pay the **electric bill**, resulting in a **potential loss of property value and estate mismanagement**.
14. This violates **11 U.S.C. § 704**, which requires the trustee to **protect and preserve estate property.**

## 3. Legal Basis for Removal

### A. Removal Under 11 U.S.C. § 324(a)

15. A bankruptcy trustee **may be removed for cause**, including **fraud, dishonesty, incompetence, or gross mismanagement.**
16. Given the trustee's **failure to list assets, mishandling of estate property, wrongful eviction, and potential fraudulent conduct**, cause exists for **his immediate removal**.

### B. Violation of 11 U.S.C. § 704 – Duties of a Trustee

17. The trustee must **"collect and liquidate estate property"** and **"be accountable for all property received."**
18. **By failing to account for all estate assets, mishandling legal mail, and failing to properly manage estate obligations, Mr. Dribusch has breached his duties.**

### C. Violation of 11 U.S.C. § 548 – Fraudulent Concealment of Assets

19. **If assets were intentionally omitted, withheld, or concealed, this constitutes fraud under bankruptcy law.**

## 4. Relief Requested

WHEREFORE, the debtor **respectfully requests that this Honorable Court:**

1. **REMOVE Chapter 7 Trustee, Mr. Christian Dribusch**, from this case pursuant to **11 U.S.C. § 324(a)** for cause.
2. **Appoint a new trustee** to properly administer the bankruptcy estate.
3. **Conduct an investigation** into Mr. Dribusch's handling of estate assets and legal mail.
4. **Order an accounting of all missing or omitted assets.**
5. **Grant any further relief the Court deems just and appropriate.**

Respectfully submitted,

**Kris D. Roglieri**
Chapter 7 Debtor
N-4 #45131
Rensselaer County Jail
4000 Main Street
Troy, NY 12180

R&F

Kris Roglieri
N-4 #45131
Rensselaer County Jail
4000 Main Street
Troy, NY 12180

2025 FEB -3  PM 1:36

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

January 31, 2025

Honorable Robert E. Littlefield, Jr
United States Bankruptcy Court
Northern District of New York
445 Broadway
Albany, NY 12207

**RE: Chapter 7 Case No. 24-10157-REL**

**Dear Judge Littlefield,**

I am writing to bring to your attention formally the serious violations committed by the
appointed Chapter 7 Trustee, Mr. Christian Dribusch, in my bankruptcy case. These violations
include wrongful eviction, mismanagement of assets, breach of fiduciary duty, obstruction of due
process, and other legal concerns.

## Lack of Cooperation Allegation

Mr. Dribusch has falsely claimed that I have been uncooperative. However, prior to my arrest, I
voluntarily invited him to my home, provided a full tour of the estate, and assisted in
inventorying assets for nearly three hours. I also provided sales receipts to facilitate valuation.
Additionally, I disclosed assets not listed in my original A/B schedule, as my former attorney,
Joseph Barcelona of Pashman and Stein, advised me to amend the schedule later on items I
missed. Unfortunately, I was unable to make these amendments due to my involuntary
conversion to Chapter 7 and my subsequent wrongful incarceration.

Despite my full cooperation, Mr. Dribusch has misrepresented my actions to the court. He stated
I failed to attend a court-ordered hearing on November 19th via Zoom. However, Your Honor,
for me to attend such a hearing, the Rensselaer County Jail must arrange it upon the court's or
trustee's request. I do not have the ability to coordinate this myself, and no such arrangement was
made—therefore, I could not attend. This constitutes a violation of my due process rights,
effectively denying me the opportunity to participate in my own case, starting from the retraction
of my criminal defense retainer.

Furthermore, the trustee asserts that I do not deny the factual allegations in the adversary
complaint. For the record, I do deny these allegations. Due to improper notification and the
failure to inform the jail of a Zoom meeting of my creditors, I was unable to dispute these claims.
My former bankruptcy counsel informed me that I could amend my schedules, and I intended to
do so before they withdrew from my case upon realizing they could no longer be paid. All

adversary motions should have been denied, as they pertain to business matters and disputes rather than personal debts.

The trustee claims to have given certain assets to my power of attorney that fall under my legal exemptions. However, the items provided do not total the full extent of my legal exemptions, and I am still awaiting my monetary exemptions, which I urgently require.

