Christian H. Dribusch
THE DRIBUSCH LAW FIRM
187 Wolf Road
Albany, New York 12205
(518) 227-0026

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:

KRIS DANIEL ROGLIERI

         *Debtor.*

Chapter 7

Case No.  24-10157

-------------------------------------------------------------------X

## TRUSTEE RESPONSE TO KRIS ROGLIERI MOTION #345

CHRISTIAN H. DRIBUSCH, hereby affirms that:

1. I am an attorney duly licensed to practice law in the State of New York and in the United States District Court for the Northern District of New York.

2. I am the Chapter 7 Trustee appointed to administer the Bankruptcy Estate of the Debtor.

3. This affirmation is made in response to Debtor's motion filed as electronic court record #345.

4. Under ECF #337, I previously responded to the Debtor's concerns filed under letters #331 and #332.

5. The Debtor now expands upon some of those prior concerns and adds additional concerns in a motion to remove the trustee which has been filed under ECF #345 ("Motion").

6. As evidenced by the denial of Debtor's discharge (See ECF #301 denying discharge under 11 U.S.C. 727(a)(2) through (a)(7)) it is the Debtor who has engaged in improper conduct

including the Debtor's knowing failure to disclose assets on the Debtor Schedules, making false oaths or accounts, concealing recorded information for which the Debtor's financial condition or business transactions could be ascertained, withholding from the trustee recorded information, failing to disclose loss or deficiency of Debtor assets, and failing to obey Court Orders. The Debtor not only engaged in improper conduct in the Debtor's individual case but also engaged in improper conduct described under 11 U.S.C. 727(a)(7) in the case of Prime Capital Ventures, LLC. See generally, Adversary Complaint 24-90015.

7. The Debtor failed to disclose the shoes, sunglasses, or boxes of wine for which he now complains in the Debtor Schedules. Under 11 U.S.C. §521(a)(1), the Debtor has a duty to file "a schedule of assets and liabilities." The Debtor's Motion acknowledges that the Debtor breached this duty by filing an incomplete, inaccurate, deficient list of assets. Yet the Debtor now complains of assets which Debtor failed to disclose but which are under the bankruptcy estate's possession, custody, and control and are being held with Saratoga Automobile Museum ("Auctioneer"). Also disturbing is that Ms. Oliver participated in the Debtor's fraudulent conduct by taking the sunglasses, of which the Debtor now complains, and which sunglasses I had to demand that Ms. Oliver return to the Bankruptcy Estate.

8. The bankruptcy estate, through its retained professional, Saratoga Automobile Museum, secured the shoes, sunglasses, and boxes of wine referenced in the Debtor Motion. Like the shoes (see, ECF #337), the Auctioneer advises that the sunglasses may have value to be administered for the benefit of the bankruptcy estate. As is the case with the shoes, if the sunglasses cannot be administered for the benefit of the bankruptcy estate, the Trustee will abandon them and will coordinate their return to the Debtor or Debtor representative. The Auctioneer believes that the boxes of wine are not saleable, so the Trustee may proceed to abandon

the boxes of wine and coordinate with the Debtor or Debtor representative for the return of the boxes of wine.

9. The Debtor falsely asserts that the Debtor did not receive notice of the November 19, 2024 Zoom meeting. The ECF docket evidence that the Court issued the Scheduling Order (ECF #288) on October 23, 2024 and I served the Scheduling Order on the Debtor at both the Poughkeepsie and Rensselaer County Correctional addresses (ECF #289) on October 24, 2024. Neither mailing was returned as undeliverable.

10. Any issue for mishandling of the mail is with the Debtor and Ms. Oliver. The Debtor statement that I have no authority over Debtor's mail which is recorded information is incorrect. 11 U.S.C. §521(a)(4) provides that the Debtor "shall" "If a trustee is serving in the case or an auditor is serving under section 586(f) of title 28, surrender to the trustee all property of the estate, and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title." Accordingly, the Debtor had an affirmative duty to turn over recorded information which included the mail. The Debtor has no 11 U.S.C. §344 self-incrimination or immunity rights regarding the Debtor obligation to turnover the recorded information. The Debtor failed (and continues to fail) to comply with this duty.

11. In addition to the Debtor's failure to comply with the Debtor's duty under 11 U.S.C. §521(a)(4), the Debtor's failure to turnover the mail also did not comply with the Debtor's duty under the Federal Rules of Bankruptcy Procedure ("FRBP") 1019(4) to turnover all records and property of the bankruptcy estate. Federal Rule of Bankruptcy Procedure 1019(4) provides that "After qualification of, or assumption of duties by the chapter 7 trustee, any debtor in possession or trustee previously acting in the chapter 11, 12, or 13 case shall, forthwith, unless otherwise

ordered, turn over to the chapter 7 trustee all records and property of the estate in possession or control of the debtor in possession or trustee." The Debtor did not comply with FRBP 1019(4) when the Debtor failed (and continues to fail) to turnover all records and property of the estate, including mail, which were under the control of the Debtor.

