UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

In re:

    Kris Daniel Roglieri    Chapter 7
                                                             Case No.: 24-10157
                    Debtor.

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO REMOVE CHAPTER 7 TRUSTEE CHRISTIAN DRIBUSCH FOR MISCONDUCT, MISMANAGEMENT, AND VIOLATIONS OF FIDUCIARY DUTIES**

TO:    THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
          UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, United States Trustee for Region 2, in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a) and in response to the motion by Kris Daniel Roglieri ("Debtor") filed February 3, 2025, requesting that the Court remove chapter 7 trustee Christian H. Dribusch from this case (ECF 345) ("Motion"), hereby states as follows:

**PRELIMINARY STATEMENT**

Removal of a chapter 7 trustee is an extraordinary remedy, and one that is rarely employed by Bankruptcy Courts. It is well-settled that to prevail on a motion to remove a trustee, the movant must demonstrate, "fraud and actual injury to the debtor interests." In re Freeport Italian Bakery, Inc., 340 F.2d 50, 54 (2d Cir. 1965) (internal citations omitted). The movant must establish his/her case, "by a preponderance of the evidence."

Removal has widespread repercussions for a trustee as well as debtors and creditors in other cases because removal of a trustee from one case requires his/her removal from all cases.

11 U.S.C. § 324. It is for this reason that Judge Trust in the Eastern District of New York noted that removal of a trustee is, "a powerful device, to be deployed only in the most severe of cases." In re Belmonte, 524 B.R. 17, 28 (Bankr. E.D.N.Y. 2015).

The Motion filed in this case is merely a collection of bald accusations made by a disgruntled chapter 7 debtor. The record is devoid of any credible, admissible evidence sufficient to support the Debtor's misguided grievances or establish any actual harm to the Debtor. As such, the Motion is frivolous and should be denied.

## BACKGROUND

On February 15, 2024, the Debtor voluntarily filed this case as a chapter 11 case under subchapter v. The Debtor stated under penalty of perjury that he was the sole member of seven single-member LLCs: Prime Capital Ventures, LLC; Prime Commercial Lending, LLC; Commercial Capital Training Group, LLC; National Alliance of Commercial Loan Brokers, LLC; Shark Ventures, LLC; Digital Marketing Training Group, LLC; and FUPME, LLC.[1] (ECF 27). The Debtor stated under penalty of perjury that the total value of these companies was $3,755,000. (ECF 90, page 36). The Debtor also stated, under penalty of perjury, that he was the owner of an extensive collection of personal property (including vehicles, weapons, artwork, sculptures, and jewelry) that he valued at over $23.6 million. (ECF 80, pages 31, 33-35). Moreover, the Debtor stated, under penalty of perjury, that he did not maintain any ordinary financial statements for the LLCs. (ECF 113, pgs. 4, 10, 16, 28).[2]

---

[1] Upon information and belief, FUPME is an acronym for "F*ck You Pay Me."
[2] According to the Debtor, Shark Ventures, LLC, Digital Marketing Training Group, LLC, and FUPME, LLC are non-operating holding companies and have no assets.

2

Upon information and belief, the FBI seized much of the Debtor's personal property in two raids conducted on February 2, 2024 and March 5, 2024. (ECF 65). In light of these remarkable events, among other things, the Court granted the United States Trustee's motion to convert the case to chapter 7 pursuant to 11 U.S.C. § 1112(b) on May 15, 2024. (ECF 159). Upon conversion, the United States Trustee appointed Christian H. Dribusch as interim trustee. (ECF 160). Mr. Dribusch became the permanent trustee following the chapter 7 first meeting of creditors pursuant to 11 U.S.C. § 341(a).

Upon information and belief, the Debtor was arrested by the FBI on May 31, 2024 and has been incarcerated since that date.

## APPLICABLE LAW

11 U.S.C. § 342 governs removal of a trustee. "The court, after notice and a hearing, may remove a trustee, other than the United States trustee, for cause." 11 U.S.C. § 324(a).

The Bankruptcy Code does not define "cause" for removal of a trustee, however, the Second Circuit has long held that removal of trustee requires evidence of fraud and actual injury to the debtor's estate. *See* In re Freeport Italian Bakery, Inc., 340 F.2d 50, 54 (2d Cir. 1965); *see also* In re Belmonte, 524 B.R. 17, 29 (Bankr. E.D.N.Y. 2015) (describing removal as "a powerful device, to be deployed only in the most severe of cases.").

