**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF NEW YORK**

2025 MAR 10 PM 2:46

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

In re:
KRIS ROGLIERI, Debtor
Chapter 7 Case No. 24-10157-REL

**DEBTOR'S RESPONSE TO U.S. TRUSTEE'S OBJECTION FILED BY LISA PENPRAZE**

TO: THE HONORABLE ROBERT E. LITTLEFIELD, JR., UNITED STATES BANKRUPTCY JUDGE:

I, **Kris Roglieri,** the **Debtor,** hereby submit this response to the **objection filed by Assistant U.S. Trustee Lisa M. Penpraze.** The objection **misleads the Court, misrepresents material facts,** and attempts to distract from the misconduct committed by Trustee Christian Dribusch.

The **facts remain clear** and **undisputed:**

- The Trustee unlawfully changed the locks of a **legal resident without a court order,** leaving her **homeless** and in **distress.**
- The Trustee has failed to properly account for all seized assets and is now **selectively selling** personal property **while omitting others.**
- The Trustee has interfered with the Debtor's legal mail and **provided false statements under oath** regarding his handling of correspondence.

Instead of addressing these serious violations, **Lisa Penpraze's response attempts to justify the Trustee's unlawful actions** by:

1. Mischaracterizing the facts.
2. **Shifting blame** onto the Debtor.
3. Ignoring key legal violations and procedural misconduct.

This Court should **not allow** these **misrepresentations to stand** and must **hold Trustee Dribusch accountable for his misconduct.**

## I. THE TRUSTEE WRONGFULLY EVICTED A LEGAL RESIDENT WITHOUT A COURT ORDER

Assistant U.S. Trustee **Lisa Penpraze attempts to excuse** Trustee Dribusch's **illegal eviction** of **Linda Oliver** by falsely claiming that he **"gave her plenty of time to remove her belongings."** The **facts clearly demonstrate otherwise.**

**1. Linda Oliver Was a Lawful Resident, Not a Trespasser**

- **Linda Oliver legally resided in the home** when the Trustee **changed the locks.**
- Her residency was independent of the Debtor's legal proceedings and was **never terminated through any legal process.**
- The **Trustee's claim** that she was given "plenty of time" to leave is **factually false.**

## 2. The Trustee Never Obtained a Court Order to Evict Her

- **New York law requires a court order** before removing a **legal resident**, even in a bankruptcy proceeding (**NY RPAPL § 713**).
- No such court order exists in the **bankruptcy docket or any court record.**
- **Text message evidence** from **Trustee Dribusch** confirms that he had a court order and **unilaterally changed the locks** without any **due process or proper legal notice.**

## 3. Changing the Locks Without Notice Was Unlawful

- **Linda Oliver was at work when the Trustee changed the locks**, preventing her from:
  - Contesting the action.
  - Retrieving **essential belongings.**
  - Securing **alternate housing** beforehand.
- As a result, she suffered:
  - **Extreme hardship.**
  - **Financial distress.**
  - **Loss of her personal property.**
- **Lisa Penpraze's response fails to address these critical facts** and instead attempts to justify the **Trustee's unlawful actions** by **misleading the Court.**

The Trustee's actions **violated Linda Oliver's rights,** ignored **New York eviction laws,** and demonstrate a **clear abuse of power.** The Court **must not allow this misconduct to go unchallenged.**

# II. THE TRUSTEE FAILED TO DISCLOSE OR PROPERLY ACCOUNT FOR SEIZED ASSETS

The Trustee **failed to list multiple assets** in his initial filings, yet he is now attempting to **auction certain items** while ignoring others. This raises **serious concerns of selective administration and asset mismanagement.**

## 1. Selective and Incomplete Asset Disclosures

- The Trustee **failed to list clothing, wine, and other assets** in his **November report.**
- However, he **now seeks to sell only shoes and sunglasses at auction, while omitting other seized property.**
- If these items were seized but not disclosed, this constitutes a **violation of 11 U.S.C. § 704(a)(2),** which requires a **full and accurate accounting** of all property received.

