**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:
KRIS ROGLIERI, Debtor
Chapter 7 Case No. 24-10157-REL

**DEBTOR'S OBJECTION TO TRUSTEE'S SALE OF PERSONAL PROPERTY AT AUCTION**

TO: THE HONORABLE ROBERT E. LITTLEFIELD, JR., UNITED STATES BANKRUPTCY JUDGE:

Kris Roglieri, the **Debtor**, hereby submits this objection to the **Chapter 7 Trustee, Christian Dribusch's** proposed sale of personal property, including shoes and sunglasses, through auction. This objection is based on **mismanagement, improper asset listing, violations of exemption rights, and bad faith conduct** by the Trustee. In support, the Debtor states as follows:

## I. BACKGROUND

1. The **Debtor originally filed for Chapter 11 bankruptcy** to reorganize his financial affairs. However, he was **forced into Chapter 7 involuntarily**, stripping him of control over his assets.

2. Upon conversion to Chapter 7, Trustee **Christian Dribusch failed to properly assist the Debtor in claiming and receiving his lawful Chapter 7 exemptions**, thereby **violating his fiduciary duties under 11 U.S.C. § 704** to protect the Debtor's rights and fairly administer the estate.

3. The Trustee took possession of the **Debtor's clothing, shoes, sunglasses, and other personal items**, yet selectively failed to list them as assets in his **initial November 2024 report**.

4. Now, the Trustee is attempting to **auction off only the Debtor's shoes and sunglasses** without addressing **why these items were not originally disclosed** or **why clothing—also seized—has been omitted entirely** from the auction or any subsequent filings.

5. The Trustee **has not provided any legal justification for his selective omission of certain property from the original inventory,** nor has he explained **why he seized these personal items in the first place but only now seeks to liquidate them.**

6. The omission of the clothing from any formal filings or auction listings raises serious concerns of concealment, mismanagement, and selective administration of assets. If these clothes had **no value, why were they taken in the first place?** If they do have value, why are they not listed in the auction?

7. The Trustee has exhibited **bad faith and retaliatory actions** against the Debtor for calling attention to his **failure to list all seized assets**, violating his duty of transparency under **In re Cochise College Park, Inc., 703 F.2d 1339 (9th Cir. 1983)**, which requires **full disclosure of all estate property.**

8. The Debtor has **not received any of his rightful Chapter 7 exemptions**, further demonstrating that the Trustee is abusing his discretion and failing in his fiduciary obligations under **11 U.S.C. § 704** to properly manage estate property.

9. **The sale of the Debtor's used shoes and sunglasses at auction is excessive, unnecessary, and not in the best interest of the estate or creditors.** Used shoes have little to no resale value, and attempting to auction such personal items raises serious **concerns of asset mismanagement and waste.**

## II. LEGAL BASIS FOR OBJECTION

### A. The Trustee's Actions Violate the Debtor's Exemption Rights Under 11 U.S.C. § 522

10. The Debtor has the right to **exempt personal items, including clothing, shoes, and accessories, under applicable federal or state exemption laws.** The Trustee **never properly accounted for or assisted the Debtor in obtaining these exemptions.**

11. Under **11 U.S.C. § 522(d)(3), a debtor may exempt personal property, including clothing and household goods, up to a certain value.** The Trustee **failed to notify or assist the Debtor in claiming these exemptions, and instead, is now improperly selling them.**

12. The Trustee's **failure to provide the Debtor with his rightful exemptions constitutes a breach of fiduciary duty,** as outlined in **In re Rigden, 795 F.2d 727 (9th Cir. 1986),** which held that a **trustee must act in the best interest of the debtor and creditors, and not selectively administer assets to the debtor's detriment.**

### B. The Trustee's Sale of Shoes and Sunglasses is Unjustified and Constitutes Mismanagement of the Estate

13. The Trustee **failed to include the shoes, sunglasses, and clothing in his initial November 2024 asset report,** yet he now seeks to sell **only some of these items** at auction, without addressing what happened to the clothing.

14. **In re J.F.D. Enterprises, Inc., 223 B.R. 610 (Bankr. D. Mass. 1998),** states that a trustee cannot pick and choose which assets to disclose and liquidate—all estate property must be reported and administered in a transparent manner.

15. The Trustee's **selective asset disclosure and auctioning of low-value, personal items while ignoring other assets constitutes estate mismanagement** under 11 U.S.C. § 704(a)(2), which requires trustees to "be accountable for all property received."

16. The auctioning of used shoes and sunglasses has **little to no value for the estate, further evidencing that the Trustee is acting in bad faith,** wasting estate resources, and attempting to **punish the Debtor rather than fairly administer the estate.**

C. **The Trustee's Conduct Warrants Sanctions and Potential Removal for Cause**

17. **In re AFI Holding, Inc., 530 F.3d 832 (9th Cir. 2008),** established that **a trustee can be removed for failure to disclose assets, mismanagement, or failure to act in the estate's best interest.**

18. The **Trustee's omission of assets in his initial report, failure to assist the Debtor in obtaining exemptions, and attempt to sell personal property after the fact without justification** demonstrates **misconduct that may warrant removal for cause.**

19. The Debtor **reserves the right to file a motion seeking the removal of Trustee Dribusch for failing to uphold his duties under 11 U.S.C. § 704 and engaging in selective, retaliatory asset administration.**

## III. REQUESTED RELIEF

Based on the foregoing, the **Debtor respectfully requests that this Court grant the following relief:**

1. Sustain this objection and prohibit the Trustee from selling the Debtor's shoes and sunglasses at auction, as they constitute personal exempted items under 11 U.S.C. § 522(d)(3).

2. Order the Trustee to provide a full, transparent accounting of all personal assets seized from the Debtor and explain why certain items (e.g., clothing) were omitted from the asset inventory while others were listed for auction.

3. Direct the Trustee to comply with his fiduciary duties under 11 U.S.C. § 704 and to properly administer exemptions as required by law.

4. Grant such other relief as the Court deems just and proper, including potential sanctions or removal of the Trustee if misconduct is found.

## IV. CONCLUSION

The Trustee's actions in selectively withholding certain assets, failing to assist the Debtor in obtaining exemptions, and now attempting to auction off personal items in bad faith demonstrate **serious mismanagement of the estate.** These actions not only violate the **Debtor's rights under 11 U.S.C. § 522** but also the **Trustee's fiduciary duty under 11 U.S.C. § 704.**

For the reasons set forth above, the **Debtor respectfully requests that the Court sustain this objection, prohibit the sale of personal property at auction, and compel the Trustee to account for all assets taken.**

**Dated:** March 07, 2025
**Respectfully submitted,**

**KRIS D. ROGLIERI**
By: Linda Oliver, as Attorney-in-Fact
N-4 #45131
Rensselaer County Jail
4000 Main Street
Troy, NY 12180