**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF NEW YORK**

In re:
KRIS ROGLIERI, Debtor
Chapter 7 Case No. 24-10157-REL

## DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION AND MOTION TO STRIKE PREJUDICIAL REFERENCES

TO: THE HONORABLE ROBERT E. LITTLEFIELD, JR., UNITED STATES BANKRUPTCY JUDGE:

I, Kris Roglieri, the **Debtor**, respectfully submits this response to the **Chapter 7 Trustee, Christian Dribusch's objection**, addressing the **Trustee's mischaracterizations, failure to properly administer the bankruptcy estate, wrongful eviction of a legal resident, failure to disclose and account for all seized assets, improper handling of the Debtor's legal mail, failure to pay estate obligations, and improper introduction of prejudicial references to an unrelated criminal case.**

Additionally, the **Debtor respectfully moves to strike any references to unrelated criminal matters from the bankruptcy proceedings, as they are irrelevant and unfairly prejudicial.**

## I. DEBTOR'S GOOD-FAITH INTENTIONS TOWARD CREDITORS AND THE BANKRUPTCY PROCESS

1. Contrary to the Trustee's portrayal, **the Debtor has always acted in good faith and remains deeply concerned about ensuring that his creditors receive fair and honest treatment.**

2. When the Debtor originally filed for Chapter 11 bankruptcy, his then-attorney, Joe Barcelona, advised that I could amend asset disclosures at a later date. However, the Trustee continues to ignore this fact and instead falsely claims that the Debtor has been dishonest in his filings.

3. This is simply not true and serves as yet another tactic to portray the Debtor in a negative light.

4. The **Debtor fully cooperated with the Trustee, voluntarily inviting him to the estate, giving** him a full tour of the property, and stating my willingness to assist in any way necessary to facilitate asset liquidation. However, the trustee has never reached out to me for assistance. Instead, he points fingers.

5. The trustee claims the Debtor never took advantage of a Zoom meeting opportunity to discuss case administration. This is completely false. The courts/trustees are responsible for setting up a Zoom meeting with the Rensselaer County jail. Administration at Rensselaer County jail confirmed that the Trustee or Court did not request a meeting regarding the Trustee's claims. This is another example of how the trustee is violating my rights due to my incarceration. This is a Violation of Due Process (Fifth Amendment) In re James Wilson Assocs., 965 F.2d 160 (7th Cir. 1992)
→ A bankruptcy trustee must follow proper legal procedures in handling estate matters to avoid due process violations.

6. Now that assets are being undersold with no reserve prices, it is a serious concern because it directly impacts creditor recoveries. The Debtor is not objecting to lawful liquidation but is raising concerns that assets are not being handled in a way that maximizes value for creditors.

In re AFI Holding, Inc., 530 F.3d 832 (9th Cir. 2008) states that trustees can be removed for failing to act in the estate's best interest. The record shows that **Trustee Dribusch has engaged in selective administration, mismanagement, and unethical conduct.**

## How In re AFI Holding, Inc. Applies to my Case

1. Trustee's Failure to Properly Disclose and List Assets

- In AFI Holding, the trustee was removed for failing to disclose assets properly and engaging in selective asset administration.
- Trustee Dribusch failed to list key assets (shoes, sunglasses, clothing, wine, mail) in his initial November 2024 report but is now selectively trying to sell some items at auction.
- Dribusch's failure to disclose or administer assets transparently violates the standards set in AFI Holding.

2. Mismanagement & Bad Faith Conduct by Trustee Dribusch

- AFI Holding emphasizes that trustees must act with integrity and in the best interest of creditors.
- Dribusch has engaged in questionable conduct, such as failing to document all assets, selectively auctioning certain personal items, paying essential estate bills, and evicting a legal resident without a court order.
- These actions suggest bad faith, selective administration, and violating his fiduciary duties under 11 U.S.C. § 704.

3. Basis for Removal Under 11 U.S.C. § 324

- In AFI Holding, the court removed a trustee who had engaged in misconduct that undermined the integrity of the bankruptcy process.

## II. TRUSTEE'S FAILURE TO DISCLOSE AND ACCOUNT FOR SEIZED ASSETS

6. The **Debtor is deeply concerned that the Trustee has not properly disclosed all property seized from the estate.** While the Trustee has listed and is attempting to auction certain items—**shoes and sunglasses**—**he has failed to account for other property that was also seized, including:**

    - Clothing
    - Boxes of wine
    - Other personal belongings and assets that may not yet be identified

6. **The Trustee failed to include these assets in his November 2024 report** listing all assets and has only addressed the items that the Debtor has called out. **This raises significant concerns that other assets may have been withheld or mismanaged.**

7. The **Debtor does not object to the lawful liquidation of assets for the benefit of creditors.** Instead, he **demands a full and accurate accounting of all property, ensuring that no assets are concealed or misappropriated.**

8. Under 11 U.S.C. § 704(a)(2), **the Trustee is required to fully account for all property received.** His failure to do so constitutes **mismanagement and a breach of fiduciary duty.**

9. If the Trustee is now stating that certain items (such as wine) cannot be sold, why were they taken in the first place? If the Trustee is auctioning shoes and sunglasses, why has he failed to disclose the clothing and other missing property? But why is he only requesting to auction off sunglasses and shoes since it has been called to the courts' attention?

