UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

In re:

    Kris Daniel Roglieri                                        Chapter 7
                                                                           Case No.: 24-10157

                            Debtor.

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S LETTER-REQUEST TO SEAL CERTAIN DOCUMENTS**

TO:    THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
          UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, United States Trustee for Region 2, in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a) and in response to the letter-request by Kris Daniel Roglieri ("Debtor") filed March 17, 2025 (ECF 369), requesting that the Court seal certain documents[1] filed in support of the Debtor's allegation of unlawful eviction as a basis to remove chapter 7 trustee Christian H. Dribusch from this case (ECF 345), hereby states as follows:

Bankruptcy debtors seek extraordinary relief – a bankruptcy discharge. As such, debtors are subject to 100% transparency as to documents filed in their cases. All documents filed in bankruptcy cases are available for public inspection pursuant to statute. 11 U.S.C § 107.

Pursuant to 11 U.S.C § 107(b), sealing is proper only to limit public access to material

---

[1] Although the hand-written document filed by the Debtor at ECF 369 is entitled "Motion to File Under Seal," there is no notice of motion filed with it as required by Fed.R.Bankr.P. 2002 and Local Bankruptcy Rule 9013-1(a). Nor did the Debtor file a motion to shorten or limit notice. For these reasons, and notwithstanding the submission of this objection to the Court, the United States Trustee objects to the letter-request being treated as a motion.

that contains "trade secret or confidential research, development, or commercial information; or … scandalous or defamatory."  It has been said that "[t]he right of public access is 'rooted in the public's First Amendment right to know about the administration of justice.'" In re Celsius Network, LLC, 644 B.R. 276 (Bankr. S.D.N.Y., Sept. 28, 2022)(*quoting* In re Orion Pictures Corp., 21 F.3d 24, 26 (2d Cir. 1994)(citations omitted)).

Acknowledging the strong public policy in favor of open bankruptcy court proceedings, bankruptcy courts will only seal documents where the elements of 11 U.S.C § 107(b) are met. In re Orion Pictures Corp., 21 F.3d 24, 27 (2nd Cir. 1994).  Even then, courts prefer to use redaction "to remove only protectable information," rather than seal an entire document. In re Borders Group, Inc., 462 B.R. 42, 47 (Bankr. S.D.N.Y., Dec. 7, 2011) *citing* Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–98 (1978); see also In re FiberMark, Inc., 330 B.R. 480, 494 (Bankr. D.Vt. 2005).

The Debtor cites no authority for his very broad request to seal entire documents allegedly filed to support his motion to remove the trustee.  The Debtor states that the documents should be sealed, "due to witness identites (sic), private communication, and the severity of the case in the public."  (ECF 369).  Unfortunately for the Debtor, avoiding public review or personal embarrassment is simply not sufficient to support an order to seal.

"Documents filed in a bankruptcy action are public records unless sealing is necessary to protect trade secrets and the like or to protect a person from scandalous or defamatory matter. 11 U.S.C. § 107(a)." Kalil v. Utica City School District, 2007 WL 9752781 (N.D.N.Y. May 22, 2007); *affirmed* 301 Fed.Appx. 29 (2d Cir.2008).  In Kalil, the debtor asked this Court to seal the

docket in a dismissed adversary proceeding based on her view that the statements against her were "patently false." Utica City School District v. Elizabeth Kalil, Ad. Pro. No. 04-80115, ECF Doc. 32, April 11, 2006. This Court denied the motion to seal and both the District Court and the Second Circuit affirmed. There is no basis for a different result here.

Concerning the serious allegations presently before the Court, it seems that the best course of action at this point would be to allow the United States Trustee the opportunity to investigate. Presently, there are seven separate filings by the Debtor in support of his motion, each containing various statements and allegations. (ECF 345, 363, 364, 365, 367, 368, 369). What is lacking is a clear recitation of the circumstances and events that led the parties to this point and evidence sufficient to make a proper record upon which the Court can rely.

Ms. Oliver is a central figure here. She was personally involved in many of the events at issue such as the mail/mailbox, the computer, the Debtor's clothing and personal items, and the changing of the locks to the house. The United States Trustee proposes to seek a Rule 2004 order to allow Ms. Oliver to present testimony, in her own words, regarding these events.

With admissible evidence and testimony in-hand, the United States Trustee will be in a better position to report back to the Court.

**WHEREFORE**, the United States Trustee respectfully requests the Court deny the Debtor's letter-request to seal certain documents filed in support of his motion to remove the chapter 7 trustee, and for such other and further relief as the Court deems just and proper.

Dated: Albany, New York
      March 19, 2025

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Lisa M. Penpraze*
Assistant United States Trustee
Leo O'Brien Federal Building
11A Clinton Ave., Room 620
Albany, NY 12207
Bar Roll No.: 105165
lisa.penpraze@usdoj.gov
Voice: (518) 434-4553
Fax:    (518) 434-4459