| | |
|---|---|
| Christian H. Dribusch<br>187 Wolf Road<br>Albany, NY 12205<br>(518) 227-0026 | Return Date:  April 23, 2025<br>Return Time:  9:15 a.m. |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| In re:<br><br>KRIS DANIEL ROGLIERI<br><br>*Debtor*. | Chapter 7<br><br>Case No.  24-10157 |

-------------------------------------------------------------X

## MOTION FOR THE PROPOSED ABANDONMENT OF CERTAIN NON-DEBTOR BOOKS AND RECORDS, WINE AND OTHER DEBTOR MISCELLANEOUS ITEMS

Christian H. Dribusch, as the chapter 7 trustee (the "*Trustee*") for the bankruptcy estate of Kris Daniel Roglieri (the "*Debtor*"), files this motion pursuant to §554 of Title 11 of the United States Code ("Bankruptcy Code") and Rule 6007(a) of the Federal Rules of Bankruptcy Procedure ("FRBP") to abandon the bankruptcy estate's interest in several banker boxes of business records of non-debtor entities including, without limitation, National Alliance of Commercial Loan Brokers, LLC, Commercial Capital Training Group, LLC, and Prime Commercial Lending LLC which are located within the ancillary building of the 40 North Road, Queensbury, New York real estate ("Non-Debtor Business Records") together with boxes of wine ("Wine") located with the Saratoga Automobile Museum and some personal photographs and other miscellaneous items of the Debtor ("Debtor Miscellaneous Items") also located within the ancillary garage.

**The Non-Debtor Business Records may contain personally identifiable information consisting of Direct Identifier information including without limitation Name, Address, Social Security Number, Other identifying number (credit card) or code, phone number, and Email address as well as Indirect Identifier information including without limitation Gender,**

**Race, Birthdate, and Geographic indicators. Upon abandonment the Non-Debtor Business Records, they will be returned to the Debtor or Debtor representative who will need to comply with applicable law and regulations in their further handling. The Wine which will be returned to the Debtor or Debtor representative will also need to comply with applicable law and regulations in their handling. If the abandoned property is not retrieved within 20 days of the Order approving abandonment, the Trustee seeks authorization to destroy the Non-Debtor Business Records through shredding and otherwise dispose of the Wine and Debtor Miscellaneous Items in a manner consistent with applicable law and regulations.**

In support the abandonment (the "*Abandonment*"), the Trustee respectfully sets forth as follows:

## JURISDICTION

1. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Court has jurisdiction over the parties and subject matter of this Abandonment pursuant to 28 U.S.C. § 157 and § 1334.

## BACKGROUND

2. On February 15, 2024 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, §§ 101, *et seq.*, as amended (the "*Bankruptcy Code*") with the United States Bankruptcy Court for the Northern District of New York (the "*Bankruptcy Court*"). The Debtor's bankruptcy proceeding was converted to one under the provisions of chapter 7 of the Bankruptcy Code on May 15, 2024. The Trustee was appointed chapter 7 trustee.

3. At the time of the bankruptcy filing the Debtor owned several limited liability companies for which the Debtor maintained some business records at 40 North Road, Queensbury,

New York. These Non-Debtor Books and Records generally cover a chronological period commencing several years back.

4. The Trustee has filed a notice of intent to sell the 40 North Road, Queensbury, New York property. See ECF #384.

5. The Trustee would like to ensure that the real estate is conveyed in relatively broom clean condition.

6. To facilitate the administration of the 40 North Road, Queensbury, New York property, the Trustee requests authority to abandon the Non-Debtor Business Records and Debtor Miscellaneous Items located in the ancillary garage so that the Debtor and/or Debtor representative may exercise dominion and control over the Non-Debtor Business Records and Debtor Miscellaneous Items without further Order of the Bankruptcy Court.

7. In addition, the Trustee has been advised by the Trustee's retained professional that the Wine was not saleable based upon the condition they were found in the non-temperature controlled main garage annexed to the residence. Accordingly, the Trustee would like to abandon the Wine.

## DISCUSSION

8. Pursuant to 11 U.S.C. §554(a), "the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

9. "[A] trustee's intent to abandon an asset must be clear and unequivocal." *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 123 (2d. Cir.2008); see also *In re the Sire Plan, Inc.*, 100 B.R. 690, 693 (Bankr.S.D.N.Y.1989) ("[A]ny clear manifestation of the trustee's intent to abandon property will suffice."). In evaluating decisions to abandon property of the estate, courts focus on whether such a decision reflects a business judgment made in good faith. See *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997).

10. "In general, bankruptcy statute authorizing trustee to abandon property which is burdensome or of inconsequential value to estate serves purpose of expeditious and equitable distribution by permitting trustee to abandon property that consumes the resources and drains the income of estate." *In re Pilz Compact Disc, Inc.*, 229 B.R. 630 (Bankr. E.D. Pa. 1999), citing Bankr. Code, 11 U.S.C.A. § 554(a).

11. A trustee or debtor-in-possession may only abandon property to a person or entity with a prepetition possessory interest in the property. *In re Interpictures, Inc.*, 217 F.3d 74, 76 (2d Cir. 2000) (holding that the district court did not abuse its discretion by denying appellant's §554(b) motion to have a RICO claim abandoned to him because appellant's status as a creditor did not give him a possessory interest in the claim); H.R. Rep. No. 595, 95th Cong., 1st Sess. 377 (1977). *See also In re Contifinancial Corp.,* No. 00-12184, 2010 WL 2522732, at *3 (Bankr. S.D.N.Y. 2010). A "possessory interest" in the context of abandonment is defined as a "right to exert control over" or a "right to possess" property "to the exclusion of others." *In re Jandous*, 96 B.R. 462, 466 (Bankr. S.D.N.Y. 1989), *citing In re Cruseturner*, 8 B.R. 581, 591 (Bankr. D. Utah 1981).

12. The Trustee submits that there are adequate and substantial reasons for the Court to approve the Trustee's request to abandon the Non-Debtor Business Records, Wine, and Debtor Miscellaneous Items to the Debtor or such other party as the Bankruptcy Court may direct.

13. Upon information and belief, the Debtor had the pre-petition possessory interest in the Non-Debtor Business Records, Wine, and Debtor Miscellaneous Items.

14. Upon information and belief, based upon a review of the Non-Debtor Business Records and the advice of the retained professional on the value of the Wine and Debtor Miscellaneous Items, it would not appear that the administration of those items will not result in any consequential benefit to the bankruptcy estate.

15. Upon information and belief, the retention of the Non-Debtor Business Records, Wine, and Debtor Miscellaneous items may be burdensome to administer as retention by the Debtor Bankruptcy Estate will necessitate incurring expenses of storage post-sale of the 40 North Road, Queensbury, New York property.

**WHEREFORE**, the Trustee submits that the proposed Abandonment meets the parameters for approval and respectfully requests that the Court issue an Order approving the Abandonment in its entirety and granting such other and further relief as the Court deems just and proper.

Dated: March 27, 2025
       Albany, New York

Respectfully submitted,

By: */s / Christian H. Dribusch*
Christian H. Dribusch, Esq.
Chapter 7 Trustee

Page | 5