Christian H. Dribusch (507021)
187 Wolf Road, Suite 300
Albany, New York 12205
[T] 518.227.0026

Date:  April 23, 2025
Time:  9:15 a.m.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

KRIS DANIEL ROGLIERI

*Debtor*

-----------------------------------------------------------------X

Chapter 7

Case No.   24-10157

### TRUSTEE TURNOVER AND SALE MOTION

TO: HONORABLE ROBERT E. LITTLEFIELD, JR.

Christian H. Dribusch ("*Trustee*") in his capacity as chapter 7 trustee to the bankruptcy

estate of Kris Daniel Roglieri ("*Debtor*") files this motion pursuant to §542 of title 11 of the United

States Code ("*Bankruptcy Code*") and Rule 9014 of the Federal Rules of Bankruptcy Procedure

("*FRBP*") for an Order directing Paul Levine, Esq. ("*Receiver*") as Receiver in Prime Capital

Ventures, LLC ("*PCV*") to turnover property of the Debtor bankruptcy estate consisting of a

Richard Mille Tourbillon Watch ("*Watch*") to the Trustee and pursuant to Bankruptcy Code 363(b)

for authority for the Trustee to sell the Watch subject to a reserve at the auction of the artwork

schedule for June 4, 5 and 6, 2025 (Belmont weekend) ("*Motion*").

In support of the Motion, the Trustee respectfully alleges as follows:

Page **1** of **6**

## JURISDICTIONAL STATEMENT

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Northern District of New York. See, ECF #1.

2. The Debtor case has been converted to Chapter 7 and the Trustee has been appointed by the Office of the United States Trustee. See, ECF #159 and #160.

3. This Motion made pursuant to Bankruptcy Code §542 and 363(b) is a core proceeding under §157(b)(2)(A) of title 28 of the United States Code because it relates to matters concerning the administration of the bankruptcy estate.

4. This Court has jurisdiction over this proceeding pursuant to §157 and §1334 of title 28 of the United States Code.

5. Venue is proper by virtue of §1409(a) of title 28 of the United States Code as the proceeding arises and relates to a case under the Bankrutpcy Code pending before the Northern District of New York.

## FACTUAL BASIS FOR THE MOTION

6. The Receiver has secured the Watch when it was turned over by the Debtor.

7. The Debtor listed the Watch as an asset in the Debtor's petition.

8. The Trustee requests a Bankruptcy Court Order directing the Receiver to turnover the Watch to the Trustee for case administration. The Trustee also requests a Bankruptcy Court Order authorizing the Trustee to sell the Watch, subject to a reserve, at an auction schedule scheduled for June 4, 5, and 6 2025 (Belmont weekend in Saratoga, New York).

POINTS AND AUTHORITIES FOR TURNOVER

9.      Bankruptcy Code §542(a) provides that:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

10.      Under Bankruptcy Code §541, governing "Property of the estate," the act of filing a petition for bankruptcy creates an estate comprised of (as relevant here) "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." Bankruptcy Code §541(a)(1). Section 541 gathers into the estate all such interests in property, "wherever located and by whomever held." *Weber v. Sefcu (In re Weber)*, 719 F.3d 72 (2nd Cir. 2013). The definition of property of the estate is interpreted broadly, and "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of [Section] 541." *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008).

11.      To assemble the bankruptcy estate, §542 of the Bankruptcy Code requires that, during bankruptcy proceedings, an entity "in possession, custody, or control" of certain property in the estate "shall deliver" that property to the trustee, "unless such property is of inconsequential value or benefit to the estate." Bankruptcy Code §542(a). The property subject to this delivery obligation is "property that the trustee may use, sell, or lease under section 363," which grants broad powers over the estate's property to the trustee. See, *Weber v. Sefcu (In re Weber)*, 719 F.3d 72 (2nd Cir. 2013).

12.      To prevail on a claim under §542(a), a trustee must establish three elements: (1) the property is in the possession, custody, or control of another entity; (2) the property can be used

in accordance with the provisions of Bankruptcy Code §363; and (3) the property adds more than inconsequential value to the debtor's estate. *Geltzer v. Brizinova (In re Brizinova)*, 554 B.R. 64 (Bankr. E.D.N.Y. 2016) quoting *Zazzali v. Minert (In re DBSI, Inc.)*, 468 B.R. 663, 669 (Bankr. D. Del. 2011).

13.    The first element is established because at the time of the bankruptcy filing the Debtor had an interest in the Watch which is property of the bankruptcy estate under Bankruptcy Code §541.

14.    The second element is established when a trustee demonstrates that the turnover of property of the estate "can be put to use in connection with the administration of the estate, including paying the claims of creditors and the costs of administration of the estate." *Geltzer v. Brizinova*, 554 B.R. 64, 77 (Bankr. E.D.N.Y. 2016). The second element is established in this case because the Watch can be liquidated in accordance with the provisions of Bankruptcy Code §363 thereby generating proceeds for the benefit of the Bankruptcy estate.

15.    The third element is established when the trustee can show that "some method of sale holds a reasonable prospect of a meaningful recovery in excess of' the debtor's exemption in the asset." *In re Burgio*, 441 B.R. 218, 221 (Bankr. W.D.N.Y. 2010).  In the present case, the value of the Watch substantially exceeds any applicable exemption amount such that the liquidation of the Watch will generate value to the Debtor bankruptcy estate.

POINTS AND AUTHORITY FOR SALE

16.    The statutory authority for the request to sell is Bankruptcy Code §363(b) which provides that "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

17.     The factors in approving a 363(b) sale in bankruptcy may include:

- Structured Sale Processes: The sale must have a clear and organized process to ensure fairness and transparency.

- Due Diligence: Adequate due diligence must be conducted to assess the value and viability of the assets being sold.

- Effective Marketing Strategies: The sale must be marketed effectively to attract potential buyers.

- Substantial Business Justification: The Trustee must demonstrate a substantial business justification for the sale.

18.     The Trustee proposes an auction bidding process with a reserve for the sale of the Watch.  The Trustee has communicated with the seller of the Watch and has ascertained a sale range based upon if the Trustee were to sell directly to seller as well as by consignment through the seller.   Based upon those communications as well as consultation with the retained professionals, the Trustee will develop an appropriate reserve price.  The Trustee proposes selling the Watch together with the artwork during the Belmont weekend in Saratoga, New York. The Trustee believes a sale during the Belmont weekend may create a favorable environment for s successful sale.  The retained professionals, Saratoga Automobile Museum, have provided and will continue to provide substantial marketing for the auction sale scheduled for the Belmont weekend.    Finally, the Trustee business justification is that it is one of the Trustee's fundamental duties under Bankruptcy Code §704 to monetize property of the bankruptcy estate for the benefit of creditors.

19.     The Trustee believes that any offer above a reserve which may be received will be fair and reasonable.

20.     The Trustee believes that the sale of the Watch is in the best interest of the creditors as it will result in funds being made available for distribution for the benefit of creditors.

*RELIEF REQUESTED*

21.     The Trustee requests an Order from the Bankruptcy Court directing the Receiver to immediately turn over possession, custody, and control of the Watch to the Trustee for case administration.

22.     The Trustee also requests an Order from the Bankruptcy Court authorizing the Trustee to include the Watch, subject to a reserve, for sale as part of the previously approved auction of the artwork.

WHEREFORE, the Trustee seeks an Order for the relief requested in the Motion or such appropriate relief as the Court may deem just and proper.

*/s/ Christian H. Dribusch*
**Christian H. Dribusch**
cdribusch@chd-law.com