UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

---

In re:

    Kris Daniel Roglieri                                                     Chapter 7
                                                                       Case No.: 24-10157

                              Debtor.

---

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO REMOVE CHAPTER 7 TRUSTEE CHRISTIAN DRIBUSCH FOR MISCONDUCT, MISMANAGEMENT, AND VIOLATIONS OF FIDUCIARY DUTIES**

TO:    THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
           UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, United States Trustee for Region 2, in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a) and in response to the motion by Kris Daniel Roglieri ("Debtor") filed February 3, 2025, requesting that the Court remove chapter 7 trustee Christian H. Dribusch ("Trustee Dribusch") from this case (ECF 345) ("Motion"), hereby states as follows:

## PRELIMINARY STATEMENT

Removal of a chapter 7 trustee is an extraordinary remedy, and one that is rarely employed by Bankruptcy Courts. It is well-settled that to prevail on a motion to remove a trustee, the movant must demonstrate, "fraud and actual injury to the debtor interests." In re Freeport Italian Bakery, Inc., 340 F.2d 50, 54 (2d Cir. 1965) (internal citations omitted). The movant must establish his/her case, "by at least a preponderance of the evidence." United Tax Grp., LLC, 622 B.R. 148, 152 (Bankr. Del., October 19, 2020).

Removal has widespread repercussions for a trustee, as well as debtors and creditors in other cases, because removal of a trustee from one case requires his/her removal from all cases.

11 U.S.C. § 324.  It is for this reason that U.S. Bankruptcy Judge Trust in the Eastern District of New York noted that removal of a trustee is, "a powerful device, to be deployed only in the most severe of cases." <u>In re Belmonte</u>, 524 B.R. 17, 28 (Bankr. E.D.N.Y. 2015).

The Motion is merely a collection of personal grievances, none of which rise to the level that would justify removal of Trustee Dribusch.  Even taken together, the Debtor's grievances do not support removal of the trustee.  The Motion fails to even approach a showing by a preponderance of the evidence that Trustee Dribusch has engaged in fraud <u>and</u> that, as a result, such actions have cause "actual injury" to the Debtor's interests.  Moreover, as explained below, the Debtor does not have a pecuniary interest in this bankruptcy case that could be injured.

The Debtor has no pecuniary interest in the outcome of this case and, by law, lacks standing to object to any matters involving estate property.  This is not a surplus case and will never be a surplus case.  The official Claims Register maintained by the Clerk of the Bankruptcy Court reflects over $288 million in claims filed.  According to the Debtor's Schedule A/B, the total value of his assets is less than $28 million.  (ECF 80).  As such, the Debtor is insolvent and has no standing to challenge the trustee's disposition of estate assets.

The law in the Second Circuit is clear and unambiguous:

> [i]t is well-established that a Chapter 7 debtor is a "party in interest" and has standing to object to a sale of the assets, or otherwise participate in litigation surrounding the assets of the estate, <u>only if there could be a surplus after all creditors' claims are paid</u>.

<u>60 East 80th St. Equities, Inc.</u>, 218 F.3d 109, 115 (2d.Cir 2000)(emphasis added).

This Debtor is hopelessly insolvent.  He lacks standing to object to sales conducted in this case and any other matters concerning estate property.  Based on the clear and indisputable lack

2

of standing, it is appropriate for this Court to summarily deny the Motion.

However, notwithstanding applicable Second Circuit precedent discussed above regarding lack of standing, in an abundance of caution, the United States Trustee will address 11 U.S.C. § 342 and the allegations contained in the Motion.

## BACKGROUND

On February 15, 2024, the Debtor voluntarily filed this case as a chapter 11 case under subchapter v. Upon information and belief, the FBI seized valuable personal property during the course of two raids conducted on February 2, 2024 and March 5, 2024. (ECF 65). In light of these remarkable events, among other things, the Court granted the United States Trustee's motion to convert the case to chapter 7 pursuant to 11 U.S.C. § 1112(b) on May 15, 2024. (ECF 159).

Upon conversion, the United States Trustee appointed Christian H. Dribusch as interim trustee. (ECF 160). Mr. Dribusch became the permanent trustee following the chapter 7 first meeting of creditors conducted pursuant to 11 U.S.C. § 341(a). Upon information and belief, the Debtor was arrested by the FBI on May 31, 2024 and has been incarcerated since that date.

