So Ordered.

Signed this 24 day of April, 2025.



Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

KRIS DANIEL ROGLIERI,

Case No. 24-10157
Chapter 7

*Debtor*.

**ORDER DENYING MOTION FOR TURNOVER AND SALE**

On April 2, 2025, Christian H. Dribusch, Esq., the Chapter 7 Trustee (the "Trustee"), filed a motion seeking the turnover of a Richard Mille Tourbillion Watch (the "Watch") and authority to sell the Watch at auction (the "Motion"). (ECF No. 398). On April 23, 2025, the Court held a hearing on the Motion, at which the Trustee, Harrison E. Strauss, Esq. as counsel for the United States Trustee ("UST") and Paul A. Levine, Esq. ("Levine") as federal receiver to Prime Capital Ventures, LLC ("Prime"), appeared. (ECF No. 455).

At the hearing, the Court raised several concerns pertaining to the form of the Motion and the relief sought. Most pressing of all is that the majority of evidence points to the Watch being the property of Prime and therefore not under the authority of the Roglieri estate.[1] Pleadings made by the Trustee and others in related matters appear to hinder, not help, the argument that the Motion

---

[1] Notably, neither the UST nor counsel for Prime objected to the Motion.

-1-

should be granted. *See, e.g., In re Prime Capital Ventures, LLC*, Case No. 24-11029, at ECF Nos. 1, 78, 91, 92, 118 (Bankr. N.D.N.Y.) (identifying the Watch as property of Prime's bankruptcy estate); *Paul A. Levine et al. v. B and R Acquisition Partners, LLC et al.*, Case No. 24-cv-939, at ECF No. 13 at ¶ 5 (N.D.N.Y.) ("Prime's estate consists of certain limited hard, tangible assets, including . . . a luxury watch valued at $2,275,000.00."). Further, the Trustee and Levine prepared a stipulation to turn the Watch over to Prime, which contradicts the request in the Motion that the Watch be turned over in Roglieri's case. Also at issue is the fact that the question of ownership has been well-known to the parties for months yet was not raised previously or mentioned at all in the Motion. These matters give rise to a concern that the Trustee—who also serves as the personal representative of Prime's sole member—may be facing a conflict of interest.

None of the responses provided were sufficient to assuage the Court's concerns. Many of the arguments raised were based upon context not provided in the Motion and, in some instances, in direct contradiction of the Motion itself. As such, the Court is unable to grant the Motion.

Now, after due deliberation and for the reasons stated on the record and herein, it is hereby

**ORDERED**, that the Motion is denied without prejudice.

# # #