Christian H. Dribusch
THE DRIBUSCH LAW FIRM
187 Wolf Road
Albany, New York 12205
(518) 227-0026

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:

KRIS DANIEL ROGLIERI

                Debtor.

Chapter 7

Case No. 24-10157

-------------------------------------------------------------------X

## TRUSTEE MEMORANDUM IN SUPPORT OF SALE MOTIONS

### THE DEBTOR DOES NOT HAVE STANDING TO OBJECT TO THE TRUSTEE SALE MOTIONS

Since chapter 7 debtors are divested of all rights, title, and interest in nonexempt property through the creation of the bankruptcy estate at the commencement of their cases, debtors generally lack any pecuniary interest in the trustee's disposition of that property. See, *In re Martin*, 201 B.R. 338 (Bankr. N.D.N.Y. 1996). Thus, a debtor does not have general case administration standing to object to a chapter 7 trustee sale of bankruptcy estate property. See, In *re 60 East 80th St. Equities*, Inc., 218 F.3d 109, 115 (2d Cir. 2000).

The burden to establish standing is on the party seeking to be heard by the court. See *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009). Thus, it is the Debtor's burden to proof standing, not the Trustee's to disprove it.

A Chapter 7 debtor has standing to object to the sale of the assets "only if there could be a surplus after all creditors' claims are paid." *In re 60 East 80th St. Equities, Inc*., 218 F.3d 109, 115

(2d Cir. 2000). To establish standing, the Chapter 7 debtor has the burden of showing that there is at least a reasonable possibility of a surplus. See *id*. at 115-16., *Licata v. Coan (In re Licata)*, 15-3172-bk (2nd Cir. Sep 02, 2016)

This Bankruptcy Court has also previously held that a chapter 7 debtor lacked standing to object to the trustee's administration of assets where the claims against the estate exceeded the value of its assets by tens of millions. *In re Martin,* 201 B.R. 338, 343-44 (Bankr. N.D.N.Y. 1996).

As evidenced by the Debtor's claim register there is no reasonable possibility that removal of the trustee would entitle the debtor to the distribution of a surplus under 11 U.S.C. § 726(a)(6). At numerous prior hearings, the Debtor has made the evidentiary admission that the Debtor bankruptcy estate will not generate a surplus.

In *Martin*, the debtor asserted "that he has standing based on the denial of his discharge which provides him with a financial interest in the estate along with the possibility of a surplus if the Trustee properly administers the estate." 201 B.R. 388, at 344. This Bankruptcy Court denied standing explaining that:

> To allow Martin to have standing based upon the highly speculative conjecture of a surplus, particularly in light of the claims filed in this case, would be to open the floodgates for debtors to object to a variety of the Trustee's actions in a case and frustrate the goals of the bankruptcy law, namely, an orderly and efficient administration of the debtor's estate.
> *In re Martin*, 201 B.R. 338, at 344 (emphasis added).

This case demonstrates the strong policy reasons for this Court's rationale in *Martin* as to why a debtor without a pecuniary interest in the outcome of the case should not have generalized standing concerning the administration of the bankruptcy estate. The Bankruptcy Court may take notice of its own docket and see that the Debtor is using the bankruptcy proceedings as a venue to interfere with the right of general unsecured creditors to an orderly administration of the Debtor

bankruptcy estate by slowing down case administration predicated on conjecture and in contravention of established legal principles, which Debtor actions frustrate the goals of the bankruptcy law, namely, an orderly and efficient administration of the debtor's bankruptcy estate.

The unsecured creditors have been harmed, they have patiently waited through case progression, and their interests should now be protected.

### EVEN IF THE DEBTOR DID FILE EXEMPTIONS AND THEY ARE ALLOWED, THE DEBTOR'S EXEMPTION INTERESTS ARE PROTECTED.

If the Debtor did file exemptions[1] and they were allowed, the Trustee is not violating any fiduciary duty to the Debtor concerning the administration of exempt assets by selling property of the bankruptcy estate. The Debtor interest is in the <u>amount</u> of any applicable exemption <u>and not the property itself</u>. See, *Schwab v. Reilly*, 560 U.S. 770 (2010) ("property" as the debtor's "interest"—up to a specified dollar amount—in the assets described in the category, not as the assets themselves"). The proceeds of any theoretical exempt property of the Debtor which has been sold pursuant to Bankruptcy Court Order is being held by the Trustee and the Trustee has sufficient funds to pay the "amount" of any applicable theoretical exemption with respect to its administration. A straightforward application of the law is that the Debtor is not entitled to his shoes or sunglasses but rather the aggregate exemption for all the Debtor's personal property in a bankruptcy proceeding which cannot exceed the $11,975.00[2] cap provided for under the New York Debtor and Creditor section 283(1). Thus, assuming all proper exemptions were taken, the maximum the Trustee would need to remit to the Debtor is $11,975.00 which funds the Trustee already has from the sale of the other personal property of the Debtor bankruptcy estate. Per the

---

[1] The Debtor is not entitled to any exemptions because no Schedule C claiming any exemptions has been filed and, even if a Schedule C were filed, the Trustee's (and other parties) time to object to it does pass not expire until 30-days after the close of the meeting of creditors. See, Federal Rule of Bankruptcy Procedure 4003(b)(1).

[2] Debtor case was filed pre-April 2024.

United States Supreme Court in *Schwab*, there is no obligation for the Trustee to remit the asset as opposed to the amount. Indeed, such a result would be extraordinarily burdensome as a bankruptcy court would need to conduct a valuation hearing on every asset that the debtor wants to retain and apply it to the cap. The Debtor's objection is a perfect example of why the Bankruptcy Court should not be engaging in a valuation hearing on each pair of shoes or each pair of sunglasses to determine how much should be applied to the $11,975.00 cap. Other than ensuring that the aggregate value of the Trustee sales of Debtor bankruptcy estate personal property exceeds the exemption cap, which in this case it clearly does, it should be left to the Trustee's business judgement as to whether the asset will generate value for the benefit of general unsecured creditors rather than the Debtors whims about what Bankruptcy estate property he may or may not want. In other words, subject to Bankruptcy Court approval, it is the Trustee, as the sole representative of the Debtor bankruptcy estate who decides what Bankruptcy estate assets the Debtor bankruptcy estate should administer for the benefit of unsecured creditors. In this case, the retained professional has advised the Trustee that the shoes and sunglasses may be saleable and thus generate value, so the Trustee has a reasonable business justification to sell them for the benefit of the unsecured creditors whose benefit should be a meaningful consideration of any bankruptcy court considering the orderly administration of a debtor bankruptcy estate.

The principle described above also applies to the Trustee's motion to sell the real estate. Assuming the application of the New York exemption, the most the Debtor could receive on a homestead exemption is $89,975.00 as it pertains to Debtor's <u>equity</u>. While the Trustee has legal arguments pertaining to the homestead exemption, even if the Trustee did not prevail on such arguments, the Debtor bankruptcy estate will have received sufficient net proceeds from the sale

of real estate with which to pay the homestead exemption. Thus, the Debtor's interest, which is theoretical, is protected.

## CONCLUSION

In granting the sale motions, the Bankruptcy Court allows the Trustee to protect the real parties in interest to the Debtor bankruptcy estate, namely the creditors, which is what the Trustee's sale motions, if granted, would accomplish.

Dated: April 25, 2025

Respectfully submitted,

*/s/ Christian H. Dribusch*
Christian H. Dribusch