So Ordered.

Signed this 8 day of May, 2025.



_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                                      Chapter 7

KRIS DANIEL ROGLIERI                                        Case No. 24-10157

               *Debtor*.

-------------------------------------------------------------X

### ORDER AUTHORIZING TRUSTEE SALE OF REAL ESTATE

       WHEREAS this matter came before the Court on the motion of Christian H. Dribusch (the "*Trustee*") returnable on April 23, 2025 and adjourned to May 6, 2025 for an Order requesting:

- Trustee authority to sell real property located at 40 North Road, Queensbury, New York ("*Real Estate*") *free and clear of liens, encumbrances, and interests* pursuant to 11 U.S.C. §363(b) and (f) *with such liens, encumbrances, and interests attaching to the proceeds of sale*.
- Trustee authority to remit payment to secured creditors KeyBank National Association and New York State.
- Trustee authority to pay taxes and other customary closing costs.
- Such other and further relief as may be necessary to effectuate the sale of the Real Estate pursuant to title 11 of the United States Code as may be applicable ("*Motion*").

       WHEREAS the Court has determined the Motion has been properly noticed.

       WHEREAS the Debtor filed an objection to the Motion.

       WHEREAS Tina Roglieri filed an objection to the Motion to the extent of her rights in the

Debtor's exemption, if any.

WHEREAS the secured creditor Key Bank National Association filed a response in support of the Motion.

WHEREAS the secured creditor New York State appeared in support of the Motion.

WHEREAS the Office of the United States Trustee appeared in support of the Motion.

WHEREAS no other parties filed an objection or response to the Motion.

WHEREAS the Court reviewed the Motion and held a hearing on May 6, 2025 ("*Hearing*").

WHEREAS the Court has found that:

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157 and § 1334.
2. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).
3. The Notice of the Motion and the Hearing are sufficient under the circumstances and no other or further notice need be given.
4. The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

**ACCORDINGLY, OVER THE OPPOSITION OF THE DEBTOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. The sale of the Real Estate pursuant to the real estate contract and each of its terms and conditions are hereby approved in their entirety pursuant to §363(b) of the Bankruptcy Code, and the Trustee and purchaser are hereby authorized and directed to take all actions necessary to consummate the real estate contract on the terms set forth therein.

3. The Trustee is authorized to execute all documents related to the sale of Real Estate on behalf of the bankruptcy estate.

4. Pursuant to 11 U.S.C. §105(a) and §363(f), the Real Estate and all of the bankruptcy estate's right, title and interest therein shall be transferred to the purchaser at Closing, *free and clear of all liens, claims, encumbrances and interests* (collectively, the "*Liens*") whether arising prior to or subsequent to the commencement of the Debtor's bankruptcy case, and whether imposed by agreement, understanding, law, equity or otherwise, *with all such Liens, if any, to attach to the sale proceeds in the order of their priority, and with the same validity, force and effect which they now have against the Real Estate.*

5. All people and entities holding Liens of any kind and nature with respect to Real Estate are hereby barred from asserting such Liens against the purchaser, its successors, and assigns, or to the Real Estate.

6. Purchaser shall pay the purchase price for the real property at the Closing.

7. At closing, the Trustee is authorized to pay taxes and closing costs as customarily may be paid by a seller.

8. As to the real estate contract and the Real Estate transferred thereby, this Sale Order:

(a) is and shall be effective as a determination that, on the Closing, all Liens existing as to the real estate prior to Closing have been unconditionally released, discharged and terminated; and

(b) is and shall be binding upon and govern the acts of all entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Real Estate.

9. The Purchaser is a purchaser in good faith of Real Estate and is entitled to all the protections afforded by Section 363(m) of the Bankruptcy Code.

10. The terms and provisions of the real estate contract, together with any terms and provisions of this Sale Order, shall be binding in all respects upon, and shall inure to the benefit of, the Trustee, the bankruptcy estate and creditors, the purchaser, and its successors and assigns, and any affected third-parties, including but not limited to, all non-debtor parties asserting Liens or other claims against or interest in the bankruptcy estate or any of the Real Estate to be sold to the purchaser pursuant to the real estate contract.

11. The real estate contract and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with their terms without further order of this Court, provided that any such modification, amendment or supplement is not material.

12. The failure to specifically include any particular provision of the real estate contract in this Sale Order shall not diminish or impair the effectiveness of such a provision, it being the intent of the Court that the real estate contract be authorized and approved in its entirety.

13. The Trustee is authorized to remit payment to Key Bank National Association and New York State as provided for in the Motion at the closing or promptly thereafter.

14. The Trustee shall promptly file a Report of Sale with the Bankruptcy Court.

15. This Sale Order constitutes a final and appealable Order within the meaning of 28 U.S.C. § 158(a). The provisions of Bankruptcy Rule 6004(h) staying the effectiveness of this Sale Order are hereby waived, and this Sale Order shall be effective immediately upon entry hereof.

### #