So Ordered.

Signed this 29 day of May, 2025.



_____

Robert E. Littlefield, Jr.

United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                  Case No.: 24-10157-1-REL

KRIS DANIEL ROGLIERI,                                    Chapter 7

                  Debtor.
-------------------------------------------------------X

**ORDER RESPECTING ACCESS TO 40 NORTH ROAD, QUEENSBURY, NEW YORK
AND THE REMOVAL OF PERSONAL PROPERTY, IF ANY**

WHEREAS, by amended Order entered on May 27, 2027 ("May 27 Order") (ECF No. 488), the Court scheduled a hearing regarding a letter from the Debtor (ECF No. 479) requesting a conference concerning the retrieval of belongings from the Debtor's real property located at 40 North Road, Queensbury, New York ("Queensbury Property"), and stayed the Court's previous Order authorizing the abandonment of property (ECF No. 476) and the Order authorizing the sale of the Queensbury Property (ECF No. 477) pending further Order of the Court;

WHEREAS, on May 27, 2025, Marianne T. O'Toole was appointed pursuant to 11 U.S.C. § 703(a) as successor interim trustee of the above-referenced case ("Successor Trustee");

-1-

WHEREAS, on May 28, 2025, the Court conducted a hearing in accordance with the May 27 Order ("Hearing"); and

WHEREAS, among others, the Successor Trustee, proposed counsel to the Successor Trustee, the Debtor, Linda Oliver, the U.S. Trustee, and Andrew Genovese appeared at the Hearing.

**BASED ON THE RECORD OF THE HEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. On Saturday, May 31, 2025, beginning at 12:00 p.m. until 3:00 p.m., the Trustee will provide access to the Queensbury Property to Linda Oliver, and Linda Oliver may remove personal belongings (if any) of the Debtor and/or Linda Oliver that may be located in or on the Queensbury Property. It shall be the sole responsibility of Linda Oliver to secure appropriate transportation and/or assistance to remove any such personal belongings. For avoidance of doubt, the personal belongings exclude any fixtures appurtenant to the Queensbury Property, appliances or otherwise included in the Court-approved contract for the sale of the Queensbury Property (ECF No. 403).

2. Effective at 3:01 p.m. on May 31, 2025, the stay of the Court's previous Order authorizing the abandonment of property (ECF No. 476) and the Order authorizing the sale of the Queensbury Property (ECF No. 477) provided for in the May 27 Order shall be deemed vacated.

3. Other than as set forth in paragraph 2 above, nothing in this Order shall be deemed to or shall modify any prior Orders of the Court.

###