Marianne T. O'Toole, Successor Chapter 7 Trustee
2 Depot Plaza, Suite 2E
Bedford Hills, New York 10507
Telephone: (914) 232-1511

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                  Case No.: 24-10157-1-REL

KRIS DANIEL ROGLIERI,                                      Chapter 7

                Debtor.
---------------------------------------------------------X

### APPLICATION FOR AN ORDER AUTHORIZING THE SUCCESSOR CHAPTER 7 TRUSTEE TO RETAIN COUNSEL

TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
UNITED STATES BANKRUPTCY JUDGE

      The application ("Application") of Marianne T. O'Toole, solely in her capacity as successor Chapter 7 Trustee ("Successor Trustee") of the estate of Kris Daniel Roglieri ("Debtor"), seeks entry of an Order, pursuant to section 327(a) of title 11 of the United States Code ("Bankruptcy Code"), authorizing and approving the employment of LaMonica Herbst & Maniscalco, LLP ("LH&M") as counsel to the Successor Trustee effective as of May 27, 2025, and respectfully represents and alleges:

### BACKGROUND

      1.      On February 15, 2024 ("Filing Date"), a voluntary petition pursuant Chapter 11, Subchapter V of the Bankruptcy Code was filed on the Debtor's behalf in the United States Bankruptcy Court for the Northern District of New York ("Court"). See ECF No. 1.

      2.      By Order entered on May 15, 2024, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. See ECF No. 159.

      3.      On May 15, 2024, Christian H. Dribusch was appointed as Chapter 7 Trustee of the

Debtor's estate ("Prior Trustee"). See ECF No. 160. In or around May 23, 2025, the Prior Trustee resigned.

4. On May 27, 2025, Marianne T. O'Toole was appointed as successor interim trustee of the Debtor's estate pursuant to section 703(a) of the Bankruptcy Code. See ECF No. 491. The section 341 meeting of creditors is currently scheduled for July 3, 2025. See dkt. entry on 5/30/2025.

5. The Successor Trustee has determined that she requires counsel to advise her in connection with her statutory duties in this case including, but not limited to, the preservation and collection of property of the estate, the sale of the Debtor's real property in Queensbury, New York, the June 6, 2025 sale of the Debtor's personal property assets, the potential liquidation of any remaining assets of the Debtor, and an investigation into potential claims and causes of action belonging to the estate.

6. On May 27, 2025 ("Retention Date"), the Successor Trustee requested that LH&M represent the Successor Trustee as her counsel in this case and, at the Successor Trustee's request, LH&M began providing legal services to the Successor Trustee as of the Retention Date.

7. By Orders entered on May 30, 2025, two partners of LH&M (Salvatore LaMonica, Esq. and Holly R. Holecek, Esq.) were admitted to the Court as counsel pro hac vice to the Successor Trustee in this case. See ECF Nos. 497, 498.

## RELIEF REQUESTED AND BASIS FOR RELIEF

8. By this Application, the Successor Trustee seeks to employ LH&M as her counsel in this case effective as of the Retention Date. In support of the Application, the Successor Trustee submits the declaration of Holly R. Holecek, Esq., a partner in LH&M ("Declaration"), a copy of which is annexed as Exhibit A.

2

9. Pursuant to section 327(a) of the Bankruptcy Code, subject to Court approval, the Successor Trustee "may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

10. The United States Court of Appeals for Second Circuit defines an adverse interest as (1) possessing or asserting "'any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant'" or (2) possessing "'a predisposition under circumstances that render such a bias against the estate.'" Bank Brussels Lambert v. Coan (In re Arochem Corp.), 176 F.3d 610, 623 (2d Cir. 1999) (citation omitted).

11. Pursuant to section 101(14) of the Bankruptcy Code, to be "disinterested" means that the person:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

12. The Successor Trustee requires counsel in this case to provide legal services and to advise her in connection with carrying out her statutory duties. While not intended to be exhaustive, it is contemplated that LH&M will render the following services to the Successor Trustee and the Debtor's estate:

> a. advising and assisting the Successor Trustee with the recovery and preservation of property of the Debtor's estate;

      b. advising and assisting the Successor Trustee with the sale of the Debtor's real property in Queensbury, New York and personal property assets;

      c. advising and assisting the Successor Trustee with an investigation into the Debtor's financial affairs including, inter alia, conducting investigations, conducting examinations under Bankruptcy Rule 2004, and advising the Successor Trustee as to the actions and activities of any insiders and the existence of any claims or causes of action that can be pursued for the benefit of the Debtor's estate;

      d. advising and assisting the Successor Trustee in the pursuit and recovery of any avoidable transfers of the Debtor's assets under, inter alia, sections 544, 546, 547, 548, 549 and 550 of the Bankruptcy Code and New York State Debtor Creditor law; and

      e. performing other legal services as may requested by the Successor Trustee, including to prepare and file motions and applications as directed by the Successor Trustee in connection with her statutory duties.

