Marianne T. O'Toole, Successor Chapter 7 Trustee
2 Depot Plaza, Suite 2E
Bedford Hills, New York 10507
Telephone: (914) 232-1511

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                            Case No.: 24-10157-1-REL

KRIS DANIEL ROGLIERI,                             Chapter 7

        Debtor.
---------------------------------------------------------X

**APPLICATION FOR AN ORDER AUTHORIZING THE SUCCESSOR CHAPTER 7 TRUSTEE TO RETAIN ACCOUNTANTS**

TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
UNITED STATES BANKRUPTCY JUDGE

      The application ("Application") of Marianne T. O'Toole, solely in her capacity as successor Chapter 7 Trustee ("Successor Trustee") of the estate of Kris Daniel Roglieri ("Debtor"), seeks entry of an Order, pursuant to section 327(a) of title 11 of the United States Code ("Bankruptcy Code"), authorizing and approving the employment of Prager Metis CPAS, LLC ("Prager") as accountants to the Successor Trustee effective as of May 30, 2025, and respectfully represents and alleges:

**BACKGROUND**

      1.      On February 15, 2024 ("Filing Date"), a voluntary petition pursuant Chapter 11, Subchapter V of the Bankruptcy Code was filed on the Debtor's behalf in the United States Bankruptcy Court for the Northern District of New York ("Court"). See ECF No. 1.

      2.      By Order entered on May 15, 2024, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. See ECF No. 159.

      3.      On May 15, 2024, Christian H. Dribusch was appointed as Chapter 7 Trustee of the

Debtor's estate ("Prior Trustee"). See ECF No. 160. In or around May 23, 2025, the Prior Trustee resigned.

4. On May 27, 2025, Marianne T. O'Toole was appointed as successor interim trustee of the Debtor's estate pursuant to section 703(a) of the Bankruptcy Code. See ECF No. 491. The section 341 meeting of creditors is currently scheduled for July 3, 2025. See dkt. entry on 5/30/2025.

5. The Successor Trustee determined that she requires accountants to provide accounting services and to advise her in connection with carrying out her statutory duties under section 704 of the Bankruptcy Code.

6. On May 30, 2025 ("Retention Date"), the Successor Trustee requested that Prager represent the Successor Trustee as her accountants in this case and, at the Successor Trustee's request, Prager began providing accounting services to the Successor Trustee as of the Retention Date.

## RELIEF REQUESTED AND BASIS FOR RELIEF

7. By this Application, the Successor Trustee seeks to employ Prager as her accountants in this case effective as of the Retention Date. In support of the Application, the Successor Trustee submits the affidavit of Corey H. Neubauer, CPA, a partner of Prager ("Affidavit"), a copy of which is annexed as Exhibit A.

8. Pursuant to section 327(a) of the Bankruptcy Code, subject to Court approval, the Successor Trustee "may employ one or more . . . accountants . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

9. The United States Court of Appeals for Second Circuit defines an adverse interest

2

as (1) possessing or asserting "'any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant'" or (2) possessing "'a predisposition under circumstances that render such a bias against the estate.'" Bank Brussels Lambert v. Coan (In re Arochem Corp.), 176 F.3d 610, 623 (2d Cir. 1999) (citation omitted).

10. Pursuant to section 101(14) of the Bankruptcy Code, to be "disinterested" means that the person:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

11. The Successor Trustee requires accountants in this case to provide accounting services and to advise her in connection with carrying out her statutory duties. While not intended to be exhaustive, it is contemplated that Prager will render the following services to the Successor Trustee and the Debtor's estate:

> a. providing tax advice to the Successor Trustee as may be requested by the Successor Trustee;
>
> b. performing an investigation and analyses of potential claims and recoveries, including analyzing transactions both subsequent and prior to the Debtor's commencement of his bankruptcy case;
>
> c. providing litigation support to the Successor Trustee in connection with litigation that might be commenced by the Successor Trustee, including litigation to avoid and recover assets of the estate or pursue claims, or other litigation in which the Successor Trustee is involved;
>
> d. assisting in reconciling filed proofs of claim and scheduled claims against the Debtor's estate, as requested by the Successor Trustee;

3

  e. preparing appropriate estate tax returns;

  f. preparing appropriate requests for determinations pursuant to section 505(b) of the Bankruptcy Code; and

  g. performing such other responsibilities as may be requested by the Successor Trustee.

