**LaMONICA HERBST & MANISCALCO, LLP**  Relates to Hearing on July 16, 2025
*Counsel to Marianne T. O'Toole, Successor Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                    Case No.: 24-10157-1-REL

KRIS DANIEL ROGLIERI,                                      Chapter 7

          Debtor.
---------------------------------------------------------X

## STATEMENT RESPECTING DEBTOR'S CLAIMED HOMESTEAD EXEMPTION

In connection with the hearing scheduled for July 16, 2025, Marianne T. O'Toole, solely in her capacity as the successor Chapter 7 Trustee ("Successor Trustee") of the estate of Kris Daniel Roglieri ("Debtor"), by her undersigned counsel, submits this statement, and respectfully represents as follows:

### BACKGROUND

1. On February 15, 2024, a voluntary petition pursuant Chapter 11, Subchapter V of the Bankruptcy Code was filed on the Debtor's behalf in the United States Bankruptcy Court for the Northern District of New York ("Court"). See ECF No. 1.

2. By Order entered on May 15, 2024, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. See ECF No. 159.

3. On May 15, 2024, Christian H. Dribusch was appointed as Chapter 7 Trustee of the Debtor's estate ("Prior Trustee"). See ECF No. 160.

4. On August 12, 2024, a proof of claim was filed on behalf of Tina Roglieri in the amount of $3,000,000.00 ("Claim 23"). Claim 23 asserts that the basis for the claim is "Marital

-1-

estate interest, equitable distribution, support & maintenance." Claim 23 was filed as a general unsecured claim.

5. By motion dated April 2, 2025 ("Sale Motion"), the Prior Trustee sought entry of an Order authorizing the sale of 40 North Road, Queensbury, New York 12804 ("Property"). See generally ECF No. 403.

6. On April 7, 2025, the Debtor objected to the Sale Motion. See ECF No. 414 ("Debtor Objection").

7. On April 16, 2025, an amended affirmation of counsel to Tina Roglieri was filed in connection with the Sale Motion. See ECF No. 439 ("Tina Roglieri Objection"). Tina Roglieri asserted, inter alia, that "[a]ny homestead exemption claimed by Kris Roglieri arises from real property that is part of the marital estate[,]" and requested that "any funds arising from Kris Roglieri's assertion of a homestead exemption be held . . . until such time as the Roglieri's equitable distribution rights have been adjudicated[.]" See id. at p. 3, para. 8.

8. On April 25, 2025, the Prior Trustee filed an affirmation and memorandum in further support of the Sale Motion. See ECF Nos. 458, 459.

9. On May 1, 2025, the Prior Trustee filed an affidavit of the retained real estate broker in further support of the Sale Motion. See ECF No. 464.

10. On May 5, 2025, a response in support of the Sale Motion was filed on behalf of creditor KeyBank, N.A. See ECF No. 467.

11. On May 5, 2025, the Debtor filed Schedule C with the Court and, among other things, claimed an exemption of $89,975.00 in the Property pursuant to section 5206(a) of the New York Civil Practice Law and Rules ("Homestead Exemption"). See ECF No. 470.

12. On May 6, 2025, a hearing on the Sale Motion was conducted by the Court. See

ECF No. 473 (audio transcript).

13. On May 8, 2025, the Court entered an Order granting the Sale Motion over the Debtor Objection. See ECF No. 477 ("Sale Authorization Order").

14. In or around May 23, 2025, the Prior Trustee resigned.

15. On May 27, 2025, Marianne T. O'Toole was appointed as successor interim trustee of the Debtor's estate pursuant to section 703(a) of the Bankruptcy Code. See ECF No. 491.

16. On June 20, 2025, the Successor Trustee closed on the sale of the Property.

17. On June 26, 2025, in accordance with the Sale Motion and the Sale Authorization Order, the Successor Trustee made certain payments to Key Bank National Association and the New York State Department of Taxation and Finance in satisfaction of certain secured liens and claims relating to the Property.

18. On July 1, 2025, the Successor Trustee issued a check to the Debtor in the amount of $89,975.00 from the proceeds of sale of the Property for the Debtor's Homestead Exemption.

19. On July 2, 2025, the Successor Trustee filed a Report of Closing relating to the Property. See ECF No. 511.

20. On July 3, 2025, the Successor Trustee filed an Amended Report of Closing relating to the Property. See ECF No. 513. As reflected in the Amended Report of Closing, the Successor Trustee stopped payment on the check for the Debtor's Homestead Exemption and notified the Debtor, through his power-of-attorney Ms. Oliver by e-mail, that the check could not be cashed pending further Order of the Court.

21. On July 8, 2025, the Debtor requested a hearing on the payment of his Homestead Exemption. See ECF No. 515.

22. By Order entered on July 9, 2025, the Court scheduled the hearing for July 16,

2025. See ECF No. 516.

## POSITION OF SUCCESSOR TRUSTEE

23.     The Sale Authorization Order that was entered prior to the appointment of the Successor Trustee did not expressly resolve the Tini Roglieri Objection. See generally ECF No. 477. The Successor Trustee is informed that Tina Roglieri continues to assert an interest in the Debtor's Homestead Exemption arising from her "right to [an] equitable distribution of martial property under New York law." See ECF No. 439.

24.     Property exempted under section 522 of the Bankruptcy Code "is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case, except – (1) a debt of a kind specified in paragraph (1) or (5) of section 523(a) (in which case, notwithstanding any provision of applicable nonbankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in such paragraph)[.]" 11 U.S.C. § 522(c)(1). A claim for a "domestic support obligation" is specified in section 523(a)(5) of the Bankruptcy Code (such that it may be enforced against exempt property). See 11 U.S.C. § 523(a)(5).[1] On the other hand, equitable distribution awards are not afforded priority status under section 507(a)(1) of the Bankruptcy Code and are treated as general unsecured claims. See, e.g., Purewal v. Estate of Kalsi (In re Kalsi), 637 B.R. 33, 41 (Bankr. S.D.N.Y. 2022).

---

[1]     The Bankruptcy Code defines a "domestic support obligation" as:

> . . . a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> (A) owed to or recoverable by—
>   (i)  a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>   (ii) a governmental unit[.]

11 U.S.C. § 101(14A).

25. The Successor Trustee takes no position as to, inter alia, whether Tina Roglieri has a valid claim for a "domestic support obligation" such that it may be enforced against exempt property, i.e., the Debtor's Homestead Exemption. See, e.g., In re Duggan, 2007 Bankr. LEXIS 2750, 21 Fla. L. Weekly Fed. B 14 (Bankr. M.D. Fla. Aug. 15, 2007) (Chapter 7 trustee did not have authority to object to debtors' claimed exemption in their homestead on behalf of domestic support obligation creditors). The Successor Trustee notes that Claim 23 does not assert any priority under section 507 of the Bankruptcy Code.[2]

26. Under the circumstances of this case, the Successor Trustee determined that it is appropriate to obtain an Order of the Court with respect to the payment of the Debtor's Homestead Exemption and is prepared to issue the Debtor's Homestead Exemption as may be directed by the Court.

Dated: July 14, 2025
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, Successor Trustee*

By:   *s/ Holly R. Holecek*
      Holly R. Holecek, Esq.
      A Partner of the Firm
      3305 Jerusalem Avenue, Ste. 201
      Wantagh, New York 11793
      Telephone: (516) 826-6500

---

[2] For avoidance of doubt, the Successor Trustee reserves all rights with respect to Claim 23.