UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Kris Daniel Roglieri,<br><br>                              Debtor. | Chapter 7<br><br>Case No.: 24-10157(REL) |

## AFFIRMATION IN OPPOSITION TO DEBTOR'S MOTION TO RELEASE FUNDS FROM HOMESTEAD EXEMPTION

BRIAN M. CULNAN, an attorney duly admitted to practice law before the Courts of the State of New York and the United States District Court for the Northern District of New York, under penalties of perjury, affirms and states as follows:

1.      I am an attorney admitted to practice law before the Courts of the State of New York and the United States District Court of the Northern District of New York, and I am "of counsel" to O'Connell & Aronowitz, P.C., attorneys for Tina M. Roglieri in this proceeding. This Affirmation is submitted in opposition to the Debtor's request, dated July 8, 2025, for entry of an Order authorizing the Successor Trustee to release to him all of the funds stemming from a homestead exemption that he claimed when his former residence at 40 North Road, Queensbury, New York ("the Property") was sold in June. This affirmation also supplements my prior affirmation of April 16, 2025 (DE439), which was submitted when the proposed sale of the Property was initially being considered by the Court.

1

The Pending Divorce Proceeding:

2.    Upon information and belief, Tina Roglieri and the Debtor Kris Roglieri were married on or about January 15, 2009. They have two children, aged 14 and 12, both of whom currently reside with Tina Roglieri.

3.    Upon information and belief, the Property was purchased on or about April 11, 2013, while the Roglieris were married. As a result, the Property was unquestionably an asset of the Roglieris' marital estate.

4.    Upon information and belief, on or about June 12, 2015, Tina Roglieri commenced a divorce action against Kris Roglieri in New York State Supreme Court, Warren County, asserting a cause of action for divorce pursuant to New York Domestic Relations Law § 170(7). After the parties engaged in extensive discovery and motion practice, the parties agreed that it was in their best interest and in the best interest of their children to discontinue that divorce litigation.

5.    Upon information and belief, on or about November 30, 2016, Tina Roglieri and Kris Roglieri entered into a Post-Nuptial Agreement by which certain monies were to be paid to Tina Roglieri as consideration for her discontinuance of the 2015 divorce litigation. While the parties did not divorce, they have not lived together since at least 2019.

6.    Upon information and belief, on January 5, 2024, before the bankruptcy filing underlying this proceeding, Tina Roglieri again commenced a divorce action against Kris Roglieri in New York State Supreme Court, Warren County ("the Divorce Action"). Copies of the documents commencing the Divorce Action are attached hereto as Exhibit A. That action remains pending.

.

7.      Upon information and belief, the Debtor has never submitted a formal response to the Summons and Complaint filed on Tina Roglieri's behalf in the Divorce Action. Despite technically being in default, on or about April 1, 2025, the Debtor did submit in the Divorce Action an Affidavit "in support of equitable distribution and request for fair process." A copy of that Affidavit is attached hereto as Exhibit B. By doing so, the Debtor implicitly consented to Warren County Supreme Court's disposition of the Roglieris' equitable distribution rights.

8.      Upon information and belief, a custody order was entered in the Divorce Action on or about May 7, 2025. The next court appearance is scheduled for September 2025.

9.      Because of the Debtor's lengthy default in the Divorce Action, Tina Roglieri has not previously sought an order lifting the bankruptcy stay in order that Warren County Supreme Court could determine any issues relating to the termination of the parties' marriage, including their rights to maintenance, support and equitable distribution, if any. Because Mr. Roglieri has now "appeared" in the Divorce Action, we anticipate making in the next thirty (30) days a motion to lift the bankruptcy stay to permit State court to resolve these matrimonial issues in the Divorce Action.


The Sale of the Property and the Homestead Exemption:

10.      In April 2025, then–Chapter 7 Trustee Christian Dribusch sought entry of an Order authorizing and approving the bankruptcy estate's sale of the Property. (DE 403.)

11.      On April 16, 2025, in connection with the Court's consideration of that application, I submitted an affirmation requesting that any funds arising from Mr. Roglieri's assertion of a homestead exemption be held in escrow by the Chapter 7 Trustee until such time as

4932-2772-0021, v. 1

the Roglieris' equitable distribution rights have been adjudicated in both this proceeding and the

Divorce Action. (DE 439, ¶ 8.)

