So Ordered.

Signed this 28 day of July, 2025.



_____

Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

KRIS DANIEL ROGLIERI,

Case No. 24-10157
Chapter 7

*Debtor*.

### ORDER DIRECTING TRUSTEE

Before the Court is Kris Daniel Roglieri's (the "Debtor") request to have Marianne O'Toole, Esq., the successor[1] Chapter 7 Trustee (the "Trustee"), directed to immediately disburse to him his homestead exemption. (ECF No. 515). The Trustee does not object to the Debtor receiving these funds but requests clarification from the Court. (ECF No. 519). The Debtor's estranged spouse, Tina Roglieri ("Ms. Roglieri"), objects to the Debtor receiving his homestead exemption, claiming "[a]ny homestead exemption claimed by [the Debtor] arises from real property that is part of the marital estate." (ECF No. 439).

---

[1] Christian H. Dribusch, Esq. was initially appointed Chapter 7 Trustee. Dribusch resigned from the case and Michael J. O'Connor, Esq. was appointed successor trustee. (ECF No. 487). O'Connor indicated a conflict. On May 27, 2025, Marianne O'Toole, Esq. was appointed successor Trustee and remains in that position. (ECF No. 491).

-1-

**FACTS**

The Debtor and Ms. Roglieri were married in 2009 and have two children ages 14 and 12 who reside with Ms. Roglieri. (ECF No. 520 at ¶¶ 2 & 3). During the marriage, the Debtor purchased property located at 40 North Road, Queensbury, New York 12804. *Id*. Title to the real property is in the Debtor's name only, as are the mortgages on the property. In 2015, Ms. Roglieri commenced a divorce proceeding. In consideration of withdrawing the matrimonial action, the Debtor entered into a post-nuptial agreement whereby Ms. Roglieri was to receive certain funds for discontinuing the litigation. *Id.* at ¶ 5. Thereafter, the parties physically separated but did not divorce. *Id*. On or about January 5, 2024, Ms. Roglieri commenced a second divorce action which remains pending. The state court has not determined whether the marriage will be dissolved. *Id.* at ¶ 6.

On February 15, 2024, the Debtor commenced a Chapter 11 Subchapter V case. (ECF No. 1). At the time of filing, the Debtor was current under the terms of the post-nuptial agreement. *Id.* The Debtor listed the North Road property as his homestead. *Id.* By order dated May 15, 2024, the case was converted to a Chapter 7 proceeding. (ECF No. 159). On the same day, Christian H. Dribusch, Esq. was appointed Chapter 7 Trustee ("Trustee Dribusch"). (ECF No. 160). On May 16, 2024, Trustee Dribusch, filed a notice of asset case. (ECF No. 163). After the filing of the petition, the Debtor was incarcerated in the Rensselaer County Jail where he remains.

On April 2, 2025, Trustee Dribusch filed a motion to sell the Debtor's homestead and indicated the Debtor intended to assert his homestead exemption. (ECF Nos. 384, 403 & 470). On April 16, 2025, Ms. Roglieri filed opposition to the motion. (ECF No. 439). In her opposition, Ms. Roglieri indicates that while "[she] may not individually claim a homestead exemption in real property in which she did not reside at the time . . . [of the bankruptcy filing] she does possess a

right to equitable distribution." (ECF No. 439).  Ms. Roglieri requests any homestead exemption the Debtor is entitled to be held in escrow "until such time as the Roglieris' equitable distribution rights have been adjudicated." *Id*.  After a hearing on the matter and over objections, this court authorized the sale of the property on May 8, 2025. (ECF No. 477).[2]

**ARGUMENTS**

The Debtor argues he is entitled to the homestead exemption because he, solely, purchased the property, paid the mortgages and maintained the property. He also notes he was not in default of any obligation to Ms. Roglieri at the time of filing.

Ms. Roglieri argues that because the property was purchased during the marriage, the funds derived from the sale of the property are an asset of the matrimonial estate.  She requests that the Debtor not receive his homestead exemption "until the state court has an opportunity to review the matter. . . ." (ECF No. 527).

