UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| In re | Chapter 7 |
|---|---|
| Kris Daniel Roglieri, | Case No.: 24-10157(REL) |
| Debtor. | |

**AFFIRMATION IN CONNECTION WITH MOTION SEEKING
AUTHORIZATION TO SELL PERSONAL PROPERTY**

BRIAN M. CULNAN, an attorney duly admitted to practice law before the Courts of the State of New York, under penalties of perjury, affirms and states as follows:

1.     I am an attorney admitted to practice law before the Courts of the State of New York and the United States District Court of the Northern District of New York, and I am "of counsel" to O'Connell & Aronowitz, P.C., attorneys for Tina M. Roglieri in this proceeding. This Affirmation is submitted in connection with the Successor Chapter 7 Trustee's motion for entry of an Order, among other things, authorizing her to sell a pair of vehicles [a 1959 Cadillac Eldorado Biarritz, VIN ending 8951, and a 2017 Ferrari 488 GTB NLargo, VIN ending 8191] ("the Vehicles"). *See* Docket No. 543.

2.     Upon information and belief, Tina Roglieri and the debtor Kris Roglieri were married on or about January 15, 2009. They have two children, aged 14 and 12, both of whom currently reside with Tina Roglieri.

3.     Upon information and belief, on or about June 12, 2015, Tina Roglieri commenced a divorce action against Kris Roglieri in New York State Supreme Court, Warren County, asserting a cause of action for divorce pursuant to New York Domestic Relations Law § 170(7). After the parties engaged in extensive discovery and motion practice, the parties agreed

1

that it was in their best interest and in the best interest of their children to discontinue that divorce litigation.

4. Upon information and belief, on or about November 30, 2016, Tina Roglieri and Kris Roglieri entered into a Post-Nuptial Agreement by which certain monies were to be paid to Tina Roglieri as consideration for her discontinuance of the 2015 divorce litigation. While the parties did not divorce, they have not lived together since at least 2019. From this point on, Kris Roglieri provided some support and maintenance to Tina Roglieri and their two children.

5. Upon information and belief, in January 2024, before the bankruptcy filing underlying this proceeding, Tina Roglieri again commenced a divorce action against Kris Roglieri in New York State Supreme Court, Warren County. That action remains pending. Pursuant to the New York Domestic Relations Law, payments that may be due to Tina Roglieri and her children from Kris Roglieri pursuant to a domestic support order will enjoy a special preference over the unsecured claims of other creditors of Kris Roglieri, and the rights of Tina Roglieri and her children should be fully accounted for prior to the distribution, if any, of funds received from the sale of assets of Kris Roglieri that were also part of the marital estate.

6. Upon information and belief, the 2017 Ferrari vehicle was purchased in 2018, and the 1959 Cadillac vehicle was purchased in 2022, both while the Roglieris were married. As a result, the Vehicles are an asset of the Roglieris' marital estate, and Tina Roglieri's interest in the Vehicles should be fully accounted for prior to the distribution of any funds from the sale of the Vehicles proposed by the Successor Chapter 7 Trustee.

7. The Roglieris' equitable distribution rights have not yet been determined. We expect to file later this month a motion to lift the bankruptcy stay to permit Warren County Supreme Court to adjudicate any domestic support order and/or the Roglieris' equitable

2

distribution rights. In light of the foregoing, Tina Roglieri respectfully requests that any funds arising from the sale of the Vehicles be held in escrow by the Successor Chapter 7 Trustee until such time as the Roglieris' equitable distribution rights have been adjudicated in both this proceeding and the pending divorce action.

Dated: September 3, 2025

                                             /s/ Brian M. Culnan

                                             Brian M. Culnan, Esq.
                                             Bar Roll No. 506300

4924-3145-5077, v. 1