**LaMONICA HERBST & MANISCALCO, LLP**  Relates to Hearing on September 10, 2025
*Counsel to Marianne T. O'Toole, Successor Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                   Case No.: 24-10157-1-REL

KRIS DANIEL ROGLIERI,                                       Chapter 7

            Debtor.
---------------------------------------------------------X

### REPLY IN FURTHER SUPPORT OF MOTION TO AUTHORIZE SALE AND IN RESPONSE TO AFFIRMATION FILED ON BEHALF OF TINA ROGLIERI

    Marianne T. O'Toole, solely in her capacity as the successor Chapter 7 Trustee ("Successor Trustee") of the estate of Kris Daniel Roglieri ("Debtor"), by her undersigned counsel, submits this reply in further support of the motion ("Sale Motion") [ECF No. 543] of the Successor Trustee to authorize, inter alia, the sale of the Debtor's 1959 Cadillac Eldorado Biarritz ("1959 Cadillac") and 2017 Ferrari 488 GTB NLargo ("2017 Ferrari" and, together with the 1959 Cadillac, "Vehicles"), and in response to the affirmation of counsel filed on behalf of Tina Roglieri with respect to the Sale Motion ("Affirmation") [ECF No. 547], and respectfully represents as follows:

### BACKGROUND

    1.    On February 15, 2024 ("Filing Date"), a voluntary petition pursuant Chapter 11, Subchapter V of the Bankruptcy Code was filed on the Debtor's behalf in the United States Bankruptcy Court for the Northern District of New York ("Court"). See ECF No. 1.

    2.    As of the Filing Date, the Debtor owned, inter alia, the Vehicles. See ECF No. 80 (Schedule A/B). There are no known liens on the Vehicles.

    3.    By Order entered on May 15, 2024, the Court converted the Debtor's case to a case

under Chapter 7 of the Bankruptcy Code. See ECF No. 159.

4.  On May 15, 2024, Christian H. Dribusch was appointed as Chapter 7 Trustee of the Debtor's estate ("Prior Trustee"). See ECF No. 160.

5.  On August 12, 2024, a proof of claim was filed on behalf of Tina Roglieri in the amount of $3,000,000.00 ("Claim 23"). Claim 23 asserts that the basis for the claim is "Marital estate interest, equitable distribution, support & maintenance." Claim 23 was filed as a general unsecured claim.

6.  In or around May 23, 2025, the Prior Trustee resigned.

7.  On May 27, 2025, Marianne T. O'Toole was appointed as successor interim trustee of the Debtor's estate pursuant to section 703(a) of the Bankruptcy Code. See ECF No. 491.

8.  By the Sale Motion, the Successor Trustee seeks entry of an Order authorizing the sale of the Vehicles at a public auction sale scheduled for September 20, 2025 and granting related relief, including, inter alia, authority to pay: (a) the premium for the Auctioneer's Bond; and (b) certain restoration expenses up to $50,000.00 relating to the 1959 Cadillac. See generally ECF No. 543.

9.  By the Affirmation, Tina Roglieri requests that "any funds" arising from the sale of the Vehicles be held "in escrow" by the Successor Trustee until such time as the equitable distribution rights of the Debtor and Tina Roglieri have been adjudicated in this Court and the state court. See ECF No. 547 at p. 3.

**RESPONSE OF SUCCESSOR TRUSTEE**

10. The United States Court of Appeals for the Second Circuit has held that where no judgment has been entered in a New York State matrimonial proceeding when a debtor files for bankruptcy protection, property titled in that debtor's name is property of that debtor's bankruptcy

estate. See Musso v. Ostashko, 468 F.3d 99, 108 (2d Cir. 2006). As explained by the Ostashko Court, "neither spouse obtains an equitable interest in property held by the other merely because the property falls within the definition of 'marital property'." Id. at 105. "[A]t no point prior to judgment does [section 236] create any contingent or present vested interests, legal or equitable, by virtue of the parties' marital status or prior to a judgment dissolving their union." Id. (citations omitted); see also United States v. Butler, 543 Fed. Appx. 95, 97 (2d Cir. 2013) ("New York state law does not create any interest in martial property prior to a judgment dissolving the marriage.").

11.     If a state court enters an equitable distribution award in favor of the non-debtor spouse post-petition, the award transforms the non-debtor spouse into a creditor of the debtor's estate under the exclusive province of the bankruptcy court subject to the distribution scheme in the Bankruptcy Code. See Ostashko, 468 F.3d at 102. Equitable distribution awards are not afforded priority status under section 507(a)(1) of the Bankruptcy Code and are treated as general unsecured claims. See, e.g., Purewal v. Estate of Kalsi (In re Kalsi), 637 B.R. 33, 41 (Bankr. S.D.N.Y. 2022); Brundege v. Brundege (In re Brundege), 359 B.R. 22, 29 (Bankr. N.D.N.Y. 2007) (applying Ostashko to conclude that a spouse's "inchoate right to marital property places her in a position of holding what might be construed as an unsecured contingent claim in the Debtor's bankruptcy case").

12.     In this case, there is no dispute that no judgment has been entered in the matrimonial proceeding between the Debtor and Tina Roglieri or that the Vehicles were titled solely in the Debtor's name as of the Filing Date. The Vehicles are property of the Debtor's bankruptcy estate and there is no basis to hold the proceeds from the sale "in escrow" for the potential benefit of Tina Roglieri. At best, Tina Roglieri is an unsecured creditor of the Debtor's bankruptcy estate. Indeed, to the extent a judgment is entered post-petition in the matrimonial proceeding, Tina

Roglieri may have a general unsecured claim and/or a priority 507(a)(1) claim against the Debtor's bankruptcy estate.[1] Furthermore, distribution of the net proceeds from the sale of the Vehicles is subject to Court approval of an interim or final Trustee's Final Report in any event.

13.    Based on the foregoing, the relief requested by the Affirmation should be denied in its entirety.

Dated: September 5, 2025
       Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, Successor Trustee*

By:    *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
A Partner of the Firm
3305 Jerusalem Avenue, Ste. 201
Wantagh, New York 11793
Telephone: (516) 826-6500

---

[1] For avoidance of doubt, the Successor Trustee reserves all rights with respect to Claim 23 and any other claim that may be asserted by Tina Roglieri against the Debtor's bankruptcy estate.