So Ordered.

Signed this 10 day of September, 2025.



_____

Robert E. Littlefield, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                  Case No.: 24-10157-1-REL

KRIS DANIEL ROGLIERI,                                      Chapter 7

             Debtor.
----------------------------------------------------------X

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (I) AUTHORIZING THE SUCCESSOR TRUSTEE'S SALE OF THE DEBTOR'S 1959 CADILLAC ELDORADO BIARRITZ AND 2017 FERRARI 488 GTB NLARGO; (II) APPROVING THE BIDDER CONTRACT AND TERMS AND CONDITIONS OF SALE; (III) APPROVING THE FORM, MANNER AND EXTENT OF NOTICE OF THE PUBLIC AUCTION SALE; (IV) AUTHORIZING PAYMENT OF THE AUCTIONEER'S BOND AND CERTAIN RESTORATION EXPENSES FROM THE BANKRUPTCY ESTATE; AND (V) GRANTING RELATED RELIEF**

Upon the motion ("Motion") of Marianne T. O'Toole, Esq., solely in her capacity as the successor Chapter 7 Trustee ("Successor Trustee") of the estate of Kris Daniel Roglieri ("Debtor"), seeking entry of an Order pursuant to §§ 105 and 363 of title 11 of the United States Code ("Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Bankruptcy Rule 6004-1 ("Local Rules"): (i) authorizing the public auction sale of the bankruptcy estate's right, title and interest in and to the Debtor's: (a)

1959 Cadillac Eldorado Biarritz, VIN ending 8951 ("1959 Cadillac"); and (b) 2017 Ferrari 488 GTB NLargo, VIN ending 8191 ("2017 Ferrari" and, together with the 1959 Cadillac, "Vehicles"), free and clear of all liens, claims and encumbrances (if any); (ii) approving the form of Bidder Contract and Terms and Conditions of Sale; (iii) approving the form, manner, and extent of notice of the public auction sale of the Vehicles; (iv) authorizing payment of the Auctioneer's Bond and certain restoration expenses relating to the 1959 Cadillac from the bankruptcy estate; and (v) granting such other and further relief as the Court deems just and proper; and it appearing that due and appropriate notice of the Motion having been made; and no other or further notice being required; and upon the Affirmation filed on behalf of Tina Roglieri ("Affirmation"); and upon the Reply filed on behalf the Successor Trustee; and no other objections to the relief requested in the Motion having been filed; and upon the hearing conducted on September 10, 2025 ("Hearing"), the record of which is incorporated herein by reference; and upon the record herein; and after due deliberation thereon; and good and sufficient cause,

**THE COURT HEREBY FINDS THAT:**

      A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

      B.    The Successor Trustee has articulated good and sufficient business reasons for the Court to grant the relief requested in the Motion, including this Court's approval of the public auction sale of the Vehicles.

      C.    The Successor Trustee has established one or more of the grounds under Bankruptcy Code section 363(f) for the proposed sale of the Vehicles to be free and clear of all

interests to the successful bidders at the Auction Sale, with the same (if any) to attach to the proceeds thereof pursuant to section 363 of the Bankruptcy Code.

D.    Good and sufficient notice of the Motion has been given, and no additional or further notice is required.

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED** that the relief requested in the Affirmation is denied in its entirety; and, it is further

**ORDERED** that, pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Motion is granted and the Successor Trustee is authorized to proceed with the public auction sale of the Vehicles on September 20, 2025; and, it is further

**ORDERED** that the Bidder Contract and Terms and Conditions of Sale, in the form annexed to the Motion as **Exhibit B**, are hereby approved; and, it is further

**ORDERED** that the Notice of Sale, in the form annexed to the Motion as **Exhibit C**, is hereby approved; and, it is further

**ORDERED** that each of the Vehicles shall be sold "AS IS", "WHERE IS", "WITH ALL FAULTS", with no warranties or guaranties of any kind; and, it is further

**ORDERED** that each of the Vehicles shall be sold free and clear of all interests (if any), with such interests to attach to the proceeds of sale pursuant to section 363(f) of the Bankruptcy Code; and, it is further

**ORDERED** that, upon entry of this Order, the Successor Trustee is authorized to pay the premium for the Auctioneer's Bond from the bankruptcy estate; and, it is further

**ORDERED** that the Successor Trustee is authorized to pay Ensign Autobody and Restoration Services up to $50,000.00 from the bankruptcy estate without further Order of the Court for the restoration of the 1959 Cadillac; and, it is further

**ORDERED** that the Successor Trustee is authorized to execute such documentation as the Successor Trustee determines is reasonably necessary to effectuate the sale of the Vehicles pursuant this Order; and, it is further

**ORDERED** that the Successor Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and, it is further

**ORDERED** that, notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon entry hereof; and, it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

###