Campolo, Middleton & McCormick, LLP
*Counsel to Rahanrey Capital, LLC*
4175 Veterans Memorial Highway
Suite 400
Ronkonkoma, NY 11779
(631) 738-9100
Jeffrey Basso, Esquire

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X    Case No.: 24-10157-1-REL

In Re:                                                                                                        Chapter 7

Kris Daniel Roglieri,

                                                Debtor.

--------------------------------------------------------------------X

## MOTION OF RAHARNEY CAPITAL, LLC TO COMPEL THE TRUSTEE TO SELL THE COMMERCIAL CAPITAL TRAINING GROUP INTELLECTUAL PROPERTY, PURSUANT TO SECTION 363(b), FREE AND CLEAR OF CLAIMS, LEINS AND ENCUMBRANCES

TO THE HONORABLE PATRICK G. RADEL
UNITED STATES BANKRUPTCY JUDGE

Raharney Capital, LLC ("Raharney"), by and through its undersigned counsel, Bovarnick and Associates, admitted to this Court pursuant to an Order authorizing pro hac admission, and Campolo, Middleton & McCormick, LLP, hereby files this, its Motion of Raharney Capital, LLC to Compel the Trustee to Sell the Commercial Capital Training Group Intellectual Property, Pursuant to Section 363(b), Free and Clear of Claims, Liens and Encumbrances and, in support thereof, states as follows:

### INTRODUCTION

The Debtor, Kris Roglieri, was the sole owner of two entities, Commercial Capital Training Group ("CCTG") and the National Alliance of Commercial Loan Brokers (the "NACLB conference").  In the Schedules, the Debtor valued CCTG at Five Hundred Thousand ($500,000.00) Dollars and NACLB at One Million $1,000,000.00) Dollars.  Both of those

entitles had intellectual property (collectively, the "IP" and, individually, the "NACLB IP" and the "CCTG IP"). Earlier in this Case, the Subchapter V Trustee sold the IP to two different purchasers, with Raharney purchasing the CCTG IP. For no apparent reason, the sale of the CCTG IP was rescinded. Raharaney, through counsel, requested that the Trustee revoke the rescission, but the Trustee has refused. That sale was subsequently rescinded. Part of the charge of the Trustee is to sell the Debtor's assets, which includes the CCTG IP. This Court should direct the Trustee to sell the CCTG IP to Raharney under the same terms as before.

## JURISDICTION AND AUTHORITY

1. This Court has jurisdiction over this Motion pursuant to Sections 157 and 1334 of Title 28 of the United States Code.

2. This Motion is filed in accordance with Bankruptcy Rule 6004, together with Local Bankruptcy Rule 6004-1.

3. Venue of this case and this Motion in this district is proper pursuant to Sections 1408 and 1409 of Title 28 of the United States Code.

4. This matter is a core proceeding pursuant to Section 157(b)(2) of Title 28 of the United States Codee.

## RELIEF REQUESTED AND BASIS FOR RELIEF

5. By this Motion, Raharney seeks the entry of an Order (a) directing the Successor Trustee to see the CCTG IP (as defined below) to Raharney, under the same terms and conditions from the Auction, to wit: Three Thousand Six Hundred Twenty Seven and 30/100) Dollars and (b) granting such other and further relief as this Court deems appropriate. A copy of the proposed form of Order is attached as Exhibit "A."

## BACKGROUND

6.     Movant is Raharney Capital, LLC ("Raharney"), a New York limited liability company.  Raharney is a media company headquartered in New York City.

7.     The above captioned case was originally filed under Subchapter V, by Kris Daniel Roglieri (the "Debtor"), *pro se*.

8.     On February 16, 2024, Mark J. Schlant was appointed as the Subchapter V Trustee (the "Sub V Trustee").

9.     On or about March 22, 2024, the Debtor filed his Schedules (doc. 80).

10.     In response to question 19 on Schedule B, the Debtor stated that he had non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture with a value of $2,000,000.00.  A copy of Schedule B, together with the referenced attachment is attached hereto as Exhibit "B."

11.     Included in the list was (a) National Alliance of Commercial Loan Brokers ("NACLB") and (b) Commercial Capital Training Group, LLC ("CCTG"), both of which the Debtor is the one hundred (100%) percent owner.

12.     The Debtor represented that NACLB had a value of One Million ($1,000,000.00) Dollars and CCTG had a value of Five Hundred Thousand ($500,000.00) Dollars.

