# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF NEW YORK (Albany Division)

In re:
**Kris Daniel Roglieri**, Debtor
Case No. 24-10157
Chapter 7

**FILED**
**OCT 1 0 2025**
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

**Before the Honorable Patrick G. Radel, United States Bankruptcy Judge**

## DEBTOR'S OBJECTION TO MOTION OF RAHARNEY CAPITAL, LLC TO COMPEL THE TRUSTEE TO SELL CCTG INTELLECTUAL PROPERTY (DOC. 560)

### INTRODUCTION

Debtor **Kris Daniel Roglieri** ("Debtor"), appearing **pro se**, respectfully submits this Objection to the Motion of Raharney Capital, LLC ("Raharney") to compel the Successor Trustee to sell the Commercial Capital Training Group ("CCTG") intellectual property ("CCTG IP") for consideration before **the Honorable Patrick G. Radel.**
The Debtor strongly **opposes** the motion and urges this Court to **deny** it in its entirety.

This motion is a direct result of the **prior trustee's mishandling and lack of due diligence.** The original sale of the CCTG IP occurred under **former Trustee Christian Dribusch, who failed to communicate with the Debtor, verify asset ownership, or follow proper authorization procedures** before allowing the auctioneer to include the CCTG IP for sale. The **auction house later admitted that inclusion of this asset was an "administrative error."**

It would be wholly inappropriate to compel the **Successor Trustee, Marianne T. O'Toole,** to finalize a transaction based on an acknowledged mistake that she had no role in creating and has worked diligently to correct. Trustee O'Toole and her counsel have taken a careful, transparent, and responsible approach to understanding the estate's true assets and repairing the extensive damage left by her predecessor. The Court should **support** her judgment and **reject Raharney's attempt to profit from prior administrative errors.**

### I. BACKGROUND AND CONTEXT

1. On June 6, 2025, former Trustee **Christian Dribusch**, through the Saratoga Automobile Museum, conducted an auction of estate assets.

2. The auctioneer's report (Doc. 510) confirmed that the **CCTG IP** and tradename were **"inadvertently added"** to the auction **without authorization** and that the sale was **rescinded**.

3. Raharney Capital's payment of **$3,627.30** for the CCTG IP was **returned** once the mistake was discovered.

4. The Debtor's bankruptcy schedules valued CCTG at **$500,000** at the time, reflecting a substantial business interest—not an incidental item worth a few thousand dollars.

5. On May 27, 2025, **Marianne T. O'Toole** was appointed as the **Successor Trustee**, inheriting a case already riddled with procedural errors, incomplete records, and unauthorized actions by the prior trustee and the auctioneer.

6. Since her appointment, Trustee O'Toole and her counsel have maintained **open and professional communication with the Debtor** to identify errors, confirm asset details, and protect the estate's interests—precisely what the prior trustee failed to do.

## II. ARGUMENT

### A. The Sale Was Unauthorized and Cannot Be Enforced

The auction sale of the CCTG IP was never valid. It was rescinded because the inclusion of the asset was a **clerical and administrative error**, not an authorized sale under § 363. Both the former trustee and the auction house admitted that the CCTG IP was mistakenly listed. Raharney's attempt to compel the Successor Trustee to perform a rescinded and unauthorized sale is **procedurally improper** and contrary to the Bankruptcy Code's requirement that estate property be sold only after proper notice and authorization.

### B. The Prior Trustee's Negligence Created This Problem

The record shows a pattern of **negligence and unilateral decision-making** under the prior trustee, Christian Dribusch. He failed to verify the ownership status of CCTG before its inclusion in the auction, failed to communicate with the Debtor regarding disposition of major business assets, and failed to ensure accurate reporting by the auctioneer.
These errors caused confusion, loss of value, and unnecessary litigation that continues to burden the estate.
The current motion by Raharney is an unfortunate consequence of those prior administrative failures. The Court should not validate or extend the effects of the former trustee's misconduct by approving a sale that originated from those same mistakes.

### C. The Successor Trustee Is Acting Responsibly to Correct Past Errors

In contrast, **Trustee O'Toole and her counsel have worked cooperatively and transparently** with the Debtor to reconcile the estate's records, verify ownership of business assets, and ensure

that future sales are handled lawfully and with full oversight.
Their work reflects integrity and adherence to the trustee's fiduciary duty under § 704 to protect and maximize the estate for creditors.
Compelling them to execute a defective sale based on prior mismanagement would **undermine those fiduciary duties** and discourage trustees from correcting prior administrative errors in future cases.

**D. Approval of This Motion Would Further Harm the Estate and Creditors**

Approving this motion would ratify an invalid sale, reward a third party for an auction error, and **deprive the estate and its creditors of a potentially valuable asset.**
CCTG was a fully developed training and licensing platform with recognized intellectual property, valued at hundreds of thousands of dollars in the Debtor's schedules.
Selling it for $3,627.30 would not only be inequitable but would also **perpetuate the undervaluation and asset loss** that began under the prior trustee's administration.

## III. THE SUCCESSOR TRUSTEE SHOULD BE SUPPORTED IN HER EFFORTS TO RESTORE INTEGRITY TO THE CASE

This case exemplifies the difficulties a new trustee faces when inheriting a file plagued by prior administrative failures.
The Debtor recognizes and appreciates the **good-faith efforts** of Trustee O'Toole and her counsel, who have been actively engaging with the Debtor to verify facts, correct the record, and ensure the estate's best interests are served.

Courts have consistently held that a **successor trustee is not responsible for the acts or omissions of a predecessor trustee** and should be permitted to perform her duties independently and in good faith.
See *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir. 1999) ("A successor trustee cannot be charged with the defaults of a predecessor where the successor is acting in good faith and without negligence."); *In re Haugen Constr. Servs., Inc.*, 104 B.R. 233, 240 (Bankr. D.N.D. 1989) (successor trustee not liable for prior trustee's mismanagement and may correct prior administrative errors).

Moreover, bankruptcy courts have emphasized that **trustees acting in good faith are entitled to deference** in the exercise of their business judgment. *See In re Curlew Valley Assocs.*, 14 B.R. 506, 513–14 (Bankr. D. Utah 1981)* ("Courts should not interfere with a trustee's reasonable exercise of business judgment, particularly when undertaken in good faith and for the benefit of the estate.").*

The Debtor urges the Court to **support the Successor Trustee's discretion** and allow her to continue addressing and remedying the prior trustee's mistakes without being forced into an improper transaction that she rightfully questioned.

## IV. CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that this Court:

1. **Deny** Raharney Capital, LLC's Motion to Compel Sale of CCTG IP (Doc. 560);

2. **Recognize** that inclusion of the CCTG IP in the auction was an **unauthorized administrative error** caused by the prior trustee and auction house;

3. **Affirm** that the Successor Trustee acted properly and prudently in refusing to perpetuate those errors; and

4. Grant such other and further relief as the Court deems just and proper.

The Debtor also expresses his appreciation to **Your Honor** for the Court's continued attention and fairness in overseeing this matter.

**Dated:** October 7, 2025
**Respectfully submitted,**

/s/ **Kris Daniel Roglieri**
Kris D. Roglieri – N-4 #45131
Rensselaer County Jail
4000 Main Street
Troy, New York 12180
Debtor (Pro Se)