**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, Esq., Successor Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                      Case No.: 24-10157-1-pgr

KRIS DANIEL ROGLIERI,                                       Chapter 7

                Debtor.
---------------------------------------------------------X

### MOTION OF SUCCESSOR TRUSTEE TO ABANDON OWNERSHIP INTERESTS IN CERTAIN BUSINESSES

TO THE HONORABLE PATRICK G. RADEL,
UNITED STATES BANKRUPTCY JUDGE:

      Marianne T. O'Toole, Esq., solely in her capacity as Successor Chapter 7 Trustee ("Successor Trustee") of the bankruptcy estate ("Estate") of Kris Daniel Roglieri ("Debtor"), by and through her undersigned counsel, submits this motion ("Motion") seeking entry of an Order: (i) authorizing the Successor Trustee to abandon the Estate's right, title and interest (if any) in and to the following businesses listed on the Debtor's Schedule A/B: (a) Commercial Capital Training Group ("CCTG"); (b) Digital Marketing Training Group; (c) National Lines of Commercial Loan, Brokers [sic]; (d) FUPME, LLC; and (e) Shark Ventures LLC (collectively, "Scheduled Interests"), as well as National Alliance of Commercial Loan Brokers ("NACLB" and, together with the Scheduled Interests, "Non-Debtor Interests") pursuant to Section 554(a) of Title 11 of the United States Code ("Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and (ii) granting such other, further and different relief as this Court deems just and proper. In support of this Motion, the Successor Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear and determine this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested in this Motion include sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007.

## BACKGROUND

3. On February 15, 2024 ("Filing Date"), a voluntary petition pursuant Chapter 11, Subchapter V of the Bankruptcy Code was filed on the Debtor's behalf in the United States Bankruptcy Court for the Northern District of New York ("Court"). See ECF No. 1.

4. According to the Debtor's Schedule A/B, as of the Filing Date, the Debtor owned 100% of the equity of the Scheduled Interests. See ECF No. 80, Question 19. Upon information and belief, as of the Filing Date, the Debtor also owned 100% of NACLB.

5. By Order entered on May 15, 2024, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. See ECF No. 159.

6. On May 15, 2024, Christian H. Dribusch was appointed as Chapter 7 Trustee of the Debtor's Estate ("Prior Trustee"). See ECF No. 160.

7. On May 16, 2024, the Prior Trustee filed a motion for an Order directing the Debtor to, inter alia, disclose the location of all books and records relating to the Scheduled Interests. See ECF No. 166. By Order entered on May 22, 2024 ("Turnover Order"), the Court, inter alia, directed the Debtor to immediately disclose the location of all books and records relating to the Scheduled Interests to the Prior Trustee. See ECF No. 188.

8.     On June 4, 2024, the Prior Trustee filed a motion for a supplemental order to enforce the Turnover Order. See ECF No. 197. As reflected in the Prior Trustee's motion, due to the Debtor's detention on May 31, 2024, the Debtor no longer had access to his residence at 40 North Street, Queensbury, New York 12804 ("Queensbury Property") and was unable to comply with the turnover of possession, custody and control over, inter alia, CCTG and NACLB. See id. at ¶¶ 11-14. The Prior Trustee requested authority to secure the Queensbury Property, and to exercise control over, inter alia, CCTG and NACLB. See id.

9.     By Order entered on June 10, 2024, the Court granted that portion of the Prior Trustee's motion that sought to secure the Queensbury Property. See ECF No. 205. No Order authorizing the Prior Trustee to exercise control over, inter alia, CCTG and NACLB was entered and, on July 31, 2024, the Prior Trustee filed a letter withdrawing the balance of the relief requested in his motion. See ECF No. 238.

10.     On March 28, 2025, the Prior Trustee filed a motion to abandon the Estate's interest in several banker boxes of business records of the Non-Debtor Interests located at the Queensbury Property ("Non-Debtor Business Records"). See ECF No. 394.

11.     By Order entered on May 6, 2025 ("Abandonment Order"), the Court approved the Prior Trustee's motion and authorized the Prior Trustee's abandonment of the Non-Debtor Business Records to the Debtor and/or designated representative of the Debtor. See ECF No. 476 and a copy is enclosed for your reference. Pursuant to the Abandonment Order, the Debtor and/or Debtor representative were required to retrieve, inter alia, the Non-Debtor Business Records by 5:00 p.m. on May 27, 2025, and the Prior Trustee was authorized to dispose of any items not retrieved by 5:00 p.m. on May 27, 2025. See id. The Successor Trustee is informed that the Non-

3

Debtor Business Records were removed on behalf of the Debtor pursuant to the Abandonment Order.

