O'CONNELL AND ARONOWITZ, P.C.
54 State Street, 9th Floor
Albany, New York 12207
Telephone: (518) 462-5601
Brian M. Culnan, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Kris Daniel Roglieri,<br><br>　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No.: 24-10157-1-PGR |

## MOTION OF TINA ROGLIERI FOR RELIEF FROM AUTOMATIC STAY

TO:   HONORABLE PATRICK G. RADEL
　　　UNITED STATES BANKRUPTCY JUDGE

Tina M. Roglieri, by and through her undersigned counsel, O'Connell and Aronowitz, P.C., submits this motion seeking entry of an Order: (i) lifting the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code to permit the divorce action between Tina Roglieri and the Debtor Kris Roglieri currently pending in New York State Supreme Court, Warren County, to proceed to conclusion and the entry of judgment on all issues, including but not limited to the obligation, if any, of the Debtor Kris Roglieri to provide domestic support to Tina Roglieri and the Roglieris' two minor children and the equitable distribution rights of Tina Roglieri and Kris Roglieri with respect to the assets and debts of their marital estate; and (ii) granting such other and further relief as the Court may deem just and proper. In support of this motion, Tina Roglieri respectfully represents as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 17 and 1334. Venue is proper in this district under 28 U.S.C. §§1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. 157(b).

## BACKGROUND

The Debtor's Bankruptcy Case:

2. On February 15, 2024 ("the Filing Date"), a voluntary petition pursuant to Chapter 11, Subchapter V of the Bankruptcy Code was filed on the Debtor's behalf in the United States Bankruptcy Court for the Northern District of New York. *See* Docket No. 1.

3. By Order dated May 15, 2024, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. *See* Docket No. 159.

4. On May 15, 2024, Christian H. Dribusch was appointed as Chapter 7 Trustee of the Debtor's Estate. *See* Docket No. 160.

5. On or about May 23, 2025, Mr. Dribusch resigned as Trustee of the Debtor's Estate.

6. On or about May 27, 2025, Marianne T. O'Toole was appointed, pursuant to § 703 (a) of the Bankruptcy Code, to serve as Successor Trustee of the Debtor's Estate. *See* Docket No. 491.

The 2015 Divorce Action:

7. Tina Roglieri and the Debtor Kris Roglieri were married on or about January 15, 2009. They have two children, aged 14 and 12, both of whom currently reside with Tina Roglieri.

2

8. On or about June 12, 2015, Tina Roglieri commenced a divorce action against Kris Roglieri in New York State Supreme Court, Warren County, asserting a cause of action for divorce pursuant to New York Domestic Relations Law § 170(7). After the parties engaged in extensive discovery and motion practice, the parties agreed that it was in their best interest and in the best interest of their children to discontinue that divorce litigation.

9. On or about November 30, 2016, Tina Roglieri and Kris Roglieri entered into a Post-Nuptial Agreement by which certain monies were to be paid to Tina Roglieri as consideration for her discontinuance of the 2015 divorce litigation. While the parties did not divorce, they have not lived together since at least 2019. From this point on, until his incarceration in 2024, Kris Roglieri provided some support and maintenance to Tina Roglieri and their two children.

The 2024 Divorce Action:

10. On or about January 5, 2024, before the bankruptcy filing underlying this motion, Tina Roglieri again commenced a divorce action against Kris Roglieri in New York State Supreme Court, Warren County, Index No. EF2024-72165 ("the Divorce Action"). Copies of the Summons and Verified Complaint filed to commence the Divorce Action are attached hereto as Exhibit A.

11. The Divorce Action remains pending. To date, Warren County Supreme Court has entered an order in the Divorce Action regarding the parties' custody rights. *See* Exhibit B. However, as a result of the automatic stay provisions of the Bankruptcy Code, it has taken no action regarding the financial issues arising from the Roglieris' marriage. These issues include whether the Debtor Kris Roglieri has an obligation to provide domestic support to Tina Roglieri

3

and their two minor children and what the parties' equitable distribution rights are with respect to the assets and debts of the marital estate.

## RELIEF REQUESTED AND BASIS FOR RELIEF

12. Pursuant to 11 U.S.C. § 362 of the Bankruptcy Code, the filing of a bankruptcy case operates as a stay, applicable to all parties, of the commencement or continuation of most litigation against the debtor. Included among the stayed proceedings are those that "seek to determine the division of property that is the property of the estate." *See* 11 U.S.C. § 362 (b)(2)(iv). Therefore, relief from the stay must be obtained prior to seeking in state court proceedings equitable division of marital property that is also property of the bankruptcy estate. *See, e.g., In Re Cole*, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996) ("like any other creditor who desires to continue prepetition litigation to liquidate her unsecured claim, the spouse seeking equitable distribution must request relief from the automatic stay").

