Campolo, Middleton & McCormick, LLP
*Counsel to Raharney Capital, LLC*
4175 Veterans Memorial Highway
Suite 400
Ronkonkoma, NY 11779
(631) 738-9100
Jeffrey V. Basso, Esquire

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    Case No.: 24-10157-1-REL

In Re:                                                                                                    Chapter 7

Kris Daniel Roglieri,

                        Debtor.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
RAHARNEY CAPITAL, LLC TO COMPEL THE SUCCESSOR TRUSTEE
TO RECOVER AND ADMINISTER ASSETS OF NATIONAL ALLIANCE OF
COMMERCIAL LOAN BROKERS PROPERTY PURSUANT TO SECTION 363,
FREE AND CLEAR OF CLAIMS, LIENS AND ENCUMBRANCES**

TO THE HONORABLE PATRICK G. RADEL
UNITED STATES BANKRUPTCY JUDGE

      Raharney Capital, LLC ("Raharney"), by and through its undersigned counsel, Bovarnick and Associates, admitted to this Court pursuant to an Order authorizing pro hac admission, and Campolo, Middleton & McCormick, LLP, hereby files this, its Memorandum of Law in Support of Motion of Raharney Capital, LLC to Compel the Successor Trustee to Recover and Administer Assets of National Alliance Commercial Loan Brokers, Pursuant to Section 363, Free and Clear of Claims, Liens and Encumbrances and, in support thereof, states as follows:

**BACKGROUND**

      During the December 23, 2025 hearing on the Motion of Raharney Capital, LLC to Compel the Successor Trustee to Recover and Administer Assets of National Alliance Commercial Loan Brokers, Pursuant to Section 363, Free and Clear of Claims, Liens and Encumbrances (the "Motion"), the Court engaged in a discussion as to whether a chapter 7 trustee has the authority to

1

administer the assets of a single member limited liability company, where is the debtor is the single member of that LLC. This memorandum of law is submitted in support of that direction.

### THE SUCCESSOR TRUSTEE HAS THE AUTHORITY TO SELL THE ASSETS OF A LIMITED LIABILITY COMPANY WHERE THE DEBTOR IS THE SOLE MEMBER

When an individual files for Chapter 7 bankruptcy and is the sole owner of a limited liability company, that membership interest becomes part of the bankruptcy estate. This transfer includes all rights associated with the llc, including management and governance rights, unless restricted by state law or the llc's operating agreement. See, e.g., *In re B & M Land and Livestock, LLC,* 498 B.R. 262 (Bankr. D. Nev. 2013).[1]

Under New York law, a person's membership interest in a limited liability company is considered personal property. This is explicitly stated in McKinney's Limited Liability Company Law § 601, which provides that "[a] membership interest in the limited liability company is personal property."

*In re Albright*, 291 B.R. 538 (Bankr. D. Col. 2003) is instructive on this issue. In that case, Ashley Albright, the debtor, was the sole member and manager of a Colorado limited liability company. The LLC owned real property Colorado. The trustee contended that because the debtor was the sole member and manager of the LLC when the case was filed, the trustee controls the LLC and has the authority to sell the real property. The debtor disagreed, alleging that the chapter 7 trustee had, at best, an entitlement to a charging order and did not have the authority to sell the assets of the LLC, which was not itself a debtor. *Id*. at 539.

---

[1] Even in those situations, Section 541 preempts state law provisions to the contrary.

The Court noted that, upon her filing, the membership interest, which was personal property of the debtor, became an asset of her estate under Section 541. As a single member llc, the entire interest in the entity became property of her estate. *Id*. at 540.

In concluding that the trustee could sell the real property, the Court noted that the Colorado limited liability company statute provides that the members, including the sole member of a single member limited liability company, have the power to elect and change managers. *Id*. at 541. As a result, once the trustee became the sole member of the llc, he controlled all governance, including decisions regarding liquidation of the real property.

New York's law is similar to Colorado's. Under New York law, the limited liability company statute provides that a limited liability company can elect and change managers.[2] Section 413 requires annual election of managers by members voting in accordance with section 402. Section 414 provides that any or all managers to be removed with or without cause by a majority in interest of the members entitled to vote. *See, McKinney's Limited Liability Company Law.*

*In re B & M Land and Livestock, LLC*, 498 B.R. 262 (Bankr. D. Nev. 2013), provides another example of the rights of a chapter 7 trustee. B&M was a single member limited liability company, with Marsha Raj as the sole member. October 22, 2010, Ms. Raj filed for chapter 7. Ms. Raj listed her membership interest in B&M as an asset of her estate. On March 26, 2013, while her chapter 7 case was still pending, Ms. Raj filed a petition under Chapter 11 for B&M. This was done without the knowledge or approval of the trustee in her personal case. *Id*. at 265. During his administration of the personal case, the trustee did not take measures to assert control over B&M. Ms. Rajs filed a motion to compel the trustee to abandon the membership interest or,

---

[2] While this can be changed by the operating agreement, since all the books and records of CCTG and NACLB have been abandoned, it is unknown whether there were operating agreements.

