**LaMONICA HERBST & MANISCALCO, LLP**  Relates to Hearing on January 13, 2026
*Counsel to Marianne T. O'Toole, Successor Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                   Case No.: 24-10157-1-REL

KRIS DANIEL ROGLIERI,                                        Chapter 7

                Debtor.
--------------------------------------------------------X

## LIMITED OBJECTION OF SUCCESSOR TRUSTEE TO MOTION OF TINA ROGLIERI FOR RELIEF FROM AUTOMATIC STAY

Marianne T. O'Toole, solely in her capacity as the successor Chapter 7 Trustee ("Successor Trustee") of the estate of Kris Daniel Roglieri ("Debtor"), by her undersigned counsel, submits this limited objection to the motion ("362(d) Motion") [ECF No. 603] of Tina Roglieri seeking relief from the automatic stay in this case. There is no proposed Order annexed to the 362(d) Motion. In light of the overly broad request for relief from the automatic stay on "all issues" in the pending matrimonial action, the Successor Trustee submits this limited objection and respectfully requests that any Order: (a) with respect to marital property, modify the automatic stay solely to liquidate and fix the amount of the equitable distribution general unsecured claim of Tina Roglieri (if any); (b) provide that any post-petition domestic support awards are not allowable claims against assets of the Debtor's bankruptcy estate; and (c) provide that the disposition of all property of the Debtor's bankruptcy estate remains within the exclusive jurisdiction of this Court.

### BACKGROUND

1. On February 15, 2024 ("Filing Date"), a voluntary petition pursuant Chapter 11, Subchapter V of the Bankruptcy Code was filed on the Debtor's behalf in the United States

-1-

Bankruptcy Court for the Northern District of New York ("Court"). See ECF No. 1.

2. As of the Filing Date, the Debtor and Tina Roglieri were married.

3. By Order entered on May 15, 2024, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. See ECF No. 159.

4. On May 15, 2024, Christian H. Dribusch was appointed as Chapter 7 Trustee of the Debtor's estate ("Prior Trustee"). See ECF No. 160.

5. Pursuant to a notice issued on May 16, 2024, the deadline to file proofs of claim against the Debtor's estate was August 14, 2024. See ECF No. 165.

6. On August 12, 2024, a proof of claim was filed on behalf of Tina Roglieri in the amount of $3,000,000.00 ("Claim 23"). Claim 23 asserts that the basis for the claim is "Marital estate interest, equitable distribution, support & maintenance." Claim 23 was filed as a general unsecured claim and does not assert any priority under section 507 of the Bankruptcy Code.

7. By Order entered on November 4, 2024, the Debtor was denied a discharge pursuant to sections 727(a)(2) through 727(a)(7) of the Bankruptcy Code. See Adv. Pro. No.: 24-90015, ECF No. 18. See also dkt. entry on 4/8/2025.

8. By motion dated April 2, 2025 ("Sale Motion"), the Prior Trustee sought entry of an Order authorizing the sale of 40 North Road, Queensbury, New York 12804 ("Property"). See generally ECF No. 403.

9. On April 7, 2025, the Debtor objected to the Sale Motion. See ECF No. 414 ("Debtor Objection").

10. On April 16, 2025, an amended affirmation of counsel to Tina Roglieri was filed in connection with the Sale Motion. See ECF No. 439 ("Tina Roglieri Objection"). Tina Roglieri asserted, inter alia, that "[a]ny homestead exemption claimed by Kris Roglieri arises from real

-2-

property that is part of the marital estate[,]" and requested that "any funds arising from Kris Roglieri's assertion of a homestead exemption be held . . . until such time as the Roglieri's equitable distribution rights have been adjudicated[.]" See id. at p. 3, para. 8.

11. On April 25, 2025, the Prior Trustee filed an affirmation and memorandum in further support of the Sale Motion. See ECF Nos. 458, 459.

12. On May 1, 2025, the Prior Trustee filed an affidavit of the retained real estate broker in further support of the Sale Motion. See ECF No. 464.

13. On May 5, 2025, a response in support of the Sale Motion was filed on behalf of creditor KeyBank, N.A. See ECF No. 467.

14. On May 5, 2025, the Debtor filed Schedule C with the Court and, among other things, claimed an exemption of $89,975.00 in the Property pursuant to section 5206(a) of the New York Civil Practice Law and Rules ("Homestead Exemption"). See ECF No. 470.

