R&F

Kris Roglieri

Rensselaer County Jail N-4 #45131

4000 Main Street

Troy, NY 12180

2026 JAN -7  PM 1:36

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

January 1, 2026

Clerk of the Court

United States Bankruptcy Court

Northern District of New York

Re: In re Kris Roglieri, Case No. 24-10157 (PGR)

Motion to Vacate Default Judgment Denying Discharge and to Reopen Chapter 7 Case

Dear Clerk:

I am the debtor in the above-referenced Chapter 7 case. I am currently incarcerated and

proceeding pro se.

Enclosed please find my **Motion to Vacate Default Judgment Denying Discharge and to
Reopen Chapter 7 Case**, filed pursuant to **Federal Rule of Civil Procedure 60(b)(4)**, as
incorporated by **Federal Rule of Bankruptcy Procedure 9024**, and **Federal Rule of
Bankruptcy Procedure 5010**, together with my signed declaration.

The default judgment denying my discharge was entered in **Case No. 24-10157,** and this motion
is intended to be filed and docketed **in the main bankruptcy case only.**

1

I respectfully request that the Court:

- File and docket the enclosed motion in **Case No. 24-10157 (PGR)**; and

- Provide notice of any hearing dates, deadlines, or orders to me at the jail address listed above.

Because I am incarcerated and do not have access to electronic filing, I appreciate the Court's assistance in processing this submission.

Thank you for your attention to this matter.

Respectfully submitted,

Kris Roglieri

Debtor / Movant

Rensselaer County Jail N-4 #45131

4000 Main Street

Troy, NY 12180

JANUARY 1, 2026

R&F

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF NEW YORK

2026 JAN -7  PM 1: 37

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

In re:

KRIS ROGLIERI,

Debtor.

Case No. 24-10157 (PGR)

Chapter 7

MOTION TO VACATE DEFAULT JUDGMENT DENYING DISCHARGE

AND TO REOPEN CHAPTER 7 CASE

PURSUANT TO FED. R. CIV. P. 60(b)(4),

FED. R. BANKR. P. 9024 AND 5010

I, Kris Roglieri, the Debtor in this Chapter 7 case, proceeding pro se, respectfully move this
Court for an order vacating the default judgment denying my discharge entered on or about
**November 4, 2024**, in Case No. 24-10157 (PGR), and reopening my Chapter 7 case pursuant to
Federal Rule of Bankruptcy Procedure 5010, on the ground that the judgment is void under
Federal Rule of Civil Procedure 60(b)(4), as incorporated by Federal Rule of Bankruptcy
Procedure 9024, because it was entered without constitutionally adequate notice and without any
meaningful opportunity for me to be heard while I was incarcerated.

# I. INTRODUCTION

1

This motion concerns a default judgment denying my discharge that was entered while I was incarcerated and unrepresented, at a time when I had no realistic ability to receive filings, monitor deadlines, or participate in hearings.

At all relevant times, the parties seeking denial of my discharge were aware that I was incarcerated. Nevertheless, default was entered and a final judgment denying my discharge was obtained without any effort to secure my participation by telephone, video, writ, or other means, and without ensuring that notice was reasonably calculated to actually reach me.

Under long-established Supreme Court authority, including *Mullane v. Central Hanover Bank & Trust Co.*, *Peralta v. Heights Medical Center, Inc.*, *Baldwin v. Iowa State Traveling Men's Association*, and *United Student Aid Funds v. Espinosa*, a judgment entered without meaningful notice and a fair opportunity to be heard is void, not merely voidable. Accordingly, the judgment denying my discharge must be vacated.

## II. STATEMENT OF FACTS

1. I was arrested on or about **May 31, 2024,** and I have remained continuously incarcerated since that date.

2. While incarcerated, I cannot receive electronic filings or ECF notices, cannot file documents electronically, cannot independently arrange telephone or video appearances, and I have only unreliable and delayed access to incoming legal mail.

3. On or about **August 15, 2024**, the Chapter 7 trustee filed a complaint seeking to deny my discharge under **11 U.S.C. § 727**.

4. The complaint was served by mail to the jail. Mail delivery within correctional facilities is routinely delayed or misdirected, and receipt cannot be presumed.

5. I did not file a response to the complaint, not due to willful neglect, but because I lacked meaningful notice and had no realistic ability to respond while incarcerated.

