**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, Esq. Successor Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                          Case No.: 24-10157-1-pgr

KRIS DANIEL ROGLIERI,                                          Chapter 7

        Debtor.
---------------------------------------------------------X

**MOTION TO APPROVE STIPULATION RESPECTING DEBTOR'S REMAINING CLAIMED EXEMPTIONS AND AUTHORIZING PAYMENT FROM THE DEBTOR'S ESTATE**

TO THE HONORABLE PATRICK G. RADEL,
UNITED STATES BANKRUPTCY JUDGE

        Marianne T. O'Toole, Esq., solely in her capacity as Successor Chapter 7 Trustee ("Successor Trustee") of the estate of Kris Daniel Roglieri ("Debtor"), by her undersigned counsel, seeks entry of an Order: (a) approving the Stipulation Respecting Debtor's Remaining Claimed Exemptions ("Stipulation"), a copy of which is annexed as Exhibit A; and (b) authorizing the Successor Trustee to pay from the Debtor's estate an aggregate allowed personal property exemption of $11,975.00 to the Debtor in accordance with paragraph 4 of the Stipulation. In support of the Motion, the Successor Trustee respectfully sets forth and represents as follows:

**JURISDICTION AND VENUE**

    1.    This Court has jurisdiction over this case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

    2.    Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and

1409.

3.  The statutory predicates for the relief sought herein include sections 105(a) and 522(b)(3) of the Bankruptcy Code, sections 5205(a) and 5206 of the N.Y. C.P.L.R. and sections 282 and 283(1) of the N.Y. Debtor and Creditor Law.

## BACKGROUND

4.  On February 15, 2024 ("Filing Date"), a voluntary petition pursuant Chapter 11, Subchapter V of the Bankruptcy Code was filed on the Debtor's behalf in the United States Bankruptcy Court for the Northern District of New York ("Court"). See ECF No. 1.

5.  As of the Filing Date, the Debtor owned, inter alia, the real property and improvements located at 40 North Road, Queensbury, New York 1280 ("Queensbury Property").

6.  By Order entered on May 15, 2024 ("Conversion Date"), the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. See ECF No. 159.

7.  On May 15, 2024, Christian H. Dribusch was appointed as Chapter 7 Trustee of the Debtor's estate ("Prior Trustee"). See ECF No. 160.

8.  On or about September 21, 2024, the Prior Trustee sold the Debtor's 2019 Mercedes G63 ("2019 Mercedes") for the sum of $105,000.00. See ECF No. 283.

9.  On or about November 16, 2024, the Prior Trustee sold, inter alia, certain furniture, including bedroom furniture, chairs, tables, desks of the Debtor ("Personal Property Assets") for the aggregate sum of $53,429.00. See ECF No. 319.

10. On May 5, 2025, the Debtor filed, inter alia, his Schedule C with the Court. See ECF No. 470.

11. In or around May 23, 2025, the Prior Trustee resigned.

12. On May 27, 2025, Marianne T. O'Toole was appointed pursuant to section 703(a) of the Bankruptcy Code as successor interim trustee in this case. See ECF No. 491.

13. On June 26, 2025, the Successor Trustee closed on the sale of the Debtor's real property located at 40 North Road, Queensbury, New York 12804 ("Queensbury Property"). See ECF No. 513.

14. On his Schedule C, the Debtor claimed various exemptions under New York state law pursuant to section 522(b)(3) of the Bankruptcy Code in the Queensbury Property, the 2019 Mercedes and the Personal Property Assets. See ECF No. 470.

15. In accordance with an Order entered on July 28, 2025 [ECF No. 536], the Successor Trustee issued a check to the Debtor in the amount of $89,975.00 from the proceeds of the sale of the Queensbury Property for the Debtor's claimed homestead exemption.

16. The Debtor demanded payment on account of his remaining claimed exemptions in the 2019 Mercedes and Personal Property Assets. The Successor Trustee asserted that certain of the Debtor's remaining claimed exemptions in the 2019 Mercedes and Personal Property Assets were improper.

17. The Successor Trustee and the Debtor negotiated and entered into the Stipulation with respect to the Debtor's remaining claimed exemptions.

### RELIEF REQUESTED AND BASIS THEREFOR

18. By this Motion, the Successor Trustee seeks entry of an Order: (a) approving the Stipulation, which: (i) allows the Debtor's exemption in the 2019 Mercedes in the amount of $4,825.00; and (ii) reduces and allows the remaining exemptions in the Personal Property Assets in the amount of $7,150.00, for an aggregate allowed personal property exemption of $11,975.00 ("Allowed Personal Property Exemption"); and (b) authorizing the Successor Trustee to pay the

3

Allowed Personal Property Exemption to the Debtor. A proposed Order is annexed as <u>Exhibit B</u> ("<u>Proposed Order</u>").

19. As of the Filing Date, under sections 5205(a) and 5206 of the N.Y. C.P.L.R. and sections 282 and 283(1) of the N.Y. Debtor and Creditor Law, the Debtor could claim: (a) a homestead exemption in the amount of $89,975.00; and (b) exemptions in certain personal property assets, including all stoves, all wearing apparel, household furniture, one refrigerator and one motor vehicle, not to exceed $11,975,00 in the aggregate.

20. Pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21. In this case, the Debtor received payment on account of his allowed homestead exemption in the Queensbury Property in the amount of $89,975.00. Certain of the Debtor's remaining claimed exemptions in the 2019 Mercedes and Personal Property Assets were improper and exceeded the statutory limits. The Stipulation resolves the Successor Trustee's objections to the improper exemptions without litigation. Consistent with applicable law, the Stipulation reduces, fixes and allows the Debtor's remaining exemptions in the 2019 Mercedes and Personal Property Assets in the total amount of $11,975.00.

22. Based on the foregoing, and the record in this case, the Successor Trustee submits that the Court should approve the Stipulation in its entirety.

## **NOTICE AND NO PRIOR REQUEST**

23. Notice of this Motion will be given to all required parties in accordance with Bankruptcy Rule 2002(a).

24. No previous application for the relief requested herein has been made to this or

any other Court.

**WHEREFORE,** for the reasons set forth above, the Successor Trustee respectfully requests entry of the Proposed Order substantially in the form annexed as Exhibit B, together with such other, further, and different relief as this Court deems just and proper.

Dated: February 10, 2026
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, Esq., Successor Trustee*

By: *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
A Partner of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500