# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                                                    Case No.: 24-10157-1-pgr

KRIS DANIEL ROGLIERI,                                        Chapter 7

              Debtor.
------------------------------------------------------X

## STIPULATION RESPECTING DEBTOR'S REMAINING CLAIMED EXEMPTIONS

WHEREAS, on February 15, 2024 ("Filing Date"), a voluntary petition pursuant Chapter 11, Subchapter V of the Bankruptcy Code was filed on behalf of Kris Daniel Roglieri ("Debtor") in the United States Bankruptcy Court for the Northern District of New York ("Court");

WHEREAS, by Order entered on May 15, 2024, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code;

WHEREAS, on May 15, 2024, Christian H. Dribusch was appointed as Chapter 7 Trustee of the Debtor's estate ("Prior Trustee");

WHEREAS, on or about September 21, 2024, the Prior Trustee sold the Debtor's 2019 Mercedes G63 ("2019 Mercedes") for the sum of $105,000.00;

WHEREAS, on or about November 16, 2024, the Prior Trustee sold, inter alia, certain furniture, including bedroom furniture, chairs, tables, desks of the Debtor ("Personal Property Assets") for the aggregate sum of $53,429.00;

WHEREAS, in or around May 23, 2025, the Prior Trustee resigned;

WHEREAS, on May 27, 2025, Marianne T. O'Toole, Esq. was appointed as successor interim trustee of the Debtor's estate pursuant to section 703(a) of the Bankruptcy Code and, by operation of law, Marianne T. O'Toole, Esq. is now the permanent Chapter 7 Trustee of the Debtor's estate ("Successor Trustee");

1

WHEREAS, on June 20, 2025, the Successor Trustee closed on the sale of the property located at 40 North Road, Queensbury, New York 12804 ("Property");

WHEREAS, on his Schedule C [ECF No. 470], the Debtor claimed various exemptions under New York state law pursuant to section 522(b)(3) of the Bankruptcy Code in the Property, the 2019 Mercedes and the Personal Property Assets;

WHEREAS, as of the Filing Date, under sections 5205(a) and 5206 of the N.Y. C.P.L.R. and sections 282 and 283(1) of the N.Y. Debtor and Creditor Law, the Debtor could claim: (i) a homestead exemption in the amount of $89,975.00; and (ii) exemptions in certain personal property assets, including all stoves, all wearing apparel, household furniture, one refrigerator and one motor vehicle, not to exceed $11,975,00 in the aggregate;

WHEREAS, on July 1 2025, the Successor Trustee issued a check to the Debtor in the amount of $89,975.00 from the proceeds of the sale of the Property for the Debtor's claimed homestead exemption;

WHEREAS, the Debtor demanded payment on account of his remaining claimed exemptions in the 2019 Mercedes and Personal Property Assets;

WHEREAS, the Successor Trustee asserts that certain of the Debtor's remaining claimed exemptions in the 2019 Mercedes and Personal Property Assets are improper;

WHEREAS, the Successor Trustee and the Debtor have negotiated and entered into this Stipulation with respect to the Debtor's remaining claimed exemptions.

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed by and between the Successor Trustee and the Debtor (together, "Parties") as follows:

1.  This Stipulation shall be effective upon entry of an Order of the Court approving this Stipulation.

2. This Stipulation is contingent upon approval of the Court. Should the Court decline to approve the Stipulation, the Stipulation shall have no force or effect.

3. The Debtor's: (a) exemption in the 2019 Mercedes is allowed in the amount of $4,825.00; and (b) remaining exemptions in the Personal Property Assets are reduced and allowed in the amount of $7,150.00, for an aggregate allowed personal property exemption of $11,975.00 ("Allowed Personal Property Exemption").

4. Upon the entry of a final, non-appealable Order approving this Stipulation, the Successor Trustee shall issue a check to the Debtor in the amount of $11,975.00 for the Allowed Personal Property Exemption.

5. Except as provided for herein, the Debtor shall not be entitled to payment on account of any other exemptions claimed on his Schedule C.

6. The Debtor shall not amend his Schedule C to claim any additional exemptions.

7. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and shall be binding on any party executing this Stipulation, all of which shall constitute one and the same document. Signatures delivered by electronic mail or facsimile shall have the same force and effect as those original signatures.

8. This Stipulation shall be governed by and construed under the laws of the State of New York.

9. The Court shall retain jurisdiction to determine any dispute which may arise under the terms of this Stipulation.

10. This Stipulation may not be amended or modified other than in writing executed by each of the Parties.

11. This Stipulation sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

12. This Stipulation shall be binding upon the Parties, their respective heirs, executors, successors, administrators and assigns.

Dated: December 5th, 2025
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, as Successor Chapter 7 Trustee*

By: *Holly R. Holecek*
Holly R. Holecek, Esq.
A Partner of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

Dated: December 5th, 2025

Kris Daniel Rogieri

4

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                                         Case No.: 24-10157-1-pgr

KRIS DANIEL ROGLIERI,                                                              Chapter 7

                        Debtor.
---------------------------------------------------------X

**ORDER APPROVING STIPULATION RESPECTING DEBTOR'S REMAINING
CLAIMED EXEMPTIONS AND AUTHORIZING PAYMENT TO THE DEBTOR**

Upon the motion ("Motion") of Marianne T. O'Toole, Esq., solely in her capacity as the successor Chapter 7 Trustee ("Successor Trustee") of the estate ("Estate") of Kris Daniel Roglieri ("Debtor"), seeking entry of an Order: (a) approving the Stipulation Respecting Debtor's Remaining Claimed Exemptions; and (b) authorizing the Successor Trustee to pay from the Debtor's estate an aggregate allowed personal property exemption of $11,975.00 to the Debtor; and upon the Notice of Hearing; and upon the Affidavit of Service relating to the Motion and Notice of Hearing; and no objections to the relief requested in the Motion having been filed; and upon the hearing conducted on April 16, 2026 ("Hearing"), the record of which is incorporated

herein by reference; and upon the record herein; and after due deliberation thereon; and good and sufficient cause,

**THE COURT HEREBY FINDS THAT:**

    A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    The Successor Trustee has articulated good and sufficient reasons for the Court to grant the relief requested in the Motion.

    D.    Good and sufficient notice of the Motion has been given, and no additional or further notice is required.

**NOW, THEREFORE, IT IS HEREBY**

    **ORDERED** that the Stipulation Respecting Debtor's Remaining Claimed Exemptions, a copy of which is annexed as <u>Exhibit A</u>, is approved; and, it is further

    **ORDERED** that the Successor Trustee is authorized to pay the sum of $11,975.00 from the Debtor's estate to the Debtor in accordance with paragraph 4 of the Stipulation Respecting Debtor's Remaining Claimed Exemptions; and, it is further

    **ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

###