**UNITED STATES BANKRUPTCY COURT**

NORTHERN DISTRICT OF NEW YORK

In re:

Kris Daniel Roglieri,

Debtor.

Case No. 24-10157

February 17, 2026

Honorable Patrick G. Radel

United States Bankruptcy Judge

Dear Honorable Patrick G. Radel:

Linda Oliver, appearing pro se, respectfully requests leave of this Court to commence a civil action in the New York State Supreme Court against former Chapter 7 Trustee Christian H. Dribusch pursuant to the Barton doctrine.

I previously filed a federal lawsuit concerning the same subject matter, and the United States District Court for the Northern District of New York dismissed the case for lack of jurisdiction under the Barton doctrine. The Court held that I must first obtain leave from the Bankruptcy Court before pursuing claims against the former Trustee. The Decision and Order is attached as Exhibit H.

This request concerns specific conduct that Plaintiff believes exceeded the scope of authority granted by this Court. Plaintiff does not challenge the Trustee's general statutory duties under 11

1

U.S.C. § 704 and does not seek to interfere with estate administration. Rather, Plaintiff seeks permission to pursue limited claims arising from entry into an occupied residence prior to judicial authorization to secure the premises and from the subsequent restriction of her residential access.

## I. Background and Relevant Court Orders

Plaintiff resided full-time at 40 North Road, Queensbury, New York, with the Debtor, Kris Daniel Roglieri, prior to and during the relevant events.

On May 22, 2024, this Court entered an Order directing the Debtor to turn over estate assets (ECF No. 188). That Order directed turnover by the Debtor but did not authorize securing the residence located at 40 North Road, did not grant physical control of the premises, and did not address removal or dispossession of occupants.

On May 24, 2024, former Trustee Christian H. Dribusch conducted a full property walkthrough at 40 North Road with the Debtor present. During that walkthrough, Plaintiff's personal belongings were visibly present throughout the residence.

On May 31, 2024, the Debtor was arrested, placed in federal custody, and was therefore not physically present at the residence thereafter. Plaintiff remained in lawful possession of the home as a co-occupant.

On June 10, 2024, the Court entered a Supplemental Order authorizing the Trustee to secure 40 North Road and to secure and remove property of the bankruptcy estate located at the residence

(ECF No. 205). The Debtor remained in federal custody at that time. Plaintiff continued to reside at the property. The Order did not expressly grant exclusive possession of the premises or authorize removal or dispossession of lawful non-debtor occupants.

**II. Entry into the Residence Prior to June 10 Authorization**

On June 4 and June 5, 2024, prior to issuance of the June 10 Supplemental Order (ECF No. 205), the Trustee entered the residence.

At that time, the Debtor was in federal custody and unavailable to be present. Plaintiff remained in occupancy.

Timestamped video evidence dated June 4 and June 5, previously submitted to this Court and logged under ECF No. 409, shows the Trustee physically inside the residence along with auction personnel. A second USB containing June 4, June 5, and June 19 footage was filed with the Clerk and served on all parties as reflected in ECF Nos. 419 and 419-1.

The video evidence reflects that auction personnel and a third-party neighbor were permitted inside the home while inventory and photographs were taken.

At the time of this entry, the only operative order was ECF No. 188, which directed turnover by the Debtor but did not authorize securing or physically controlling the residence.

Plaintiff respectfully submits that entry into an occupied private residence and introduction of third-party liquidation personnel prior to judicial authorization to secure the premises presents a colorable question as to whether such conduct exceeded the scope of authority then in effect.

### III. June 12 Lock Change and Restriction of Residential Access

On June 12, 2024, the Trustee sent Plaintiff a text message stating that the locks at 40 North Road had been changed and indicating that he was acting pursuant to court authority.

At that time, the Debtor remained in federal custody, and Plaintiff was the only resident physically occupying the home. Plaintiff was not provided a key following the lock change. Her access was restricted to supervised retrieval only. Plaintiff was thereafter permanently unable to resume residence at the property and was required to secure alternative housing.

No state court eviction proceeding was commenced. No eviction order was provided to Plaintiff.

On June 21, 2024, the Trustee communicated with Debtor's prior counsel, William Dreyer, Esq., stating that Plaintiff was not to retain possession or control of estate property. This communication occurred after the June 12 lock change and restriction of residential access.

Plaintiff respectfully submits that the June 10 Order authorized securing the residence but did not expressly authorize the dispossession of lawful non-debtor occupants or the permanent restriction of residential occupancy.

### IV. Prior Bankruptcy Proceedings Concerning Damages

During proceedings before the Honorable Robert E. Littlefield, Jr., the Court requested that Plaintiff's damages arising from the June 2024 events be itemized and submitted. Plaintiff thereafter filed a sworn Affidavit of Hardship and Damages (ECF No. 417).

4

Before those issues were adjudicated, former Trustee Christian H. Dribusch resigned, and Judge Littlefield subsequently retired. As a result, the matter was not resolved on the merits within the bankruptcy proceedings.

## V. Prior District Court Action

Plaintiff thereafter filed a civil action in the United States District Court for the Northern District of New York under Case No. 1:25-cv-724, Oliver v. Dribusch.

The District Court entered a Decision and Order dismissing the action solely on jurisdictional grounds under the Barton doctrine. The Court did not reach the merits of Plaintiff's claims and held that Plaintiff must first obtain leave from the Bankruptcy Court before pursuing claims against the former Trustee. A copy of that Decision and Order is submitted as Exhibit H.

Plaintiff now respectfully seeks leave in compliance with the District Court's directive.

## VI. Proposed Claims

The proposed civil action in New York State Supreme Court would assert limited state law claims, including:

- Trespass or unauthorized entry prior to June 10
- Ultra vires conduct exceeding judicial authorization
- Constructive dispossession of a non-debtor occupant
- Conversion of non-estate personal property

At this stage, Plaintiff needs only to demonstrate that the proposed claims are non-frivolous and arise from conduct arguably outside the scope of judicial authorization.

**VII. Leave Will Not Interfere with Estate Administration**

The former Trustee is no longer administering 40 North Road. The proposed claims relate to personal injury alleged by a non-debtor occupant and do not seek to alter estate distributions or interfere with this Court's jurisdiction over the bankruptcy estate.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant leave to commence a civil action in the New York State Supreme Court against former Trustee Christian H. Dribusch.

Respectfully submitted,

Linda Oliver

Pro Se

11 Hill Top Lane

Poughkeepsie, NY 12603

713-894-4626

lindaoliverofficial@gmail.com

**Exhibits Submitted**

Exhibit A – May 22, 2024 Turnover Order (ECF No. 188)

Exhibit B – June 10, 2024 Supplemental Order (ECF No. 205)

Exhibit C – USB Filing Confirmation (ECF No. 409)

Exhibit D – Certificate of Service for Second USB (ECF Nos. 419 and 419-1) and proof of residence

Exhibit E – Affidavit of Hardship and Damages (ECF No. 417 excerpts)

Exhibit F – June 5, 2024 Lock Change Text Messages

Exhibit G – June 12, 2024 Lockout Text Message

Exhibit H – United States District Court Decision and Order

Exhibit I – June 21, 2024 Email to William Dreyer, Esq.