# <u>EXHIBIT B</u>

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                   Case No.: 24-10157-1-pgr

KRIS DANIEL ROGLIERI,                                    Chapter 7

        Debtor.
--------------------------------------------------------X
In re:                                                                   Case No.: 24-11029-1-pgr

PRIME CAPITAL VENTURES, LLC,                 Chapter 11 (Plan Confirmed)

        Debtor.
--------------------------------------------------------X

## **DECLARATION**

Hartley Waltman, Esq. declares as follows pursuant to 28 U.S.C. § 1746:

1.        I am in-house general counsel to Phillips Auctioneers LLC in association with Bacs & Russo ("Phillips"), with offices located at 432 Park Avenue, New York, New York 10022.

2.        I submit this Declaration in support of the joint motion ("Motion") of Marianne T. O'Toole, Esq., solely in her capacity as Successor Chapter 7 Trustee ("Roglieri Successor Trustee") of the estate of Kris Daniel Roglieri ("Roglieri"), and Yann Geron, Esq., formerly the chapter 11 trustee of Prime Capital Ventures, LLC ("Prime") and now solely in his capacity as Plan Administrator of Prime's confirmed chapter 11 plan (the "Prime Administrator" and together with the Roglieri Successor Trustee, the "Trustees"), by their respective counsel, seeking entry of an Order, inter alia: (i) authorizing and approving, pursuant to 11 U.S.C. §§ 327(a) and 328, the Trustees' retention of Phillips to market and sell a certain Richard Mille watch identified as an RM 52-01 Tourbillon Skull ("RM Skull Watch"); and (ii) authorizing and approving, pursuant to 11 U.S.C. §§ 363(b), (f), (m) and (n), the sale of the RM Skull Watch pursuant to the Sellers' Auction Agreement with Enhanced Hammer Potential among the Trustees and Phillips ("Auction

Agreement").

3.    The facts set forth herein are based upon personal knowledge, my review of information on the dockets and claims registers in Roglieri's and Prime's respective cases. To the extent any information disclosed herein requires the subsequent amendment or modification of this declaration upon Phillips' completion of further review and analysis or as additional party-in-interest information becomes available to it, a supplemental declaration disclosing such information will be filed with the Court reflecting such amended or modified information.

4.    To the best of my knowledge, Phillips has no connections to the Roglieri Successor Trustee, the Prime Administrator, Roglieri, Prime, creditors of Roglieri, creditors of Prime, or any other party in interest or their respective attorneys and counsel, the United States Trustee or any person employed in the office of the United States Trustee.

5.    To the best of my knowledge, Phillips does not, by reason of any direct or indirect relationship to or connection with the Roglieri or Prime, or other parties in interest, hold or represent any interest adverse to Roglieri or Prime.

6.    To the best of my knowledge, except as set forth herein, Phillips does not hold or represent an interest adverse to the Roglieri or Prime.

7.    To the best of my knowledge, except as set forth herein, Phillips is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Phillips: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Roglieri or Prime; and (c) does not have an interest materially adverse to the interests of Roglieri or Prime, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Roglieri or Prime, or for any other reason.

8.      Phillips has not received or been promised any compensation for services rendered or to be rendered in any capacity in connection with these cases other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules for the Northern District of New York.

9.      As set forth in the Auction Agreement, Phillips will be entitled to compensation in the form of a buyer's premium calculated as follows: (a) 27% of the hammer price up to and including $1,000,000; plus (b) 21% of the portion of the hammer price above $1,000,000 up to and including $6,000,000; plus (c) 14.5% of the portion of the hammer price above $6,000,000 ("Buyer's Premium"). Phillips will be responsible for, inter alia, the actual packing and shipping charges to deliver the RM Skull Watch to Phillips, any applicable photography fees and any applicable marketing fees, and will not be seeking reimbursement of such expenses from the Roglieri estate and the Prime post-confirmation trust.

10.     To the extent the Court approves the relief requested in the Motion and the Trustees receive the Sale Proceeds, i.e., the Hammer Price, plus any applicable Enhanced Hammer Amount, plus the Buyer's Premium (each as defined in the Auction Agreement), from Phillips, Phillips requests that the Buyer's Premium be paid from the Estates (as defined in the Motion) without further application or Order of the Court.

11.     Phillips has not agreed nor will it agree to share compensation received in connection with these cases with any other person, except as permitted by the section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation within Phillips.

Executed under penalty of perjury this 23rd day of March 2026.



Hartley Waltman
as General Counsel, Americas

3            Phillips