UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF NEW YORK

In re:

Kris Daniel Roglieri

Chapter 7

Case No. 24-10157-1-pgr

REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO COMMENCE CIVIL

ACTION

I, Linda Oliver, respectfully submit this Reply in further support of my Motion for Leave to

Commence a Civil Action against former Chapter 7 Trustee Christian H. Dribusch.

Preliminary Statement

The opposition attempts to characterize my motion as meritless and driven by personal animus.

That characterization is inaccurate and ignores both the procedural history and the applicable

legal standard.

I am not asking this Court to decide the full case. I am only asking for permission to bring a civil

action based on a clear and colorable claim. That standard is met here.

The United States District Court Did Not Decide the Merits

The opposition relies heavily on the prior dismissal of my federal lawsuit. That reliance is

misplaced.

1

The United States District Court dismissed my case without prejudice solely on procedural grounds because I was required to first seek permission from this Bankruptcy Court under the Barton doctrine before proceeding.

The District Court did not rule on the merits of my claims, did not find that I lacked a valid case, and did not make any determination regarding the facts.

Instead, the Court directed that I must first obtain leave from this Court before pursuing my claims in a civil action.

I have followed that instruction and am now properly before this Court seeking that required permission.

This Court Had Already Begun Addressing These Issues

Before Trustee Dribusch resigned and before Judge Littlefield retired, this Court had already begun addressing the issues underlying my claims.

Judge Littlefield specifically asked Mr. Roglieri to provide information regarding damages. In response to that request, I provided supporting evidence and documentation, including documentation of the damages resulting from my loss and removal from the property.

This demonstrates that the issues underlying my claims were already before this Court and were being actively considered.

Because the Trustee resigned and the presiding judge retired, the matter became procedurally stalled and unresolved. That is why I sought relief in federal court.

2

I am now properly before this Court to continue addressing those same issues.

I Was a Lawful Resident With Established Possessory Rights

The opposition attempts to characterize me as someone who did not belong at the property. That is not true.

I was living at the property with Mr. Roglieri's permission. I moved into the home and kept all of my personal property there. That was my home.

All of my belongings were inside the residence, including my clothing, personal items, and important documents, which I kept in my upstairs office.

I also had my mail forwarded to the property, further confirming that it was my established residence prior to the Trustee's entry into the home.

Representatives associated with the Trustee, including individuals from the Saratoga Automobile Museum, removed certain items of my personal property. I immediately objected and requested the return of my belongings, which were returned after proof of ownership was provided. This confirms both my presence at the property and the presence of my personal belongings there.

The Trustee's repeated assertions that I did not reside at the property are contradicted by the evidence. The Trustee himself communicated with me regarding the contents and condition of the residence, including asking where specific items were located. These communications, which have already been submitted to the Court, demonstrate that the Trustee was aware of my presence, access, and familiarity with the property.

3

Accordingly, the Trustee's position that I was not a resident is not supported by the record and appears to be an attempt to justify actions that would otherwise require notice and lawful process.

Rather than obtaining a court order addressing my occupancy, the Trustee sent me a text message stating that the locks had been changed and that I would not be permitted to enter the home without a representative present. This effectively locked me out of my home without any court order authorizing my removal.

At a minimum, this presents a factual dispute regarding my residency and possessory rights that cannot be resolved at this stage.

In addition, there are witnesses who can testify under oath to my full-time residency at the property prior to the Trustee's entry.

Clarification Regarding Personal Property

The Trustee's characterization of events regarding personal property is inaccurate.

A small suitcase containing Mr. Roglieri's clothing and personal items was taken at his request to ensure he would have appropriate attire for court appearances and upon release. Mr. Roglieri understood these items to be exempt personal property.

With respect to the sunglasses, they were located at the residence in a pink box and were not removed from the property as alleged. Upon returning to the property, the sunglasses were personally turned over. A witness can confirm that I informed the representative in advance that

4

the sunglasses were on the property and would be provided. Any suggestion that they were taken or withheld is incorrect and not supported by the record.

These issues do not alter the central facts that I was residing at the property and was denied access without lawful process.

The Trustee Acted Before He Had Court Authority

This is the central issue that the opposition fails to address.

The Supplemental Turnover Order authorizing the Trustee to secure the property was entered on June 10, 2024.

However, the Trustee entered the property on June 4 and June 5, before that order existed. Video evidence of the Trustee's presence at the property on those dates has already been submitted to the Court.

In addition, as of June 7, 2024, the Trustee was still actively seeking authority from the Court, as reflected in the hearing held before Judge Littlefield. The Supplemental Order was not entered until June 10, 2024.

Accordingly, any entry into the residence on June 4 and June 5 occurred without court authorization, while the Trustee was still seeking such authorization.

Even after the entry of the June 10 Order, the Trustee was authorized only to secure the premises and remove estate property. The Order does not authorize the exclusion of a lawful resident, does not provide for removal without notice, and does not override the possessory rights of third parties.

5

Unauthorized Entry and Third-Party Access

Before I was given any opportunity to secure my belongings, the Trustee allowed other individuals to enter the home.

These individuals were not me, and I was not given proper notice or access to protect my personal property before others entered the premises.

This raises serious issues regarding unauthorized entry and interference with personal property, which are appropriately resolved in a civil action.

The Opposition Improperly Seeks to Decide the Merits

The Trustee's opposition attempts to resolve disputed facts and determine the merits of the case, which is not the standard under Barton. At this stage, the Court needs only to determine whether a colorable claim exists.

The Trustee's opposition and supporting declaration rely on conclusory assertions that all actions were authorized, yet fail to address the undisputed timeline showing entry into the residence before any court authorization was granted.

I am not required to prove my case in full at this stage. I am only required to show that my claims are plausible and not frivolous.

The factual record demonstrates that I was residing at the property, that my personal belongings were present, that I was excluded without lawful process, and that the Trustee entered the property prior to receiving court authorization.

6

These facts establish a clear and colorable claim.

Conclusion

There are clear factual disputes regarding the Trustee's conduct, particularly actions taken before any court authorization was in place.

I respectfully request that the Court grant my Motion for Leave to Commence a Civil Action so that these issues may be properly addressed in the appropriate forum.

Dated: April 6, 2026

Respectfully submitted,

Linda Oliver

Pro Se