UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

In re:                                                          Case No. 24-10157-1-pgr
                                                                Chapter 11
KRIS DANIEL ROGLIERI

                                Debtor.

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO VACATE**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"),

by and through undersigned counsel Harrison E. Strauss, Trial Attorney, hereby respectfully

objects the Debtor's *Motion to Vacate Default Judgment Denying Discharge* ("Motion to

Vacate") Docket No. 621, and for his objection states and alleges as follows:

**Factual Background**

1.      On February 15, 2024, Kris Daniel Roglieri ("Debtor") filed a voluntary petition

for relief under chapter 11, subchapter V, of the United States Bankruptcy Code.

2.      Upon motion by the United States Trustee, the case was converted to one arising

under chapter 7 on May 15, 2024.

3.      On August 15, 2024, former Chapter 7 Trustee Christian Dribusch filed an

adversary complaint against the Debtor, docket no. 244, Adv. Case No. 24-90015, seeking a

denial of the Debtor's discharge pursuant to 11 U.S.C. § 727 ("Panel Trustee Adversary").

4.      On August 19, 2024, the United States Trustee filed an adversary complaint

against the Debtor, docket no. 248, Adv. Case No. 24-90017, seeking a denial of the Debtor's

discharge pursuant to 11 U.S.C. § 727 ("United States Trustee Adversary").

1

5.      In the Panel Trustee Adversary, the Debtor did not appear or respond to the complaint, and the Court entered an order denying the Debtor a discharge on November 04, 2024.

6.      In the United States Trustee Adversary,  the Debtor did not appear or respond to the complaint, and the Court entered an order denying the Debtor a discharge on March 25, 2025.

7.      In both adversary cases (together the "Adversaries") the Court concluded that service was adequate upon the Debtor, who was known to be incarcerated at that time.

8.      Shortly after the Adversaries were filed, on October 07, 2024, Debtor Kris Roglieri filed a letter requesting a hearing to release his personal computer and retainer, Docket No. 269. On October 16, 2024, Debtor appeared before the Court on a hearing regarding the letter.

9.      The Motion to Vacate was filed on January 07, 2026, seeking to vacate the denial of discharge in the Panel Trustee Adversary. The Motion to Vacate does not appear to reference or seek relief from the United States Trustee Adversary judgment.

10.     The Motion to Vacate seeks relief based upon Fed. Rule of Civ. Pro. 60(b)(4) because it was entered without constitutionally adequate notice or any meaningful opportunity for the Debtor to be heard because he was incarcerated. It goes on to allege that the Debtor had "no realistic ability to receive filings, monitor deadlines, or participate in hearings."

### **Argument**

While the Motion to Vacate does not reference the United States Trustee Adversary's judgment and denial of discharge, the United States Trustee objects to the extent such motion is interpreted to do so. In addition, the United States Trustee objects to any relief being granted by

the motion because such request is frivolous based upon the known facts, and because the request has not been made within a reasonable time.

First, as noted above, the Debtor was actively participating in both this case (and in the related Prime Capital Ventures, LLC, cases) at the time the adversaries were filed. In fact, in the period wherein the Debtor was required to respond to the adversaries, the Debtor filed a motion with the Court and appeared at a hearing. Therefore, it is disingenuous to claim that the Debtor was unable to respond to the complaints or attend hearings when he was at that very time filing motions and attending hearings.

Second, the Debtor has not sought relief within a "reasonable time" pursuant to Fed. Rule of Civ. Pro. 60(c)(1). Given that the Debtor was clearly served with, and aware of, the Adversaries and the denial of his discharge, and that he has been active in this case and the related Prime Capital Ventures, LLC cases at all times, the more than one year period between the entry of the judgment and the motion seeking relief is unreasonable. This is true even if the judgment is 'void' pursuant to Fed. Rule Civ. Pro. 60(b)(4). *Coney Island Auto Parts Unlimited, Inc. v. Burton Trustee for Vista-Pro Automotive,* 607 U.S. ---- (2026).

