**LaMONICA HERBST & MANISCALCO, LLP**        Relates to Hearing on April 16, 2026
*Counsel to Marianne T. O'Toole, Successor Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                          Case No.: 24-10157-1-pgr

KRIS DANIEL ROGLIERI,                          Chapter 7


                      Debtor.
----------------------------------------------------------X

**OBJECTION TO DEBTOR'S MOTION TO VACATE NOVEMBER 4, 2024
DEFAULT JUDGMENT DENYING DISCHARGE**

TO THE HONORABLE PATRICK G. RADEL,
UNITED STATES BANKRUPTCY JUDGE

Marianne T. O'Toole, solely in her capacity as the successor Chapter 7 Trustee ("Successor

Trustee") of the estate of Kris Daniel Roglieri ("Debtor"), by her undersigned counsel, submits

this objection to the Debtor's motion ("Rule 60(b)(4) Motion") [ECF No. 621] seeking to vacate

the Order entered on November 4, 2024 in adversary proceeding no.: 24-90015 denying the

Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2) through 727(a)(7) ("November 2024

Order") [Adv. Pro. No.: 24-90015-1, ECF No. 18; ECF No. 301], and respectfully sets forth as

follows:

**BACKGROUND**

A.      **The Filing and Conversion of the Debtor's Case**

1.      On February 15, 2024 ("Filing Date"), a voluntary petition pursuant Chapter 11,

Subchapter V of the Bankruptcy Code was filed on the Debtor's behalf in the United States

Bankruptcy Court for the Northern District of New York ("Court"). See ECF No. 1.

-1-

2.      By Order entered on May 15, 2024, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. See ECF No. 159.

3.      On May 15, 2024, Christian H. Dribusch was appointed as Chapter 7 Trustee of the Debtor's estate ("Prior Trustee"). See ECF No. 160.

**B.      The Prior Trustee's 727 Action and First Denial of the Debtor's Discharge**

4.      On August 15, 2024, the Prior Trustee filed a complaint objecting to the Debtor's discharge pursuant to sections 727(a)(2), 727(a)(3), 727(a)(4), 727(a)(5), 727(a)(6) and 727(a)(7) of the Bankruptcy Code. See generally Adv. Pro. No. 24-90015-1 ("Prior Trustee 727 Action"), ECF No. 1 ("Prior Trustee Complaint").

5.      On August 15, 2024, a summons was issued by the Clerk of the Court. See Adv. Pro. No. 24-90015-1, ECF No. 2. Pursuant to the summons, the Debtor's response to the Prior Trustee Complaint was due on September 16, 2024. See id.

6.      On August 15, 2024, the Prior Trustee certified that copies of the Prior Trustee Complaint and summons were served by mail on August 15, 2024 on the Debtor at the Rensselaer County Correctional Facility and at the property located at 40 North Road, Queensbury, New York 12804. See Adv. Pro. No. 24-90015-1, ECF No. 4.

7.      On September 23, 2024, the Prior Trustee filed a request for the entry of a default judgment pursuant to Rule 7055(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). See Adv. Pro. No. 24-90015-1, ECF No. 7. The Prior Trustee represented, inter alia, that the summons and Prior Trustee Complaint were not returned as undeliverable. See id.

8.      On September 26, 2024, Entry of Default was entered by the Clerk of the Court in the Prior Trustee 727 Action. See Adv. Pro. No. 24-90015-1, ECF No. 9.

9.      On September 27, 2024, the Prior Trustee filed a motion for a default judgment

against the Debtor. See Adv. Pro. No. 24-90015-1, ECF No. 10 ("Prior Trustee Motion"). On

September 30, 2024, an amended notice of hearing with respect to the Prior Trustee Motion was

filed with the Court. See id. at ECF No. 14.

10.    On September 30, 2024, the Prior Trustee certified that copies of the Prior Trustee

Motion and amended notice of hearing were served by mail on August 15, 2024 on the Debtor at

the Rensselaer County Correctional Facility and at the property located at 40 North Road,

Queensbury, New York 12804. See Adv. Pro. No. 24-90015-1, ECF No. 15.

