So Ordered.

Signed this 20 day of April, 2026.



_____

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                        Case No.: 24-10157-1-pgr

KRIS DANIEL ROGLIERI,                                         Chapter 7


                    Debtor.
---------------------------------------------------------X
In re:                                                        Case No.: 24-11029-1-pgr

PRIME CAPITAL VENTURES, LLC,                                  Chapter 11 (Plan Confirmed)


                    Debtor.
---------------------------------------------------------X

**ORDER: (I) AUTHORIZING AND APPROVING, PURSUANT TO 11 U.S.C. §§ 327(a)
AND 328, THE RETENTION OF PHILLIPS AUCTIONEERS LLC IN ASSOCIATION
WITH BACS & RUSSO AS AUCTIONEER TO THE ESTATES TO MARKET AND
SELL A CERTAIN RICHARD MILLE WATCH IDENTIFIED AS AN RM 52-01
TOURBILLON SKULL; (II) AUTHORIZING AND APPROVING, PURSUANT TO 11
U.S.C. §§ 363(b), (f), (m) AND (n), THE SALE OF THE RICHARD MILLE WATCH
IDENTIFIED AS AN RM 52-01 TOURBILLON SKULL PURSUANT TO THE
SELLERS' AUCTION AGREEMENT WITH ENHANCED HAMMER POTENTIAL;
(III) AUTHORIZING AND APPROVING THE FORM AND MATTER OF NOTICE OF
THE AUCTION SALE; (IV) AUTHORIZING AND APPROVING THE DIVISION OF
THE NET PROCEEDS FROM THE SALE AND PAYMENT TO THE AUCTIONEER;
AND (V) GRANTING RELATED RELIEF**

Upon the joint motion ("Motion")[1] of Marianne T. O'Toole, Esq., solely in her capacity as Successor Chapter 7 Trustee ("Roglieri Successor Trustee") of the estate of Kris Daniel Roglieri ("Roglieri"), and Yann Geron, Esq., formerly the chapter 11 trustee of Prime Capital Ventures, LLC ("Prime") and now solely in his capacity as Plan Administrator of Prime's confirmed chapter 11 plan (the "Prime Administrator" and collectively with the Roglieri Successor Trustee, the "Fiduciaries") seeking entry of an Order: (i) authorizing and approving, pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Fiduciaries' retention of Phillips Auctioneers LLC in association with Bacs & Russo ("Phillips") to market and sell a certain Richard Mille watch identified as an RM 52-01 Tourbillon Skull ("RM Skull Watch"); (ii) authorizing and approving, pursuant to sections 363(b), (f), (m) and (n) of the Bankruptcy Code, the sale of the RM Skull Watch pursuant to the Sellers' Auction Agreement with Enhanced Hammer Potential among the Fiduciaries and Phillips ("Auction Agreement"); (iii) approving the form and matter of notice of the auction sale of the RM Skull Watch; (iv) authorizing and approving the division of the proceeds from the sale of the RM Skull Watch 50/50 between the Roglieri Estate and the Prime post-confirmation trust (collectively, the "Estates"), pursuant to Bankruptcy Rule 9019(a) and authorizing payment to Phillips; and (v) granting such other and further relief as the Court deems just and proper; and it appearing that due and appropriate notice of the Motion having been made; and no other or further notice being required; and upon the limited objection of Compass-Charlotte 1031, LLC, on behalf of itself and the Oversight Committee created under Prime's confirmed plan of liquidation, to the Motion ("Limited Objection"); and upon the supplemental submission of the Prime Administrator with respect to the Motion ("Supplemental Submission"); and upon the reply of the Successor Trustee in further support of the Motion and in response to the Limited Objection

---

[1]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

and Supplemental Submission; and no other responses or objections to the relief requested in the

Motion having been filed; and upon the hearing conducted on April 16, 2026, the record of which

is incorporated herein by reference; and upon the hearing conducted on April 20, 2026 ("April 20

Hearing"), the record of which is incorporated herein by reference; and upon the record herein;

and after due deliberation thereon; and good and sufficient cause,

**THE COURT HEREBY FINDS THAT:**

A.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b) and

1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is

proper before this Court in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The Fiduciaries have articulated good and sufficient business reasons for the Court

to grant the relief requested in the Motion, including this Court's approval of the public auction

sale of the RM Skull Watch.

