So Ordered.

Signed this 22 day of April, 2026.



_____

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In Re: KRIS DANIEL ROGLIERI

                                    Debtor.

No. 24-10157-1

Chapter 7

_____

CHRISTIAN DRIBUSCH,
                          Plaintiff,

v.

KRIS DANIEL ROGLIERI,
                          Defendant.

AP No. 24-90015-1

_____

WILLIAM K HARRINGTON,
                          Plaintiff,

v.

KRIS DANIEL ROGLIERI,
                          Defendant.

AP No. 24-90017-1

_____

**ORDER DENYING MOTION TO VACATE**

The Debtor, *pro se*, having filed a Motion to Vacate Order Denying Discharge (Docket No.

621) on January 7, 2026; and the United States Trustee having filed an objection (Docket No. 668);

and the Chapter 7 Successor Trustee having filed an objection (Docket No. 669); and the Court

having held a hearing on the Motion on April 16, 2026; and Holly Holecek, Esq. having appeared on behalf of the Chapter 7 Successor Trustee; and Harrison Strauss, Esq. having appeared on behalf of the United States Trustee; and Kris Roglieri having appeared *pro se*; and the Court having deemed Debtor's Motion and the objections to the Motion to have also been filed in adversary proceedings 24-90015-1-rel and 24-90017-1-rel as of January 7, 2026, the date the Motion was filed in the above referenced case; and this Court having given the matter due deliberation; and this Court finding that the Debtor received due process and received notice of the material happenings in both adversary proceedings (24-90015-1-rel & 24-90017-1-rel) in a manner that was reasonably calculated to apprise Debtor of the pendency of those actions; and this Court finding that even if the Debtor did not receive sufficient notice, the Debtor failed to bring this motion within a reasonable time. *See* Fed. R. Bankr. P. 9024; *see also Coney Island Auto Parts Unlimited, Inc. v. Burton*, 607 U.S. 155, 162 (2026) ("Litigants seeking relief under [Federal Rule of Civil Procedure] 60(b)(4) must comply with Rule 60(c)(1) and file a motion [for relief from a judgment or order] within a reasonable time.");

NOW, THEREFORE, for the reasons stated herein and on the record at the hearing, it is hereby

ORDERED, that the Motion to Vacate is DENIED; and it is further

ORDERED, that the Clerk's Office shall file a copy of the Debtor's Motion (Docket No. 621), the United States Trustee's Objection (Docket No. 668), and the Chapter 7 Successor Trustee's Objection (Docket No. 669) in adversary proceedings 24-90015-1-rel & 24-90017-1-rel; and it is further

ORDERED, that the Clerk's Office shall file a copy of this Order in adversary proceedings 24-90015-1-rel & 24-90017-1-rel; and it is further

**ORDERED**, that the Clerk's Office shall mail a copy of this Order to Mr. Roglieri.

###