**LaMONICA HERBST & MANISCALCO, LLP**           Relates to Hearing on July 8, 2026
*Counsel to Marianne T. O'Toole, Successor Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                  Case No.: 24-10157-1-pgr

KRIS DANIEL ROGLIERI,                                   Chapter 7

                              Debtor.
--------------------------------------------------------X

### STATEMENT IN CONNECTION WITH DEBTOR'S MOTION FOR TURNOVER OF PERSONAL PROPERTY

TO THE HONORABLE PATRICK G. RADEL,
UNITED STATES BANKRUPTCY JUDGE

Marianne T. O'Toole, solely in her capacity as the successor Chapter 7 Trustee ("Successor Trustee") of the estate of Kris Daniel Roglieri ("Debtor"), by her undersigned counsel, submits this Statement in connection with the Debtor's motion seeking entry of an Order directing Joseph M. Roglieri to identify and turnover personal property of the Debtor ("Debtor Motion") [ECF No. 687], and respectfully sets forth as follows:

### BACKGROUND

**A.    The Filing and Conversion of the Debtor's Case**

1.    On February 15, 2024 ("Filing Date"), a voluntary petition pursuant Chapter 11, Subchapter V of the Bankruptcy Code was filed on the Debtor's behalf in the United States Bankruptcy Court for the Northern District of New York ("Court"). See ECF No. 1.

2.    By Order entered on May 15, 2024, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. See ECF No. 159.

-1-

3.      On May 15, 2024, Christian H. Dribusch was appointed as Chapter 7 Trustee of the Debtor's estate ("Prior Trustee"). See ECF No. 160.

**B.      The Prior Trustee's Sale and Abandonment of Certain Personal Property**

4.      By motion dated July 15, 2024, the Prior Trustee sought authority to retain the Saratoga Auto Museum ("SAM") as auctioneer for the bankruptcy estate. See ECF No. 229. Pursuant to an Order entered on August 7, 2024, the Court approved the employment of SAM as auctioneer for the bankruptcy estate. See ECF No. 241.

5.      By motion dated August 12, 2024 ("Sale Motion"), the Prior Trustee sought entry of an Order authorizing the Prior Trustee to sell bankruptcy estate property. See ECF No. 242. On September 11, 2024, the Court conducted a hearing on the Sale Motion. See ECF No. 259. The Prior Trustee indicated, inter alia, that estate property would be sold over time and not all at once. See id. The Court indicated, inter alia, that it needed an inventory of the estate property to be sold. See id.

6.      On September 11, 2024, the Prior Trustee supplemented the Sale Motion with an inventory of specific bankruptcy estate property to be sold ("First Supplement"). See ECF No. 258. By Interim Order entered on September 19, 2024 ("First Interim Sale Order"), the Court authorized the sale of the bankruptcy estate's interest in the property listed in the First Supplement. See ECF No. 265. A corresponding Report of Sale was filed by the Prior Trustee on October 2, 2024. See ECF No. 267. See also ECF No. 305 (amended report).

7.      On October 7, 2024, the Prior Trustee supplemented the Sale Motion with an inventory of specific bankruptcy estate property to be sold ("Second Supplement"). See ECF No. 268. By Interim Order entered on October 17, 2024 ("Second Interim Sale Order"), the Court authorized the sale of the bankruptcy estate's interest in the property listed in the Second

Supplement. See ECF No. 278. A corresponding Report of Sale was filed by the Prior Trustee on December 9, 2024. See ECF No. 319.

8.    On February 21, 2025, the Prior Trustee supplemented the Sale Motion with an inventory of specific bankruptcy estate property to be sold ("Third Supplement"). See ECF No. 354, 355. By Interim Order entered on February 21, 2025 ("Third Interim Sale Order"), the Court authorized the sale of bankruptcy estate's interest in certain artwork and sculptures on June 6, 2025 ("June 6 Auction"). See ECF No. 357. The Debtor objected to the Prior Trustee's proposed sale of personal property through auction. See ECF No. 364. The Prior Trustee replied. See ECF No. 459. An Auctioneer Affidavit of Valuation with respect to the shoes and sunglasses was also filed with the Court. See ECF No. 460. By Interim Order entered on May 6, 2025 ("Fourth Interim Sale Order"), the Court authorized the sale of bankruptcy estate's interest in the shoes, sunglasses and certain tradenames through an auction to be conducted by no later than June 6, 2025. See ECF No. 474. Corresponding Report of Sales was filed by the Successor Trustee on June 27, 2025. See ECF Nos. 509, 510.

9.    By motion dated March 28, 2025, the Prior Trustee proposed to abandon certain debtor and non-debtor personal property located at 40 North Road, Queensbury, New York 12804 ("Queensbury Property") and at SAM. See ECF No. 394. No objections to the proposed abandonment were filed with the Court. By Order entered on May 6, 2025, the Court authorized the Prior Trustee's abandonment of the bankruptcy estate's right, tile and interest in the personal property to the Debtor and/or designated representative of the Debtor. See ECF No. 476 ("March 2025 Order"). The March 28 Order expressly provides, inter alia, as follows:

> ORDERED that the Debtor and/or Debtor representative coordinate with the Trustee so that the Non-Debtor Business Records, Wine, and Debtor Miscellaneous Items are retrieved by no later than 5:00 p.m. on May 27, 2025.

. . .

> ORDERED that the Trustee is authorized to dispose of Non-Debtor
> Business Records, Wine, and Debtor Miscellaneous Items that have
> not been retrieved by 5:00 p.m. on May 27, 2025.

