UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Leo O'Brien Federal Building, Room 620
Albany, New York 12207
Erin P. Champion
Assistant United States Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

_____

*In re:*                                                    Chapter 7

       KRIS DANIEL ROGLIERI,                     Case No. 24-10157

               Debtor.

_____

## LIMITED OBJECTION

William K. Harrington, United States Trustee for Region 2 ("United States Trustee" or "Plaintiff"), in furtherance of his responsibilities under 28 U.S.C. § 586(a)(5), respectfully files this Limited Objection to the First and Final Application of Dribusch Law Firm for Allowance of Compensation and Reimbursement of Expenses ("Application").  In support of his Limited Objection, the United States Trustee respectfully states as follows:

1.      The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408

2.      The statutory predicates are Sections 330 and 331 of title 11, of the United States Code (the "Bankruptcy Code").  These matters were initiated pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses* filed under 11 U.S.C. § 330 (the "Guidelines"). 28 C.F.R. Part 58, Appendix A.

3.      For purposes of this Limited Objection, the United States Trustee relies upon the procedural history and filings reflected on the Court's docket, which are incorporated herein by

reference.

4.      The United States Trustee objects to the Application for two independent reasons.  First, the Application is premature because the Chapter 7 Trustee has not yet completed administration of the estate, making an award of interim compensation inappropriate.  Second, the Applicant's time records are insufficient to permit the United States Trustee and the Court to determine whether the services for which compensation is sought constitute compensable legal services under 11 U.S.C. § 330 or non-compensable duties that are properly performed pursuant to the Applicant's duties as trustee.

5.      Deferring consideration of the Application until the successor Trustee has completed the administration of the estate will permit the United States Trustee and the Court to evaluate the requested compensation in the context of the estate's overall administration, the results ultimately achieved, and distributions made to creditors, and the reasonableness of the services rendered without the risk of piecemeal review.

6.      Relatedly, time entries submitted by professionals must be sufficient to allow the United States Trustee and the Court to determine whether, pursuant to 11 U.S.C. § 328(b), the services were performed in the Applicant's capacity as attorney and not for the performance of regular trustee duties.

7.      Attorneys and accountants shall not be compensated for performing the statutory duties of the trustee. 11 U.S.C. § 704, Fed. R. Bankr. P. 2015(a). The following list includes examples of services considered to fall within the duties of a trustee: 1) preparing for and examining the debtor at the meeting of creditors in order to verify factual matters; 2) Examining proofs of claim and filing routine objections to the allowance of any claim that is improper; 3) Investigating the financial affairs of the debtor; 4) Furnishing information to parties in interest on factual matters; 5) Collecting and liquidating assets of the estate by employing auctioneers or other agents and soliciting offers; 6) Preparing required reports; 7) Performing banking

functions; and 8) In appropriate cases, filing applications for employment of professionals and supervising those professionals. *U.S. Dep't of Justice, Handbook for Chapter 7 Trustees §4(B) (2026).*

8.    For these reasons, the United States Trustee respectfully requests that the Court deny the Application, without prejudice to refile upon completion of the administration of the estate by the successor Chapter 7 Trustee.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this case or granting such other and further relief as is proper.

Dated: August 6, 2026
      Syracuse, New York                    Respectfully submitted,
                                            **WILLIAM K. HARRINGTON**
                                            **UNITED STATES TRUSTEE FOR REGION 2**


                                            *By: /s/ Erin P. Champion*
                                            Erin P. Champion, Esq.
                                            Assistant United States Trustee
                                            Leo W. O'Brien Federal Building
                                            11A Clinton Avenue, Room 620
                                            Albany, New York 12207
                                            Erin.champion@usdoj.gov