**R&F**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

2026 AUG -7  AM 10: 46

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

In re:
KRIS DANIEL ROGLIERI,
Debtor.

Case No. 24-10157-1-PGR
Chapter 7

# REQUEST TO ACCEPT AND CONSIDER LIMITED OBJECTION

Kris Daniel Roglieri, the Debtor, appearing pro se, respectfully requests that the Court accept and consider his attached **Limited Objection to the First and Final Application of The Dribusch Law Firm for Allowance of Compensation and Reimbursement of Expenses, ECF No. 693**, notwithstanding any technical delay in its receipt or filing by the Clerk.

The Debtor is presently incarcerated and has limited ability to receive, review, prepare, and transmit court filings.

On **August 6, 2026**, the Debtor's Power of Attorney received an EMF notification concerning **ECF No. 699, the Successor Chapter 7 Trustee's Limited Objection to ECF No. 693**. Upon reviewing that filing and learning of the concerns raised regarding the requested compensation and timing of payment, the Debtor determined that he also wished to place his concerns regarding the substantial fee application before the Court.

Because the Debtor is incarcerated and proceeding pro se, communication, review of docket filings, preparation of documents, and transmission of court filings necessarily involve additional logistical limitations. Once the Debtor's Power of Attorney was received and reviewed ECF No. 699, the matter was promptly reviewed, and this Limited Objection was prepared.

On **August 6, 2026**, copies of the Debtor's Limited Objection and this Request were transmitted by electronic mail to the Applicant, the Successor Chapter 7 Trustee, counsel for the Successor Chapter 7 Trustee, and the Office of the United States Trustee. **Hard copies were also deposited in the United States Mail on August 6, 2026, including a copy addressed to the Clerk of the Court for filing.**

The Debtor respectfully submits that consideration of the Limited Objection will cause no material prejudice to any party. The return date is **August 13, 2026**; the interested parties were provided with the Debtor's position electronically on August 6, 2026, and both the United States Trustee and Successor Chapter 7 Trustee have already filed Limited Objections concerning ECF No. 693.

The Debtor therefore respectfully requests that the Court **accept and consider the attached Limited Objection on its merits, notwithstanding any technical delay resulting from the Clerk's receipt or docketing of the mailed submission.**

Dated: **August 6, 2026**

Respectfully submitted,

**Kris Daniel Roglieri**
Debtor, Pro Se

**Submitted by:**
**Linda Oliver**
Power of Attorney for Kris Daniel Roglieri

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK**

In re:
**KRIS DANIEL ROGLIERI,**
Debtor.

Case No. 24-10157-1-PGR
Chapter 7

## LIMITED OBJECTION OF DEBTOR TO FIRST AND FINAL APPLICATION OF THE DRIBUSCH LAW FIRM FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Kris Daniel Roglieri, the Debtor, appearing pro se, respectfully submits this Limited Objection to the First and Final Application of The Dribusch Law Firm for Allowance of Compensation and Reimbursement of Expenses, ECF No. 693.

The Debtor respectfully joins in and supports the concerns raised by the United States Trustee in ECF No. 698 and the Successor Chapter 7 Trustee in ECF No. 699.

The Applicant seeks final allowance of $238,005.00 in professional fees and $1,593.56 in expenses, for a total requested award of $239,598.56. The requested professional compensation is based upon 528.9 hours billed at $450.00 per hour.

Given the substantial amount of estate funds requested, the Debtor respectfully requests that the Court conduct a thorough and independent review of the Applicant's billing records, individual time entries, expenses, supporting documentation, and the nature, necessity, and benefit of the services for which compensation is sought before allowing any final award.

The United States Trustee has raised a substantial concern regarding whether the Applicant's time records contain sufficient information to determine whether all services for which compensation is sought constitute compensable legal services under 11 U.S.C. § 330, rather than duties properly performed by the Applicant in his capacity as Chapter 7 Trustee.

This concern is particularly significant because the Application identifies 367.9 hours as "Case Administration," representing the substantial majority of the 528.9 total professional hours for which compensation is requested.