Regarding my estate assets, including trustee access to my computer, vehicle titles, and cars, I do not possess the vehicle titles because the FBI seized them. I ordered new titles for certain vehicles, some of which were handed over to Mr. Dribusch on June 9, 2024, by Linda Oliver, the same day he requested the handover of my mail.

## Mail Handling Violations

### Background Information

- On June 9, 2024, Mr. Christian Dribusch took possession of my property at 40 North Road, Queensbury, NY 12804.

- On June 14, 2024, Linda Oliver, who became my Power of Attorney (POA) that same day, initiated a mail forwarding request to have my mail sent to her address.

### Concerns Regarding Mail Handling

- USPS typically requires 1-2 weeks to process mail forwarding requests.

- Mail sent between June 9 and June 14, 2024 (or longer, depending on delays) would have continued to arrive at my former address.

- Given that my home typically received 3-10 pieces of mail per day, a significant amount of mail should have accumulated at the property.

- This mail was never returned to me or my POA, Linda Oliver.

### Mr. Dribusch's Knowledge and Failure to Notify Me

- On October 4, 2024, my POA updated my mailing address with the bankruptcy court to ensure bankruptcy-related correspondence was properly directed.

- However, prior to this change, mail continued to be sent to 40 North Road, where Mr. Dribusch had control, despite knowing of my incarceration.

### Reasonable Assumption Regarding Mail Possession
Given these facts, it is reasonable to conclude that:

- Mr. Dribusch had possession of my mail, including bankruptcy-related correspondence.

- The only individual with access to my mail was Mr. Dribusch.

This letter includes two sworn affidavits confirming that mail was handed over to Mr. Dribusch. Additionally, a witness observed Mr. Dribusch checking my mail multiple times and is willing to write an affidavit, provided their identity remains sealed for protection.

These sworn affidavits directly contradict Mr. Dribusch's statements on the record to this court on January 21, 2025. As a reminder, Mr. Dribusch stated he has not taken any mail, seen any mail, or has gone into the mailbox at 40 North Road. But on January 17, 2025, Mr. Dribusch clearly stated in his response Doc. 337, #9, " I do not recollect having seen any mail in the residential mailbox." With his statements to the court, statements in his Doc. 337 response letter to the debtor, the screenshots of the text correspondence with my POA, and the sworn affidavits that were produced, it's clear he is misleading the court and violating my rights.

## Unauthorized Access to Personal Computer

Upon taking possession of my home, Mr. Dribusch accessed my personal computer, which was not locked. My criminal defense attorney and I believe this was a clear violation of privacy. A forensic investigation may reveal unauthorized activity on my computer after my incarceration.

## Failure to Provide Exemptions and Asset Mismanagement

On September 9, 2024, Mr. Dribusch submitted Doc. 258, listing my personal property inventory. However:

- He has failed to distribute my lawful monetary exemptions.

- His inventory report omitted valuable assets, including clothing, shoes, sunglasses, and several boxes containing wine.

- His failure to list these items raises concerns of mismanagement, potential misappropriation, and false accounting.

Under **11 U.S.C. § 548**, intentionally withholding or concealing assets constitutes fraud. These items should have been included in estate accounting from the beginning in Doc. 258 but not added later.

## Wrongful Eviction of Resident

Mr. Dribusch wrongfully evicted my POA, Linda Oliver, who legally resided at the property. He changed the locks while she was at work and falsely claimed to have a court order authorizing the eviction. No such order exists in PACER or Housing Court records. This violates New York Real Property Actions and Proceedings Law (**RPAPL**) **§ 853**. As a result, Linda Oliver was left homeless, emotionally distraught, and in financial hardship.

## Failure to Pay Essential Utility Bills

Despite his obligation to maintain estate property, Mr. Dribusch failed to pay the electric bill, potentially causing property damage. This violates **11 U.S.C. § 704**, which requires a trustee to protect and preserve estate property. A copy of the unpaid National Grid bill is attached.

## Relief Requested

I respectfully request that the Court:

- Investigate the mishandling of my mail and compel Mr. Dribusch to account for all mail he received.

- Hold Mr. Dribusch accountable for the wrongful eviction of a lawful resident.

- Order the trustee to distribute my lawful exemptions immediately.