12. Neither the Debtor nor Ms. Oliver had any legal basis to interfere with the bankruptcy estate's right to the recorded information relating to property of the estate or financial affairs of the Debtor. Ms. Oliver acknowledges in paragraph 8 of her affidavit that on June 9, 2024 I instructed Ms. Oliver not to handle any mail addressed to the Debtor moving forward. In contravention of my instructions, On Page 5 of 20 of the Debtor's papers, the Debtor volunteers that on June 14, 2024, Ms. Oliver directed the United States Postal Service to forward the Debtor's mail to her. Additionally, by email dated June 21, 2024, I informed Debtor's attorney William Dreyer, Esq. and Mathew Trainor, Esq:

Except for some miscellaneous "junk" mail, no mail or other item has been either delivered to the premises or is under my possession, custody, or control. If I should receive anything not related to the administration of the bankruptcy estate or otherwise not property of the bankruptcy estate, I will arrange for its turnover to either Mr. Trainor or Ms. Oliver.

Please remind Ms. Oliver that she is not to retain possession, custody, or control over any property of the bankruptcy estate which is, in essence, **everything** Mr. Roglieri owned directly or through his wholly owned LLCS as of the date of the filing of his bankruptcy petition, including all business records. Until the Bankruptcy Court issues an Order of Abandonment of the bankruptcy estate's interest, there should be no property for Ms. Oliver to remove or store as it belongs to the bankruptcy estate. At some future date, I may file a motion under 11 USC 554 to abandon certain assets as inconsequential value or burdensome to administer at which time such property is no longer property of the bankruptcy estate and revests with Mr. Roglieri. Naturally, once the property of the estate has been abandoned, Mr. Roglieri may do whatever he deems appropriate with it.

Thanks.

Chris

Ms. Oliver's actions in intercepting the mail and removing bankruptcy estate property in contravention of my instructions disregarded Title 11 of the United States Code.

13. For the same reasons that the bankruptcy estate is entitled to the mail, the bankruptcy estate is entitled to the information on the personal computer as it contains recorded information relating to property of the estate or the financial affairs of the Debtor. See 11 U.S.C. §521(a)(2)(4) and FRBP 1019(4). The Debtor has no 11 U.S.C. 344 self-incrimination or immunity rights regarding the Debtor obligation to turnover the recorded information contained on the computer. The Court has previously denied the Debtor motion for turnover of the computer. See ECF #290. The computer has since been turned over to the Federal Bureau of Investigations pursuant to a subpoena.

14. The Debtor issue that I did not mail documents to the Debtor at the Rensselaer County Jail has no legal basis. The docket for the Debtor bankruptcy case establishes that all notices were mailed to the address directed by the Debtor or Debtor representative. Under Federal Rule of Bankruptcy Procedure Rule 4002(a), it is the Debtor's duty "(5) to file a statement of any change of the debtor's address." Accordingly, it is the Debtor's duty to update the address. My duty is to mail documents to the address provided by the Debtor which the ECF docket shows I did.

15. The Debtor's assertion that I was without authority to secure the residence is another Debtor inaccuracy. The Court's June 10, 2024 Order authorized me to secure the Debtor residence. See, ECF #205 ("The Trustee is authorized to secure 40 North Street, Queensbury, New York ("Residence") for the benefit of the Debtor Bankruptcy Estate and to secure and remove the property of the Debtor Bankruptcy Estate located at the Residence"). Because Ms. Oliver was interfering with the administration of the Debtor bankruptcy estate by removing bankruptcy estate

property in contravention of my express instructions, I needed to limit Ms. Oliver's access to the residence to timeframes in which either I or my representative were present to make sure Ms. Oliver did not conceal or remove additional bankruptcy estate property.

16. My duty is to secure the residence which is bankruptcy estate property which I did by, among other things, winterizing the pool, winterizing the interior of the residence so that it would be preserved throughout the winter without the need for utilities, maintaining property insurance, securing the gate with a new lock, securing the premises with rekeyed locks, and maintaining the lawn so as to not violate any Town Code requirements. The Debtor recites no legal basis for the bankruptcy estate to pay the Debtor's post-conversion National Grid bill without an Order of the Court. Among the myriad of other obligations the Debtor failed to perform in this case, the Debtor also failed to perform the Debtor duty to disclose National Grid as a creditor as required under FRBP 1019(5)(A).

17. The Debtor is not entitled to any bankruptcy exemptions because the Debtor has not filed a Schedule C. Even if the Debtor had filed Schedule C, any exemption would be premature because the Debtor meeting of creditors has not closed because, among other reasons, the Debtor has not complied with the Debtor duty under FRBP 4002(a)(2) to appear at a meeting of creditors and be examined.

18. In sum, the Debtor issues flow from the Debtor's, with the assistance Ms. Oliver in some instances, efforts to intentionally circumvent the Debtor duties under 11 U.S.C. §101 *et. seq.* and the FRBP.

19. I have complied with all my duties and will continue to comply with all my duties under 11 U.S.C. §704. The Debtor bankruptcy estate has been and will continue to be administered in a transparent and professional manner for the benefit of all the parties in interest.

Dated: February 4, 2025

By: */s/ Christian H. Dribusch*
Christian H. Dribusch

### CERTIFICATE OF SERVICE

**CHRISTIAN H. DRIBUSCH**, certifies:

I am over the age of 18 years and reside in Delmar, New York. On February 5, 2025, I sent the trustee response to Kris Roglieri's motion filed under ECF #345 as follows:

Kris Daniel Roglieri
11 Hill Top Lane
Poughkeepsie, NY 12603

Kris Roglieri
N-4 #45131
4000 Main Street
Troy, NY 12180

On February 5, 2025, the trustee response was also served upon the parties who appear on the ECF/PACER for the case.

/s/ Christian H. Dribusch
Christian H. Dribusch