A party seeking removal of a trustee, "must make a 'strong showing' by at least a preponderance of the evidence 'because the effect of removal is deleterious to the continuity of the administration of the estate.'" United Tax Grp., LLC, 622 B.R. 148, 152 (Bankr. Del., October 19, 2020), *quoting* In re Empire State Conglomerates, Inc., 546 B.R. 306, 317 (Bankr.

S.D.N.Y. 2016). "Unsupported inferences" are wholly insufficient to sustain a motion to remove a trustee.  In re Belmonte at 28.

Absent proof by a preponderance of the evidence that a trustee engaged in fraudulent conduct and caused harm to the bankruptcy estate, a motion to remove the trustee must be denied.  *See* In re Ampal-Am. Isr. Corp., 691 F.Appx. 12, 16 (2d Cir. 2017); *see also* In re Haworth, 356 F.Appx. 529 (2d Cir. 2009).

## OBJECTION

The Debtor sets forth five "grounds" upon which he requests removal of the trustee.  The United States Trustee objects to each of the five alleged grounds as being unsupported and insufficient to sustain the relief requested.

1. <u>Failure to Properly List and Account for Assets</u>

The Debtor alleges that upon taking possession of the Debtor's former residence in the Town of Queensbury, the trustee failed to properly account for certain of the Debtor's assets.  In particular, the Debtor alleges that the trustee failed to file an itemized inventory of the Debtor's "clothing, shoes, sunglasses and boxes of wine."  (ECF 345, ¶ 4).

A review of the Debtor's schedules shows that he did not list these items.  Rather, on Schedule A/B, the Debtor made a single line entry for clothes with a value of $200,000. (ECF 80, pg. 6 of 47).  Nowhere did the Debtor separately list and value his clothing, shoes, and sunglasses.  In addition, the Debtor did not list "boxes of wine" on Schedule A/B.

The Court's docket shows that on two separate occasions the Court notified the Debtor of the requirement that he file an inventory of property. (ECF 3, 42).  At no time did the Debtor

comply with this Court's directives regarding filing an inventory. In fact, the only inventories filed on the docket were filed by Trustee Dribusch. (ECF 258, 354, 355). Notably, ECF 354 and 355 contain the trustee's inventory of "sunglasses, shoes, and tradenames," which included fifteen pairs of designer sunglasses and over eighty pairs of designer shoes.

The Debtor points to no provision of the Bankruptcy Code that requires a trustee to file an itemized inventory of a debtor's undisclosed clothing, designer shoes, and sunglasses by a certain deadline. Nor has the Debtor established that he has been harmed in any way vis-à-vis the creation of such an inventory. The Debtor's complaint that the trustee did not file a detailed inventory of the Debtor's clothing rings hollow.

2.   <u>Improper Handling of Legal Mail</u>

The Debtor alleges: (i) that the trustee failed to forward "bankruptcy-related mail" to the Debtor; and (ii) failed to send "court notifications" to the Debtor at the Rensselaer County Jail. (ECF 345, ¶¶ 6-8). The Debtor cites no provision of the Bankruptcy Code that requires the trustee to forward "bankruptcy-related mail" and "court notifications" to an incarcerated debtor at the place of incarceration.

Clearly, the chapter 7 trustee and the Bankruptcy Court are not part of the United States Post Office and they do not regulate the distribution of mail to inmates in correctional facilities. To the extent the Debtor has a complaint about not receiving mail during his incarceration at the Rensselaer County Jail, he should direct his complaints to the United States Post Office, the Rensselaer County Jail administrators, or both. This is not a bankruptcy issue and cannot form the basis for the removal of a chapter 7 trustee.

5

Further, the Debtor appointed an attorney-in-fact, Linda Oliver, to handle his affairs while he is incarcerated. On October 11, 2024, Ms. Oliver filed a change of address on behalf of the Debtor and listed a single address in Poughkeepsie as the Debtor's mailing address. (ECF 274). Since that time, the Bankruptcy Court and all parties have been required to send notices to the Debtor at the address designated by Ms. Oliver.

To the extent that the Debtor disagrees with the change of address filed by Ms. Oliver, that is for the Debtor to resolve directly with his attorney-in-fact. And unless the October 11, 2024 change of address is withdrawn or a new change of address is filed, parties to this case are required to honor it.