## 2. Why Was Clothing Taken but Not Listed in the Auction?

- If the clothing had no value, why was it taken?
- If it had value, **why was it omitted from the asset inventory?**

- The Trustee's **failure to disclose all seized assets** raises **serious concerns of concealment, mismanagement, and selective administration.**

3. **The Trustee Admitted He Cannot Sell the Wine—So Why Did He Take It?**

- The Trustee **knew he could not legally sell alcoholic beverages** but still **seized the wine** as part of the estate.
- He **now states he must return it**, proving that his **initial asset seizure was unjustified** and further demonstrating **a lack of due diligence and proper asset management.**

**In re Cochise College Park, Inc., 703 F.2d 1339 (9th Cir. 1983)**, the court held that a **trustee must disclose all assets and cannot selectively administer them.** The Trustee has **failed to meet this obligation**, further demonstrating **a pattern of mismanagement and bad faith administration.**

- Assets are also **being undersold with no reserve prices, which is a serious concern** because it directly impacts creditor recoveries. The Debtor is not objecting to lawful liquidation but is raising concerns that assets are not being handled in a way that maximizes value for creditors.

The **Debtor requests that the Court investigate** these **discrepancies, omissions, and mismanagement of estate assets and hold the Trustee accountable** for failing to properly administer the bankruptcy estate.

## III. TRUSTEE'S INTERFERENCE WITH LEGAL MAIL

The Trustee falsely claims that no mail was received at the property for weeks before the forwarding request took effect. This assertion is **not credible**, as the Debtor previously received multiple pieces of mail **daily** at the estate address.

### 1. The Trustee Had Access to the Debtor's Legal Mail

- Prior to the mail forwarding request, the Debtor consistently received **daily legal and financial correspondence** at the property.
- The Trustee took **full control of the estate property** and, as such, had **access to all mail delivered** during this period.
- To ensure he received all necessary legal mail, the Debtor **instructed his Power of Attorney (POA) to forward mail** to his new address.

### 2. The Trustee Lied Under Oath About Handling Mail

- During a **bankruptcy hearing**, the Trustee **falsely stated on the record** that he **never saw or handled the Debtor's mail.**
- However, **witness testimony and sworn affidavits** confirm that the Trustee **did, in fact, handle the mail.**
- The Trustee also **admitted on the record** that he discarded mail he deemed "junk," **directly contradicting** his previous claim that he never handled it.

### 3. Legal Violations and Consequences

**Violation of 18 U.S.C. § 1702 – Obstruction of Correspondence (Federal Mail Tampering Law)**

- A bankruptcy trustee **has no legal right** to **withhold, discard, or interfere** with a debtor's mail.
- **Obstruction of Correspondence** occurs when an individual **intentionally withholds or destroys mail**, which is a **federal offense** under **18 U.S.C. § 1702**.
- By **discarding the Debtor's mail**, the Trustee **violated federal law** and should be held **accountable for obstruction.**

**Violation of 11 U.S.C. § 521(a)(4) – Debtor's Right to Access Financial Information**

- Under **11 U.S.C. § 521(a)(4)**, a debtor has the **right to receive all legal notices and financial correspondence** regarding their bankruptcy case.
- A trustee's **failure to forward legal mail** can severely **impact the debtor's ability to respond to legal proceedings**, violating the debtor's **due process rights.**

The Trustee's **misrepresentation of facts** and **interference with legal mail** further demonstrate his **mismanagement and bad faith actions** in this case. The Debtor requests that the Court **investigate these violations** and hold the Trustee **accountable** for his misconduct.

# IV. THE TRUSTEE FAILED TO PAY ESTATE BILLS AND PROPERLY SECURE PROPERTY

The Trustee is attempting to shift blame onto the Debtor for unpaid utility bills, despite the fact that he froze the Debtor's accounts and subsequently failed to pay these expenses himself.

**1. The Trustee Had a Duty to Maintain the Estate**

- Under **11 U.S.C. § 704(a)(1)**, a Chapter 7 trustee is legally obligated to **protect and preserve estate property**.
- This duty includes ensuring that **essential utility payments**—such as electricity—are made to maintain the integrity of the estate.