## III. TRUSTEE'S FAILURE TO HANDLE DEBTOR'S MAIL PROPERLY

11. **There is no reasonable explanation for why no mail would have been received at the property for several weeks before the forwarding request took effect.** Given that mail was previously delivered daily and I would receive mail almost every day, the Trustee's assertion that no mail arrived is both implausible and contradictory to his legal obligations.

12. **Dribusch falsely testified under oath in a hearing that he had never touched or seen the Debtor's mail,** yet now he is stating he has taken some mail only from my power of attorney. Multiple witnesses can also confirm that he both handled and retained mail addressed to the Debtor. In which Dribusch lied to the court.

13. **The Debtor respectfully requests that the Court order the Trustee to disclose whether he retained, reviewed, or redirected any of the Debtor's mail** and explain

why mail was not forwarded properly even if it was considered junk. Which violates my rights and is a federal offense.

### Violation of 18 U.S.C. § 1702 – Obstruction of Correspondence (Federal Mail Tampering Law)

- A trustee does not have the right to withhold, destroy, or interfere with a debtor's mail.
- If mail is intentionally thrown away or discarded, it could be considered "Obstruction of Correspondence" under 18 U.S.C. § 1702, which is a federal offense.
- Mail tampering is a federal offense, and the Trustee should be held accountable for obstruction.

### Violation of 11 U.S.C. § 521(a)(4) – Debtor's Right to Access Financial Information

- The debtor is entitled to **receive all notices and legal correspondence related to their bankruptcy case**.
- A trustee's **failure to forward legal mail can interfere with the debtor's ability to participate in the case**, which is a due process violation.

14.

## IV. UNLAWFUL REMOVAL OF LINDA OLIVER FROM THE RESIDENCE & TRUSTEE'S ATTEMPT TO COVER MISCONDUCT

14. Linda Oliver fully complied with the Trustee's requests and returned all requested items to the Trustee's representative. After reviewing these items, **the representative determined they were of no value or relevance to the estate and returned them to Linda Oliver.** The only items retained were cigars.

15. This proves that Linda's presence in the home did not harm the estate or interfere with the Trustee's responsibilities.

16. The Trustee falsely claimed in a text message that a court order authorized her removal and change of locks on that day without warning, but no such order exists in the Bankruptcy or State Court docket.

17. By locking out a legal resident without a court order, the Trustee violated New York state law, caused undue hardship, and should be held accountable for his actions.

18. Under New York Real Property Actions and Proceedings Law (RPAPL) § 713, a legal resident cannot be removed without a court order even in bankruptcy.

19. Dribusch's justification for removing Linda Oliver is entirely baseless, as she fully cooperated with the Trustee's requests.

20. The Due Process Was Violated Under the Fifth Amendment

- **Mullane v. Central Hanover Bank** establishes that you **must** be given notice and an opportunity to be heard before being removed from your residence.
- Since Linda Oliver was never served with a court order and **Dribusch falsely claimed he had the authority to change the locks and ban her from her home,** his actions were illegal.

21.
   1. The trustee claims that the bankruptcy estate assets were left physically unsecured after the United States government had detained the Debtor. This is another example of Trustee lies and exaggeration. Linda Oliver was a legal resident at 40 North Road, and always had the residence secured and locked. Regarding Miss Oliver's vehicle, the Debtor gave her the vehicle to drive to and from the train station. This vehicle's value was up to $25,000, the lowest value car in the estate. It should have been included in my exemptions under vehicles that I could have retained. The trustee gave permission to Miss Oliver to drive the vehicle temporarily until she bought a new one, which she complied.

22. Linda Oliver was actively helpful to the Trustee's representative, assisting in navigating the property and providing cooperation throughout the process.

23. The Trustee's actions were not about protecting estate assets, as there was no harm or interference from Linda Oliver. Instead, this was an abuse of power and an attempt to avoid accountability for breaking the law.

## V. TRUSTEE'S FAILURE TO PAY ESTATE BILLS & SECURE PROPERTY PROPERLY

22. The Trustee failed to pay essential estate bills, including an outstanding utility bill, which was his responsibility.

23. Under 11 U.S.C. § 704(a)(1), a Chapter 7 trustee must protect estate property. Ensuring that utility bills and essential expenses are paid is part of this duty.

24. The Trustee has still failed to pay the $18,610.40 outstanding electric bill, despite controlling the estate and having funds available. My power of attorney reached out to National Grid, and they said that the trustee has not called them once since I was incarcerated. They had made several attempts to contact Trustee and left messages. Finally, the trustee responds and states that he would not void the house's electricity and would move the bill to his trust account. The agent said they have legal documentation of all calls. Till this day, the Trustee still has not paid the electric bill.

Furthermore, my utility bill was current until my chapter 7 conversion, when the Trustee froze my account.

25. On February 27, my Power of Attorney received a final disconnect notice, proving that the Trustee failed to maintain the estate properly.

26. The Trustee's delay in securing the property is unacceptable and raises serious concerns about mismanagement.

## VI. RELIEF REQUESTED

The Debtor respectfully requests that the Court grant the following relief to remove Trustee from this bankruptcy case, and request a new one:

## VII. CONCLUSION

The Court should reject the Trustee's attempts to shift focus away from his own misconduct and ensure that the Debtor's rights—and the interests of the creditors—are fully protected.

Dated: March 07, 2025

Respectfully submitted,

KRIS D. ROGLIERI
By: Linda Oliver, as Attorney-in-Fact
N-4 #45131
Rensselaer County Jail
4000 Main Street
Troy, NY 12180