On February 3, 2025, in this bankruptcy case, the Debtor filed the Motion seeking removal of Christian H. Dribusch, Esq. as chapter 7 trustee pursuant to 11 U.S.C. § 324(a). Since that date, the Debtor has filed a profusion of documents purportedly "in support" of his

3

Motion. See ECF 363, 365, 367, 368, 369, 380, 381, 390, 407, 408, 409, 410, 417, and 419.[1] Since the filing of the Motion, the Debtor has participated in numerous Bankruptcy Court hearings via telephone notwithstanding his incarceration.

At the Bankruptcy Court hearing on April 16, 2025, the Debtor appeared by phone and stated that he filed the Motion not because of any personal animus against the trustee, but rather because he is concerned for the best interests of creditors. That statement by the Debtor stands in stark contrast to other statements made by the Debtor as explained below.[2]

For example, the Debtor expressed, in writing, his desire to physically harm various parties involved in his court cases, including the judge, receiver, and attorneys. The excerpt below is taken from a filing made by the U.S. Attorney in support of the government's continued detention of the Debtor. (24-mj-00261-CFH, Doc. 6-1, filed June 3, 2024).

> in his bankruptcy proceeding. Text messages between Person-1 and the defendant, found on Person-1's cell phone, include the following:
>
> - January 21, 2024: "I'm fucking gonna wack anybody that comes after me," "Fair game," and "You wanna come after me with guns you gonna get the same." Ex. 2.
>
> - January 25, 2024: "I feel myself getting angry and vengeance to those that are doing this," "Including the atories [sic], judge, receiver etc," "I don't really play by the rules," "Never have and never will," and "And that's dangerous as I feel myself getting to that point with all involved against me." Ex. 3.

---

[1] The United States Trustee reserves all rights to object to the evidentiary value of the Debtor's submission of third-party statements and affidavits and to seek further discovery, including but not limited to depositions, to the extent it may become necessary to the outcome of this matter. Notwithstanding this reservation of rights, it appears that the Court will have a sufficient record to make a determination on the Motion without the parties engaging in further discovery.

[2] The District Court denied the Debtor's requests for conditional release based, in part, on threatening statements the Debtor made against one or more FBI agents and others.

4

## APPLICABLE LAW

11 U.S.C. § 342 governs removal of a trustee. "The court, after notice and a hearing, may remove a trustee, other than the United States trustee, for cause." 11 U.S.C. § 324(a).

The Bankruptcy Code does not define "cause" for removal of a trustee, however, the Second Circuit has long held that removal of trustee requires evidence of fraud and actual injury to the debtor's estate. *See* <u>In re Freeport Italian Bakery, Inc.</u>, 340 F.2d 50, 54 (2d Cir. 1965); *see also* <u>In re Belmonte</u>, 524 B.R. 17, 29 (Bankr. E.D.N.Y. 2015) (describing removal as "a powerful device, to be deployed only in the most severe of cases.").

A party seeking removal of a trustee, "must make a 'strong showing' by at least a preponderance of the evidence 'because the effect of removal is deleterious to the continuity of the administration of the estate.'" <u>United Tax Grp., LLC</u>, 622 B.R. 148, 152 (Bankr. Del., October 19, 2020), *quoting* <u>In re Empire State Conglomerates, Inc.</u>, 546 B.R. 306, 317 (Bankr. S.D.N.Y. 2016). "Unsupported inferences" are wholly insufficient to sustain a motion to remove a trustee. <u>In re Belmonte</u> at 28.

Absent proof by a preponderance of the evidence that a trustee engaged in fraudulent conduct <u>and</u> caused harm to the bankruptcy estate, a motion to remove the trustee must be denied. *See* <u>In re Ampal-Am. Isr. Corp.</u>, 691 F.Appx. 12, 16 (2d Cir. 2017); *see also* <u>In re Haworth</u>, 356 F.Appx. 529 (2d Cir. 2009).

**OBJECTION**

The Debtor sets forth five "grounds" upon which he requests removal of the Trustee Dribusch. The United States Trustee objects to each of the five alleged grounds as being unsupported and insufficient to sustain the relief requested.