13. The Successor Trustee selected LH&M because of its extensive experience representing fiduciaries in Chapter 7 and Chapter 11 cases. As more fully set forth in the Declaration, LH&M has expertise in bankruptcy and insolvency proceedings, LH&M regularly represents Chapter 7 trustees, and LH&M can assist the Successor Trustee with fulfilling her obligations on behalf of the Debtor's estate.

14. To the best of the Successor Trustee's knowledge, LH&M does not hold or represent an interest adverse to the Debtor's estate.

15. To the best of the Successor Trustee's knowledge, LH&M is "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any reason.

4

16. Prior to the Retention Date, LH&M did not render any legal services to the Successor Trustee in this case. LH&M represents or has represented Marianne T. O'Toole in a fiduciary capacity in matters wholly unrelated to this case.

17. The Successor Trustee seeks to employ LH&M on an hourly basis. As set forth in the Declaration, the current hourly rates charged by LH&M for professional services are as follows: (a) up to two hundred twenty-five dollars ($225.00) for para-professionals; (b) up to four hundred and seventy-five dollars ($475.00) for associates; and (c) up to seven hundred and twenty-five dollars ($725.00) for partners.

18. As further set forth in the Declaration, LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Northern District of New York and Orders of the Court.

19. No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Successor Trustee respectfully requests the entry of an order authorizing and approving the retention of LH&M as counsel to the Successor Trustee effective as of the Retention Date, substantially in the form annexed as <u>Exhibit B</u>.

Dated: June 4, 2025

       By: <u>*s/ Marianne T. O'Toole*</u>
          Marianne T. O'Toole, solely as Successor Chapter 7 Trustee

5

# **EXHIBIT A**

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                   Case No.: 24-10157-1-REL

KRIS DANIEL ROGLIERI,                                        Chapter 7

               Debtor.
---------------------------------------------------------X

## DECLARATION

Holly R Holecek, Esq. declares as follows pursuant to 28 U.S.C. § 1746:

1.  I am a partner in the law firm of LaMonica Herbst & Maniscalco, LLP ("LH&M"), which maintains its offices at 3305 Jerusalem Avenue, Suite 201, Wantagh, New York 11793.

2.  I submit this declaration in support of the application ("Application") of Marianne T. O'Toole, solely in her capacity as Successor Chapter 7 Trustee ("Successor Trustee") of the estate of Kris Daniel Roglieri ("Debtor"), seeking entry of an Order, pursuant to section 327(a) of title 11 of the United States Code ("Bankruptcy Code"), authorizing and approving the employment of LH&M as counsel to the Successor Trustee effective as May 27, 2025 ("Retention Date").

3.  The facts set forth herein are based upon personal knowledge, my review of information on the docket in this case including, but not limited to, the Debtor's voluntary petition, schedules creditor matrix that were filed with the Court, and the claims register in the Debtor's case.

4.  To the extent any information disclosed herein requires the subsequent amendment or modification of this declaration upon LH&M's completion of further review and analysis or as

additional party-in-interest information becomes available to it, a supplemental declaration disclosing such information will be filed with the Court reflecting such amended or modified information.

5. I am admitted to practice and in good standing in, among others, the United States District Court of the Southern District of New York, the United States District Court of the Eastern District of New York, the United States Bankruptcy Court of the Southern District of New York, and the United States Bankruptcy Court of the Eastern District of New York. By Order entered on May 30, 2025, I was admitted to this Court as counsel pro hac vice to the Successor Trustee. See ECF No. 498. By Order entered on May 30, 2025, Salvatore LaMonica, Esq., a member of LH&M, was also admitted to this Court as counsel pro hac vice to the Successor Trustee. See ECF No. 497.

6. As set forth in the Application, the Successor Trustee requires counsel in this case to provide legal services and to advise her in connection with carrying out her statutory duties including, but not limited to:

    a. advising and assisting the Successor Trustee with the recovery and preservation of property of the Debtor's estate;

    b. advising and assisting the Successor Trustee with the sale of the Debtor's real property in Queensbury, New York and personal property assets;

    c. advising and assisting the Successor Trustee with an investigation into the Debtor's financial affairs including, inter alia, conducting investigations, conducting examinations under Bankruptcy Rule 2004, and advising the Successor Trustee as to the actions and activities of any insiders and the existence of any claims or causes of action that can be pursued for the benefit of the Debtor's estate;

    d. advising and assisting the Successor Trustee in the pursuit and recovery of any avoidable transfers of the Debtor's assets under, inter alia, sections 544, 546, 547, 548, 549 and 550 of the Bankruptcy Code and New York State Debtor Creditor law; and

    e. performing other legal services as may requested by the Successor Trustee, including to prepare and file motions and applications as directed by the Successor Trustee in connection with her statutory duties.

2

7. The Successor Trustee selected LH&M as her counsel and, at the Successor Trustee's direction, LH&M began providing legal services to the Successor Trustee on the Retention Date. Prior to the Retention Date, LH&M did not render any legal services to the Successor Trustee in this case.