12. The Successor Trustee selected Prager because of its extensive experience representing fiduciaries in Chapter 7 and Chapter 11 cases. As more fully set forth in the Affidavit, Prager is well versed and experienced in the review of books and records of debtors in insolvency matters, is regularly employed as accountants to Chapter 7 trustees in similar cases, and can assist the Successor Trustee with fulfilling her obligations on behalf of the Debtor's estate.

13. To the best of the Successor Trustee's knowledge, Prager does not hold or represent an interest adverse to the Debtor's estate.

14. To the best of the Successor Trustee's knowledge, Prager is "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Prager: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any reason.

15. Prior to the Retention Date, Prager did not render any accounting services to the Successor Trustee in this case. Prager is employed or has been employed as accountants to Marianne T. O'Toole in a fiduciary capacity in matters wholly unrelated to this case.

16. The Successor Trustee seeks to employ Prager on an hourly basis. As set forth in the Affidavit, the current hourly rates charged by Prager for professional services are as follows: (a) $515.00 per hour for partners/principals; (b) $360.00 per hour for managers; and (c) $330.00

4

per hour for staff accountants.

17. As further set forth in the Affidavit, Prager will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Northern District of New York and Orders of the Court.

18. No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Successor Trustee respectfully requests the entry of an order authorizing and approving the retention of Prager as accountants to the Successor Trustee effective as of the Retention Date, substantially in the form annexed as Exhibit B.

Dated: June 4, 2025

                      By:    *s/ Marianne T. O'Toole*
                              Marianne T. O'Toole, solely as Successor Chapter 7 Trustee

# **<u>EXHIBIT A</u>**

Corey H. Neubauer CPA
Prager Metis CPAs LLC
401 Hackensack Ave., 4th Floor
Hackensack, NJ 07601
(201) 342-7753

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                    Case No.: 24-10157-1-REL

KRIS DANIEL ROGLIERI,                                         Chapter 7

            Debtor.
---------------------------------------------------------X

## AFFIDAVIT OF DISINTERESTEDNESS

STATE OF NEW JERSEY    )
                                               ) ss:
COUNTY OF BERGEN       )

Corey H. Neubauer, being duly sworn, deposes and says:

1. I am a Certified Public Accountant, duly licensed to practice in the states of New York and New Jersey. I am a partner of Prager Metis CPAS, LLC ("Prager"), which maintains an office at 401 Hackensack Ave, 4th Floor, Hackensack, New Jersey 07601.

2. I submit this Affidavit in support of the application of Marianne T. O'Toole, solely in her capacity as successor Chapter 7 Trustee ("Successor Trustee") of the estate of Kris Daniel Roglieri ("Debtor"), seeking to employ Prager as her accountants in this converted case. At the request of the Successor Trustee, Prager began providing accounting services to the Successor Trustee on May 30, 2025.

3. I have been practicing in the accounting profession for many years, and I am well versed and experienced in the review of books and records of debtors in insolvency matters. Prager is regularly employed as accountants to Chapter 7 trustees in similar cases, and can assist the Successor Trustee with fulfilling her obligations on behalf of the Debtor's estate.

4. After review of the Debtor's creditor matrix, the claims register and the docket, it has been determined that Prager has no connections to the Debtor, the Debtor's company, Prime Capital Ventures, LLC, the Debtor's creditors, or any other party in interest or their respective attorneys and counsel, the United States Trustee or any person employed in the office of the United States Trustee. Prager may have been retained in other matters in which some of the aforesaid persons have been parties. Prager performs tax preparation services for LaMonica Herbst & Maniscalco, LLP, proposed counsel to the Successor Trustees and two of its partners. Prager does not perform any personal tax preparation services or any other personal accounting services for the Successor Trustee.

5. Neither Prager nor I have any interest adverse to the estate.

6. Prager is disinterested as that term is defined in section 101(14) of title 11 of the United States Code ("Bankruptcy Code").