12.    On or about May 6, 2025, seeking to settle an Order authorizing the sale of the

Property, Mr. Dribusch contacted various attorneys whose clients had asserted an "interest" in the

proceeds from the sale of the Property.  During this process, I asked Mr. Dribusch via e-mail

whether the homestead exemption claimed by the Debtor and the derivative interest being

asserted by Mrs. Roglieri were being addressed in the proposed Order.  He responded as follows:

> To the extent that Mr. Roglieri may claim an exemption and Ms. Roglieri is
> asserting a claim against it, I believe it is protected by the language that "*with all
> such liens, if any, to attach to the sale proceeds in the order of their priority, and
> with the same validity, force and effect which they now have against the Real
> Estate.*" (emphasis in original).

Based on this representation, Mrs. Roglieri consented to submission of the proposed Order (DE

477) ultimately approved by the Court.

13.    Upon information and belief, on or about June 20, 2025, the Successor Trustee

closed on the sale of the Property.  In her initial Report of Closing, the Successor Trustee

reported that a check had been issued to the Debtor in an amount equal to the homestead

exemption, or $89,975.00.  *See* DE 511, ¶ 7.  In light of the background discussed above, and

because of the recency of her appointment, we believe that the Successor Trustee erroneously

issued that check to Mr. Roglieri.

14.    Upon information and belief, on July 3, 2025, the Successor Trustee filed an

Amended Report of Closing.  As relevant to the issues currently before the Court, the Successor

Trustee noted that the check issued to the Debtor "could not be cashed and that, pending further

Order of the Court, the Successor Trustee will reserve the sum of $89,975.000 from the proceeds

of the sale of the [Property]." *See* DE 513, ¶ 7.

15.    After reviewing these filings, I immediately reached out to Holly Holecek, counsel to the Successor Trustee, and alerted her to Mrs. Roglieri's prior request that any funds arising from Mr. Roglieri's assertion of a homestead exemption be held in escrow.

16.    Shortly thereafter, on July 8, 2025, the Debtor filed the pending request that the Successor Trustee release to him the entirety of the $89.975.000 derived from the homestead exemption. (DE 515.) It is to that request that Mrs. Roglieri files an objection.

**This Court Should Order That Funds Arising From the Homestead Exemption Be Held in Escrow Pending Final Resolution of the Roglieris Equitable Distribution Rights.**

17.    As noted above, as of the Petition Date in this proceeding, the Roglieris were separated but not divorced.

18.    In addition, Warren County Supreme Court has still not yet determined the Roglieris' respective equitable distribution rights.

19.    Because the Property was purchased in 2013 and was not sold until June 2025, it is unquestionably part of the Roglieris' marital estate.

20.    Pursuant to the New York Domestic Relations Law, payments that may be due to Tina Roglieri and her children from Kris Roglieri pursuant to a domestic support order will enjoy a special preference over the unsecured claims of other creditors of Kris Roglieri, and her equitable distribution rights should be fully accounted for prior to the distribution, if any, of funds received from the sale of assets of Kris Roglieri that were also part of the marital estate.

21.    The issues are underlying the present application and Mrs. Roglieri's objection thereto were addressed by the court in *In Re Tarone*, 434 B.R. 41 (Bankr. E.D.N.Y. 2010). The court noted in *Tarone* that "[i]t is common for a bankruptcy court to lift the automatic stay to

4932-2772-0021, v. 1

allow a state court to determine matrimonial issues." *Id.* at 50 (citing *In Re Cole*, 202 B. R. 356, 361, [Bankr. S.D.N.Y 1996] ["Federal Courts, including bankruptcy courts, ordinarily defer to the state courts in matrimonial matters to promote judicial economy and out of respect for the state courts' expertise in domestic relations issues"]). It continued, "this is so because 'state courts are more familiar with concepts of marital property and how to apply the statutory and discretionary factors that govern equitable distribution.'" *Tarone*, 434 B.R. at 50. For these reasons, the court in *Tarone* (1) held that the state court overseeing the matrimonial action was within its jurisdiction to determine the wife's right to execute against the debtor husband's share of a homestead exemption; and (2) refused to collaterally attack a state court determination that the debtor in question was only entitled to 50% of a homestead exemption. *Id.* at 49-50.