**DISCUSSION**

It is settled that "federal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." *In re Hyatt*, 2025 Bankr. LEXIS 709, at *7 (Bankr. E.D.N.Y. Mar. 26. 2025) (citing *Law v. Siegel*, 571 U.S. 415 (2014)).  Although not fully briefed in her papers, the only applicable exception Ms. Roglieri can rely upon to invade the Debtor's homestead exemption is a valid domestic support obligation ("DSO"). The Bankruptcy Code defines a DSO, in relevant part, as follows:

---

[2] The sale order notes Ms. Roglieri's objection but grants the sale over same.  The sale order specifically indicates, "[t]his sale Order constitutes a final appealable order . . . ." (ECF No. 477).  The order was not timely appealed.

-3-

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of [filing] including interest that accrues on that debt . . . that is— (A) owed to or recoverable by—(i) a spouse, former spouse, or child . . . (B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated; (C) established or subject to establishment before, on, or after the date of [filing], by reason of applicable provisions of—(i) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of a court of record. . . .

11 U.S.C. § 101(14A).

Quite simply, Ms. Roglieri does not have a DSO. In fact, the state court has not made any ruling regarding the dissolution of the marriage or child support, let alone equitable distribution. Ms. Roglieri admits that at the time the Debtor filed his bankruptcy petition the "Roglieris were separated but not divorced" and the "Warren County Supreme Court has still not determined the Roglieris' respective equitable distribution rights." (ECF No. 520 at ¶¶ 17–18).

Ms. Roglieri states, "payments may be due to [her] and her children from [the Debtor] pursuant to a domestic support order . . . ." *Id.* at ¶ 20. The contingent nature of any debt Ms. Roglieri may be entitled to is insufficient to invade the funds being held by the Trustee.

The Second Circuit has clearly stated "that when a final judgment of divorce has not been entered at the time of the bankruptcy filing, the non-debtor spouse's rights may be no greater than that of a general unsecured creditor." *Ara v. Anjum (In re Anjum)*, 288 B.R. 72, 76 (Bankr. S.D.N.Y. 2003); *see also Musso v. Ostashko*, 468 F.3d 99 (2d Cir. 2006) (citing same). "As a general matter, New York courts have stressed that the entry of a divorce judgment is the critical point at which previously inchoate rights to marital property mature into individual ownership interests." *Pangea Capital Mgmt., LLC v. Lakian*, 906 F.3d 1, 8 at note 3 (2d Cir. 2018).[3] "Under New York law, one spouse's rights in marital property owned by the other are inchoate and do not

---

[3] *Sinha v. Sinha*, 285 A.D.2d 801, 802–03 (N.Y. 3d Dep't 2001) ("[M]arital property rights are determined upon the granting of a divorce . . . .).

-4-

vest until entry of a judgment of divorce." *DiGeronimo v. Weissberg (In re DiGeronimo)*, 354 B.R. 625, 637 (Bankr. E.D.N.Y. 2006).[4]

Ms. Roglieri relies on *In re Tarone* as support for her position. *Tarone v. Tarone (In re Tarone)*, 434 B.R. 41 (Bankr. E.D.N.Y. 2010). However, the facts in *Tarone* are readily distinguishable. Most importantly, in *Tarone* there was a judgment of divorce that preceded the bankruptcy filing. Here there is no judgment of divorce. Therefore, at the time of the bankruptcy filing, the homestead became part of the bankruptcy estate and is not assailable by a potential state court equitable distribution award.

## CONCLUSION

Ms. Roglieri's contingent "marital interest" is inchoate and insufficient to invade the Debtor's homestead exemption. Now, after due deliberation, it is hereby

**ORDERED**, that the Debtor's request is granted; and it is further

**ORDERED**, that the Trustee is directed to disburse the Debtor's homestead exemption to the Debtor.[5]

# # #

---

[4] "When bankruptcy intervenes prior to the entry of a judgment of divorce, the bankruptcy cuts off the inchoate right in any marital property and leaves the non-debtor spouse with an unsecured claim." *In re Bellafiore*, 492 B.R. 109, 116 (Bankr. E.D.N.Y. 2013) (citing *Schachter v. LeFrak (In re LeFrak)*, 223 B.R. 431, 439 (Bankr. S.D.N.Y. 1998)); *see also Taub v. Taub (In re Taub)*, 427 B.R. 208 (Bankr. E.D.N.Y. 2010).

[5] On July 18, 2025, the Debtor's authorized power of attorney Linda Oliver requested, in anticipation that the Debtor would receive his homestead exemption, that the check be made payable to her. (ECF No. 530). The Court denies Ms. Oliver's request. The Trustee is directed to issue the homestead exemption check in the Debtor's name. Ms. Oliver is free to coordinate with the Trustee to expedite receipt of the check.