13.     On or about August 12, 2014, the Trustee filed the Motion For Trustee Authority to Sell Property of the Bankruptcy Estate (doc. 242) (the "Sale Motion"), a copy of which is attached hereto as Exhibit "C."

14.     Pursuant to the Sale Motion, the Trustee requested authority "to sell bankruptcy estate property (the "Estate Property").

15. The Sale Motion did not specify whether any property of the Debtor was excluded from the Sale.

16. At that time, included in the Estate Property was the Debtor's One Hundred (100%) percent interest in NACLB and his One Hundred (100%) interest in CCTG.

17. On or about June 6, 2025, the Trustee, through Saratoga Automobile Museum, conducted a sale of certain assets of the Debtor.

18. Among the assets sold were (a) the trademark of NACLB and (b) the intellectual property of CCTG.

19. Subsequent to the purchase, Raharney was advised by the Sub V Trustee that the CCTG IP could not be purchased as it was not property of the Debtor's estate.

20. In the Auctioneer's Report of June 6, 2025 Sale of Certain Shoes, Sunglasses and Tradenames NACLB and National Alliance of Commercial Loan Brokers (the "Auctioneer's Report") (doc. 510), the Auctioneer stated "On June 5, 2025, due to an administrative error, the trademark Commercial Capital Training Group and the tradename "CCTG" were inadvertently added to the Auction by the Auctioneer. The Bankruptcy Estate does not own the trademark Commercial Capital Training Group or the tradename "CCTG" and there was no authorization to sell the trademark Commercial Capital Training Group or the tradename "CCTG." The Successor Trustee has directed the Auctioneer to return the funds of $3,627.30 received from the bidder for lot 199 at the Auction."

21. Since the Sale Motion (a) authorized the sale of bankruptcy estate property, (b) CCTG was wholly owned by the Debtor and (c) the CCTG IP was an asset of this wholly owned LLC, it was proper for the CCTG IP to be sold at the Auction and inappropriate for the Trustee to rescind that sale.

22.    On or about May 15, 2024, the Case was converted to one under Chapter 7 (doc. 159).

23.    On the same date, Christian H. Dribusch (the "Original Trustee") was appointed as Chapter 7 Trustee (doc. 160).

24.    On May 27, 2025, Marianne T. O'Toole was appointed as the Successor Trustee (the "Successor Trustee") (doc. 491).

25.    Undersigned counsel has spoken with counsel for the Trustee.

26.    While the Trustee would be comfortable selling the membership interest, she is hesitant to sell any of the assets of CCTG including, but not limited to the CCTG IP.

27.    As a single-member limited liability company, the Successor Trustee becomes the owner of the membership interest and has the right to sell the assets of the entity.

28.    The Successor Trustee steps into the Debtor's shoes and acquires all rights associated with the Debtor's membership interest, including management and governance rights, allowing the trustee to liquidate the LLC's assets for the benefit of the bankruptcy estate.

29.    As set forth in *In re Albright*, 291 B.R. 538, 540 (Bankr. D. Colo. 2003), "the debtor's bankruptcy filing effectively assigned her entire membership interest in the LLC to the bankruptcy estate, and the Trustee obtained all her rights, including the right to control the management of the LLC."

30.    It is axiomatic that a Trustee must take steps to maximize the distribution to unsecured creditors.

31.    While the Successor Trustee should liquidate all of the assets of CCTG, Raharney is prepared to purchase the CCTG IP free and clear of claims, liens and encumbrances under the same terms as originally offered.

32.    Since the Successor Trustee has both governance and management rights, she has the obligation to investigate whether the CCTG IP can be sold by the Estate.

33.    This Court should direct the Successor Trustee to sell the CCTG IP to Raharney through a private sale, pursuant to Section 363(b) of the Code, under the same terms the Raharney was prepared to purchase the CCTG IP Assets before, free and clear of claims, liens and encumbrances.

## **RELIEF SOUGHT**

34.    Raharney requests that this Court direct that the CCTG IP be sold to Raharney for $3,627.30, free and clear of claims, liens and encumbrances.