12. By Interim Order entered on May 6, 2025 ("Sale Order"), the Court authorized the sale of Estate's interest in, among other things, tradenames "NACLB" and "NATIONAL ALLIANCE OF COMMERCIAL LOAN BROKERS" (together, "NACLB Tradenames") through an auction to be conducted by no later than June 6, 2025. See ECF No. 474.

13. In or around May 23, 2025, the Prior Trustee resigned.

14. On May 27, 2025, Marianne T. O'Toole, Esq. was appointed as successor interim trustee of the Debtor's Estate pursuant to section 703(a) of the Bankruptcy Code. See ECF No. 491. By operation of law, Marianne T. O'Toole, Esq. is now the permanent Chapter 7 Trustee of the Debtor's Estate.

15. Pursuant to an Order entered on May 29, 2025, the Successor Trustee provided Linda Oliver with access to the Queensbury Property on May 31, 2025 to remove any remaining personal belongings of the Debtor and Ms. Oliver. See ECF No. 494. On June 20, 2025, the sale of the Queensbury Property closed. See ECF No. 513.

16. On June 6, 2025, in accordance with the Sale Order, an auction of, inter alia, the NACLB Tradenames was conducted by retained auctioneer Saratoga Automobile Museum ("June 6 Auction"). On June 27, 2025, a corresponding Report of Sale was filed with the Court. See ECF No. 510. As reflected in the Report f Sale, the winning bid for the NACLB Tradenames was $218,500.00 (plus a buyer's premium of $28,405.00 for a total of $246,905.00). See ECF No. 510 at Exhibit B. Raharney Capital, LLC ("Raharney") was the second highest bidder for the NACLB Tradenames at the June 6 Auction, i.e., the unsuccessful bidder.

17. By motion dated October 1, 2025 ("First Raharney Motion"), Raharney seeks to compel the Successor Trustee to sell the intellectual property of CCTG to Raharney for $3,627.30 pursuant to sections 363(b) and (f) of the Bankruptcy Code. See ECF No. 560. The Successor Trustee objected to the First Raharney Motion because, inter alia, only the Successor Trustee can seek to sell property of the Estate pursuant to section 363 of the Bankruptcy Code, the Court did not authorize the sale of the intellectual property of CCTG and any such property is property of CCTG and not the Estate. See ECF No. 570. A hearing on the First Raharney Motion is currently scheduled for December 23, 2025.

18. By motion dated October 10, 2025 ("Second Raharney Motion"), Raharney seeks to compel the Successor Trustee to sell the assets of NACLB pursuant to sections 363(b) and (f) of the Bankruptcy Code. See ECF No. 566. The Successor Trustee objected to the Second Raharney Motion because, inter alia, only the Successor Trustee can seek to sell property of the Estate pursuant to section 363 of the Bankruptcy Code and the assets of NACLB are property of NACLB and not the Estate. See ECF No. 570. A hearing on the Second Raharney Motion is currently scheduled for December 23, 2025.

19. The Successor Trustee, in consultation with her retained professionals, has determined that the Non-Debtor Interests are burdensome to the Estate and/or of inconsequential value and benefit to the Estate.

## RELIEF REQUESTED AND BASIS FOR RELIEF

20. By this Motion, the Successor Trustee seeks entry of an Order abandoning the Estate's right, title and interest in and to the Non-Debtor Interests to the Debtor individually. A proposed Order is annexed as **Exhibit A**.

21. Section 554(a) of the Bankruptcy Court provides that, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of

inconsequential value and benefit to the estate." 11 U.S.C. §554(c). Bankruptcy Rule 6007(a) provides, in relevant part, that "the trustee . . . shall give notice of a proposed abandonment . . . of property to the United States trustee [and] all creditors . . . ," and that a party in interest has fourteen (14) days to file and serve an objection to the abandonment. FED. R. BANKR. P. 6007(a).