13. Under 11 U.S.C. § 362(d)(1), a bankruptcy court may modify or lift the automatic stay for "cause." In *Sonnax Industries, Inc. v. Tri Components Products Corp.*, 907 F.2d 1280, 1285 (2d Cir. 1990), the Second Circuit Court of Appeals adopted twelve factors that a court should weigh in determining whether to allow litigation involving the debtor to continue in another forum. They are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment **claim** arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

4

*Id.* at 1286 (emphasis in original). The court should consider only those factors relevant to a particular case and, when doing so, it need not assign them equal weight. *In Re Cole*, 202 B.R. at 361. Rather, as several courts have noted, "[w]hen applying these factors, and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate." *In Re Keene Corp.* 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

14. State court expertise in dealing with matrimonial actions has been frequently recognized by federal courts in this circuit. For example, in *In Re Newman*, the court observed that "bankruptcy courts will generally defer to state courts in the interest of judicial economy and restraint and out of respect for the state courts' expertise in domestic relations issues." 202 B.R. 700, 703 (Bankr. S.D.N.Y. 1996). *See also In Re Taub*, 413 B.R. 55, 64 (Bankr. E.D.N.Y. 2009); *In Re Cole*, 202 B.R. at 361. These courts have acknowledged that "New York's state courts are more familiar with the concepts of marital property and know how to apply the statutory and discretionary factors that govern equitable distribution. Bankruptcy courts, on the other hand, rarely interpret or apply the equitable distribution statute." *In Re Cole,* 202 B.R. at 361.

15. Here, on or about, August 12, 2024, Tina Roglieri timely submitted a Proof of Claim based upon her interest in the Roglieris' marital estate. A copy of her Proof of Claim is attached hereto as Exhibit C. However, as this Court has previously noted, Tina Roglieri's rights in the marital estate are currently "inchoate and do not vest until entry of a judgment of divorce." Docket No. 536 at pp. 4-5 (quoting *DiGeronimo v. Weissberg [In Re DiGeronimo]*, 354 B.R. 625, 637 [Bankr. E.D.N.Y. 2006]). It is against this backdrop that the Court should consider this motion under the *Sonnax* framework.

5

16. As an initial point, four of the *Sonnax* factors are irrelevant to this motion: the proceeding does not involve the debtor as a fiduciary; there are no insurers; there is no issue regarding equitable subordination; and the movant's success in getting the automatic stay lifted will not result in an avoidable judicial lien.

17. Turning to the application of the other *Sonnax* factors, it is respectfully submitted that they weigh in favor of relief from the automatic stay.

- *Sonnax* Factor 1: Relief Would Result in a Partial Resolution of the Issues. Tina Roglieri timely submitted a Proof of Claim in this case. *See* Exhibit C. In *In Re Taub*, the court held that the first *Sonnax* factor weighs in favor of relief from the stay because it would allow the court overseeing the Divorce Action to determine issues such as the respective rights of the parties in their separate or marital property. "This would resolve significant open issues in the Debtor's bankruptcy case." 413 B.R. at 62-63. *See also In Re Kalsi*, 2020 Bankr. LEXIS 912 at *12 (Bankr. S.D.N.Y. March 31, 2020) (because lifting the stay for a determination in a divorce action of financial obligations and equitable distribution would support the resolution of open issues in the debtor's bankruptcy case, the first *Sonnax* factor weighed in favor of limited relief from the automatic stay).

- *Sonnax* Factor 2: Lack of Any Connection or Interference With the Bankruptcy Case. The Debtor is a "central party" in both his bankruptcy case and the Divorce Action. *In Re Kalsi*, 2020 Bankr. LEXIS 912 at *12. Indeed, on or about April 1, 2025, the Debtor submitted to the court overseeing the Divorce Action a document that be called an Affidavit in support of equitable distribution and request for fair process. A copy of the Affidavit submitted by the Debtor in the Divorce Action is attached hereto as Exhibit D. Determination of the Roglieris' rights in the Divorce Action will not interfere with the bankruptcy case. As the court recognized in *In Re Hirsch*, 2004 Bankr. LEXIS at *12 (Bankr. E.D.N.Y., February 18, 2004), entering the divorce judgment would merely establish the Roglieris' respective equitable distribution rights; due to the bankruptcy proceeding (where Tina Roglieri's equitable distribution claim would be equal to that of an unsecured

6

creditor), it would not transfer any property. For these reasons, this factor weighs in favor of relief from the automatic stay.