3

alternatively, to ratify the chapter 11 filing. Prior to that filing, the US Trustee filed a motion to dismiss, contending Mr. Raj lacked the authority to institute the chapter 11.

The Court concluded that, since the trustee in the personal case automatically obtained all the legal and equitable rights of Ms. Raj, this included her membership interest in B&M. As such, the trustee retained the right to control B&M, including the right to file the chapter 11 petition. *Id*. at 266.

Specifically, the Court noted that the trustee controls the property of the bankruptcy estate, which includes the debtor's legal and equitable interests, including the right to control a single-member LLC. In obtaining the debtor's rights, the trustee is not a mere assignee, but steps into a debtor's shoes as to all rights, including the rights to control a single-member LLC. *Id*.

This Court concluded that, where a debtor has a membership interest in a single-member LLC and files a petition for bankruptcy under chapter 7, the chapter 7 trustee's rights automatically include the right to manage that entity. A trustee need not take further specific actions to comply with state law before exercising management functions. *Id*. at 267.

The other position, that a chapter 7 trustee cannot sell the assets of a single member llc whose single member is a debtor, is set forth in *In re Rogers*, 2024 WL 3440020 (Bankr. N.D. FL 2024). The Court in *Rogers* takes a narrower view, stating that "an LLC 'is an entity distinct from its members.' And a member of an LLC 'has no interest in any specific limited liability company property.' Thus, in bankruptcy, the estate of a member of a Florida LLC does not include the separate property of the LLC. This is true even if the debtor is the LLC's sole member and the debtor personally guaranteed a debt secured by the LLC's property." *Id*. at *2.

4

Even though this is the position the Successor Trustee would like this Court to adopt, courts applying New York have consistently rejected the restrictive *Rogers* approach and instead follow the *Albright* line of authority.

The key New York case establishing this framework is *In re All Year Holdings Limited*, 645 B.R. 10 (Bankr. S.D. N.Y. 2022), which provides comprehensive analysis of how New York LLC statutes interact with federal bankruptcy law in single-member contexts.

New York's Limited Liability Company Law Section 701(b) specifically states that "bankruptcy or dissolution of any member" shall not automatically cause LLC dissolution unless the operating agreement provides otherwise. *Id*. at 28. Importantly, the *All Year* court found that these statutory provisions "do not work an automatic termination of a member's interest, at least in the context of a single-member LLC." *Id*. at 30. The court reasoned that applying automatic termination rules to single-member LLCs would be inconsistent because certain termination events would make no sense (like expulsion) or would effectively spell dissolution for the LLC when applied to sole members. *Id*. at 29.

Finally, the most persuasive authority in support of Raharney's position is *Levine v. B and R Acquisition Partners, LLC*, 2024 WL 3829567 (N.D. NY 2024). In addition to the analysis by Judge D'Agostino, the Levine case involved Mr. Roglieri, the Debtor here, and another of his single member limited liability companies, Prime Capital Ventures, LLC.

The facts of Levine are complicated and detailed and are not necessary to recite to address the issue before this Court. Below is part of the decision of the District Court:

> Numerous courts across the country have concluded "[w]here the bankruptcy estate in a Chapter 7 bankruptcy has a membership interest in a single-member LLC, the trustee controls the LLC." In re B & M Land & Livestock, LLC, 498 B.R. 262, 266 (D. Nev. 2013); In re A-Z Elecs., LLC, 350 B.R. 886, 890 (D. Idaho 2006) ("[T]he difference between a single-member LLC and a multi-member LLC ... [is that] 'there are no other members in the LLC, ... the Debtor's bankruptcy filing

5

effectively assigned her entire membership interest in the LLC to the bankruptcy estate, and the Trustee obtained all her rights, including the right to control the management of the LLC' ") (quoting In re Albright, 291 B.R. 538, 540 (D. Colo. 2003));… In re Dzierzawski, 528 B.R. 397, 410 (E.D. Mich. 2015) ("In their arguments, the Debtor and Vulpina both assume that if the Chapter 7 Debtor in this case is established as the sole member of this LLC, the Chapter 7 Trustee could step into the Debtor's shoes as the sole member of the LLC, and exercise the Debtor's rights to control the management of the LLC.... There has been no expression of any dispute between the Debtor and Vulpina about these assumptions, and in any event, these assumptions appear to reflect a correct view of the law") (collecting cases).; In re Fontenot, No. 20-50588, 2023 WL 3047842, *5 (Bankr. W.D. La. Apr. 20, 2023).