15. On May 6, 2025, a hearing on the Sale Motion was conducted by the Court. See ECF No. 473 (audio transcript).

16. On May 8, 2025, the Court entered an Order granting the Sale Motion over the Debtor Objection. See ECF No. 477 ("Sale Authorization Order").

17. In or around May 23, 2025, the Prior Trustee resigned.

18. On May 27, 2025, Marianne T. O'Toole was appointed as successor interim trustee of the Debtor's estate pursuant to section 703(a) of the Bankruptcy Code. See ECF No. 491.

19. On June 20, 2025, the Successor Trustee closed on the sale of the Property. See ECF No. 513.

20. On July 8, 2025, the Debtor requested a hearing on the payment of his Homestead Exemption. See ECF No. 515.

21. On July 14, 2025, the Successor Trustee filed a statement respecting the Debtor's claimed Homestead Exemption. See ECF No. 519. As set forth in the statement, the Successor Trustee did not object to the Debtor receiving his Homestead Exemption. See id.

22. On July 14, 2025, counsel to Tina Roglieri filed an affirmation objecting to the payment of the Homestead Exemption to the Debtor. See ECF No. 520.

23. On July 15, 2025, the Debtor filed an objection to Tina Roglieri's request to block payment of his Homestead Exemption and to Claim 23. See ECF No. 527.

24. Following a hearing conducted on July 16, 2025, the Court entered an Order on July 28, 2025 granting the Debtor's request and directing the Successor Trustee to disburse the Debtor's Homestead Exemption to the Debtor. See ECF No. 536. The Court concluded that Tina Roglieri's contingent "marital interest" was inchoate and insufficient to invade the Debtor's Homestead Exemption. See id. at p. 5. The Successor Trustee thereafter disbursed the Homestead Exemption to the Debtor per the Court's Order.

25. On December 18, 2025, the 362(d) Motion was filed. See ECF No. 603. By the 362(d) Motion, Tina Roglieri seeks relief from the automatic stay in this case to proceed to conclusion and entry of judgment on "all issues" in the matrimonial action pending against the Debtor in the Supreme Court for the State of New York, County of Warren ("Matrimonial Action"). See generally id. No proposed Order is annexed to the 362(d) Motion. See id.

26. As set forth more fully below, the Successor Trustee objects to the 362(d) Motion insofar as Tina Roglieri purports to seek relief that is inconsistent with the Bankruptcy Code and applicable law.

## ARGUMENT

27. Section 362(a)(1) of the Bankruptcy Code bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor[.]" 11 U.S.C. §362(a)(1). However, the commencement of a bankruptcy case does **not** operate as a stay under section 362(a) of, inter alia:

> (A) of the commencement or continuation of a civil action or proceeding—
>
>> (i) for the establishment of paternity;
>>
>> (ii) for the establishment or modification of an order for domestic support obligations;
>>
>> (iii) concerning child custody or visitation;
>>
>> (iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or
>>
>> (v) regarding domestic violence;
>
> (B) of the collection of a domestic support obligation from property that is not property of the estate;
>
> (C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute[.]

See 11 U.S.C. §362(b)(2).

28. Thus, pursuant to the plain language of section 362(b)(2) of the Bankruptcy Code, there is no stay of the Matrimonial Action for the establishment of an order for domestic support obligations, the dissolution of the marriage of Tina Roglieri and the Debtor, or the collection of a domestic support obligation from property that is not property of the Debtor's estate.

29. The Matrimonial Action is however automatically stayed to the extent it seeks "to determine the division of property that is property of the estate". See 11 U.S.C. §362(b)(2)(A)(iv). See also 1 COLLIER FAMILY LAW AND THE BANKRUPTCY CODE P 5.03 (2026).

30. Pursuant to section 362(d) of the Bankruptcy Code, a party in interest can seek relief from the automatic stay. Section 362(d) provides, in relevant part that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

See 11 U.S.C. §362(d)(1).

31. The United States Court of Appeals for the Second Circuit has observed that "[n]either the statute nor the legislative history defines the term 'for cause.'" In re Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990). However, The Sonnax Court identified several factors to be considered in deciding whether cause exists to lift the automatic stay to allow litigation to proceed in another forum, which are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

Id. at 1286.

32. Tina Roglieri argues that multiple Sonnax factors weigh in favor of granting Tina Roglieri relief from the automatic stay. See generally ECF No. 603 at pp. 6-8. Although no proposed Order is annexed to the 362(d) Motion, Tina Roglieri represents, inter alia, that: (a) a determination of the Debtor's and Tina Roglieri's equitable distribution rights would not transfer

any property; (b) Tina Roglieri's equitable distribution claim would be equal to that of a general unsecured creditor; (c) this Court would retain jurisdiction to enforce any judgment; and (d) the disposition of the property of the Debtor's bankruptcy estate remains within the jurisdiction of this Court. See id.