6. On **September 26, 2024**, the Clerk of the Bankruptcy Court entered a **default** against me.

7. On **September 27, 2024**, the trustee filed a **motion for default judgment** seeking denial of my discharge.

8. On **November 4, 2024**, the Bankruptcy Court entered an **order granting the motion for default judgment and denying my discharge**.

9. Throughout this period, no arrangements were made to allow my participation in any hearings. I could not participate in hearings unless the Bankruptcy Court notified the **Rensselaer County Jail** and coordinated the call in advance. I cannot independently request professional or court-related calls. This is the standard operating procedure of the Rensselaer County Jail for professional phone calls.

10. At no time was I afforded a fair or meaningful opportunity to respond, appear, or defend myself.

3

## III. LEGAL ARGUMENT

### A. A Judgment Entered Without Meaningful Notice and Opportunity to Be Heard Is Void

Under Rule 60(b)(4), a judgment must be vacated if it is void. A judgment is void when entered

in violation of the Due Process Clause, including where a party is deprived of notice reasonably

calculated to apprise them of the proceeding or denied a meaningful opportunity to be heard.

When a judgment is void, the Court has no discretion to allow it to stand.

### B. Supreme Court Authority Compels Vacatur

*Mullane v. Central Hanover Bank & Trust Co.* requires notice reasonably calculated to actually

inform the party.

*Peralta v. Heights Medical Center, Inc.* holds that a judgment obtained without proper notice

violates due process and is void regardless of the merits.

*Baldwin v. Iowa State-Traveling Men's Association* confirms that judgments entered without an

opportunity to be heard are void.

*United Student Aid Funds v. Espinosa* holds that bankruptcy judgments entered without required

procedural safeguards are void under Rule 60(b)(4).

## IV. THE DEFAULT JUDGMENT MUST BE VACATED

Because I was incarcerated, unrepresented, and denied any meaningful opportunity to participate, the default judgment denying my discharge is void as a matter of law. My Chapter 7 case must be reopened to restore due process.

## V. RELIEF REQUESTED

I respectfully request that the Court:

1.  Vacate the default judgment denying my discharge entered on or about **November 4, 2024;**

2.  Reopen Chapter 7 Case No. 24-10157 (PGR);

3.  Permit me to file an answer or other response;

4.  Ensure that future hearings allow telephone or video participation while I remain incarcerated; and

5.  Grant such other and further relief as the Court deems just.

Dated: **January 1, 2026**

Respectfully submitted,

Kris Roglieri

Debtor / Movant

5

Rensselaer County Jail N-4 #45131

4000 Main Street

Troy, NY 12180

# DECLARATION OF KRIS ROGLIERI

I, Kris Roglieri, declare under penalty of perjury:

1. I am the Debtor in Case No. 24-10157 (PGR).

2. I have been continuously incarcerated since approximately May 31, 2024.

3. I cannot receive ECF notices, file electronically, or schedule court appearances on my own.

4. My failure to respond or appear was not voluntary.

5. I did not knowingly waive my right to be heard.

6. I wish to defend the denial-of-discharge allegations on the merits.

Executed on **January 1, 2026.**

Kris Roglieri

6

**CERTIFICATE OF SERVICE**

I, **Kris D. Roglieri, Chapter 7 Debtor,** certify under penalty of perjury that on **January 1, 2026,** I caused a true and correct copy of the **Motion to Vacate Default Judgment Denying Discharge and to Reopen Chapter 7 Case (Case No. 24-10157)** to be served by **First-Class United States Mail,** postage prepaid, upon the following parties:

**Former Chapter 7 Trustee**

Christian H. Dribusch, Esq.

Dribusch Law Firm

187 Wolf Road, Suite 300-020

Albany, NY 12205

**Successor Chapter 7 Trustee**

Marianne T. O'Toole, Esq.

O'Toole + O'Toole PLLC

2 Depot Plaza, Suite 2E

Bedford Hills, NY 10507

**Counsel to Successor Trustee**

Holly R. Holecek, Esq.

LaMonica Herbst & Maniscalco, LLP

3305 Jerusalem Avenue, Suite 201

Wantagh, NY 11793

1

Office of the United States Trustee

Attn: Lisa Penpraze, Assistant United States Trustee

Leo W. O'Brien Federal Building

11A Clinton Avenue, Room 620

Albany, NY 12207

I declare under penalty of perjury that the foregoing is true and correct.

Dated: **January 1, 2026**

Respectfully submitted,

**Kris D. Roglieri**

Chapter 7 Debtor, Pro Se

N-4 #45131

Rensselaer County Jail

4000 Main Street

Troy, NY 12180

2