**WHEREFORE,** based on the foregoing, the United States Trustee respectfully requests that the Court deny the Debtor's Motion to Vacate, and for such other and further relief as the Court deems just and proper.

Dated: April 9, 2026
Albany, New York

3

Respectfully submitted,
WILLIAM K. HARRINGTON
UNITED STATES TRSUTEE, REGION 2

*/s/ Harrison E. Strauss*
Harrison E. Strauss - Trial Attorney
OFFICE OF UNITED STATES TRUSTEE
Leo O'Brien Federal Building
11A Clinton Ave., Room 620
Albany, New York 12207
NDNY Bar Roll No. 705825
(518) 434-4553
Harrison.Strauss@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection was served electronically upon all parties receiving electronic notice in this case on April 9, 2026, including:

Joseph Charles Barsalona, II jbarsalona@pashmanstein.com, lsalcedo@pashmanstein.com

Jeffrey Basso jbasso@cmmllp.com

Cathleen B Clark cathleen.b.clark@usdoj.gov;CaseView.ECF@usdoj.gov, meah.turner@usdoj.gov

Brian M Culnan bculnan@oalaw.com, emclaughlin@oalaw.com

Peter M. Damin pdamin@lemerygreisler.com, ikokoszko@lemerygreisler.com

Thomas John DeBernardis tdebernardis@smithsovik.com

Christopher M. Desiderio cdesiderio@nixonpeabody.com

Stephen A. Donato sdonato@bsk.com, ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Christian H. Dribusch cdribusch@chd-law.com, TheDribuschLawFirm@jubileebk.net

Will Esser willesser@parkerpoe.com

Michael Patrick Everman peverman@bradley.com, trmiller@bradley.com;jaltobelli@bradley.com

Karen G Felter, I kfelter@smithsovik.com

4

Yann Geron-Trustee ygeron@geronlegaladvisors.com, YGerron-
NYN11@ecf.axosfs.com;nsantucci@geronlegaladvisors.com;jlitos@geronlegaladvisors.com;adr
eher@geronlegaladvisors.com;aurquides@geronlegaladvisors.com

Justin A. Heller jheller@woh.com, spaulsen@woh.com

Holly Ruth Holecek  hrh@lhmlawfirm.com

Kevin Edward Hulslander, I khulslander@smithsovik.com

Henry Jon Jaffe hjaffe@pashmanstein.com

Susanna Margaret Klose susanna.klose1@ag.ny.gov

Jonathan T. Koevary jkoevary@olshanlaw.com

Matthew F. Kye mkye@kyelaw.com

Paul A. Levine plevine@lemerygreisler.com, phartl@lemerygreisler.com

Brendan H Little blittle@lippes.com

Brendan H Little blittle@lippes.com

Edward J. LoBello elobello@bsk.com

Joseph Lombardo lombardo@chapman.com, audley@chapman.com

Garry Alan Masterson BnkEcf-NY@weltman.com, gmasterson@weltman.com

Chad P. Miesen  chad.miesen@chdblaw.com, vicki.goslin@chdblaw.com

Marianne T O'Toole-Trustee motoole@otoolegroup.com, N270@ecfcbis.com

Amy Oden aoden@pashmanstein.com

Peter A. Pastore papastore@oalaw.com, asullivan@oalaw.com

Jon Travis Powers powerst@whiteandwilliams.com

Andrew Scott Rivera arivera@bsk.com, kdoner@bsk.com;tayers@bsk.com;CourtMail@bsk.com

Robert J. Rock robert.rock@ag.ny.gov

Brian D. Roy  broy@harrisbeachmurtha.com,
bkemail@harrisbeach.com;efilings@HarrisBeach.com

5

Matthew Michael Zapala mzapala@woh.com, spaulsen@woh.com


        And upon the following via first-class mail:

Kris Daniel Roglieri
11 Hill Top Lane
Poughkeepsie, NY 12603

Kris D. Roglieri
N-4 #45131
Rensselaer County Jail
4000 Main Street
Troy, NY 12180


                                    /s/ Harrison E. Strauss
                                    Harrison E. Strauss, Trial Attorney