11.    On October 11, 2024, a change of address for the Debtor was filed by Linda Oliver

changing the Debtor's address to 11 Hilltop Lane, Poughkeepsie, New York 12603 ("Poughkeepsie

Address"). See Adv. Pro. No.: 24-90015-1, ECF No. 16.

12.    A hearing on the Prior Trustee Motion was conducted on October 30, 2024. See

Adv. Pro. No.: 24-90015-1, ECF No. 17. The Prior Trustee indicated, inter alia, that the Prior

Trustee Motion was forwarded to the Poughkeepsie Address.

13.    On November 4, 2024, the Court entered the November 2024 Order in the Prior

Trustee 727 Action that is the subject of the Debtor's Rule 60(b)(4) Motion. See Adv. Pro. No.:

24-90015-1, ECF No. 18.

14.    On November 4, 2024, copies of the November 2024 Order were mailed by the

Clerk of the Court to the Debtor and Linda Oliver at the Poughkeepsie Address and to the Debtor

at the Rensselaer County Correctional Facility. See Adv. Pro. No.: 24-90015-1, ECF No. 19.

Copies of the November 2024 Order and the related Clerk's Notice were also docketed in the

Debtor's case on November 4, 2024. See ECF Nos. 301, 301.

C.    **The U.S. Trustee's 727 Action and Second Denial of the Debtor's Discharge**

15.    On August 19, 2024, the United States Trustee ("U.S. Trustee") filed a complaint

objecting to the Debtor's discharge pursuant to sections 727(a)(2), 727(a)(3), 727(a)(4) and 727(a)(7) of the Bankruptcy Code. See generally Adv. Pro. No. 24-90017-1 ("U.S. Trustee 727 Action"), ECF No. 1 ("U.S. Trustee Complaint").

16.     On August 19, 2024, a summons was issued by the Clerk of the Court. See Adv. Pro. No. 24-90017-1, ECF No. 4. Pursuant to the summons, the Debtor's response to the U.S. Trustee Complaint was due on September 18, 2024. See id.

17.     On August 20, 2024, a Certificate of Service was filed with the Court evidencing that copies of the U.S. Trustee Complaint and summons were served by mail on August 20, 2024 on the Debtor at the Rensselaer County Correctional Facility and at the property located at 40 North Road, Queensbury, New York 12804. See Adv. Pro. No. 24-90017-1, ECF No. 5.

18.     On October 11, 2024, a change of address for the Debtor was filed by Linda Oliver changing the Debtor's address to the Poughkeepsie Address See Adv. Pro. No.: 24-90017-1, ECF No. 6.

19.     On November 15, 2024, the U.S. Trustee filed an amended request for the entry of a default judgment pursuant to Bankruptcy Rule 7055(b). See Adv. Pro. No. 24-90015-1, ECF No. 7 ("U.S. Trustee Request"). The U.S. Trustee represented, inter alia, that, upon information and belief, the summons and U.S. Trustee Complaint were not returned as undeliverable. See id. Also on November 15, 2024, a Certificate of Service was filed with the Court evidencing that a copy of the U.S. Trustee Request was served by mail on November 15, 2024 on the Debtor at the Poughkeepsie Address. See Adv. Pro. No. 24-90017-1, ECF No. 9.

20.     On December 10, 2024, the Court issued an Order scheduling a hearing on the U.S. Trustee Request. See Adv. Pro. No. 24-90017-1, ECF No. 10. The docket reflects that a hearing was held, the conference closed and the Court to enter Clerk's Entry of Default. See dkt. entry on

12/10/2024; see also id. at ECF No. 14 (audio).

21.     On December 10, 2024, Entry of Default was entered by the Clerk of the Court in the U.S. Trustee 727 Action. See Adv. Pro. No. 24-90017-1, ECF No. 12.