C.      The Fiduciaries have established one or more of the grounds under section 363(f)

of the Bankruptcy Code for the proposed sale of the RM Skull Watch to be free and clear of all

interests to the successful bidders at the Auction Sale, with the same (if any) to attach to the

proceeds thereof pursuant to section 363 of the Bankruptcy Code.

D.      The settlement of the Estates' respective claims in and to the RM Skull Watch falls

above the lowest point in the range of reasonableness and represents a fair and reasonable exercise

of the Fiduciaries' respective business judgment.

E.      Good and sufficient notice of the Motion has been given, and no additional or

further notice is required.

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED** that, for the reasons stated at the April 20 Hearing, the Limited Objection is

overruled; and, it is further

**ORDERED** that, pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Fiduciaries are each authorized and empowered to employ Phillips as auctioneer to the Estates under the terms of the Auction Agreement; and, it is further

**ORDERED** that the Auction Agreement, a copy of which is annexed to the Motion as **Exhibit C**, is hereby approved in its entirety; and, it is further

**ORDERED** that, pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Fiduciaries are authorized to proceed with the public auction sale of the RM Skull Watch pursuant to the Auction Agreement; and, it is further

**ORDERED** that, pursuant to Bankruptcy Rule 9019(a), the 50/50 division of the proceeds of the sale of the RM Skull Watch is approved and the Estates are each entitled to fifty-percent (50%) of the proceeds of the sale of the RM Skull Watch; and, it is further

**ORDERED** that the Receiver shall turn over custody, possession and control of the RM Skull Watch to Phillips, as the Fiduciaries' retained auctioneer, and Phillips shall execute a receipt evidencing delivery of the RM Skull Watch by the Receiver to Phillips; and it is further

**ORDERED** that Phillips, as the Fiduciaries' retained auctioneer, is authorized to sell the RM Skull Watch, pursuant to Bankruptcy Code sections 363(b), (f), (m) and (n), "as is" and "where is" and without any representations or warranties by the Estates or the Fiduciaries, and without recourse against the Fiduciaries or the Fiduciaries' professionals, and without recourse against the Estates, free of all liens, claims, interests and encumbrances; and it is further

**ORDERED** that the Notice of Sale, in the form annexed to the Motion as **Exhibit D**, is hereby approved; and, it is further

**ORDERED** that, in accordance with Local Rule 6005-1(c), within thirty (30) days of the

auction sale, Phillips shall file a report with the Court summarizing the results of the auction  sale and stating the fees to be paid to Phillips under the terms of the Auction Agreement,  which report of sale shall be served on the U.S. Trustee and any other interested party who  specifically requests a copy; and it is further

**ORDERED** that upon transfer of title to the RM Skull Watch: (i) the successful bidder at the auction shall be entitled to the protections of section 363(m) of  the Bankruptcy Code; and (ii) the sale of the RM Skull Watch shall not be avoidable under section 363(n) of the Bankruptcy Code; and it is further

**ORDERED** that: (i) Phillips shall be compensated in accordance with the terms of the Auction Agreement without the necessity of filing a fee application; and (ii) the Fiduciaries are each authorized to pay Phillips from the Estates without further Order of the Court; and, it is further

**ORDERED** that the Fiduciaries are each authorized to execute such documentation as the Fiduciaries determine is reasonably necessary to effectuate the sale of the RM Skull Watch pursuant this Order; and, it is further

**ORDERED** that the Fiduciaries are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and, it is further

**ORDERED** that, notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon entry hereof; and, it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

###