See ECF No. 476.

### C.    The Motion To Approve the Sale of the Queensbury Property

10.    By motion dated April 2, 2025 ("Queensbury Sale Motion"), the Prior Trustee sought entry of an Order authorizing the Prior Trustee to sell the Queensbury Property pursuant to a certain contract of sale. See ECF No. 403. The Debtor objected to the Queensbury Sale Motion. See ECF No. 114. By Order entered on May 8, 2025, the Court authorized the sale of the Queensbury Property. See ECF No. 477.

11.    On May 21, 2025, the Debtor filed a letter requesting permission to inspect the Queensbury Property and retrieve personal property before the closing on the sale. See ECF No. 479. The Prior Trustee responded. See ECF No. 481.

12.    In or around May 23, 2025, the Prior Trustee resigned.

13.    By Order entered on May 27, 2025, the Court scheduled a hearing concerning he Debtor's request for a conference concerning the retrieval of belongings from the Queensbury Property. See ECF No. 488 ("May 27 Order").

### C.    The Appointment of the Successor Trustee and Closing On the Sale of the Queensbury Property

14.    On May 27, 2025, Marianne T. O'Toole was appointed as successor interim trustee of the Debtor's estate pursuant to section 703(a) of the Bankruptcy Code. See ECF No. 491.

15.    On May 28, 2025, the Court conducted a hearing in accordance with the May 27 Order. On May 29, 2025, the Court entered an Order respecting access to the Queensbury Property for the removal of personal property, if any. See ECF No. 494 ("May 2025 Order"). The May

2025 Order provides, <u>inter</u> <u>alia</u>, as follows:

> 1.      On Saturday, May 31, 2025, beginning at 12:00 p.m. until 3:00 p.m., the Trustee will provide access to the Queensbury Property to Linda Oliver, and Linda Oliver may remove personal belongings (if any) of the Debtor and/or Linda Oliver that may be located in or on the Queensbury Property. It shall be the sole responsibility of Linda Oliver to secure appropriate transportation and/or assistance to remove any such personal belongings. For avoidance of doubt, the personal belongings exclude any fixtures appurtenant to the Queensbury Property, appliances or otherwise included in the Court-approved contract for the sale of the Queensbury Property (ECF No. 403).

> 2.      Effective at 3:01 p.m. on May 31, 2025, the stay of the Court's previous Order authorizing the abandonment of property (ECF No. 476) and the Order authorizing the sale of the Queensbury Property (ECF No. 477) provided for in the May 27 Order shall be deemed vacated.

<u>See</u> ECF No. 494.

16.     On May 31, 2025 the Trustee provided access to the Queensbury Property to Linda Oliver in accordance with the May 2025 Order.

17.     On June 20, 2025, the Successor Trustee closed on the sale of the Queensbury Property.

**D.      The Debtor's Motion for Turnover**

18.     On June 3, 2026, Linda Oliver sent an email to the undersigned inquiring whether the Successor Trustee or SAM would assist in resolving a dispute concerning certain personal property purportedly transferred to the Debtor's brother, Joseph Roglieri, in June 2024. On June 5, 2026, Ms. Oliver followed up. On June 8, 2026, the undersigned counsel to the Successor Trustee responded to Ms. Oliver as follows:

> By Order entered on May 6, 2025 [ECF No. 476], the Bankruptcy Court approved the prior trustee's abandonment of various items to Mr. Roglieri and/or his designated representative. Further, you state below

that "the personal property items were previously identified and released from the bankruptcy estate."

As such, this dispute appears to involve non-estate property over which the Successor Trustee takes no position. Further, and without providing or intending to provide legal advice, the Bankruptcy Court does not have jurisdiction over property that is not property of a bankruptcy estate.

On June 8, 2026, Ms. Oliver replied as follows:

Thank you for your response.

I understand the Trustee's position that the property at issue is non-estate property and that the Successor Trustee takes no position regarding the dispute.

Since repeated requests for the return and identification of the remaining property have been unsuccessful, and no informal resolution has been reached, Kris Roglieri has requested that I proceed with filing the Motion for Turnover so the Court may determine the appropriate course of action.

Thank you for your time and consideration.

A copy of the email exchange is annexed as **Exhibit A**.

19.     On June 10, 2026, the Debtor Motion was filed with the Court. See ECF No. 687.

## **POSITION OF SUCCESSOR TRUSTEE**

20.     The Successor Trustee takes no position with respect to the Debtor Motion because, as Debtor concedes, the personal property at issue is not property of the bankruptcy estate and is not in the custody, possession or control of the bankruptcy estate or its professionals.

21.     To the extent the Debtor asserts that the Successor Trustee never responded to Ms. Oliver's June 3, 2026 email, this is incorrect. As evidenced by the email exchange annexed as Exhibit A, the undersigned counsel to the Successor Trustee did respond and Ms. Oliver acknowledged the response on June 8, 2026.

-7-

22.    On its face, the dispute at issue in the Debtor Motion appears to be between the Debtor and his brother with respect to personal property that was previously released and abandoned to the Debtor.

Dated: July 1, 2026
       Wantagh, New York                    **LaMONICA HERBST & MANISCALCO, LLP**
                                            *Counsel to Marianne T. O'Toole, Successor Trustee*

                                   By:    *s/ Holly R. Holecek*
                                          Holly R. Holecek, Esq.
                                          A Partner of the Firm
                                          3305 Jerusalem Avenue, Ste. 201
                                          Wantagh, New York 11793
                                          Telephone: (516) 826-6500