The Applicant states in ECF No. 693 that no compensation is sought for statutory trustee services, fiduciary duties performed in his capacity as Former Chapter 7 Trustee, or routine administrative functions ordinarily performable without counsel. In light of the concerns raised by the United States Trustee, the Debtor respectfully requests that the Court require sufficient detail and supporting documentation to independently determine whether the services for which compensation is requested were compensable legal services rather than statutory or administrative trustee duties.

Accordingly, the Debtor respectfully requests that the Court carefully determine whether each material service for which compensation is requested:

1. Was actually performed and is supported by adequate contemporaneous documentation;

2. Was performed in the Applicant's capacity as legal counsel rather than as part of the Former Trustee's statutory, fiduciary, or administrative duties;

3. Was necessary and reasonable at the time the service was performed;

4. Provided an identifiable and reasonable benefit to the bankruptcy estate;

5. Was not duplicative of services performed by the Former Trustee, other estate professionals, or subsequently by the Successor Trustee;

6. Did not require subsequent completion, correction, duplication, or additional professional work following the Former Trustee's resignation; and

7. Otherwise satisfies the requirements for compensation from the bankruptcy estate under 11 U.S.C. § 330.

The Debtor further respectfully requests careful review of all expenses for which reimbursement is requested and sufficient supporting documentation demonstrating that each expense was actually incurred, necessary, properly attributable to the estate, and reimbursable.

The Application states that the Applicant maintained 343 contemporaneous time entries and that the entries presented with the Application were edited for clarity and uniformity. In light of the United States Trustee's concerns regarding the sufficiency of the billing descriptions, the Debtor respectfully requests that the Court require such additional underlying contemporaneous records, supplemental descriptions, receipts, invoices, or other supporting documentation as the Court determines necessary to fully evaluate the Application.

The Debtor is not requesting that legitimate and properly documented legal services go uncompensated merely because the Former Trustee resigned. Rather, the Debtor respectfully requests that nearly $240,000.00 in estate funds not be finally allowed or paid unless the Applicant establishes, through sufficiently detailed documentation, that the requested compensation and expenses satisfy the applicable requirements for payment from the bankruptcy estate.

The Debtor further joins in the Successor Trustee's objection to immediate and full final payment. The Successor Trustee has advised the Court that administration of the estate remains ongoing, including investigation of potential estate claims, examination of proofs of claim and potential objections, and preparation of estate tax returns, and that the Successor Trustee is not presently in a position to file a Trustee's Final Report.

The Debtor respectfully submits that these circumstances further support deferring final allowance and payment until the Court can evaluate the Applicant's request in the context of the

completed administration of the estate, including the work ultimately required of the Successor Trustee and other estate professionals.

The Debtor respectfully emphasizes that this Limited Objection is intended to protect estate assets, promote transparency, and ensure appropriate judicial review of a substantial request for professional compensation. It is not intended as a personal objection to the Applicant or to compensation for legitimate legal services.

**WHEREFORE**, the Debtor respectfully requests that the Court:

1.  Deny the Application without prejudice to renewal following completion of the Successor Trustee's administration of the estate, consistent with the relief requested by the United States Trustee;

2.  Alternatively, defer any final allowance or payment pending completion of the administration of the estate;

3.  Require sufficient detailed documentation to distinguish compensable legal services from statutory, fiduciary, or administrative trustee duties;

4.  Require adequate supporting documentation for the expenses for which reimbursement is requested;

5.  Examine whether any services were duplicative, unnecessary, subsequently completed or corrected, or otherwise resulted in additional administrative expense to the estate;

6.  Determine whether the services for which compensation is requested were actual, necessary, reasonable, properly documented, and beneficial to the estate; and

7.  Grant such other and further relief as the Court deems just and proper.

**Dated: August 6, 2026**

Respectfully submitted,

**Kris Daniel Roglieri**
Debtor, Pro Se

**Submitted by**
**Linda Oliver**
Power of Attorney for Kris Daniel Roglieri