- Sanction Mr. Dribusch for exceeding his authority and violating bankruptcy law.

- Ensure I receive copies of all case-related documents at Rensselaer County Jail.

## Final Statement

Mr. Dribusch presents himself as a rule-abiding trustee before the court but acts differently in practice. I trust that this Court will uphold my rights and hold him accountable for his misconduct. Given all the above information, I am filing a motion to have the trustee removed based on legal violations **11 U.S.C. §§ 324, 704, 548**.

**Respectfully submitted,**
Kris D. Roglieri
Chapter 7 Debtor
N-4 #45131
Rensselaer County Jail
4000 Main Street
Troy, NY 12180

**R&F**

**Michael Pytlar**
2002 Hancock Ave
Back Cottage
North Bellmore, NY 11710

2025 FEB -3 PM 1: 33

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

**January 29, 2025**

**Honorable Robert E. Littlefield, Jr**
United States Bankruptcy Court
Northern District of New York
445 Broadway
Albany, NY 12207

**RE: Chapter 7 Case No. 24-10157-REL**

## Affidavit of Michael Pytlar

I, **Michael Pytlar**, being duly sworn, declare under penalty of perjury the following:

## Background Information

1.  I reside at **2002 Hancock Ave, North Bellmore, NY 11710, in Nassau County, New York**.
2.  I am submitting this affidavit in connection with the Chapter 7 bankruptcy proceedings involving **Kris Roglieri** and to address concerns regarding the actions of the appointed U.S. Trustee, **Mr. Christian Dribusch**.

## Events on June 9, 2024

3.  On **Sunday, June 9, 2024**, I was present at **40 North Road, Queensbury, NY**, the residence of **Linda Oliver and Kris Roglieri**, during a walk-through conducted by **Mr. Christian Dribusch**, the appointed U.S. Trustee.
4.  I personally witnessed the events that transpired inside the home during this inspection.

## Observations in the Kitchen

5.  During the walk-through, **Mr. Dribusch and Linda Oliver** were in the kitchen. I observed **Linda showing Mr. Dribusch the location of important documents**.
6.  I saw **Linda hand over documents to Mr. Dribusch**, which he accepted while I was present.
7.  Additionally, I observed Linda **retrieve a stack of mail from the back counter in the kitchen**.
8.  Linda stated that **Kris had given her permission to take his mail**, which included documents addressed to him.
9.  Mr. Dribusch responded by **denying Linda permission to take Kris's mail**, stating that she was **only allowed to take mail addressed to her** and that he would **handle all mail addressed to Kris from that point forward**.

## Concerns Regarding the Retention of Mail

10. Linda **handed over Kris Roglieri's mail to Mr. Dribusch in my presence**. I was standing **near the main kitchen island, close to the refrigerator**, and had a clear view of the exchange.

11. **At no point did Mr. Dribusch provide a court order or any legal documentation authorizing him to retain Kris's mail**, which raised concerns regarding the legitimacy of his actions.

12. The lack of clarity and transparency regarding **Mr. Dribusch's authority to withhold Kris's mail** created an uncomfortable and questionable situation.

## Statement of Concern

13. I am submitting this affidavit to formally document my observations and concerns regarding the handling of **Kris Roglieri's mail** and the apparent **lack of legal authorization provided by Mr. Dribusch** to justify his actions.

14. I respectfully request that this affidavit be reviewed as part of the ongoing **Chapter 7 bankruptcy proceedings** to ensure **proper oversight and accountability** in the handling of Kris Roglieri's personal and legal matters.

Under penalty of perjury, I affirm that the foregoing statements are **true and correct** to the best of my knowledge and belief.

Dated: **January 29, 2025**
Location: **New York, New York**

Signature: _____
Michael Pytlar

Sworn and subscribed before me this 29th day of January 2025.

Notary Public: _____
[Notary's Name and Seal]

ERICK GUERRERO
Notary Public, State of New York
Qualified in Nassau County
Reg. 01GU6165605
Expires on 5/14/2027

R&F

**Linda Oliver**
11 Hill Top Lane
Poughkeepsie, NY 12603

2025 FEB -3  PM 1: 31

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

**January 10, 2025**

**Honorable Robert E. Littlefield, Jr**
United States Bankruptcy Court
Northern District of New York
445 Broadway
Albany, NY 12207

**RE: Chapter 7 Case No. 24-10157-REL**

**Dear Judge Littlefield,**

I, Linda Oliver, being duly sworn, depose and state as follows under penalty of perjury:

## Background Information

1. I resided in Warren County, New York, at 40 North Road, Queensbury, NY 12804.
2. This affidavit is submitted in relation to the Chapter 7 bankruptcy proceedings involving Kris Roglieri and the conduct of the appointed U.S. Trustee, Mr. Christan Dribusch.