3. <u>Wrongful Eviction of a Legal Resident Without Court Approval</u>

The Debtor alleges that the chapter 7 trustee, "illegally evicted (the debtor's) Power of Attorney, Linda Oliver." (ECF 345, ¶ 9). The Debtor alleges that this violates NY RPAPL § 853.

On May 16, 2024, Trustee Dribusch moved this Court, pursuant to 11 U.S.C. § 542 and Rule 9014 of the Federal Rules of Bankruptcy Procedure, for an order granting turnover of various items, as well as for access to the Debtor's former residence located in Glens Falls, NY. (ECF 166). Neither the Debtor nor any alleged residents of the Glens Falls property filed objections. The Court granted the trustee's motion by order entered May 22, 2024. (ECF 188).

Upon information and belief, the chapter 7 trustee was in close communication with Ms. Oliver while she had access to the property, coordinated with Ms. Oliver and others for the removal of non-estate property from the residence, and gave Ms. Oliver an extended period of

time to remove her belongings and vacate the premises. To the extent Ms. Oliver has any claims against the trustee, whether for alleged wrongful eviction or otherwise, upon information and belief, she has not asserted any.

In any event, the Debtor himself was dispossessed of the property at the time he was arrested by the FBI, upon information and belief, on May 31, 2024. The Debtor has no claim against the trustee for the Debtor having been physically removed from the property by the FBI as the result of his arrest. The Debtor cannot assert that he has been harmed in any way by the actions of the chapter 7 trustee with respect the Glens Falls property.

4. <u>Unauthorized Access to Debtor's Personal Computer</u>

The Debtor alleges that the trustee "accessed (his) personal computer," and that such action by the trustee, "is a violation of (his) privacy rights." (ECF 345, ¶¶ 11-12). The Debtor cited no statute to support his allegation.

The Debtor voluntarily filed a bankruptcy petition in this Court on February 15, 2024. The Debtor voluntarily placed himself and his assets (including his personal computer) under the jurisdiction of this Court.

A chapter 7 trustee is charged with marshalling and liquidating estate assets for the benefit of creditors. Pursuant to 11 U.S.C. § 541(a), all personal property owned by a debtor as of the petition date becomes property of the bankruptcy estate, including among other things electronic devices and computers. The Debtor has articulated no legal basis for his misguided belief that personal computers are exempt from 11 U.S.C. § 541(a) or that chapter 7 trustees are prohibited from administering such assets.

Having voluntarily subjected himself and his assets to the jurisdiction of this Court, the Debtor cannot be heard to complain that the case trustee took possession of estate assets. Collection and protection of assets, evaluation of asset condition and value, etc. are trustee duties, required by law. Any argument to the contrary is without merit.

5.  <u>Failure to Maintain Estate Property and Pay Essential Utility Bills</u>

The Debtor alleges that the trustee violated 11 U.S.C. § 704 by failing to "protect and preserve estate property." (ECF 345, ¶¶ 13-14). In fact, the Debtor is the party who has failed, and continues to fail, to protect estate property.

Upon information and belief, the Debtor has done nothing to ensure that the 40 North Road property is maintained in his absence. It has been the trustee (and only the trustee) who has sought and obtained estimates for property repairs and maintenance, engaged contractors and overseen such work, and kept the insurance and utilities in effect during the Debtor's extended absence.

The trustee has made multiple presentations in court regarding his efforts to winterize the pool and the heating system in the house as well as many other actions he has taken to protect the property and its value for the benefit of creditors. Other than bald allegations, the Debtor has presented no credible evidence to the contrary.

## CONCLUSION

The Debtor's Motion to Remove Trustee Christian Dribusch as chapter 7 trustee in this case is entirely unsupported and frivolous. The Debtor articulated no legal or factual basis upon which this Court can conclude that the trustee has engaged in fraud and that fraudulent actions

8

have resulted in harm to the bankruptcy estate.  Upon information and belief, any "harm" the Debtor perceives to have befallen him has been the direct result of his voluntary actions.

**WHEREFORE**, the United States Trustee respectfully requests the Court deny the Motion to Remove Christian H. Dribusch as chapter 7 trustee, and for such other and further relief as the Court deems just and proper.

Dated: Albany, New York
       March 5, 2025

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Lisa M. Penpraze*
Assistant United States Trustee
Leo O'Brien Federal Building
11A Clinton Ave, Room 620
Albany, NY 12207
Bar Roll No.: 105165
lisa.penpraze@usdoj.gov
Voice: (518) 434-4553
Fax:    (518) 434-4459