**2. The Trustee Neglected to Pay an Outstanding $18,610.40 Electric Bill,**

- Despite **having control over millions in estate assets**, the Trustee **failed to use available funds** to cover the estate's necessary expenses.

- The Debtor's **Power of Attorney (POA), Linda Oliver, contacted National Grid**, which confirmed that the Trustee **never contacted National Grid** until he was **forced to do so** after repeated inquiries to the Trustee. **He advised that he would transfer the account over to a trust account but has yet to do so, and now the bill has a final notice before shutting off.**

    - The Trustee's neglect in paying this critical bill **directly contradicts** his legal responsibilities and further highlights his **gross mismanagement of the estate.**

This failure to act **endangers the property** and raises concerns about **whether other essential estate obligations are being ignored** due to the Trustee's inaction.

## V. TRUSTEE'S RETALIATORY ACTIONS & BAD FAITH CONDUCT

Lisa Penpraze's response **deflects from the Trustee's misconduct** by portraying the **Debtor as uncooperative.** However, **the facts prove otherwise:**

- The **Debtor voluntarily cooperated** in listing assets and assisting in valuations.
- The **Debtor was denied proper exemption rights,** leaving him **with nothing despite legal protections.**
- The **Trustee is retaliating against the Debtor** for exposing his misconduct, rather than acting **in the best interest of creditors.**

In re AFI Holding, Inc., 530 F.3d 832 (9th Cir. 2008), the court ruled that **trustees can be removed for failing to act in the estate's best interest.** The record shows that **Trustee Dribusch has engaged in selective administration, mismanagement, and unethical conduct** —warranting his removal under this precedent.

### How In re AFI Holding, Inc. Applies to This Case

**1. Trustee's Failure to Properly Disclose and List Assets**

- In **AFI Holding,** the trustee was removed for **failing to disclose assets properly and engaging in selective asset administration.**
- **Trustee Dribusch failed to list key assets (shoes, sunglasses, clothing, wine, and mail) in his initial November 2024 report** but is now selectively attempting to sell some items at auction.
- **Dribusch's failure to disclose or administer assets transparently** violates the standards set in **AFI Holding.**

**2. Mismanagement & Bad Faith Conduct by Trustee Dribusch**

- **AFI Holding emphasizes that trustees must act with integrity and in the best interest of creditors.**
- **Dribusch has engaged in questionable conduct,** including:
    - **Failing to document all assets.**
    - **Selectively auctioning certain personal items.**
    - **Failing to pay essential estate bills.**
    - **Evicting a legal resident without a court order.**
- These actions suggest **bad faith, selective administration, and violations of fiduciary duties under 11 U.S.C. § 704.**

**3. Basis for Removal Under 11 U.S.C. § 324**

- In **AFI Holding**, the court **removed a trustee for misconduct that undermined the integrity of the bankruptcy process.**
- Dribusch's actions meet this same standard for removal—his pattern of **concealment, selective administration, and retaliatory conduct demonstrates that he is not acting in the best interest of creditors or the estate.**

## VI. REQUESTED RELIEF

The Debtor respectfully requests that the Court:

1. **Overrule** the U.S. Trustee's **Objection** filed by Lisa Penpraze.
2. **Remove Trustee Dribusch** under **11 U.S.C. § 324** for:
   - Mismanagement of estate property,
   - Failure to account for assets,
   - Selective administration of assets,
   - Breach of fiduciary duties.
3. **Prohibit the sale** of improperly seized personal items at auction.
4. **Order a full, transparent inventory** of all seized assets.
5. **Issue sanctions** against Trustee Dribusch for failing to comply with **11 U.S.C. § 704.**

## VII. CONCLUSION

The U.S. Trustee's response fails to address Trustee Dribusch's **clear misconduct.** The Court must intervene to **prevent further abuse of power, mismanagement, and selective asset administration.** Given these serious violations, **removal under 11 U.S.C. § 324 is justified.**

Dated: March 7, 2025

**Respectfully submitted,**

**KRIS D. ROGLIERI**
By: Linda Oliver, as Attorney-in-Fact
N-4 #45131
Rensselaer County Jail
4000 Main Street
Troy, NY 12180