1. <u>Failure to Properly List and Account for Assets</u>

The Debtor alleges that upon taking possession of the Debtor's former residence in the Town of Queensbury, Trustee Dribusch failed to properly account for certain of the Debtor's assets.[3] In particular, the Debtor alleges that the Trustee Dribusch failed to file an itemized inventory of the Debtor's "clothing, shoes, sunglasses and boxes of wine." (ECF 345, ¶ 4). The Debtor further alleges that such "omission raises concerns about mismanagement, asset concealment, and fraudulent accounting." (ECF 345, ¶ 4).

a. <u>Clothing, Shoes, Sunglasses, Boxes of Wine</u>

The Debtor did not list his ownership of clothing, shoes, sunglasses and boxes of wine on his Schedule A/B. Instead, the Debtor made a single line entry for "clothes" with a value of $200,000. (ECF 80, pg. 6 of 47). Nowhere did the Debtor separately list and value his clothing, shoes, or sunglasses. In addition, the Debtor did not list "boxes of wine" on Schedule A/B. See excerpt below. (ECF 80).

---

[3] As the result of the Debtor's May 31, 2024 arrest and detention, Trustee Dribusch was required to assume control and possession of the Debtor's real and personal property to protect same for the benefit of creditors. Upon information and belief, when Trustee Dribusch arrived at the property following the initial detention hearing where the Debtor's request for release was denied, the property was unsecured and unoccupied. Upon further information and belief, the front door and gate were damaged and unlocked.

| | | |
|---|---|---|
| **11. Clothes** | | |
| *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories | | |
| ☐ No  ☒ Yes. Describe......... | Clothes | $ 200,000.00 |
| **12. Jewelry** | | |
| *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver | | |
| ☐ No  ☒ Yes. Describe......... | See attachment. | $ 3,300,000.00 |
| **13. Non-farm animals** | | |
| *Examples:* Dogs, cats, birds, horses | | |
| ☒ No  ☐ Yes. Describe......... | | $ 0.00 |
| **14 Any other personal and household items you did not already list, including any health aids you did not list** | | |
| ☒ No  ☐ Yes. Give specific information ............. | | $ 0.00 |

The Court's docket shows that on two occasions the Court notified the Debtor of the requirement to file an inventory of his property. (ECF 3, 42). At no time did the Debtor file an inventory of clothing, sunglasses, or shoes. Notably, however, Trustee Dribusch filed an inventory of "sunglasses, shoes, and tradenames," which included fifteen pairs of designer sunglasses and over eighty pairs of designer shoes. (ECF 354, 355). The Debtor complains that Trustee Dribusch did not timely file the inventory.

The Debtor points to no provision of the Bankruptcy Code that requires a chapter 7 trustee to file an itemized inventory of a debtor's <u>undisclosed</u> clothing, designer shoes, and sunglasses by a certain deadline. Nor has the Debtor alleged or established that he has been harmed in any way vis-à-vis the inventory – one that he never bothered to file himself.

      b.    <u>Sales Authorized by the Court</u>

On August 12, 2024, Trustee Dribusch filed a motion seeking authority to sell certain personal property of the bankruptcy estate. (ECF 242). Trustee Dribusch also filed inventory

7

lists of items to be sold. (ECF 258, 268, 354, 355). On March 28, 2025, Trustee Dribusch filed a motion to abandon certain items, including boxes of wine. (ECF 394). Once these items are abandoned, they will no longer be part of the bankruptcy estate and ownership will revert to the Debtor.

The Court conducted a number of hearings regarding Trustee Dribusch's motion to sell and the Court entered three interim sale orders authorizing certain sales. (ECF 265, 278, and 357). All sales conducted by Trustee Dribusch have been performed under the auspices of the Bankruptcy Court, on proper notice, and with proper statutory authority. The Debtor's allegation that the Trustee is exercising "unchecked power" is contrary to the extensive record in this case.

2. <u>Alleged Improper Handling of Legal Mail</u>

The Debtor alleges that because he is incarcerated, Trustee Dribusch is obligated to ensure the Debtor's receipt of all "bankruptcy notices" at the Rensselaer County Jail. (ECF 345, ¶¶ 6-8). The Debtor cites no provision of the Bankruptcy Code that requires Trustee Dribusch to forward "bankruptcy-related mail" and "court notifications" to an incarcerated debtor at the place of incarceration. In fact, no such obligation exists.

If the Debtor has a complaint about not receiving mail during his incarceration, his relief may lie with the administrators of the Rensselaer County Jail. This is not a bankruptcy issue and certainly cannot form the basis for the removal of a chapter 7 trustee.