8. LH&M possesses the requisite experience and expertise to advise the Successor Trustee as her counsel in this case. LH&M has extensive experience representing, among others, Chapter 7 Trustees and is well versed in the Chapter 7 process. LH&M submits that its retention is essential to the Successor Trustee's effective and efficient administration of the Debtor's estate.

9. In preparing this Declaration, I used a set of procedures developed by LH&M to ensure compliance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure regarding the retention of professionals by a trustee under the Bankruptcy Code. I, along with my partners and associates of LH&M, conducted a search of LH&M's client database to determine whether LH&M had any connections to the Debtor, the Debtor's company, Prime Capital Ventures, LLC ("Prime"), the Debtor's creditors, or any other party in interest or their respective attorneys and counsel, the United States Trustee or any person employed in the office of the United States Trustee.

10. To the best of my knowledge, except as set forth herein, LH&M is not connected to the Debtor, Prime, the Debtor's creditors, any other party in interest, their respective attorneys and counsel, the United States Trustee or any person employed in the office of the United States Trustee.

11. To the best of my knowledge, except as set forth herein, LH&M does not, by reason of any direct or indirect relationship to or connection with the Debtor, or other parties in interest, hold or represent any interest adverse to the Debtor or to the Debtor's estate.

3

12. To the best of my knowledge, except as set forth herein, LH&M does not hold or represent an interest adverse to the Debtor or the Debtor's estate.

13. To the best of my knowledge, except as set forth herein, after due inquiry, neither LH&M nor any partner, counsel or associate of LH&M represents any entity or party in interest other than the Successor Trustee in connection with this case.

14. To the best of my knowledge, except as set forth herein, LH&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

15. LH&M has represented, currently represents, and may in the future represent Marianne T. O'Toole solely in her capacity as a fiduciary in cases wholly unrelated to the Debtor's case.

16. Based upon the foregoing, LH&M does not believe that it has an interest materially adverse to the estate and is eligible to represent the Successor Trustee in this case. LH&M regularly updates its client database and does not open any new matter without reviewing the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.

17. LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Northern District of New York and Orders of the Court.

18. LH&M's current hourly rates are as follows: (a) up to two hundred twenty-five dollars ($225.00) for para-professionals; (b) up to four hundred and seventy-five dollars ($475.00) for associates; and (c) up to seven hundred and twenty-five dollars ($725.00) for partners. My currently hourly rate is $575.00; Mr. LaMonica's current hourly rate is $725.00.

19. Neither I, nor LH&M, nor any partner or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with this case other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules for the Northern District of New York.

20. LH&M has not agreed nor will it agree to share compensation received in connection with this case with any other person, except as permitted by the section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among partners of LH&M.

Executed under penalty of perjury this 4th day of June 2025.

                                                      *s/ Holly R. Holecek*
                                                      Holly R. Holecek

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                                  Case No.: 24-10157-1-REL

KRIS DANIEL ROGLIERI,                                                    Chapter 7

                     Debtor.
--------------------------------------------------------X

**ORDER AUTHORIZING THE SUCCESSOR CHAPTER 7 TRUSTEE
TO RETAIN COUNSEL**

Upon the application ("Application") of Marianne T. O'Toole solely in her capacity as successor Chapter 7 Trustee ("Successor Trustee") of the estate of Kris Daniel Roglieri ("Debtor") seeking entry of an Order authorizing and approving the employment of LaMonica Herbst & Maniscalco, LLP ("LH&M") as counsel to the Successor Trustee effective as May 27, 2025; and upon the Declaration of Holly R. Holecek, Esq. on behalf of LH&M, which is attached to the Application; and the Court being satisfied that: (a) LH&M includes attorneys that have been admitted pro hac vice to practice in this Court, (b) LH&M holds or represents no interest adverse to the Successor Trustee or the Estate, (c) LH&M is "disinterested" within the meaning of § 101 of Title 11 of the United States Code ("Bankruptcy Code"), (d) the employment and retention of

LH&M is necessary and is in the best interest of the Estate, (e) the case appearing to be one justifying retention of counsel for the Successor Trustee, and (f) no hearing being required by either section 327 of the Bankruptcy Code or by Federal Bankruptcy Procedure Rule 2014,

**NOW, THEREFORE,** it is hereby:

**ORDERED** that, pursuant to section 327(a) of the Bankruptcy Code, the Successor Trustee is authorized and empowered to employ LH&M as counsel to the Successor Trustee effective as of May 27, 2025; and, it is further

**ORDERED** that ten business days prior to any increases in LH&M's hourly rates, LH&M shall file a supplemental declaration with the Court setting forth the basis for the rate increase; and, it is further

**ORDERED** that parties in interest, including the United States Trustee, shall retain all rights to object to or otherwise respond to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and, it is further

**ORDERED** that any payments to LH&M shall be made only after application to the Court and subject to the approval of the Court; and, it is further

**ORDERED** that the authorization granted to the Successor Trustee in this Order shall apply to the Trustee as interim Trustee and permanent Trustee.

###

2