7. While not intended to be exhaustive, Prager proposes to render the following services to the Successor Trustee and the estate:

   a. providing tax advice to the Successor Trustee as may be requested by the Successor Trustee;

   b. performing an investigation and analyses of potential claims and recoveries, including analyzing transactions both subsequent and prior to the Debtor's commencement of his bankruptcy case;

   c. providing litigation support to the Successor Trustee in connection with litigation that might be commenced by the Successor Trustee, including litigation to avoid and recover assets of the estate or pursue claims, or other litigation in which the Successor Trustee is involved;

   d. assisting in reconciling filed proofs of claim and scheduled claims against the Debtor's estate, as requested by the Successor Trustee;

   e. preparing appropriate estate tax returns;

   f. preparing appropriate requests for determinations pursuant to section 505(b) of the Bankruptcy Code; and

    g.  performing such other responsibilities as may be requested by the Successor Trustee.

8.    Prager will request payment upon appropriate application to the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Northern District of New York and Orders of the Court.

9.    Prager's current hourly billing rates effective January 1, 2025 are as follows:

| | |
|---|---|
| Partner/Principal | $515.00 |
| Manager | $360.00 |
| Staff Accountant | $330.00 |

Prager revises its rates January 1 of each year. Ten business days prior to any increases in Prager rates, for any individual employed by Prager and retained by the Successor Trustee providing services in this case, Prager shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to section 330(a)(3)(F) of the Bankruptcy Code.

10.    Subject to the approval of this Court, the source of all compensation for professional services to be rendered on behalf of the Successor Trustee shall be funds of the Debtor's Estate.

11.    No payments have been made to Prager for services rendered, or to be rendered, in connection with the Debtor's case. Prager has not received a retainer.

12.    No agreement exists between Prager and any other party for the sharing of compensation to be received by Prager in connection with services rendered in this case.

**Sworn and subscribed to before me on this 4th day of June 2025**

*[Notary signature: Barbara R. Schettino, Notary Public — seal]*

/s/ Corey H. Neubauer, CPA
Corey H. Neubauer, CPA
Prager Metis CPAs LLC
Accountant to the Successor Trustee
401 Hackensack Ave., 4th Floor
Hackensack, NJ 07601
cneubauer@pragermetis.com
Telephone: (201) 342-7753 x.11408

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                              Case No.: 24-10157-1-REL

KRIS DANIEL ROGLIERI,                               Chapter 7

            Debtor.
-------------------------------------------------------X

## ORDER AUTHORIZING THE SUCCESSOR CHAPTER 7 TRUSTEE
## TO RETAIN ACCOUNTANTS

Upon the application ("Application") of Marianne T. O'Toole solely in her capacity as successor Chapter 7 Trustee ("Successor Trustee") of the estate of Kris Daniel Roglieri ("Debtor") seeking entry of an Order authorizing and approving the employment of Prager Metis CPAS, LLC ("Prager") as accountants to the Successor Trustee effective as May 30, 2025; and upon the Affidavit of Corey H. Neubauer, CPA on behalf of Prager, which is attached to the Application; and the Court being satisfied that: (a) Prager holds or represents no interest adverse to the Successor Trustee or the Estate, (c) Prager is "disinterested" within the meaning of § 101 of Title 11 of the United States Code ("Bankruptcy Code"), (d) the employment and retention of Prager is necessary and is in the best interest of the Estate, (e) the case appearing to be one justifying

retention of accountants for the Successor Trustee, and (f) no hearing being required by either section 327 of the Bankruptcy Code or by Federal Bankruptcy Procedure Rule 2014,

**NOW, THEREFORE,** it is hereby:

**ORDERED** that, pursuant to section 327(a) of the Bankruptcy Code, the Successor Trustee is authorized and empowered to employ Prager as accountants to the Successor Trustee effective as of May 30, 2025; and, it is further

**ORDERED** that ten business days prior to any increases in Prager's hourly rates, Prager shall file a supplemental declaration with the Court setting forth the basis for the rate increase; and, it is further

**ORDERED** that parties in interest, including the United States Trustee, shall retain all rights to object to or otherwise respond to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and, it is further

**ORDERED** that any payments to Prager shall be made only after application to the Court and subject to the approval of the Court; and, it is further

**ORDERED** that the authorization granted to the Successor Trustee in this Order shall apply to the Trustee as interim Trustee and permanent Trustee.

###