22.     Wherefore, Tina Roglieri objects to the Debtor's request that all of the funds arising from the homestead exemption in the Property be released to him at this time. Any homestead exemption claimed by the Debtor arises from real property that is part of the marital estate. Because the Roglieris' equitable distribution rights have not yet been determined, Tina Roglieri respectfully submits that any funds arising from the homestead exemption be held in escrow by the Successor Trustee until such time as the Roglieris' equitable distribution rights have been adjudicated in both this proceeding and the Divorce Action.

Dated: July 14, 2025

_____
Brian M. Culnan, Esq.
Bar Roll No. 506300

4932-2772-0021, v. 1

# EXHIBIT A

FILED: WARREN COUNTY CLERK 01/05/2024 12:58 PM    INDEX NO. EF2024-72165

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/05/2024

STATE OF NEW YORK
SUPREME COURT    WARREN COUNTY

———————————————————————————

TINA MARIE ROGLIERI,

Plaintiff,

-against-

KRIS DANIEL ROGLIERI,

Defendant.

———————————————————————————

**SUMMONS WITH
NOTICE**

Index No.:
Date filed:

### ACTION FOR DIVORCE

TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to serve notice of appearance on the Plaintiff's Attorney within 20 days after service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below.

Dated: January 5, 2024

NICOLE C. FISH, ESQ.
Attorney for Plaintiff
Law Office of Nicole C. Fish
333 Glen Street, Ste 101
Glens Falls, New York 12801
(518) 896-7970

**Notice:** The nature of this action is to dissolve the marriage between the parties on the grounds of Section 170(7) of the Domestic Relations Law of the State of New York.

**A judgment of absolute divorce in favor of the Plaintiff dissolving the marriage between the parties in this action, equitable distribution of marital property, that Defendant be directed to pay counsel fees to Plaintiff's attorney, sole legal custody awarded for the children born of this marriage, sole physical custody of the children born of the marriage, and the wife to have the option to resume the use of her maiden name,** *to wit:* **Singleton.**

Plaintiff designates Warren County as place of trial.
The basis of venue is Plaintiff's residence; Plaintiff resides in Warren County.

1

FILED: WARREN COUNTY CLERK 01/05/2024 12:58 PM          INDEX NO. EF2024-72165

NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 01/05/2024

## NOTICE CONCERNING CONTINUING OF
## HEATH CARE COVERAGE
### [Required by Domestic Relations Law §255(1)]

PLEASE TAKE NOTICE, that once a judgment of divorce is signed in this action, both you and your spouse may or may not continue to be eligible for coverage under each other's health insurance plan, depending on the terms of the plan.

### *NOTICE OF AUTOMATIC ORDERS (D.R.L. 236)*

PURSUANT TO DOMESTIC RELATIONS LAW SECTION 236 Part 5, Section 2, as added by Chapter 72 of the Laws of 2009, both you and your spouse (the parties) are bound by the following AUTOMATIC ORDERS, which shall remain in full force and effect during the pendency of the action unless terminated, modified or amended by further order of the Court or upon written agreement between the parties:

(1)  ORDERED: Neither party shall sell, transfer, encumber, conceal, assign, remove or in any way dispose of, without the consent of the other party in writing, or by order of the court, any property (including, but not limited to, real estate, personal property, cash accounts, stocks, mutual funds, bank accounts, cars and boats) individually or jointly held by the parties, except in the usual course of business, for customary and usual household expenses or for reasonable attorney's fees in connection with this action.

(2)  ORDERED: Neither party shall transfer, encumber, assign, remove, withdraw or in any way dispose of any tax deferred funds, stocks, or other assets held in any individual retirement accounts, 401(k) accounts, profit sharing plans, Keogh accounts, or any other pension or retirement account, and the parties shall further refrain from applying for or requesting the payment of retirement benefits or annuity payment of any kind, without the consent of the other party in writing, or upon further order of the court.

(3)  ORDERED: Neither party shall incur unreasonable debts hereafter including, but not limited to, further borrowing against any credit line secured by the family residence, further encumbering any assets, or unreasonably using credit cards or cash advances against credit cards, except in the usual course of business or for customary or usual household expenses, or for reasonable attorney's fees in connection with this action.