35.    The CCTG IP was properly part of the Auction.

36.    As the sale of the CCTG IP was part of an auction, it is submitted that the sale price is fair.

37.    Raharney is a third-party purchaser and the sale was an arm's length transaction.

38.    It is believed that there are no secured creditors with respect to the CCTG IP.

39.    A review of  the New York Uniform Commercial Code Filing Data Report shows no UUC-1 filings with respect to CCTG.  Further, a review of the USPTO database shows no security interest with respect to the CCTG IP.

40. As set forth above, it is believed that the negotiations between Raharney and the Trustee is the product of good faith, arm's length negotiations between Trustee and Raharney.  It is further believed that, when the Trustee agreed to sell the CCTG IP to Raharney, he believed that the Sale satisfies the good faith element of the "sound business purposes" test.

41. Further, considering the nature of this Case, it is believed that the Trustee will not locate any other alternative that will provide a higher value for the CCTG IP. Under the circumstances, the Successor Trustee should be directed to consummate the sale.

42. As set forth above, it is submitted that Raharney is the only party interested in purchasing the CCTG IP and, as such, the purchase price represents a fair and reasonable purchase price for the CCTG IP.

43. For the foregoing reasons, it is respectfully requested that this Court to approve the sale of the CCTG IP pursuant to Sections 363(b) and (f) of the Bankruptcy Code, and enter an order, substantially in the form annexed hereto, approving the terms and conditions of the sale as set forth herein pursuant to 11 U.S.C. §363(b) and (f) of the Bankruptcy Code.

## NOTICE AND NO PRIOR REQUEST

44. Notice of this Motion will be provided in accordance with Bankruptcy Rule 2002(a)(2).

45. Except as set forth herein, no previous request for the relief sought herein have been made to this or any other Court.

**WHEREFORE**, it is requested that this Court enter an Order directing the Successor Trustee to sell the CCTG IP Assets to Raharney under the same terms and conditions as before.

Dated: October 1, 2025
Ronkonkoma, NY 11779

**Campolo, Middleton & McCormick, LLP**
Counsel to Raharney Capital, LLC

BY:  _/s/_ Jeffrey Basso_____
      Jeffrey Basso, Esq.
      4175 Veterans Memorial Highway Suite 400
      Ronkonkoma, NY 11779
      (631) 738-9100

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X          Case No.: 24-10157-1-REL

In Re:                                                                                          Chapter 7

Kris Daniel Roglieri,

                                         Debtor.

--------------------------------------------------------------------X

### ORDER GRANTING MOTION OF RAHARNEY CAPITAL, LLC TO COMPEL THE TRUSTEE TO SELL THE COMMERCIAL CAPITAL TRAINING GROUP INTELLECUTAL PROPERTY PURSUANT TO SECTION 363(b), FREE AND CLEAR OF CLAIMS, LIENS AND ENCUMBRANCES

AND NOW, this ___ day of _____, 2025, upon consideration of the Motion of

Raharney Capital, LLC to Compel the Trustee to Sell the Commercial Capital Training Group

Intellectual Property, Pursuant to Section 363(b), Free and Clear of Claims, Liens and

Encumbrances (the "Motion") and, after notice and opportunity for hearing thereon, it is

ORDERED as follows:

1.      The Trustee is directed to sell the CCTG IP (as defined in the Motion to Raharney

Capital, LLC ("Raharney") for Three Thousand Six Hundred Twenty-Seven and 30/100

($3,627.30) Dollars.

2.      The sale of the CCTG IP shall be free and clear of all claims, liens and

encumbrances.

3.      To the extent there are any claims, liens and encumbrances, they shall attach to

the proceeds.

# EXHIBIT B

**Fill in this information to identify your case and this filing:**

Debtor 1      Kris Daniel Roglieri
           First Name           Middle Name         Last Name

Debtor 2
(Spouse, if filing)  First Name           Middle Name         Last Name

United States Bankruptcy Court for the: _____ Northern _____ District of New York
                                                 (State)

Case number  24-10157-1 rel

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  **Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☒ Yes. Where is the property?