22. "The standard for abandoning estate assets is written in the disjunctive and is met if the [trustee] can show that the [property] either [is] 'burdensome to the estate' or [is] 'of inconsequential value to the estate.'" In re Ditech Holding Corp., 19-10412 (JLG), 2023 Bankr. LEXIS 1363 at *22, 2023 WL 3638049, at *7 (Bankr. S.D.N.Y. May 24, 2023) (citations omitted). As the DiTech Court explained, "[t]he abandonment power embodied in Section 554 enables the trustee to rid the estate of burdensome or worthless assets, and so speeds the administration of the estate . . . and also protects the estate from diminution." Id. (citing In re Quanta Resources Corp., 739 F.2d 912, 915 (3d Cir. 1984). "[A]bandonment provisions are designed to allow the trustee to relinquish assets that would be a financial drain on the estate, or relieve the trustee of the financial burden of administering the inconsequential assets that would cost more than they are worth to the estate." Mele v. First Colony Ins. Co., 127 B.R. 82, 85 (D.D.C. 1991). "The purpose of allowing abandonment is to protect the estate from the burden of having to administer property that will not benefit the unsecured creditors." In re Wilton Armetale, Inc., 618 B.R. 424, 432 (Bankr. E.D. Pa. 2020) (citing In re Paolella, 79 B.R. 607, 609 (Bankr. E.D. Pa. 1987).

23. "Courts apply the business judgment standard to a trustee's decision to abandon estate property." DiTech, 2023 WL3638049, at *8. To satisfy this standard, a trustee "need only demonstrate that [s]he has exercised sound business judgment in making the determination to abandon." Id. (citation omitted). In other words, a trustee must have made a business judgment, in good faith, upon some reasonable basis and within the trustee's scope of authority. See In re Slack,

6

290 B.R. 282, 284 (Bankr. D. N.J. 2003). The Court's "role is not to second guess the trustee, but to determine whether the trustee made a reasonable decision." In re Wilton Armetale, Inc., 618 B.R. at 433. As one Court observed in evaluating a trustee's exercise of business judgment, "the Court is not required to consult tea leaves, chicken entrails, nor signs of the moon to determine the likelihood of success on the part of the trustee in any such litigation. Instead, the Court is merely required to determine if the trustee has acted in an appropriate manner." In re Fulton, 162 B.R. 539, 540 (Bankr. W.D. Mo. 1993).

24. In this case, the Successor Trustee determined that the Non-Debtor Interests are burdensome to the Estate and/or are of inconsequential value or benefit to the Estate. The Successor Trustee's determination was made in good faith after careful investigation and deliberation and taking into account various factors and considerations. The Non-Debtor Business Records were abandoned to the Debtor per Order of the Court, and the Successor Trustee does not have documents or information relating to the Non-Debtor Interests. It is unclear what assets and liabilities (actual or potential) the Non-Debtor Interests have. It is unclear what value (if any) for the Estate the Non-Debtor Interests have. There is a risk that any potential sale of the Non-Debtor Interests could expose the Estate to other claims and liabilities. While at least one party (Raharney) has expressed an interest in purchasing the *assets* of CCTG and NACLB, the Successor Trustee has not received any offers for the Non-Debtor Interests themselves. On balance, any potential net benefit to the Estate is uncertain and negligible compared to the high risk and potential downside of delaying this decision.

25. Based on the foregoing, and the record in this case, the Successor Trustee proposes to abandon the Estate's right, title and interest in and to the Non-Debtor Interests to the Debtor individually.

## NOTICE AND NO PRIOR REQUEST

26. Pursuant to Bankruptcy Rule 6007, notice of this Motion will be provided to: (a) the Debtor; (b) the United States Trustee; (c) any party requesting notice pursuant to Bankruptcy Rule 2002; and (d) all scheduled and known creditors of the Estate. The Successor Trustee submits that such notice is sufficient, and no other or further notice need be provided.

27. No previous application for the relief sought herein has been made by the Successor Trustee to this or any other court.

**WHEREFORE**, the Successor Trustee respectfully requests that the Court enter an Order: (i) authorizing the Successor Trustee to abandon the Estate's right, title and interest in and to the Non-Debtor Interests, and (ii) granting the Successor Trustee such other, further and different relief as this Court deems just and proper.

Dated: December 5, 2025
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, Successor Trustee*

By: *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
A Partner of the Firm
3305 Jerusalem Avenue, Ste. 201
Wantagh, New York 11793
Telephone: (516) 826-6500