- *Sonnax* Factor 4: The State Court Is a Specialized Tribunal With the Necessary Expertise to Hear the Divorce Action. As discussed above, bankruptcy courts ordinarily defer to state court resolution of matrimonial matters, largely because they are "more familiar with the concepts of marital property and how to apply the statutory and discretionary factors that govern equitable distribution" under New York Domestic Relations Law § 236. *In Re Cole*, 202 B.R. 356, 361. For this reason, this factor weighs in favor of relief from the automatic stay.

- *Sonnax* Factor 6: Whether the Divorce Action Primarily Involves Third Parties. The Debtor and Tina Roglieri are the only parties to the Divorce Action. Because relief from the automatic stay is sought to address the Roglieris' rights with respect to marital property and equitable distribution, it is respectfully submitted that this factor weighs in favor of relief from the automatic stay.

- *Sonnax* Factor 7: Whether Litigation In Another Forum Would Prejudice the Interests of Other Creditors. As the Court recognized in both *In Re Taub* (413 B.R. at 65-66), and *In Re Kalsi* (2020 Bankr. LEXIS 912 at *14), relief from the bankruptcy stay will only allow State Supreme Court to decide the issues before it up to the entry of judgment. This Court would retain jurisdiction to enforce any judgment, and "the priorities established by the Bankruptcy Code and the rights of other creditors can be protected." *In Re Taub*, 413 B.R. at 66-67. For this reason, this factor weighs in favor of relief from the automatic stay.

- *Sonnax* Factor 10: The Interest of Judicial Economy and Economical Resolution of Litigation. Equitable distribution is governed by New York law, and it is an area where state courts have special expertise. It arises also from an area of the law where bankruptcy courts "appropriately defer to state court for decision, with enforcement left to the bankruptcy process." *Id.* at 67. For this reason, this factor weighs in favor of relief from the automatic stay.

4934-7030-4129, v. 1

Case header

- *Sonnax* Factor 11: Whether the Parties Are Ready for Trial in the Other Proceeding. The court supervising the Divorce Action has moved expeditiously with resolving non-financial issues, such as the parties' custody rights. Recognizing the impact of the automatic stay, it has not addressed the Roglieris' respective equitable distribution claims. However, should the stay be lifted, the court is prepared to expeditiously schedule discovery, and, if necessary, schedule a trial to determine the financial issues arising in the Divorce Action. For these reasons, the Court should find that this factor weighs in favor of lifting the automatic stay. *See In Re Kalsi*, 2020 Bankr. LEXIS 912 at *15; *In Re Taub*, 413 B.R. at 67.

- *Sonnax* Factor 12: Impact of the Stay on the Parties and the Balance of Harms. It is respectfully submitted that the appropriate forum in which to address issues such as the parties' equitable distribution rights is state court. Insofar as disposition of the property of the Debtor's bankruptcy estate remains within the jurisdiction of this Court, any potential harm to the Debtor and/or other creditors is mitigated. Consequently, this factor also weighs in favor of relief from the automatic stay. *See In Re Kalsi*, 2020 Bankr. LEXIS at *15; *In Re Taub*, 413 B.R. at 67.

It is respectfully submitted that, applied both individually and collectively, the *Sonnax* factors weigh heavily in favor of lifting the automatic stay to permit the state court overseeing the Divorce Action to resolve to judgment the financial issues arising from the Roglieris' marriage.

WHEREFORE, Tina Roglieri respectfully requests that this Court enter an Order lifting the automatic stay under § 362 of the Bankruptcy Code in order to permit the Divorce Action between Tina Roglieri and the Debtor Kris Roglieri currently pending in New York State Supreme Court, Warren County, to proceed to conclusion and the entry of judgment on all issues, including but not limited to the obligation, if any, of the Debtor Kris Roglieri to provide domestic support to Tina Roglieri and the Roglieris' two minor children, and the equitable

distribution rights of Tina Roglieri and Kris Roglieri to the assets and debts of their marital estate, and such other and further relief as this Court may deem just and proper.

Dated: December 18, 2025               O'CONNELL AND ARONOWITZ, P.C.

_____
Brian M. Culnan, Esq.
Bar Roll No. 506300
*Attorneys for Tina Roglieri*
54 State Street, 9th Floor
Albany, New York 12207
bculnan@oalaw.com

4934-7030-4129, v. 1