Appellees distinguish In re Modanlo, 2006 WL 4486537, at *5, because "[t]he Modanlo trustee, unlike the Trustee here, took steps to resuscitate the LLC under Delaware law and amended the LLC's operating agreement to grant himself authority to place that entity in bankruptcy." Dkt. No. 12 at 24. Appellees are correct that the trustee in Modanlo "acted in an attempt to resuscitate NYSI under Delaware law by executing the LLC Amendment and later the LLC Consent." 2006 WL 4486537, at *5. Nevertheless, the court acknowledged "[w]hen an LLC is dissolved for lack of remaining members, section 18-806 empowers the bankruptcy trustee, as personal representative of the last remaining member, to consent to the continuation of the LLC and to become the sole member of the LLC." Id. at *10 (citing Del.Code Ann. tit. 6, § 18-806).

Moreover, as Appellants explain, cases have concluded that state law and/or an operating agreement can be preempted by § 541 of the Bankruptcy Code where the issue concerns "termination or modification of an interest solely due to a debtor's bankruptcy." In re Prebul, No. 1:11-CV-214, 2012 WL 5997927, *11 (E.D. Tenn. Nov. 30, 2012); see also Dkt. No. 2-2 at ¶¶ 44-46 (citing In re Woodfield, 602 B.R. 747, 756 (D. Or. 2019)); Sheehan v. Warner (In re Warner), 480 B.R. 641, 647, 656 (N.D. W. Va. 2012); In re Dixie Mgmt. & Inv., Ltd. Partners, 474 B.R. 698, 701 (W.D. Ark. 2011). Additionally, as Appellants explain, a case out of the Southern District of Texas has concluded the same. See Dkt. No. 13 at ¶ 17 (citing In re Envision Healthcare Corp., 655 B.R. 701, 711-12 (Bankr. S.D. Tex. 2023)). In Envision, the court held "Section 18-304 of the Act directly conflicts with, and must give way to, § 541 of the Bankruptcy Code." Envision, 655 B.R. at 712.

Although, as explained by Appellees, other courts have concluded that Delaware section 18-304 is not preempted, those cases were being applied in the context of multi-member owned corporations. The cases concluding otherwise in the context of single-member LLCs are persuasive.

The Court also agrees that, as a practical matter, the Bankruptcy Court's conclusion that "the Trustee has no authority to participate in the management of Prime," is questionable. This is potentially an unworkable conclusion because if the Trustee

6

does not have authority over Prime's ability to enter bankruptcy, who does? Roglieri does not because his assets are controlled by the Trustee. The Receiver does not because the Court purposely omitted such authority from its grant of power. This practical issue combined with the authority set forth above suggests that the Trustee did have the authority to ratify the Receiver's bankruptcy filing.

*Id*. at *14-15.

Note that the above-mentioned decision was not the end of the Prime Capital saga. On September 3, 2025, Judge D'Agostino issued another opinion in that case, a copy of which is attached hereto as Exhibit "A." While Judge D'Agostino directed the Bankruptcy Court to "dismiss the bankruptcy court action for the reasons sets [sic] forth herein," (*See*, Opinion at 27), the Court also stated "[A]s stated in this Court's previous decision, '[n]umerous courts across the country have concluded [that] '[w]here the bankruptcy estate in a Chapter 7 bankruptcy has a membership interest in a single-member LLC, the trustee controls the LLC." (*See*, Opinion at 14).

Based on the foregoing, the Successor Trustee controls both CCTG and NACLB, which allows her to, *inter alia*, sell the assets of those two entities.

## CONCLUSION

As can be seen, the Successor Trustee has the authority to sell the assets of CCTG and NACLB, and not just the membership interests.

**WHEREFORE**, it is requested that this Court enter an Order granting the Motion and directing the Successor Trustee to sell the assets of CCTG and NACLB.

Dated: January 6, 2026
Ronkonkoma, NY 11779

              **Campolo, Middleton & McCormick, LLP**
              *Counsel to Raharney Capital, LLC*

              BY: /s/ Jeffrey V. Basso
                    Jeffrey V. Basso, Esq.
                    4175 Veterans Memorial Highway Suite 400
                    Ronkonkoma, NY 11779
                    (631) 738-9100

        **Bovarnick and Associates, LLC**
*Counsel to Raharney Capital, LLC (admitted pro hac vice)*

BY:  \_/s/ Robert M. Bovarnick_____
        Robert M. Bovarnick, Esquire
        555 City Ave., Suite 480
        Bala Cynwyd, PA 19004
        (215) 568-4480