33. Under well-settled New York law, prior to entry of a final judgment in a matrimonial case, marital assets are property of a debtor's bankruptcy estate and subject to distribution in due course under the jurisdiction of the bankruptcy court. See Musso v. Ostashko, 468 F. 3d 99, 108 (2d. Cir. 2006). To this end, awards for equitable distribution are not afforded priority status under section 507(a)(1) of the Bankruptcy Code and are treated as general unsecured claims. See, e.g., Purewal v. Estate of Kalsi (In re Kalsi), 637 B.R. 33, 41-42 (Bankr. S.D.N.Y. 2022) (concluding that "all the awards determined to be Equitable Distribution Awards should be considered as prepetition awards even though the amounts were fixed in the later Matrimonial Order. This result follows from the Divorce Action having been interrupted by—and the awards were determined during—the Debtor's bankruptcy case."); In re Cole, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996) ("If bankruptcy intervenes before the state court enters the judgment, the trustee's status as hypothetical lien creditor cuts off the non-debtor spouse's inchoate rights in marital property, . . . and leaves her with a general unsecured claim.") (internal citations omitted).

34. Under the Bankruptcy Code, the treatment of a claim for a domestic support obligation varies depending on whether the obligation arose pre-petition or became due post-petition. See In re Andrade, 662 B.R. 898, 900-01 (Bankr. S.D.N.Y. 2024). A claim for a domestic support obligation that arose pre-petition is entitled to priority under section 507(a)(1) of the Bankruptcy Code, whereas post-petition domestic support obligations are not allowable claims against a bankruptcy estate. See id. See also 11 U.S.C. §502(b)(5) (providing for the disallowance

of a "claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title[.]").

35.     In this case, there is no dispute that: (a) Tina Roglieri and the Debtor were married as of the Filing Date; (b) no award for domestic support was issued in the Matrimonial Action as of the Filing Date (or to date); (c) no judgment of divorce was entered in the Matrimonial Action as of the Filing Date (or to date); and (d) the Debtor was denied a discharge pursuant to sections 727(a)(2) through 727(a)(7) of the Bankruptcy Code. Any future award for equitable distribution in favor of Tina Roglieri is, at best, a general unsecured claim against the Debtor's estate. See, e.g., Kalsi, 637 B.R. at 41-42; In re Cole, 202 B.R. at 360. Any award in favor of Tina Roglieri for post-petition domestic support obligations is not enforceable against property of the Debtor's bankruptcy estate. See, e.g., In re Andrade, 662 B.R. at 901 ("Post-petition domestic support obligations satisfy both prongs: they are unmatured as of the petition date and are excepted from discharge under section 523(a)(5). As a result, only the prepetition portion of a domestic support obligation can be an "allowed claim" under Section 502(b)(5).") (internal citation and quotation omitted). See also 4 COLLIER ON BANKRUPTCY P 502.03 (16th 2026) (explaining that claims for unmatured payments as of the date of filing of a petition must be disallowed pursuant to section 502(b)(5) of the Bankruptcy Code).

36.     Based on the foregoing, and consistent with applicable law, the Successor Trustee respectfully requests that any Order modifying the automatic stay in this case expressly provide that: (a) with respect to marital property, the automatic stay is modified solely to liquidate and fix the amount of the equitable distribution general unsecured claim of Tina Roglieri (if any); (b) any post-petition domestic support obligation awards are not allowable claims against assets of the Debtor's bankruptcy estate; and (c) the disposition of all property of the Debtor's bankruptcy estate

remains within the exclusive jurisdiction of this Court.

37. The Debtor's case was converted to a Chapter 7 case nearly 2 years ago. The Property and substantially all the Debtor's personal property assets have been liquidated or abandoned. Thus, to the extent the Matrimonial Action is protracted and unduly delays the administration of this Case, the Successor Trustee reserves all rights to estimate the amount of Tina Roglieri's claim pursuant to section 502(c) of the Bankruptcy Code.

Dated: January 6, 2026
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, Successor Trustee*

By:   *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
A Partner of the Firm
3305 Jerusalem Avenue, Ste. 201
Wantagh, New York 11793
Telephone: (516) 826-6500