22.     On December 10, 2024, a copy of the Clerk's Entry of Default was mailed by the Clerk of the Court to the Debtor and Linda Oliver at the Poughkeepsie Address and to the Debtor at the Rensselaer County Correctional Facility. See Adv. Pro. No.: 24-90017-1, ECF No. 13.

23.     On January 16, 2025, the U.S. Trustee filed a motion for a default judgment against the Debtor. See Adv. Pro. No. 24-90017-1, ECF No. 16 ("U.S. Trustee Motion"). Also on January 16, 2025, a notice of hearing with respect to the U.S. Trustee Motion was filed with the Court. See id. at ECF No. 17. A Certificate of Service evidencing service of notice of the U.S. Trustee Motion by mail to the Debtor at the Poughkeepsie Address on January 16, 2026 is annexed to the U.S. Trustee Motion. See id. at ECF No. 16.

24.     A hearing on the U.S. Trustee Motion was conducted on February 19, 2025. See Adv. Pro. No.: 24-90017-1, ECF No. 19. The U.S. Trustee, Prior Trustee and counsel to New York State Department of Taxation and Finance appeared at the hearing. See id. The Court observed that the November 2024 Order had already been entered denying the Debtor's discharge in the Prior Trustee 727 Action; the U.S. Trustee noted that no statute or rule required the U.S. Trustee to deny the U.S. Trustee Motion. See id. The U.S. Trustee also noted, inter alia, that notice was given to the Debtor via Linda Oliver per the letter docketed with the Court. See id. The Court granted the U.S. Trustee Motion. See id.

25.     On March 25, 2025, the Court entered: (a) an Order denying the Debtor's discharge, see Adv. Pro. No.: 24-90017-1, ECF No. 20 ("March 2025 Order"); and (b) a corresponding Judgment and Order Denying Discharge in the U.S. Trustee Action, see id. at ECF No. 21.

26.     On April 9, 2025, a copy of the Judgment and Order Denying Discharge was mailed to the Debtor at the Poughkeepsie Address and the Rensselaer County Correctional Facility. See Adv. Pro. No.: 24-90017-1, ECF No. 22. A copy of the Judgment and Order Denying Discharge entered in the U.S. Trustee 727 Action was also docketed in the Debtor's Chapter 7 case. See ECF No. 389.

**D.     The Appointment of the Successor Trustee and the Rule 60(b)(4) Motion**

27.     In or around May 23, 2025, the Prior Trustee resigned.

28.     On May 27, 2025, Marianne T. O'Toole was appointed as successor interim trustee of the Debtor's estate pursuant to section 703(a) of the Bankruptcy Code. See ECF No. 491.

29.     On January 7, 2026, the Debtor filed the Rule 60(b)(4) Motion. See ECF No. 621. As reflected in the Rule 60(b)(4) Motion, the Debtor was incarcerated in or around May 31, 2024. See id.

30.     The record in the Debtor's case reflects, inter alia, that notwithstanding the Debtor's incarceration in May 2024, the Debtor participated in multiple hearings and filed multiple pleadings after his incarceration. See, e.g., ECF Nos. 444 (transcript of hearing conducted on June 7, 2024 in which the Debtor appeared pro se); 269 (Debtor's letter to the Court dated October 3, 2024 requesting hearing); 331 (Debtor's letter to the Court dated January 10, 2025 requesting Court assistance); 332 (Debtor's letter to the Court dated January 10, 2025 requesting information); 338 (audio of hearing held on January 21, 2025 in which the Debtor appeared pro se); 345 (Debtor's motion dated January 31, 2025 seeking to remove the Prior Trustee); 349 (audio of hearing held on February 5, 2025 in which the Debtor appeared pro se); 363 (Debtor's March 7, 2025 reply to objection to his motion to remove Prior Trustee); 364 (Debtor's March 7, 2025 objection to sale motion of Prior Trustee); 367 (Debtor's March 17, 2025 affidavit of hardship);