## Relevant Events on June 9, 2024

3. On Sunday, June 9, 2024, Mr. Christan Dribusch, the appointed U.S. Trustee, came to my prior residence at 40 North Road, Queensbury, NY, to conduct a walk-through of the property.
4. At the time of the walk-through, my best friend, Michael Pytlar, was present with me as a witness.

## Events in the Kitchen

5. During the walk-through, Mr. Dribusch and I were in the kitchen, where I indicated the location of important documents, including a drawer containing vehicle titles.

6. I handed over the titles for the vehicles to Mr. Dribusch, and he took them in my presence.

7. Near the main island, there was also a stack of mail on the back counter in the kitchen. I informed Mr. Dribusch that I had permission from Kris Roglieri to take Kris's mail.

8.  Mr. Dribusch responded by stating that I should only take my mail, as Kris's mail was part of the bankruptcy process. He further stated that he would handle all mail addressed to Kris moving forward.

## Concerns About Retaining Mail

9.  I handed over the mail addressed to Kris Roglieri to Mr. Dribusch in the presence of my witness, Michael Pytlar, who was standing with us near the main kitchen island by the refrigerator.

10. At no time did Mr. Dribusch provide any court order or documentation authorizing him to retain Kris's mail, which made the situation uncomfortable and unclear.

## Supporting Evidence

11. On June 19, 2024, I sent a text message to Mr. Dribusch reiterating and confirming his statements about handling Kris's mail when I was asking about my mail.

12. Michael Pytlar is available to corroborate my account of the events that took place on June 9, 2024, including the transfer of Kris's mail to Mr. Dribusch.

## Statement of Concern

13. I am providing this affidavit to document my concerns regarding handling Kris Roglieri's mail and the lack of transparency or documentation regarding the authority for its retention by Mr. Dribusch.

14. I respectfully request that this affidavit be considered in relation to the ongoing Chapter 7 bankruptcy proceedings to ensure proper oversight and accountability.

**Under penalty of perjury, I affirm that the foregoing statements are true and correct to the best of my knowledge and belief.**

Dated: January 28, 2025
Location: New York, New York

Signature: _____
Linda Oliver

Sworn and subscribed before me this 28th day of January 2025.

Notary Public: _____
[Notary's Name and Seal]



MARY A CALLINAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CA6067262
Qualified in New York County
Commission Expires   ' 17 / 2026





R&F

**Linda Oliver**
11 Hill Top Lane
Poughkeepsie, NY 12603

2025 FEB -3  PM 1:32

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

**January 10, 2025**

**Honorable Robert E. Littlefield, Jr**
United States Bankruptcy Court
Northern District of New York
445 Broadway
Albany, NY 12207

**RE: Chapter 7 Case No. 24-10157-REL**

**Dear Judge Littlefield,**

I am writing to bring to your attention important information related to the Chapter 7 bankruptcy case involving Kris Roglieri.

A witness has observed Mr. Christian Dribusch entering the mailbox at 40 North Road, Queensbury, NY 12804. The witness reported seeing Mr. Dribusch exit his vehicle on multiple occasions to check the mailbox and open the gates. Additionally, the witness observed Mr. Dribusch checking the mail again upon leaving the property.

The witness was able to identify the vehicle Mr. Dribusch was driving and provided a description of his clothing during these visits. While the witness is willing to provide a sworn affidavit, they have expressed concerns about potential government retaliation or unwanted exposure in the media. Given that the witness has a family, they are understandably cautious about any risks their involvement might entail.

The witness has indicated that they would be willing to file an affidavit if their identity could be protected and the document sealed to ensure their safety and privacy.

I respectfully submit this information for your consideration and request that appropriate measures be taken to protect the integrity of this case while safeguarding the witness's identity.

Thank you for your time and attention to this matter.