3. <u>Alleged Wrongful Eviction of Linda Oliver</u>

In the Motion, the Debtor is asserting a claim for damages on behalf of Linda Oliver. The Debtor alleges that Trustee Dribusch, "illegally evicted (the debtor's) Power of Attorney, Linda Oliver," in violation of NY RPAPL § 853. (ECF 345, ¶ 9).

8

This claim must be denied as a matter of law. The Debtor is not an attorney, therefore, cannot appear or assert claims in court on behalf of third parties. *See* NY Judiciary Law § 478; People v. Rodriquez, 129 A.D.2d 597 (2 Dept. 1987).

4. <u>Alleged Unauthorized Access to Debtor's Personal Computer</u>

The Debtor alleges that Trustee Dribusch, "accessed my personal computer, which was not locked" and that such action by Trustee Dribusch was, "a violation of my privacy rights." (ECF 345, ¶¶ 11-12). The Debtor cited no legal authority to support his allegation that Trustee Dribusch's actions violated any protected privacy rights. Nor did the Debtor assert any damages with respect to this claim.

The Debtor voluntarily filed a bankruptcy petition in this Court on February 15, 2024. Pursuant to 11 U.S.C. § 541(a), nearly all personal property owned by a debtor as of the petition date becomes property of the bankruptcy estate, including electronic devices and computers. The Debtor voluntarily placed himself and his assets (including his personal computer) under the jurisdiction of this Court. The Debtor cannot be heard now to complain that in the exercise of his statutory duties, Trustee Dribusch handled estate assets.

Upon information and belief, in an effort to maintain full transparency and cooperation, Trustee Dribusch contemporaneously communicated with Debtor's counsel regarding the personal computer and information sought therefrom. In addition, upon further information and belief, Trustee Dribusch was required to turnover the computer to the FBI pursuant to subpoena and did so.

The Debtor has not articulated any legal basis for his assertion that personal computers are exempt from 11 U.S.C. § 541(a) or that chapter 7 trustees are prohibited from administering such assets. The Debtor has neither alleged nor proven by a preponderance of the evidence that he has been injured by Trustee Dribusch's administration of estate property, including the computer.

5. <u>Alleged Failure to Pay Post-Petition Utility Bills</u>

The Debtor alleges that Trustee Dribusch violated 11 U.S.C. § 704 by failing to "protect and preserve estate property." (ECF 345, ¶¶ 13-14). Specifically, the Debtor complains about his post-petition utility bills.

The Debtor seems to assert that Trustee Dribusch has a personal fiduciary duty to the Debtor to protect the Debtor's interests because the Debtor is incarcerated. Such is not the case, regardless of whether the Debtor is incarcerated or not. A chapter 7 trustee is a fiduciary of the bankruptcy estate and must act for the benefit of creditors. The Debtor's inability to handle his own affairs (such as his relationship with his utility providers) because he is incarcerated is unrelated to the bankruptcy case and the administration of the bankruptcy estate by Trustee Dribusch.

To the extent that National Grid or any other utility providers may have claims against the bankruptcy estate, they are entitled to exercise their rights under the Bankruptcy Code. This is not a basis to remove a trustee.

## CONCLUSION

The Debtor's Motion to Remove Trustee Christian Dribusch must be denied as a matter of law. The Debtor is insolvent and has no standing to object to the administration of assets in this case.

Even if the Debtor had standing (which he does not), the allegations in the Motion are entirely unsupported and frivolous. The Debtor articulated no legal or factual basis upon which this Court can conclude that the Trustee Dribusch has engaged in fraud <u>and</u> that such fraudulent actions have resulted in harm to the Debtor's interests.

In light of the extraordinary investment of time and effort expended by Court, the chapter 7 trustee, and the United States Trustee: (i) to review and respond to the torrent of papers filed by the Debtor in support of his specious motion to remove the trustee; (ii) to participate in countless Court hearings regarding same; and (iii) to prepare and file written objections to the meritless allegations, the United States Trustee requests the Court deny the Motion *with prejudice*.

**WHEREFORE**, the United States Trustee respectfully requests the Court deny the Motion to Remove Christian H. Dribusch as chapter 7 trustee *with prejudice*, and for such other and further relief as the Court deems just and proper.

Dated: Albany, New York
      April 17, 2025

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Lisa M. Penpraze*
Assistant United States Trustee
Leo O'Brien Federal Building
11A Clinton Ave, Room 620
Albany, NY 12207
Bar Roll No.: 105165
lisa.penpraze@usdoj.gov
Voice: (518) 434-4553
Fax:   (518) 434-4459