(4)  ORDERED: Neither party shall cause the other party or the children of the marriage to be removed from any existing medical, hospital and dental insurance coverage, and each party shall maintain the existing medical hospital and dental insurance coverage in full force and effect.

(5)  ORDERED: Neither party shall change the beneficiaries of any existing life insurance policies, and each party shall maintain the existing life insurance, automobile insurance, homeowners and renters insurance policies in full force and effect.

2

FILED: WARREN COUNTY CLERK 01/05/2024 12:58 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2024-72165
RECEIVED NYSCEF: 01/05/2024

**IMPORANT NOTICE:**  After service of the Summons with Notice or Summons and Complaint for divorce, if you or your spouse wishes to modify or dissolve the automatic orders, you must ask the Court for approval to do so, or enter into a written modification agreement with your spouse duly signed and acknowledged before a notary public.

## NOTICE OF GUIDELINE MAINTENANCE

If your divorce was commenced on or after January 25, 2016, this Notice is required to be given to you by the Supreme Court of the county where your divorce was filed to comply with the Maintenance Guidelines Law ([S. 5678/A. 7645], Chapter 269, Laws of 2015) because you may not have counsel in this action to advise you. **It does not mean that your spouse (the person you are married to) is seeking or offering an award of "Maintenance" in this action. "Maintenance" means the amount to be paid to the other spouse for support after the divorce is final.**

You are hereby given notice that under the Maintenance Guidelines Law (Chapter 269, Laws of 2015), there is an obligation to award the guideline amount of maintenance on income up to $203,000 to be paid by the party with the higher income (the maintenance payor) to the party with the lower income (the maintenance payee) according to a formula, unless the parties agree otherwise or waive this right. Depending on the incomes of the parties, the obligation might fall on either the Plaintiff or Defendant in the action.
There are two formulas to determine the amount of the obligation. If you and your spouse have no children, the higher formula will apply. If there are children of the marriage, the lower formula will apply, but only if the maintenance payor is paying child support to the other spouse who has the children as the custodial parent. Otherwise, the higher formula will apply.

**Lower Formula**
1-Multiply Maintenance Payor's Income by 20%. 2- Multiply Maintenance Payee's Income by 25%. Subtract Line 2 from Line 1: = **Result 1**
Subtract Maintenance Payee's Income from 40 % of Combined Income* = **Result 2.**
Enter the lower of **Result 2** or **Result 1**, but if less than or equal to zero, enter zero.
**THIS IS THE CALCULATED GUIDELINE AMOUNT OF MAINTENANCE WITH THE LOWER FORMULA**

**Higher Formula**
1-Multiply Maintenance Payor's Income by 30% 2- Multiply Maintenance Payee's Income by 20% Subtract Line 2 from Line 1= **Result 1**
Subtract Maintenance Payee's Income from 40 % of Combined Income*= **Result 2**
Enter the lower of **Result 2** or **Result 1**, but if less than or equal to zero, enter zero
**THIS IS THE CALCULATED GUIDELINE AMOUNT OF MAINTENANCE WITH THE HIGHER FORMULA**
**\*Combined Income equals Maintenance Payor's Income up to $203,000 plus Maintenance Payee's Income**
**Note: The Court will determine how long maintenance will be paid in accordance with the statute.**
**(Rev. 3/1/22)**

3

FILED: WARREN COUNTY CLERK 01/05/2024 12:58 PM

INDEX NO. EF2024-72165

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 01/05/2024

STATE OF NEW YORK
SUPREME COURT      WARREN COUNTY

TINA MARIE ROGLIERI,

Plaintiff,

**VERIFIED
COMPLAINT**

-against-

**Index No.:**

KRIS DANIEL ROGLIERI,

Defendant.

Plaintiff, complaining of the Defendant, by her attorney, NICOLE C. FISH, ESQ., respectfully alleges:

1.  Plaintiff herein, Tina Marie Roglieri, complaining of the Defendant alleges that the parties are over the age of 18 years.

2.  That the Plaintiff and the Defendant at the time of the commencement of this action and for a continuous period of at least one year prior thereto, have been residents of the State of New York.

3.  That the Plaintiff was married to the Defendant on January 15, 2009 in the City of Johnstown, and State of New York in a civil ceremony.

4.  That there are two minor children born of this marriage, *to wit:* Gianna Roglieri, born on May 15, 2010, and Santino Roglieri, born on May 17, 2012.