1.1. **40 North Road**
Street address, if available, or other description

Queensbury     NY 12804
City         State    ZIP Code

Warren
County

**What is the property?** Check all that apply.
☒ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare

☐ Other _____

**Who has an interest in the property?** Check one.
☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**
$ 1,519,700.00    $ 1,519,700.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

Estate in land

☐ **Check if this is community property** (see instructions)

If you own or have more than one, list here:

1.2. _____
Street address, if available, or other description

_____
City         State    ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare

☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**
$ _____    $ _____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property** (see instructions)

Debtor 1 ___Kristopher___ ___Daniel___ ___Roglieri___   Case number (if known) ___24-10157___
First Name   Middle Name   Last Name

| | What is the property? Check all that apply. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|

1.3. _____
Street address, if available, or description

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

_____

_____

City   State   ZIP Code

**Current value of the entire property?**   **Current value of the portion you own?**

$ _____   $ _____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

Who has an interest in the property? Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

County

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number: _____

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here** ......➜ **$ 1,519,700.00**

---

**Part 2:   Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

- ☐ No
- ☒ Yes

3.1.   Make:   See attachment

Model: _____

Year: _____

Approximate mileage: _____

Other information:

Who has an interest in the property? Check one.

- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$ 19,490,000   $ 19,490,000

If you own or have more than one, describe here:

3.2.   Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

Who has an interest in the property? Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$ _____   $ _____

**3.3.** Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

> [blank box]

Who has an interest in the property? Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? / Current value of the portion you own?

$ _____    $ _____

**3.4.** Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

> [blank box]

Who has an interest in the property? Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? / Current value of the portion you own?

$ _____    $ _____

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

- ☐ No
- ☒ Yes

**4.1.** Make: _____

Model: _____

Year: _____

Other information:

> Electric golf cart

Who has an interest in the property? Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? / Current value of the portion you own?

$ ___12,000___    $ ___12,000___

If you own or have more than one, list here:

**4.1.** Make: _____

Model: _____

Year: _____

Other information:

> [blank box]

Who has an interest in the property? Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? / Current value of the portion you own?

$ _____    $ _____

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here .................................. ➔    $ 19,502,000.00

Debtor 1 ___Kristin Daniel Roglieri___
First Name  Middle Name  Last Name

Case number *(if known)* 24-10157-1-rel

## Part 3: Describe Your Personal and Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**

*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
☒ Yes. Describe......... See attachment                                     $ 40,209.00

**7. Electronics**

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☒ Yes. Describe......... TV - $10,000
Cell Phone: $1,000                                                          $ 11,000.00

**8. Collectibles of value**

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☐ No
☒ Yes. Describe......... See attachment                                     $ 806,000.00

**9. Equipment for sports and hobbies**

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☐ No
☒ Yes. Describe......... Pool table                                         $ 10,000.00

**10. Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☐ No
☒ Yes. Describe......... See attachment                                     $ 28,500.00

**11. Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☒ Yes. Describe......... Clothes                                            $ 200,000.00

**12. Jewelry**

Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
☒ Yes. Describe......... See attachment.                                    $ 3,300,000.00

**13. Non-farm animals**

*Examples:* Dogs, cats, birds, horses

☒ No
☐ Yes. Describe.........                                                    $ 0.00

**14 Any other personal and household items you did not already list, including any health aids you did not list**

☒ No
☐ Yes. Give specific information .............                              $ 0.00

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ......................................................➔   $ 4,395,709.00

Debtor 1 _____ Kris Daniel Roglieri _____
        First Name      Middle Name      Last Name       Case number *(if known)* 24-10157-1-pgr

---

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

**Do you own or have any legal or equitable interest in any of the following?**

                                  **Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☒ Yes ............................................................................................................................        Cash: _____  $ _____ 25.00

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☒ Yes....................                  Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | Key Bank | $ 60.00 |
| 17.2. Checking account: | Key Bank | $ 201,000.00 |
| 17.3. Savings account: | | $ 0.00 |
| 17.4. Savings account: | | $ 0.00 |
| 17.5. Certificates of deposit: | | $ 0.00 |
| 17.6. Other financial account: | | $ 0.00 |
| 17.7. Other financial account: | | $ 0.00 |
| 17.8. Other financial account: | | $ 0.00 |
| 17.9. Other financial account: | | $ 0.00 |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☒ No
☐ Yes...............           Institution or issuer name:

| | |
|---|---|
| | $ 0.00 |
| | $ 0.00 |
| | $ 0.00 |

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No           Name of entity:                             % of ownership:
☒ Yes. Give specific information about them. ...................

| Name of entity: | % of ownership: | |
|---|---|---|
| See attachment | _____ % | $ 2,000,000.00 |
| | _____ % | $ 0.00 |
| | _____ % | $ 0.00 |

Debtor 1    Kris Daniel Roglieri
           First Name    Middle Name    Last Name