368 (Debtor's March 17, 2025 request to supplement motion to remove Prior Trustee); 380 (Debtor's March 25, 2025 letter motion for an extension of time); 417 (Debtor's "final response" in connection with his motion to remove Trustee filed on April 7, 2025); 466 (Debtor's supplemental declaration in response to Prior Trustee's objection filed on May 2, 2025); 479 (Debtor's May 21, 2025 letter to the Court requesting a conference); 492 (audio of hearing held on May 28, 2025 in which the Debtor appeared pro se).[1]

## **ARGUMENT**

31.     Rule 60(b)(4) of the Federal Rules of Civil Procedure ("Federal Rules") provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . the judgment is void[.]" FED. R. CIV. P. 60(b)(4). "A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Grace v. Bank Leumi Trust Co., 443 F.3d 180, 193 (2d. Cir. 2006) (quotation marks and citations omitted).

32.     The movant bears the burden in Rule 60(b) motions. See, e.g., Gater Assets Ltd. v. AO Moldovagaz, 2 F.4th 42, 53 (2d Cir. 2021). "Pro se litigants are not excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion." Toriola v. FJC Sec. Servs. Inc., No. 13-CV-5142, 2017 U.S. Dist. LEXIS 29068, 2017 WL 819483, at *4 (E.D.N.Y. Mar. 1, 2017) (quotation marks and citations omitted). Moreover, "[t]he heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel." Id. at *4 (citing Broadway v. City of New York, No. 96-CV-2798, 2003 U.S. Dist. LEXIS

---

[1]     The Successor Trustee notes that these are only examples of the Debtor's involvement in his Chapter 7 case following his incarceration and does not include all examples of the Debtor's involvement in his Chapter 7 case from May 2024 forward.

8603, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003)).

33.     "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the . . . court[.]" Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (quotation marks and citations omitted). Motions under Rule 60(b) are typically only granted upon a showing of exceptional circumstances. See Mendell on behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d. Cir. 1990) (citation omitted).

34.     As recently observed by the United States Supreme Court, "Rule 60 also imposes a time limit for such motions. Rule 60(c)(1) provides that a motion under Rule 60(b) must be made within a reasonable time. Because a motion for relief from an allegedly void judgment is a motion under Rule 60(b), the reasonable-time limit applies. See Coney Island Auto Parts Unlimited, Inc. v. Burton, 607 U.S. 155, 158 (2026) (quotation marks and citations omitted) (denying Rule 60(b)(4) motion where movant did not contend it complied with requirement to file motion within a reasonable time).

35.     Pursuant to Bankruptcy Rule 7004(b)(1), "a copy of a summons and complaint may be served by first-class mail, postage prepaid, within the United States on: (1) an individual except an infant or an incompetent person- by mailing the copy to the individual's dwelling or usual place of abode or where the individual regularly conducts a business or profession[.]" See FED. R. BANKR. P. 7004(b)(1).

36.     By his Rule 60(b)(4) Motion, the Debtor seeks to void the November 2024 Order pursuant to Federal Rule 60(b)(4).[2] The Debtor argues that, because he was incarcerated and unrepresented, he was "denied any meaningful opportunity to participate". The Rule 60(b)(4) Motion should be denied for several reasons.

---

[2]     To the extent the Debtor purports to seek to "reopen" his Chapter 7 case, the Successor Trustee notes that the Debtor's Chapter 7 case remains open and this relief is therefore unnecessary.

37. First, the Rule 60(b)(4) Motion, which was filed more than 14 months after entry of the November 2024 Order, is untimely. Between May 31, 2024 and January 7, 2026, the Debtor filed not less than 19 letters or pleadings and appeared in multiple hearings conducted by the Court, including several conducted at his request. Notwithstanding, the Debtor fails to explain any basis for his failure to seek relief from the November 2024 Order in the more than 14 months since its entry. As held by the United States Supreme Court, "[l]itigants seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time." See Coney Island Auto Parts Unlimited, 607 U.S. at 162. Here as in Coney Island Auto Parts Unlimited, the Debtor does not contend that he complied with this requirement and, as such, the Rule 60(b)(4) Motion should be denied.