**Best regards,**
**Linda Oliver**



4:54

**Christian Dribush**

Wed, Jun 19 at 8:29 AM

Good Morning Christian,
Last Thursday I had mail delivered to
the house. You said you been checking
the mail and I been waiting for this
letter to come and the post office said
it was delivered and when I was there
on Saturday we did not see any mail?
Do you happen to have any of my mail?

I have not received anything. I will be at
the residence this evening and will
check if anything is there and let you
know.

Text Message · SMS

| | |
|---|---|
| From: | LINDA OLIVER |
| To: | Matthew Trainor |
| Subject: | Re: Kris Roglieri, Documents urgent to be filed by Monday afternoon |
| Date: | Friday, January 31, 2025 23:49:01 |

**EXTERNAL SENDER**

## national**grid**

SERVICE FOR
KRIS D ROGLIERI
40 NORTH RD
QUEENSBURY NY 12804

**BILLING PERIOD**
Nov 26, 2024 to Dec 31, 2024

ACCOUNT NUMBER
22714-33117

PLEASE PAY BY
Jan 30, 2025

PAGE 2 of 3

AMOUNT DUE
$ 17,139.89

### Enrollment Information

To enroll with a supplier or change to another supplier, you will need the following information about your account.
Loadzone Capital
Acct No: 22714-33117    Cycle: 2, ROGL

#### Electric Usage / Gas Usage

| Month | kWh | Month | Therms |
|---|---|---|---|
| Jan 24 | 38720 | Jan 24 | 1914 |
| Feb 24 | 6700 | Feb 24 | 1921 |
| Mar 24 | 6360 | Mar 24 | 1986 |
| Apr 24 | 4960 | Apr 24 | 1195 |
| May 24 | 4000 | May 24 | 983 |
| Jun 24 | 11120 | Jun 24 | 1157 |
| Jul 24 | 10680 | Jul 24 | 650 |
| Aug 24 | 19640 | Aug 24 | 79 |
| Sep 24 | 17800 | Sep 24 | 57 |
| Oct 24 | 10920 | Oct 24 | 53 |
| Nov 24 | 3120 | Nov 24 | 47 |
| Dec 24 | 5560 | Dec 24 | 00 |
| Jan 25 | 45400 | Jan 25 | 00 |

**Choosing an Energy Supplier** You can choose who supplies your energy. No matter which energy supplier you choose, National Grid will continue to deliver energy to you safely, efficiently and reliably. We will also continue to provide your customer service, including emergency response and storm restoration. National Grid is dedicated to creating an open energy market that lets you choose from a variety of competitive energy suppliers, who may offer different pricing options. For information on authorized energy suppliers and how to choose, please visit us online at ngrid.com/uny-energychoice

**Notice About Electronic Check Conversion**

By sending your completed, signed check to us, you authorize us to use the account information from your check to make an electronic fund transfer from your account for the same amount as the check. If the electronic fund transfer cannot be processed for technical reasons, you authorize us to process the copy of your check.

### DETAIL OF CURRENT CHARGES

#### Delivery Services

##### Electricity Delivery

| Current Reading | − | Previous Reading | = | Difference | x | Meter Multiplier | = | Total Usage |
|---|---|---|---|---|---|---|---|---|
| 45391 Estimate | | 44256 Estimate | | 1135 | | 40 | | 45400 kWh |

METER NUMBER 33155896    NEXT SCHEDULED READ DATE ON OR ABOUT  Jan 31
SERVICE PERIOD Nov 26 - Dec 30  NUMBER OF DAYS IN PERIOD  34
RATE    Electric SC1C Non Heat

| | | | |
|---|---|---|---|
| Basic Service (not including usage) | | | 30.62 |
| Del Off Peak/Off Season | 0.048307 x 45400 kWh | | 2,193.15 |
| SBC | 0.007589 x 45400 kWh | | 344.53 |
| Legacy Transition Chrg | -0.000254 x 45400 kWh | | -11.53 |
| RDM | 0.00101 x 45400 kWh | | 45.85 |
| Transmission Rev Adj | -0.00564 x 45400 kWh | | -256.06 |
| Muni Underground Chg | 0.001075 x 45400 kWh | | 48.81 |
| Tariff Surcharge | 2.04082 % | | 48.89 |
| | **Total Electricity Delivery** | | **$ 2,444.26** |