5.  The grounds for divorce that are alleged as follows:  Irretrievable Breakdown in Relationship for at Least Six Months (DRL §170(7)):  That the relationship between the Plaintiff and Defendant has broken down irretrievably for a period of at least six months.

6.  That pursuant to Section 253 of the Domestic Relations Law, the Plaintiff will take all steps solely within her power to remove any and all barriers to the Defendant's remarriage following the Judgment of Divorce.

7.  That no decree of divorce has ever been obtained by either of the parties against the other

4

FILED: WARREN COUNTY CLERK 01/05/2024 12:58 PM    INDEX NO. EF2024-72165

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/05/2024

in any Court of competent jurisdiction of this state, or any other state, territory or dependency of the United States or any foreign Country.

## AS AND FOR ADDITIONAL ALLEGATIONS IN SUPPORT OF ANCILLARY RELIEF FOR EQUITABLE DISTRIBUTION

8.    Plaintiff repeats and realleges each and every allegation contained in paragraphs marked and numbered "1" through "7" of Plaintiff's Complaint as if more fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that the Court make and enter a judgment as follows:

a.    A judgment of absolute divorce in favor of the Plaintiff dissolving the marriage between the parties in this action; and

b.    That there be Equitable distribution of marital property; and

c.    That there be a declaration of Plaintiff's separate property; and

d.    That the Defendant be directed to pay Counsel fees to Plaintiff's attorney; and

e.    That the Defendant pay to Plaintiff maintenance for her individual support; and

f.    That the Plaintiff have sole legal custody awarded for the children born of this marriage; and

g.    That the Plaintiff have physical custody of the children born of the marriage with visitation to the Defendant as the parties can mutually agree; and

h.    That the Plaintiff have the option to resume the use of her maiden name; and

i.    That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: January 5, 2024

NICOLE C. FISH, ESQ.
Attorney for Plaintiff
Law Office of Nicole C. Fish
333 Glen Street, Ste 101
Glens Falls, New York 12801
(518) 896-7970

5

FILED: WARREN COUNTY CLERK 01/05/2024 12:58 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2024-72165

RECEIVED NYSCEF: 01/05/2024

# VERIFICATION

STATE OF NEW YORK          )
                                  )ss.

COUNTY OF WARREN          )

     Tina Marie Roglieri, being duly sworn, deposes and states:  I am the Plaintiff in the within action.  I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

                                                               TINA MARIE ROGLIERI

Sworn to before me this
5th day of January, 2024

Notary Public, State of New York

NICOLE C. FISH
Notary Public, State of New York
Washington Co. #02FI6320605
Commission Expires March 9, 20 27

6

FILED: WARREN COUNTY CLERK 01/05/2024 12:58 PM    INDEX NO. EF2024-72165

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/05/2024

## CLIENT CERTIFICATION

I, **Tina Marie Roglieri**, HEREBY CERTIFY, under penalty of perjury, that I have carefully read and reviewed the annexed Complaint, and that all information contained in that document is true and accurate in all respects to the best of my knowledge and understanding.

I, FURTHER CERTIFY, under penalty of perjury, that neither my attorney, nor anyone acting on my attorney's behalf, was the source of any of the information contained in the annexed document; that I provided all of the information contained in the annexed document to my attorney; and that I understand that my attorney, in executing the Attorney Certification required by 22 NYCRR 202.16(e), is relying entirely upon the information provided by me and upon my certification that all information is true and accurate.

I, FURTHER CERTIFY that the annexed document includes all information which I provided to my attorney which is relevant to such document and that my attorney has not deleted, omitted or excluded any such information.

Dated: January 5, 2024

_____
TINA MARIE ROGLIERI

## ATTORNEY CERTIFICATION

I, NICOLE C. FISH, HEREBY CERTIFY, under penalties of perjury, that I have no actual knowledge that the substance of any statements of fact contained in the annexed document are false. This certification is based solely and exclusively upon information provided by the client, and upon the client's certification to the undersigned attorney that such information is not false, and is not based upon any review, audit, examination, inquiry or investigation made by the undersigned attorney or anyone acting on behalf of said attorney.