Case number *(if known)* 24-10157-1-pgr

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☒ No
☐ Yes. Give specific
   information about        Issuer name:
   them....................
                                                                                      $ _____0.00
                                                                                      $ _____0.00
                                                                                      $ _____0.00

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☒ No
☐ Yes. List each
   account separately..   Type of account:       Institution name:

                          401(k) or similar plan: _____  $ _____0.00

                          Pension plan: _____  $ _____0.00

                          IRA: _____  $ _____0.00

                          Retirement account: _____  $ _____0.00

                          Keogh: _____  $ _____0.00

                          Additional account: _____  $ _____0.00

                          Additional account: _____  $ _____0.00

**22 Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

**Security deposits and prepayments**

☒ No

☐ Yes .....................   Institution  name or individual:

                          Electric: _____  $ _____0.00

                          Gas: _____  $ _____0.00

                          Heating oil: _____  $ _____0.00

                          Security deposit on rental unit: _____  $ _____0.00

                          Prepaid rent: _____  $ _____0.00

                          Telephone: _____  $ _____0.00

                          Water: _____  $ _____0.00

                          Rented furniture: _____  $ _____0.00

                          Other: _____  $ _____0.00

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☒ No
☐ Yes........................  Issuer name and description:
                                                                                      $ _____0.00
                                                                                      $ _____0.00
                                                                                      $ _____0.00

Debtor 1    _____ _____ _____          Case number (if known) 24-10157-1 rer
                First Name   Middle Name   Last Name

---

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☒ No

☐ Yes ................................    Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

|  | |
|---|---|
| _____ | $ 0.00 |
| _____ | $ 0.00 |
| _____ | $ 0.00 |

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☒ No

☐ Yes. Give specific information about them. .    _____    $ 0.00

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☐ No

☒ Yes. Give specific information about them. .    See attachment    $ 20,085.00

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☒ No

☐ Yes. Give specific information about them. .    _____    $ 0.00

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**28. Tax refunds owed to you**

☒ No

☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years. ..................

| | |
|---|---|
| Federal: | $ 0.00 |
| State: | $ 0.00 |
| Local: | $ 0.00 |

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☒ No

☐ Yes. Give specific information. ..........

| | |
|---|---|
| Alimony: | $ 0.00 |
| Maintenance: | $ 0.00 |
| Support: | $ 0.00 |
| Divorce settlement: | $ 0.00 |
| Property settlement: | $ 0.00 |

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☒ No

☐ Yes. Give specific information. ..........    _____    $ 0.00

---

Official Form 106A/B                    Schedule A/B: Property                    page 7

Debtor 1    Kris̲tin̲_N̲. K̲e̲l̲l̲e̲r̲    _____    Case number (if known) 24-10157-1-rel
                First Name    Middle Name    Last Name

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No

☒ Yes. Name the insurance company
of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| Bright House Financial | Tina Roglieri | $ Unknown |
| Cincinatti Insurance Companies | Self | $ Unknown |
| | | $ 0.00 |

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☒ No

☐ Yes. Give specific information. ..........

$ 0.00

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No

☒ Yes. Describe each claim. ................    Potential counterclaims against Onward Holding - In re Onward
Holding v Prime Capital Ventures Case No. 23-cv-00833

$ Unknown

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☒ No

☐ Yes. Describe each claim. .................

$ 0.00

**35. Any financial assets you did not already list**

☒ No

☐ Yes. Give specific information. ..........

$ 0.00

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
for Part 4. Write that number here ...................................................................................................➔    $ 2,221,170.00

---

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

☐ No. Go to Part 6.

☒ Yes. Go to line 38.

Current value of the
portion you own?
Do not deduct secured claims
or exemptions.

**38. Accounts receivable or commissions you already earned**

☒ No

☐ Yes. Describe ....