38. Second, assuming arguendo the Rule 60(b)(4) Motion was timely (and it was not), it should nevertheless be denied because the Court had jurisdiction to enter the November 2024 Order and, in doing so, acted in a manner consistent with due process of law. The record evidences that the Prior Trustee Complaint, the Prior Trustee Motion, and the November 2024 Order were each served on the Debtor by mail at his then current addresses of record in accordance with applicable Bankruptcy Rules. See, e.g., Adv. Pro. No. 24-90015-1, ECF Nos. 4, 15, 19. Assuming arguendo the Debtor did not receive copies of the Prior Trustee Complaint or the Prior Trustee Motion (and this is disputed), copies of the November 2024 Order were mailed by the Clerk of the Court on November 4, 2024 to the Debtor and Linda Oliver at the Poughkeepsie Address and to the Debtor at the Rensselaer County Correctional Facility. See Adv. Pro. No.: 24-90015-1, ECF No. 19. The Successor Trustee also notes that, during the 5-month period that the Prior Trustee 727 Action was pending, the Debtor filed a letter addressed to the Court requesting relief, see ECF No. 269, for which the Court entered an Order scheduling a hearing, see ECF No. 270. The Court

then conducted a hearing on October 16, 2024, in which the Debtor appeared pro se. See ECF No. 276. Any argument that the Debtor did not have notice or an opportunity to be heard is belied by the record and without merit.

39.     Third, vacating the November 2024 Order would be futile insofar as the Debtor's discharge was also denied in the U.S. Trustee 727 Action. As set forth above, on March 25, 2025, the Court entered the March 2025 Order and corresponding Judgment and Order Denying Discharge in the U.S. Trustee 727 Action. See Adv. Pro. No.: 24-90017-1, ECF Nos. 20, 21. The Debtor's Rule 60(b)(4) Motion does not address the denial of his discharge in the U.S. Trustee 727 Action whatsoever. Equally important, there is no basis to vacate the Court's Order or corresponding Judgment and Order Denying Discharge in the U.S. Trustee 727 Action. To this end, the Successor Trustee notes that, among other things, that a copy of the Judgment and Order Denying Discharge was mailed to the Debtor at the Poughkeepsie Address and the Rensselaer County Correctional Facility. See Adv. Pro. No.: 24-90017-1, ECF No. 22. The Successor Trustee further notes that, in March 2025 alone, the Debtor filed 7 pleadings with the Court, see ECF Nos. 363, 364, 365, 367, 368, 380 and 381, and appeared in 2 hearings conducted by the Court, see ECF Nos. 366 (audio of hearing on March 12, 2025 in which the Debtor appeared pro se) and 379 (audio of hearing on March 20, 2025 in which the Debtor appeared pro se).

## CONCLUSION

40.     The Debtor's Rule 60(b)(4) Motion, which was filed more than 14 months after entry of the November 2024 Order and fails to explain the Debtor's failure to seek relief within a reasonable time, should be denied. Any argument that the Debtor did not have a meaningful opportunity to be heard while he has been incarcerated is belied by the record in the Debtor's case. Indeed, the Debtor appeared in multiple hearings before the Court and actively participated in his

-10-

Chapter 7 case, including by filing multiple letters, motions, replies and objections after his incarceration. Equally important, in March 2025, the Court denied the Debtor's discharge for a second time when it entered the March 2025 Order and corresponding Judgment and Order Denying Discharge in the U.S. Trustee 727 Action. Based on the foregoing, and the record in this case, the Debtor's Rule 60(b)(4) Motion should be denied in its entirety.

Dated: April 9, 2026
     Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, Successor Trustee*

By:    *s/ Holly R. Holecek*
      Holly R. Holecek, Esq.
      A Partner of the Firm
      3305 Jerusalem Avenue, Ste. 201
      Wantagh, New York 11793
      Telephone: (516) 826-6500