##### Gas Delivery

| Service Period | No. of days | Current Reading | − | Previous Reading | = | Measured CCF | x | Therm Factor | = | Therms Used |
|---|---|---|---|---|---|---|---|---|---|---|
| Nov 26 - Dec 31 | 35 | 72305 Actual | | 72305 Actual | | 0 | | 1.02692 | | 0 |

METER NUMBER 01034258    NEXT SCHEDULED READ DATE ON OR ABOUT  Jan 31
RATE    Gas SC1 Res Heat

| | | | |
|---|---|---|---|
| Basic Service Charge (including first 3 therms) | | | 21.40 |
| Tariff Surcharge | 2.04082 % | | 0.44 |
| | **Total Gas Delivery** | | **$ 21.84** |
| | **Total Delivery Services** | | **$ 2,466.10** |

#### Supply Services

##### Electricity Supply

SUPPLIER National Grid

| | | | |
|---|---|---|---|
| Supply Off Peak | 0.07962 x 45400 kWh | | 3,614.75 |
| Merchant Function | 0.00233532 x 45400 kWh | | 106.03 |
| ESRM | 0.013753 x 45400 kWh | | 624.39 |
| | **Total Supply Services** | | **$ 4,345.17** |

▶ **For Your Information**
The following charges are already included in the "Delivery Services" portion of your bill. If you were to choose an alternate supplier, billing charges may be included, instead, in that supplier's charges.
Billing Services

| | |
|---|---|
| Billing | 0.82 |
| **Total Billing Services** | **$ 0.82** |



11:55



**C**

Christian Dribush ›

Wed, Jun 12 at 4:45 PM

I had a legal duty to inform the United States Trustee (UST) Office concerning the above matter. Per UST guidance and Bankruptcy Court Order, it was necessary for me to change the locks again. Either me or my representative will need to be in attendance when you remove items so as to ensure that  no property of the bankruptcy estate is removed. In addition to the above items, anything that you may have received from Mr. Roglieri or removed from the bankruptcy estate (e.g, jewelry, sunglasses, etc.) need to be returned to the estate. This is a regrettable situation but there can be no unauthorized removal of bankruptcy estate assets.

Wed, Jun 12 at 9:10 PM

Hi Christian,
Sorry for the phone tag but I didn't get off work till late and my service is on and off on the train. I did try to call you back.
I thought I could take what I took and once I got your text I agreed to return the stuff. I have no intention to violate any bankrupcy laws.
For the cigars I thought they would be thrown out so I packed them and wanted to give it to his family. Also a

Text Message • SMS



Sorry for the phone tag but I didn't get off work till late and my service is on and off on the train. I did try to call you back.

I thought I could take what I took and once I got your text I agreed to return the stuff. I have no intention to violate any bankrupcy laws.

For the cigars I thought they would be thrown out so I packed them and wanted to give it to his family. Also a few personal apparel, I packed a suit case of some of his stuff so he's has something if he gets out of jail and a few things that was in a box that had some of his documents and family photos I put in it as well and I was going to give everything to his family.

I'm in a position of extreme hardship, I spent money to get a house and a new car and I'm slowly moving into my new house in Poughkeepsie. I ask you to please let me back in the house bc I cannot afford the expense of a hotel and I can't move into my new house until July 1st. Also my brother is flying in on Friday to help me pack and I was going to spend the wknd to do that. So I propose everything that will be packed will be monitored by your people. I reserved a uhal for Sunday and Monday. Also have 2 friends that are coming to help Sunday/monday

going to spend the wknd to do that. So I propose everything that will be packed will be monitored by your people. I reserved a uhal for Sunday and Monday. Also have 2 friends that are coming to help Sunday/monday with that as I need man power as I can't afford movers.

I can stay tonight in a hotel as I have no other choice since this is after hours and I will bring the stuff early Friday am. As it's already to late now and I have to be up in a few hours.  This is very important to me so if you can please let me know I'm literally homeless now without my clothes and stuff for work. I have been cooperative with you and the crew and my intentions is not what you think. I am a good person and I'm being put in a difficult position all around and all I am trying to do is get out of your way as I have so you can do what you need to do with everything. Please take my request seriously as I am desperate.

Thank you
Linda