PLEASE TAKE FURTHER NOTICE that this certification is made by the attorney as an Officer of the Court and is directed solely and exclusively to the Court in accordance with 22 NYCRR 202.16(e) and is expressly not directed or extended to the opposing party herein.

PLEASE TAKE FURTHER NOTICE that the opposing party may not and should not rely upon this Attorney Certification in assessing the truth or validity of the information contained in the annexed document. The credibility of this submission is no greater than the credibility of the client represented by the undersigned attorney, and the opposing party should give this document no greater credence because it bears this Attorney Certification.

Dated: January 5, 2024

_____
NICOLE C. FISH, ESQ.

7

# EXHIBIT B

FILED: WARREN COUNTY CLERK 04/01/2025 11:52 AM
NYSCEF DOC. NO. 25

INDEX NO. EF2024-72165
RECEIVED NYSCEF: 04/01/2025

**SUPREME COURT OF THE STATE OF NEW YORK**
*County of Warren*
**Index No.: EF2024-72165**

**Tina M. Roglieri,**
*Plaintiff,*
– against –
**Kris D. Roglieri,**
*Defendant.*

## Affidavit of Kris D. Roglieri

**In Support of Equitable Distribution and Request for Fair Process**

**To the Honorable Judge Ted M. Wilson:**

I, Kris D. Roglieri, currently incarcerated and appearing *pro se*, respectfully submit this affidavit to assert my legal right to equitable distribution of marital property and to request fairness in these proceedings.

## Involuntary Bankruptcy & Financial Status

I was previously under a Chapter 11 reorganization, which was later converted to a Chapter 7 liquidation against my will.

As a result:

- My assets were surrendered to the bankruptcy trustee.

- I did not voluntarily file for Chapter 7.

- I currently have no income, assets, or financial control due to both the Chapter 7 bankruptcy and my incarceration.

I am unable to offer child support, spousal support, or other financial settlements, as my Chapter 7 bankruptcy discharge was denied.

I have previously informed the Court that, from the inception of the marriage until May 2024, I was the sole provider for Tina Roglieri and our children, Gianna Roglieri and Santino Roglieri. Additionally, I was the sole provider for Anthony Schiavo, Tina Roglieri's son from a previous marriage.

I supported Tina and all the children entirely, even after our separation in 2018, and continued to do so until May 2024.

### Right to Equitable Distribution of Marital Property

Despite my bankruptcy status, I retain a legal and enforceable right to a fair share of the marital assets acquired during my marriage to Tina M. Roglieri.

To the best of my knowledge, these marital assets include:

- A residential property (approx. $340,000) was purchased by Tina Roglieri, who holds the title. However, I provided the funds for the purchase.

- A retirement account held by my spouse (approx. $50,000).

The house was acquired in 2019 and supported by my income during the marriage. I respectfully ask the Court to recognize these assets as marital property and to grant me my equitable share under New York Domestic Relations Law § 236.

Tina Roglieri claimed in her net worth statement submitted to this Court that the house was purchased through her employment. This is false. The house was paid for in cash using the money I gave her, with no mortgage or liens.

However, Tina Roglieri reported a lien on the house in her net worth statement. I hereby request the discovery of the identity of the lienholder.

Upon checking public records, I found a federal tax lien listed as unpaid. However, I personally paid off this lien several years ago.

If the lien reported by Tina Roglieri is indeed the federal tax lien, I respectfully request that she contact the IRS to verify that the lien has been paid in full, as I am unable to do so due to my incarceration.

### Spousal Support (Alimony) Request

I am currently unable to pay spousal support due to my lack of income and incarceration.

We have been separated for approximately seven years, during which time my spouse had ample opportunity to achieve financial independence.

Given my circumstances, I respectfully request that no spousal support be ordered.

### Conclusion

I respectfully ask the Court to:

- Recognize my right to equitable distribution of marital assets;

FILED: WARREN COUNTY CLERK 04/01/2025 11:52 AM    INDEX NO. EF2024-72165

NYSCEF DOC. NO. 25    RECEIVED NYSCEF: 04/01/2025

- Modify support obligations to reflect my current financial reality and

- Ensure that all proceedings are based on fairness, access, and due process.

Thank you, Your Honor, for your time and consideration.