$ 0.00

**39. Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No

☒ Yes. Describe ....    See attachment

$ 150,700.00

Case 24-10157-1-pgr    Doc 560-1    Filed 10/01/25    Entered 10/01/25 16:06:31    Desc Main
Motion of Raharney Capital, LLC to Compel Sale of Assets    Page 19 of 26

Debtor 1    Kris Daniel Roglieri
         First Name    Middle Name    Last Name                    Case number (if known) 24-10157-1-pgr

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☒ No

☐ Yes. Describe .....                                                                                    $ _____ 0.00

**40. Inventory**

☒ No

☐ Yes. Describe .....                                                                                    $ _____ 0.00

**42 Interests in partnerships or joint ventures**

☒ No

☐ Yes. Describe ......    Name of entity:                              % of ownership:

_____    _____%    $ _____ 0.00

_____    _____%    $ _____ 0.00

_____    _____%    $ _____ 0.00

**43. Customer lists, mailing lists, or other compilations**

☐ No

☒ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

      ☐ No

      ☒ Yes. Describe .......    Customer list for NACLB                $ _____ Unknown

**44. Any business-related property you did not already list**

☒ No

☐ Yes. Give specific    _____    $ _____ 0.00
      information..........    _____    $ _____ 0.00

                             _____    $ _____ 0.00

                             _____    $ _____ 0.00

                             _____    $ _____ 0.00

                             _____    $ _____ 0.00

**45.** Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
for Part 5. Write that number here...............................................................................➔    $ __ 150,700.00

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☒ No. Go to Part 7.

☐ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**47. Farm animals**

*Examples:* Livestock, poultry, farm-raised fish

☐ No

☐ Yes ....................                                                                             $ _____ 0.00

Debtor 1    Kris Daniel Roglien

First Name    Middle Name    Last Name    Case number (if known) 24-10157-1rel

48. **Crops—either growing or harvested**

☐ No

☐ Yes. Give specific
information ...........    $_____0.00

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☐ No

☐ Yes......................    $_____0.00

50. **Farm and fishing supplies, chemicals, and feed**

☐ No

☐ Yes......................    $_____0.00

51. **Any farm- and commercial fishing-related property you did not already list**

☐ No

☐ Yes. Give specific
information ...........    $_____0.00

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached
for Part 6. Write that number here**................................................................➔    $_____0.00

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
| --- | --- |

53. **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☒ No

☐ Yes. Give specific
information..........    $_____
    $_____
    $_____

54 **Add the dollar value of all of your entries from Part 7. Write that number here** ......................➔    $_____0.00

| Part 8: | List the Totals of Each Part of this Form |
| --- | --- |

55. **Part 1: Total real estate, line 2**.......................................................................➔    $   1,519,700.00

56. **Part 2: Total vehicles, line 5**    $   19,502,000.00

57. **Part 3: Total personal and household items, line 15**    $   4,395,709.00

58. **Part 4: Total financial assets, line 36**    $   2,221,170.00

59. **Part 5: Total business-related property, line 45**    $   150,700.00

60. **Part 6: Total farm- and fishing-related property, line 52**    $   0.00

61. **Part 7: Total other property not listed, line 54**    + $   0.00

62. **Total personal property.** Add lines 56 through 61 ....................    $ 26,269,579.00   Copy personal property total ➔   + $   1,519,700.00

63. **Total of all property on Schedule A/B.** Add line 55 + line 62.................................................    $   27,789,279.00

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Kris Daniel Roglieri |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | Northern District of New York |
| | (State) |
| Case number | 24-10157-1 rel |
| (If known) | |

☐ Check if this is an amended filing

## Official Form 106D
# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

### Part 1:    List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|---|
| **2.1** Denali State Bank | Describe the property that secures the claim: | $ 450,000.00 | $ 650,000.00 | $ |
| Creditor's Name | | | | |
| 119 N. Cusman Street | 2020 Lamborghini Aventador | | | |
| Number    Street | | | | |

As of the date you file, the claim is: Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

| Fairbanks    AK    99701 | |
| City    State    ZIP Code | |

**Who owes the debt?** Check one.
☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☒ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred    2020    Last 4 digits of account number    3  3  3  8

| **2.2** First Federal | Describe the property that secures the claim: | $ 230,000.00 | $ 350,000.00 | $ |
|---|---|---|---|---|
| Creditor's Name | | | | |
| PO Box 351 | 2021 Mercedes GT Black Series | | | |
| Number    Street | | | | |

As of the date you file, the claim is: Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

| Port Angeles    WA9836-0055 | |
| City    State    ZIP Code | |

**Who owes the debt?** Check one.
☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☒ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred    2022    Last 4 digits of account number    4  1  0  9

Add the dollar value of your entries in Column A on this page. Write that number here:    $ 680,000.00    page 1 of 2

Case 24-10157-1-pgr Doc 80-1 Filed 03/22/24 Entered 03/22/24 23:52:22 Desc Main
Document Damages Exhibit 47