**Respectfully submitted,**
**Kris D. Roglieri**
Inmate ID: N-4 #45131
Rensselaer County Jail
4000 Main Street
Troy, NY 12180

Dated: March 24, 2025
Signature: _____

Sworn to before me this 28 day of March, 2025
By: Kris D. Roglieri
Signature: _____

**Notary Public**

Notary Public – State of New York
My Commission Expires: 6/26/26

Kathleen A Grady
Notary Public, State of New York
NO. 01GR6044083
Qualified in Rensselaer County
Commission Expires 06/26/2026

# EXHIBIT C

**Brian M. Culnan, Esq.**

| | |
|---|---|
| **From:** | Christian Dribusch <cdribusch@chd-law.com> |
| **Sent:** | Tuesday, May 6, 2025 2:35 PM |
| **To:** | Brian M. Culnan, Esq. |
| **Subject:** | Re: Kris Daniel Roglieri |

**[EXTERNAL EMAIL]** WARNING: This message is from an external organization. STOP, LOOK, and THINK before you CLICK links or OPEN attachments. Please be sure you KNOW and TRUST the source of this email.

To the extent that Mr. Roglieri may claim an exemption and Ms. Roglieri is asserting a claim against it, I believe it is protected by the language that *"with all such Liens, if any, to attach to the sale proceeds in the order of their priority, and with the same validity, force and effect which they now have against the Real Estate."*

The definition of Liens includes interests. I advised the Court that to the extent that Mr. Roglieri may be entitled to an exemption, the sale will generate sufficient proceeds to cover it.

Chris

**Christian H. Dribusch**
**The Dribusch Law Firm**
p: 518.227.0026
e: cdribusch@chd-law.com
w: www.chd-law.com
a: 187 Wolf Road • Suite 300-020 • Albany   N.Y. 12205

**From:** Brian M. Culnan, Esq. <bculnan@oalaw.com>
**Sent:** Tuesday, May 6, 2025 2:30 PM
**To:** Christian Dribusch <cdribusch@chd-law.com>
**Subject:** RE: Kris Daniel Roglieri

Chris,

Is the Court/sale order addressing the homestead exemption claimed by Mr. Roglieri?

Brian

**Brian M. Culnan, Esq.**
Of Counsel
**Telephone:** 518-462-5601

This message originates from the law firm of O'Connell and Aronowitz, P.C. The information contained in this e-mail and any files transmitted with it may be a confidential attorney-client communication or may otherwise be privileged and confidential. If the reader of this message, regardless of the address or routing, is not an intended recipient, you are hereby notified that you have received this transmittal in error and any review, use, distribution, dissemination or copying is strictly prohibited. If you have received this message in error, please delete this e-mail and all files transmitted with it from your system and immediately notify O'Connell and Aronowitz, P.C. by sending a reply e-mail to the sender of this message. In order to comply with the disclosure requirements under IRS Circular 230: unless expressly stated otherwise, nothing contained in this communication is intended or written to be used, nor may it be relied upon or used, (i) by any taxpayer for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code and/or (ii) by any person to support the promotion or marketing of or to recommend any Federal tax transaction(s) or matter(s) addressed in this communication. Thank you.

**From:** Christian Dribusch <cdribusch@chd-law.com>
**Sent:** Tuesday, May 6, 2025 2:26 PM
**To:** brandi brandiburnsattorney.com <brandi@brandiburnsattorney.com>; Anthony Arcodia <aarcodia@leccearcodia.com>; Masterson, Garry <gmasterson@weltman.com>; Rock, Robert <robert.rock@ag.ny.gov>; Strauss, Harrison (USTP) <harrison.strauss@usdoj.gov>; Lisa Penpraze <Lisa.Penpraze@usdoj.gov>; Brian M. Culnan, Esq. <bculnan@oalaw.com>
**Subject:** Kris Daniel Roglieri

**[EXTERNAL EMAIL]** WARNING: This message is from an external organization. STOP, LOOK, and THINK before you CLICK links or OPEN attachments. Please be sure you KNOW and TRUST the source of this email.

Good afternoon,

I am attaching a proposed Order for review and comment prior to uploading it for the Court's consideration.

Thank you.

Chris Dribusch

**Christian H. Dribusch**
**The Dribusch Law Firm**
p: 518.227.0026
e: cdribusch@chd-law.com
w: www.chd-law.com
a: 187 Wolf Road • Suite 300-020 • Albany  N.Y. 12205