**Case No. 24-10157**

**Question 19**

| Name of Entity | % of Ownership | Value | |
|---|---|---|---|
| Commercial Capital training group | 100% | $ | 500,000.00 |
| Digital marketing training group | 100% | $ | 5,000.00 |
| Prime commercial lending | 100% | $ | 200,000.00 |
| Prime capital ventures | 100% | $ | 50,000.00 |
| National lines of commercial loan, brokers | 100% | $ | 1,000,000.00 |
| FUPME, LLC | 100% | $ | 2,000,000.00 |
| Shark ventures LLC | 100% | $ | - |
| **Total** | | $ | **3,755,000.00** |

# EXHIBIT C

Case 24-10157-1-pgr   Doc 212   Filed 08/12/25   Entered 08/12/25 11:27:32   Desc
Main Document   Page 1 of 3

**Christian H. Dribusch (507021)**
Chapter 7 Trustee
187 Wolf Road
Albany, NY 12205
518.227.0026

| | |
|---|---|
| Hearing Date: | September 11, 2024 |
| Hearing Time: | 9:15 a.m. |
| Hearing Location: | Telephonic **or** in person at James T. Foley Courthouse 445 Broadway Albany, NY 12207 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

KRIS DANIEL ROGLIERI

            Debtor.

Chapter 7
Case No.:  24-10157

---

## MOTION FOR TRUSTEE AUTHORITY TO SELL
## PROPERTY OF THE BANKRUPTCY ESTATE

*To:    Robert E. Littlefield Jr., United States Bankruptcy Court*

Christian H. Dribusch, the chapter 7 trustee for the bankruptcy estate ("Trustee") makes

this motion for an Order authorizing the Trustee to sell bankruptcy estate property (the "Estate

Property") and in furtherance of the motion respectfully represents as follows:

### Parties, Jurisdiction and Venue

1.     The Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the

Bankruptcy Code with the Bankruptcy Court for the Northern District of New York (the

"District").

2.     The Debtor case was converted to Chapter 7 and the Trustee was appointed the

Chapter 7 trustee.

3.     This motion made pursuant to Bankruptcy Code §363(b) is a core proceeding under

28 U.S.C. §157(b)(2)(M).

4.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157 and

Case 24-10157-1-pgr   Doc 242   Filed 08/12/24   Entered 08/12/24 11:25:03   Desc
Main Document   Page 2 of 3

§1334.

5.      Venue for this case is proper by virtue of 28 U.S.C. §1409(a).

6.      The Trustee Notice of Motion is incorporated herein by reference.

<u>**Relief Requested**</u>

7.      The statutory authority for the Trustee request to sell is Bankruptcy Code §363(b)

which provides that "The trustee, after notice and a hearing, may use, sell, or lease, other than in

the ordinary course of business, property of the estate."

8.      One of the trustee duties under Bankruptcy Code §704 is to monetize property of

the bankruptcy estate for the benefit of creditors.

9.      The Trustee has retained an auctioneer to assist with the sale of Estate Property

through both in-person and online sales over time.

10.     Using the bidding process, the Trustee believes that the highest and best offer will

be obtained for each item of Estate Property.

11.     The Trustee believes that the sale of the Estate Property is in the best interest of the

creditors because it will result in funds being made available for distribution to unsecured creditors.

12.     To the extent that there may be a lien, interest, or encumbrance on Estate Property,

the Trustee requests authority to pay the lien, interest, or encumbrance as part of the sale of the

Estate Property.

13.     The Trustee requests authority to negotiate carve-outs for the benefit of the

Bankruptcy Estate where appropriate.

14.     To the extent the Trustee incurs expenses in the ordinary course of sale of the Estate

Property, the Trustee requests authority to timely pay the ordinary course expenses (excepting

professional fees) as part of the sale of the Estate Property.

15.     The Trustee requests authority to execute such documentation and perform such other actions as a seller would customarily perform as a seller of the type of Estate Property being sold.

16.     The Trustee or Trustee professional will timely file reports of sale to keep the Court, the creditors, and the other parties in interest informed on the disposition of Estate Property.

WHEREFORE, the Trustee requests an order granting the motion and for such other and further relief as the Court deems just and proper.

Dated: August 12, 2024

/s/ Christian H. Dribusch
**Christian H. Dribusch**
cdribusch@chd-law.com